BC MEN
FILED
3/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

**Case Title:**
**GRACIELA DELA TORRE,** Plaintiff,
v.
**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**
**DAVIES LIFE AND HEALTH, INC. (formerly Disability Management Services, Inc.),**
**ALLSUP LLC,**
Defendants.

**Case No.:** 1:25-cv-01483

**AMENDED COMPLAINT FOR WRONGFUL TERMINATION OF BENEFITS, FRAUD, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND REQUEST TO VACATE FRAUDULENT SETTLEMENT**

**I. INTRODUCTION**

1. Plaintiff, **Graciela Dela Torre**, files this **Amended Complaint** against **Nippon Life Insurance Company of America ("Nippon"), Davies Life & Health, Inc. (formerly known as Disability Management Services, Inc. or "DMS"), and Allsup LLC** (collectively, "Defendants") for their **deliberate and malicious deprivation of her disability benefits, fraudulent misrepresentation, negligence, and coercion into a fraudulent settlement agreement.**

2. **Plaintiff was systematically starved of benefits** from **April 2021 until December 29, 2023** (a period of approximately **32 months**), during which Defendants **unjustly applied an estimated Social Security Disability (SSD) offset, engaged in bad faith claim administration, and deliberately obstructed her ability to obtain financial and medical relief.**

3. The **Defendants conspired to financially exhaust Plaintiff**, leaving her without resources to challenge their unlawful actions.

4. Plaintiff's **financial distress forced her into an unfair and fraudulent settlement**, which must be **voided** due to fraud, coercion, and undue influence.

5. Plaintiff's **former attorney, Kevin Probst, knowingly failed to protect her interests**, despite having direct knowledge of her **cognitive impairments** and **inability to comprehend the settlement agreement**.

**II. PARTIES**

1

6. **Plaintiff – Graciela Dela Torre**, a disabled individual and a rightful beneficiary of LTD benefits under a policy administered by Defendants.

7. **Defendants:**

    - **Nippon Life Insurance Company of America** – The LTD carrier and plan administrator, responsible for the wrongful termination of benefits.

    - **Davies Life & Health, Inc. (formerly DMS)** – The claims administrator responsible for improper SSD offsets and fraudulent claim denials.

    - **Allsup LLC** – A third-party SSD claims vendor that **misled Plaintiff about the status of her SSD claim, leading to its wrongful denial and permanent closure**

### III. JURISDICTION AND VENUE

8. This Court has **subject matter jurisdiction** under **ERISA, 29 U.S.C. § 1132(e)(1)** and **supplemental jurisdiction under 28 U.S.C. § 1367(a)**.

9. **Venue is proper under 28 U.S.C. § 1391** because Plaintiff resides in this district and the wrongful acts occurred in this district.

### IV. STATEMENT OF FACTS

10. **April 2021:** Defendants **began improperly offsetting Plaintiff's LTD benefits based on an estimated SSD award**, despite knowing that she had **not been approved for SSD benefits**.

11. **June 24, 2021:** Plaintiff **notified Defendants** that she had **scheduled an appointment to reapply for SSD benefits**, but Defendants **continued the unlawful offset**.

12. **November 30, 2021:** Defendants **wrongfully terminated Plaintiff's LTD benefits**, falsely claiming that she was no longer disabled.

13. **February 28, 2022:** Plaintiff underwent **right elbow surgery**, but due to **lack of medical coverage caused by the benefit termination**, she developed a **post-surgical infection** that spread to her brain, resulting in **cognitive impairments**.

14. **March 29, 2022:** Defendants issued a **final denial**, permanently cutting off Plaintiff's LTD benefits.

15. **December 29, 2023:** After **32 months of financial starvation**, Plaintiff was **forced into an unfair and fraudulent settlement agreement** under **extreme duress**.

16. **Plaintiff's former attorney, Kevin Probst, was fully aware of her cognitive impairments** but failed to properly advise her.

**V. CLAIMS FOR RELIEF**

**COUNT I – WRONGFUL TERMINATION OF BENEFITS (ERISA)**

17. Defendants **wrongfully terminated Plaintiff's benefits in violation of ERISA**, despite overwhelming medical evidence of her continued disability.

