## IN THE UNITED STATED DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GRACIELA DELA TORRE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-01483 |
| | ) | |
| v. | ) | Honorable Edmond E. Chang |
| | ) | |
| DAVIES LIFE & HEALTH, INC., formerly | ) | |
| known as Disability Management Services, Inc., | ) | |
| ("DMS"), and ALLSUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTIONAL MEMORANDUM
## CONFIRMING THIS COURT'S SUBJECT MATTER JURISDICTION

Defendant, Davies Life & Health, Inc., formerly known as Disability Management Services, Inc., by and through its attorney, Joseph R. Jeffery, and in connection with the Court's February 18, 2025 Minute Entry (Dkt. 6), submits this Jurisdictional Memorandum Confirming this Court's Subject Matter Jurisdiction.

## I.      INTRODUCTION

This Court has subject matter jurisdiction over this action because the breach of fiduciary duty claim Plaintiff asserts against Davies L&H arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").[1] Under ERISA's "complete preemption" doctrine, the statute "wholly displaces" state-law causes of action that "come[] within the scope of" the duties and obligations ERISA creates. *Aetna Health Inc. v. Davila*, 124 S. Ct. 2488, 2495 (2004). Federal courts, in other words, have subject matter jurisdiction over state-law

---

[1] The allegations in the Complaint are not sufficient to determine whether any of Plaintiff's other claims also arise under and are completely preempted by ERISA. Davies L&H does not waive, but rather reserves, the right to assert such arguments in the event it learns of additional information that supports those arguments. Davies L&H similarly reserves its right to argue that Plaintiff's claims are preempted by ERISA's so-called "conflict preemption" statute at 29 U.S.C. § 1144(a).

actions that come within the scope of ERISA because the claims are "in reality based on federal law." *Id.*

Plaintiff was a participant in an employee welfare benefit plan that offered certain long-term disability benefits ("LTD Benefits") to employees of Nippon Life Insurance Company of America. Davies L&H was the plan's claims advisory agent and its only contacts with Plaintiff occurred in connection with the performance of its obligations to the plan. When Plaintiff sought LTD Benefits, Davies L&H, in its capacity as the plan's claims advisory agent, reminded Plaintiff of her obligation under the plan to apply for Social Security Disability Income ("SSDI") benefits, and it identified defendant Allsup, LLC, as a vendor that specializes in assisting people with applications for those benefits. The duties Davies L&H allegedly owed and breached in its interactions with Plaintiff concerned her LTD Benefits and her obligations under the plan. Plaintiff's breach of fiduciary duty claims against Davies L&H, therefore, arises exclusively under ERISA and this Court has subject matter jurisdiction over Plaintiff's claims.

## II.     BACKGROUND & PROCEEDINGS IN RELATED LAWSUIT

Plaintiff was a participant in the Nippon Express USA Welfare Benefits Plan, Group Benefit Plan, Long-Term Disability ("LTD Plan") provided by her employer, Nippon Life Insurance Company of America. (*See* Dkt. 1, PageID #3, *Graciela Dela Torre v. Nippon Life Ins. Co. of America*, Case No. 1:22-cv-07059, hereafter "LTD Lawsuit"). She applied for and received LTD Benefits due to carpal tunnel syndrome and epicondylitis beginning on June 30, 2019. (*See* LTD Lawsuit, Dkt. 1, PageID #3). Under the terms of the plan, Plaintiff's LTD Benefits were to be offset by the amount of any SSDI benefits awarded or estimated to be awarded to her. (Exhibit A, Ex. 1, LTD Plan, p. 8, Benefit Payable; p. 12, Determination of Specified Income Sources and General Income Sources). On March 18, 2021, Davies L&H asked Plaintiff to provide evidence

2

that she applied for SSDI benefits. (Exhibit A, Ex. 2). When Plaintiff failed to provide that evidence, Davies L&H sent another request on May 17, 2021 and invited Plaintiff to advise as to whether she wanted Allsup to assist her with her pursuit of SSDI benefits. (Exhibit A, Ex. 3, p. 4). On September 21, 2021, Davies L&H advised Plaintiff that her claim was referred to Allsup. (Exhibit A, Ex. 4, p. 4).

Plaintiff's benefits were terminated effective November 30, 2021 because her medical records did not support ongoing restrictions or limitations that would prevent her from performing "the majority of the material duties of any job that reasonably fit her background and training." (LTD Lawsuit, Dkt. 1, PageID #3). Plaintiff filed suit in this Court claiming her benefits were terminated erroneously. (*See* LTD Lawsuit, Dkt. 1). The parties entered into a written Settlement Agreement and Mutual Specific Release in January 2024 that, among other things, released the claims Plaintiff asserts against Davies L&H in this action. Citing the parties' settlement agreement, the court dismissed the LTD Lawsuit with prejudice in January 2024. (LTD Lawsuit, Dkt. 94, PageID #851).

Two months ago, in January 2025, Plaintiff moved to reopen the prior lawsuit and, in connection with that effort, attempted to issue a subpoena to Davies L&H. (LTD Lawsuit, Dkt. 94, PageID #851 and 852). Judge Pallmeyer held an in-person hearing on February 13, 2025 in which she denied Plaintiff's motion and quashed the subpoena issued to Davies L&H. (LTD Lawsuit, Dkt. 94, PageID #851-852). Plaintiff filed the Complaint initiating this lawsuit the day before that hearing.

