

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**GRACIELA DELA TORRE**,
*Plaintiff*,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA**,
**DAVIES LIFE & HEALTH, INC.**,
**ALLSUP LLC**,
*Defendants*.

**Case No.:** 1:25-cv-01483
**Judge:** Hon. Edmond E. Chang

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT NIPPON'S UNTIMELY OPPOSITION AND RENEWED REQUEST FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55(b)

NOW COMES the Plaintiff, **Graciela Dela Torre**, appearing *pro se*, and respectfully moves this Honorable Court to:

1. **Strike Defendant Nippon Life Insurance Company of America's Opposition to Default Judgment** [Dkt. 31] as untimely, unsupported, and based on now-moot procedural objections;
2. Enter **Default Judgment under Federal Rule of Civil Procedure 55(b)** for failure to timely plead or otherwise defend, as service is now perfected;
3. And grant such further relief as justice and equity require.

## I. BACKGROUND

1. On March 10, 2025, Plaintiff filed an **Amended Complaint** properly naming Nippon Life Insurance Company of America as a Defendant. The Complaint alleges wrongful termination of LTD benefits, breach of fiduciary duty, fraud, and other ERISA violations.

2. A **neutral third party**, over the age of 18 and not a party to this case, served Nippon with a copy of the Summons and Amended Complaint via **Certified Mail – Signature Required and Return Receipt Requested (USPS Form 3811)**.
3. Plaintiff subsequently received the **USPS green card bearing a wet signature** confirming delivery to Nippon Life. This is attached as **Exhibit A** to the Plaintiff's concurrently filed **Amended Affidavit Confirming Proper Service in Compliance with Rule 4 and Illinois Law**.

## II. LEGAL BASIS FOR STRIKING NIPPON'S OPPOSITION

4. Defendant Nippon failed to file any responsive pleading or motion by the deadline of **April 8, 2025**. On **April 9, 2025**, it submitted a memorandum opposing default judgment [Dkt. 31] without requesting leave or demonstrating excusable neglect, in violation of **Fed. R. Civ. P. 6(b)(1)(B)** and Local Rule 5.3(b).
5. The Opposition argues that service was defective due to Plaintiff's involvement, yet this claim is now **moot** and unsupported. Plaintiff has now filed an **Amended Affidavit** clarifying that:
   a. She did **not serve the documents personally**;
   b. A **third-party neutral** handled mailing; and
   c. Service was made in compliance with **FRCP 4(c)(2), 4(e)(1),** and **735 ILCS 5/2-203.1**.
6. Courts in this District have affirmed that certified mail with signature and return receipt, when executed by a third party, **constitutes proper service** under Illinois law and Rule 4:
   a. *Kirkland v. American Title Ins. Co.*, 692 F. Supp. 153 (N.D. Ill. 1988)
   b. *United States v. Balan*, 2013 WL 5539296 (N.D. Ill. Oct. 7, 2013)
   c. *People ex rel. Devine v. $30,700.00 U.S. Currency*, 199 Ill. 2d 142 (2002)
7. Nippon's untimely and now legally baseless opposition serves only to **delay resolution**, **exhaust the Plaintiff**, and divert the Court's attention from the substantive ERISA violations at issue. The Court should not permit further delay under these circumstances.

## III. REQUEST FOR DEFAULT JUDGMENT UNDER RULE 55(b)

8. Federal Rule of Civil Procedure **55(b)(2)** permits default judgment where a defendant has failed to plead or otherwise defend, and where service has been perfected. The standard has now been fully met.
9. Plaintiff respectfully renews her request for **entry of default judgment** against Nippon Life Insurance Company of America, and requests a **prove-up hearing** to determine unliquidated damages, including:
    a. Emotional and physical distress;
    b. Financial harm from loss of income and benefits;
    c. Out-of-pocket medical and rehabilitation expenses;
    d. Punitive damages, if permitted;
    e. And declaratory relief under ERISA.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. **Strike Defendant Nippon's untimely and now moot opposition** to default judgment [Dkt. 31];
2. Enter **Default Judgment under Rule 55(b)** against Nippon Life Insurance Company of America;
3. Set a **prove-up hearing on damages and equitable relief**;
4. And grant such other relief as the Court deems just and proper in the interest of justice and efficiency.

Respectfully submitted,
Dated: **April 9, 2025**

/s/ Graciela Dela Torre
Pro Se Plaintiff
653 Wing St
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914

**Certificate of Service**

I hereby certify that on April 9, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Pro se Box-CM/ECF system, which will send notification of such filing to all counsel of record.

# Exhibit A

(Also Exhibit for Dok 10)