UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Graciela Dela Torre
                         Plaintiff,

v.                                                Case No.: 1:25−cv−01483
                                                Honorable Edmond E. Chang

Davies Life & Health, Inc., et al.
                         Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, April 11, 2025:

      MINUTE entry before the Honorable Edmond E. Chang: (1.) On review of the Plaintiff's motions and filings [30] [32] [33] [34] asking to deem Defendant Nippon Life Insurance in default, the motions are denied. A prior order of the Court stated that certified mail is not a proper way to effectuate service. R. 29. Despite this, the Plaintiff asserts that service by certified mail on Nippon Life is effective. R. 32 at 2, R. 33 at 3, R. 34 at 2. None of the authorities cited by the Plaintiff support that proposition. Indeed, even giving the pro se Plaintiff the benefit of expansive leeway, the reliance on the citations is frivolous. (A.) Civil Rule 4(e)(1) simply refers to the state law of the forum for service, and the Plaintiff's citation to 735 ILCS 5/2−203.1 does not at all address service by certified mail. Instead, Section 2−203.1 simply allows plaintiffs to move for authorization to serve by alternative means. The Plaintiff has not obtained an order with that authorization. (B.) The citation to Kirkland v. American Title Ins. Co., "692 F. Supp. 153, 155 (N.D. Ill. 1988)," R. 33 at 3, is no help. The case was decided by the Eastern District of New York, not the Northern District. Neither the pinpoint page (at 155) or any other part of the opinion deals with service of summons, let alone certified mail (the term "certified mail" does not appear in the opinion). (C.) The citation to United States v. Balan, 2013 WL 5539296 (N.D. Ill. Oct. 7, 2013), is also incorrect: the Westlaw citation number brings up a case from Louisiana state court, Trahan v. Verret, 2013 WL 5539296 (La. App. Ct. 2013). A search for a case title with that name in 2013 in the Northern District results in no cases. (D.) The citation to People ex rel. Devine v. $30,700.00 U.S. Currency, 199 Ill. 2d 142 (2002), does not apply here, because Devine was an Illinois state forfeiture case governed by completely different statutes governing notice of forfeiture. 199 Ill.2d at 149−50. (E.) Lastly, the citation in the two most recent filings, R. 33 at 3, R. 34 at 2, to In re Marriage of Schmitt, 391 Ill. App. 3d 1010, 101617 (2d Dist. 2009), makes no sense because that case deals with a dissolution of marriage and has no discussion at all about service of process (let alone by certified mail). The citations wasted judicial resources. (2.) Given the absence of effective service, Nippon Insurance's request, R. 31, to waive service is granted. The response to the complaint is due on 06/09/2025. (3.) The Court emphasizes the need for the Plaintiff to respond as directed in the order of 04/09/2025, R. 29, that is, to explain why this case should not be considered a refiling of 1:22−cv−07059. Emailed notice(eec)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.