**COUNT II – FRAUD AND DECEPTIVE PRACTICES (STATE LAW)**

**COUNT II – FRAUD AND DECEPTIVE PRACTICES (STATE LAW)**

18. **Defendants engaged in fraudulent misrepresentation** by:

- **Applying an unjustified SSD offset for 7 months, from April 2021 until November 2021.**
- **Failing to pay any LTD benefits for a total of 25 months, from November 2021 through December 29, 2023.**
- **Total deprivation of benefits for 32 months, including the wrongful SSD offset and full non-payment period.**
- **Intentionally withholding rightful disability payments to financially starve Plaintiff into accepting a settlement under extreme duress.**
- **Providing misleading information about the offset and appeal process,** falsely claiming procedural compliance while violating ERISA protections.
- **Suppressing critical medical documentation** that would have supported continued LTD benefits.

19. **The financial starvation caused by Defendants' fraudulent actions** directly resulted in:

- **Plaintiff's inability to afford quality medical care.**
- **A preventable post-surgical infection of the right elbow due to financial distress.**
- **Progressive cognitive impairments caused by lack of treatment.**

3

- **Severe emotional distress, pain, and suffering.**

**WHEREFORE, Plaintiff seeks:**

- **Full restitution** of all wrongfully withheld benefits, including interest.
- **Punitive damages** due to Defendants' intentional fraud.
- **Any other relief this Court deems just and equitable.**

## COUNT III – NEGLIGENCE (STATE LAW)

19. Defendants **failed in their duty to fairly and properly review Plaintiff's disability claim**, causing severe harm.

## COUNT IV – REQUEST TO VACATE FRAUDULENT SETTLEMENT

20. Plaintiff's settlement agreement was **fraudulently induced**, as Defendants **deliberately starved her of benefits, forcing her into financial hardship.**
21. Plaintiff's former attorney, **Kevin Probst, was aware of her cognitive impairments** and failed to protect her legal interests.

## COUNT V – DEPRIVATION OF BENEFITS & FINANCIAL HARM

22. **Defendants wrongfully withheld benefits for 32 months (April 2021 - December 29, 2023).**
23. Due to **lack of financial means to obtain quality medical care**, Plaintiff suffered a **post-surgical infection, which led to cognitive impairments**.

## COUNT VI – VIOLATIONS OF COVID-19 PROTECTIONS

24. Defendants **violated federal COVID-19 protections** by **terminating Plaintiff's benefits during a public health crisis, depriving her of essential medical care.**

## COUNT VII – ATTORNEY MISCONDUCT & BREACH OF FIDUCIARY DUTY

25. **Probst knew Plaintiff had cognitive impairments** but failed to explain the settlement.
26. On **June 30, 2023**, Probst **acknowledged** Plaintiff's **inability to read legal documents** yet failed to protect her interests.
27. Probst's **negligence constitutes legal malpractice and breach of fiduciary duty.**

## COUNT VIII – RES JUDICATA DOES NOT APPLY

28. Defendants may attempt to invoke **res judicata**, but it does not apply because:

- This case presents **new claims arising after the settlement**.
- The prior settlement was **fraudulently induced**.
- **New evidence** warrants reopening the case.

## VI. RELIEF REQUESTED

29. **Reinstatement of LTD benefits retroactive to April 2021.**
30. **Vacating the fraudulent settlement.**
31. **Restitution of all wrongfully withheld benefits.**
32. **Punitive damages** for Defendants' bad faith actions.
33. **Damages for legal malpractice against Kevin Probst.**
34. **A jury trial on all triable issues.**

## VII. JURY DEMAND

35. Plaintiff **demands a trial by jury** on all issues that can be so tried.

## VIII. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant her amended complaint in full, vacate the fraudulent settlement, reinstate her benefits, and award all damages necessary to fully compensate her for the Defendants' egregious misconduct.

/s/ Graciela Dela Torre Pro se
March 10, 2025
653 Wing St, Elgin IL 60123
gmestiza1@gmail.com
(630) 670-5914