## III.    ARGUMENT

This Court has subject matter jurisdiction over Plaintiff's breach of fiduciary duty claim

pursuant to 28 U.S.C. § 1331.[2] Section 1331 gives the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint" rule holds that determinations of "whether a case is one arising under the Constitution or a law or treaty of the United States … must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Davila*, 124 S. Ct. at 2494. ERISA's "complete preemption" doctrine is an exception to that rule. *Id.* at 2494-2495.

The exception arises from the fact that ERISA is a comprehensive statute that was enacted to provide "a uniform regulatory regime over employee benefit plans." *Davila*, 124 S. Ct. at 2495. Its detailed provisions "set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Davila*, 124 S. Ct. at 2495 (quoting *Pilot Life Ins. Co. v. Dedeaux*, 107 S. Ct. 1549 (1987)). "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Davila*, 124 S. Ct. at 2495 (quoting *Pilot Life Ins. Co. v. Dedeaux*, 107 S. Ct. 1549 (1987)). The combined effect of Congress's policy choices about the remedies available under ERISA and its intent to establish a uniform regulatory regime means ERISA "wholly displaces" state-law causes of action that fall within the scope of ERISA's civil enforcement provisions. In short, the complete preemption doctrine "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 124 S. Ct. at 2495 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 107 S.

---

[2] Because the Court has original jurisdiction of Plaintiff's breach of fiduciary duty claim, it also has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

Ct. 1542 (1987)); *see also Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health and Welfare Trust Fund*, 538 F. 3d 594, 596 (7th Cir. 2008).

ERISA establishes a prudent person standard of care for fiduciaries who administer employee welfare benefit plans, and its civil enforcement provisions create a cause of action by which participants like Plaintiff can obtain relief for alleged breaches of fiduciary duties. 29 U.S.C. §§ 1104 and 1132(a)(3); *see, e.g., Mutual Life Ins. Co. of New York v. Yampol*, 840 F.2d 421, 423 (7th Cir. 1988) (discussing the fact that Section 1132(a)(3) is one avenue for seeking relief from breaches of fiduciary duty). Section 1132(a)(3) allows a plaintiff to obtain relief for a fiduciary's alleged breaches of its duties Section 1104:

> A civil action may be brought—
> …
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). Under the complete preemption doctrine, if a plaintiff asserting a state law claim for breach of fiduciary duty could have brought her claim under Section 1132(a)(3) (or one of ERISA's other enforcement provisions), and if there was no other independent legal duty implicated by the defendant's alleged conduct, her cause of action would be completely preempted by ERISA. *Id.* 124 S. Ct. at 2495.

Plaintiff's allegations in support of her breach of fiduciary duty claim are limited. She contends only that Davies L&H "improperly hired Allsup to represent her" in connection with "her Social Security Disability claim without her consent," and her prayer for relief seeks a mix of compensatory and equitable remedies. (Dkt. 1, PageID #s 1-4). As discussed above, Davies L&H's interactions with Plaintiff concerning her application for SSDI benefits were limited to: (i) reminding her of her obligation under the plan to apply for those benefits; (ii) requesting evidence

5

demonstrating she fulfilled her obligation to apply for those benefits; (iii) advising Plaintiff that Allsup was available to assist with her application for SSDI benefits; and (iv) referring her file to Allsup for further handling. (*See* Exhibit A, Exhs. 1-4).

Plaintiff's claim could have been brought under Section 1132(a)(3). Her LTD Lawsuit establishes that she was a participant in an ERISA plan and, to the extent she contends Davies L&H's actions as the plan's claims advisory agent made it a fiduciary, her claim against Davies L&H could have been brought under Section 1132(a)(3) to enjoin or redress any alleged breaches of Davies L&H's purported fiduciary duties.

There is no basis for concluding Davies L&H owed any fiduciary duties to Plaintiff other than those ERISA may establish. Davies L&H's actions and the fiduciary duties it allegedly owed and breached in its interactions with Plaintiff arose exclusively out of the claims-advisory services Davies L&H provided to Plaintiff's ERISA plan. Because those alleged duties existed only because of Plaintiff's ERISA plan, Plaintiff's claim is not independent of her ERISA plan. *See Davila*, 124 S. Ct. at 2498. Accordingly, the only breach of fiduciary duty claim Plaintiff could assert against Davies L&H arises under 29 U.S.C. § 1132(a)(3).

Plaintiff's breach of fiduciary duty claim arises under ERISA and, therefore, arises under "the Constitution, laws, or treaties of the United States," and this Court has federal question jurisdiction of Plaintiff's breach of fiduciary duty claim. *See* 28 U.S.C. § 1331.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's breach of fiduciary duty claim arises exclusively under ERISA and provides this Court federal question jurisdiction over Plaintiff's action.

**DAVIES LIFE & HEALTH, INC.**

By:    /s/    Joseph R. Jeffery
                  One of its Attorneys

6

Joseph R. Jeffery
jjeffery@cmn-law.com
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)

I hereby certify that on this **12th** day of **March, 2025,** I electronically filed the foregoing **Jurisdictional Memorandum Confirming this Court's Subject Matter Jurisdiction** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, and that a true and correct copy was served upon the following parties via email and U.S. Mail:

> Graciela Dela Torre
> 653 Wing St.
> Elgin, IL  60123
> Gmestiza1@gmail.com

> /s/ Joseph R. Jeffery
> CHITTENDEN, MURDAY & NOVOTNY LLC
> 303 West Madison Street, Suite 1400
> Chicago, Illinois  60606
> (312) 281-3600 (phone)
> (312) 281-3678 (fax)