BC TDD

FILED
5/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**GRACIELA DELA TORRE**,
*Plaintiff*,

v.

**DAVIES LIFE & HEALTH, INC., et al.**,
*Defendants*.

**Case No.: 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**NOW COMES** Plaintiff, Graciela Dela Torre, *pro se*, pursuant to this Court's Minute Order dated May 6, 2025 [Dkt. #51], and respectfully responds to the Court's directive to show cause why this action should not be deemed duplicative of *Case No. 1:22-cv-07059*. Plaintiff concurrently moves for leave to amend her Complaint under Federal Rules of Civil Procedure **15(a)(2)** and **60(b)(3), (6)**. In support, Plaintiff states as follows:

---

**I. RESPONSE TO ORDER TO SHOW CAUSE**

This action is not duplicative of *Case No. 1:22-cv-07059* because it alleges **new claims arising from post-judgment misconduct and facts** that occurred after the December 29, 2023 settlement. Specifically:

1. **Post-Settlement Misconduct**:
    - Defendants Davies Life & Health, Inc. ("Davies/DMS"), Nippon Life Insurance Company ("Nippon"), and non-party Allsup LLC ("Allsup") engaged in:
        - Concealment of the Social Security Administration's ("SSA") closure of Plaintiff's SSDI claim on August 9, 2022, which Allsup failed to disclose.
        - Monthly misrepresentations by Allsup (November 24, 2021 – April 2025) falsely stating Plaintiff's SSDI claim remained "pending."
        - Unlawful offsets of Plaintiff's long-term disability ("LTD") benefits and unauthorized sharing of medical records in violation of HIPAA.

2. **New Parties and Claims**:

    - Allsup, a vendor coordinating SSA claims for Davies/DMS and Nippon, was never named in the prior action.

    - This Complaint asserts **new equitable claims under ERISA § 502(a)(3)**, **HIPAA violations**, and **due process violations** arising from post-settlement conduct.

3. **Prior Proceedings Did Not Adjudicate These Issues**:

    - The Court's rulings in *Case No. 1:22-cv-07059* (see Dkt. ##49, 78) focused solely on whether Plaintiff could reopen the judgment based on procedural irregularities at the time of settlement.

    - The Settlement Agreement [Dkt. #46-3] resolved claims *only* between Plaintiff and Nippon and did not address:

        - Allsup's fiduciary breaches;

        - Post-dismissal HIPAA violations;

        - SSA misrepresentations;

        - Plaintiff's cognitive impairment diagnosis, which impaired her capacity to litigate during the prior case.

4. **Defendants' Misconduct in This Action**:

    - Defendants falsely accused Plaintiff of breaching the Settlement Agreement's confidentiality by filing only the signature page (Dkt. #44-3, p. 7). In reality, **Defendants' counsel publicly filed the entire Agreement on April 28, 2025** (Dkt. #44-3).

    - The Declaration of Junko Inaga (Dkt. #44-5) contains materially false statements. Ms. Inaga claims under penalty of perjury to have personally mailed an arbitration demand, but FedEx records confirm it was sent by Nippon's attorney, Justin Wax Jacobs. This discrepancy warrants striking Dkt. #44-5 and further scrutiny under **28 U.S.C. § 1746**.



## II. MOTION FOR LEAVE TO AMEND COMPLAINT

1. **Good Cause Under Rule 15(a)(2)**:

    o Amendment is necessary to:

    - Incorporate **newly discovered evidence** of post-settlement misconduct;
    - Add claims against Allsup and Davies/DMS under HIPAA and ERISA;
    - Clarify that no claims overlap with *Case No. 1:22-cv-07059*.

2. **Relief Under Rule 60(b)(3) and (6)**:

    o **Fraud and Misrepresentation (Rule 60(b)(3))**: Defendants concealed the SSA's denial of Plaintiff's claim and fabricated arbitration notices to harass Plaintiff.

- - **Extraordinary Circumstances (Rule 60(b)(6))**: Defendants' post-judgment retaliation, coupled with Plaintiff's cognitive impairment (undisclosed in the prior case), justify equitable relief.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. **Declare** this action non-duplicative of *Case No. 1:22-cv-07059*;
2. **Grant leave** to file a Second Amended Complaint;
3. **Admit into the record** Exhibit A (Plaintiff's May 20, 2025 letter to Allsup's counsel);
4. **Strike** Dkt. #44-5 (Inaga Declaration) as fraudulent;
5. **Reserve Plaintiff's right** to seek Rule 11 sanctions or refer Dkt. #44-5 for investigation;
6. Grant any further relief the Court deems just.

**Respectfully submitted**,
**/s/ Graciela Dela Torre**
Graciela Dela Torre, *Pro Se*
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com | (630) 670-5914
**Dated**: May 20, 2025

### CERTIFICATE OF SERVICE

I, Graciela Dela Torre, certify that on May 20, 2025, I served this filing via email on:

- Robert W. Brunner, Esq. (Bryan Cave Leighton Paisner LLP): robert.brunner@bclplaw.com
- Joseph R. Jeffery, Esq. (Chittenden, Murday & Novotny, LLC): jjeffery@cmn-law.com

**/s/ Graciela Dela Torre**
Graciela Dela Torre

**Exhibit A**: Letter to Robert Brunner (May 20, 2025)

 **Gracie Dlt**

**Re: Dela Torre v. Nippon Life Ins. Co., et al (Case No. 25-cv-1483)**
1 message

**Gracie Dlt** <gmestiza1@gmail.com>  Tue, May 20, 2025 at 6:34 AM
To: Robert Brunner <robert.brunner@bclplaw.com>
Bcc: Gracie Dlt <gmestiza1@gmail.com>

**May 20, 2025**

**Robert W. Brunner, Esq.**
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, Suite 4300
Chicago,
IL 60601

**RE: URGENT – Clarification of Allsup's Ongoing Fiduciary Obligations in Social Security Disability Claim**

Dear Mr. Brunner:

I received your recent correspondence. I write to formally clarify that I have not terminated Allsup's representation or withdrawn its authority to act on my behalf in connection with my Social Security Disability Insurance (SSDI) and related benefit claims.

Allsup remains contractually and ethically bound to continue fulfilling its obligations under our agreement, regardless of the procedural posture of the litigation currently before the U.S. District Court. Your suggestion that Allsup may withhold performance due to potential dismissal of the case is misplaced. These are not "discovery requests"; they are part of Allsup's continuing duty of care and representation, which remains fully intact. **Continuation of Fiduciary Obligations**

Allsup is obligated to:

- Maintain transparent and timely communication regarding the status of my SSDI claim;
- Ensure the accuracy of all information transmitted to me and to the Social Security Administration;

Pursue all necessary and appropriate actions to protect my rights and restore my benefits, including appeals or re-filing where necessary.

## Misrepresentation and Ongoing Harm

Between November 2021 and April 2025, (Including August 2022), I received monthly statements from Allsup stating that my SSDI claim remained "pending." I relied on these communications in good faith. Only in 2025 did I discover—through my own inquiry, not through Allsup—that the SSA had **closed my case on August 9, 2022**.

This concealment deprived me of my right to timely appeal. The consequences have been devastating:

- Irreversible loss of federal benefits;
- Ongoing financial starvation;
- Interruptions to necessary medical care.

## Opportunity to Rectify

Despite this, I have **not revoked** Allsup's role. I am giving Allsup one final opportunity to fulfill its duties and correct the harm caused by its omissions and misrepresentations. Accordingly, I request that Allsup:

1. Take immediate steps to pursue reinstatement or equitable correction of my SSDI benefits;
2. Provide a written explanation for the failure to inform me of the SSA claim closure;
3. Confirm in writing its continuing commitment to resolve this matter with transparency and urgency.

This is not merely a contractual obligation but a fiduciary duty. Allsup now has a final opportunity to **right the wrong**, mitigate its liability, and act in the best interests of a vulnerable client it continues to represent.



Gracie Dlt <gmestiza1@gmail.com>

Please respond in writing **no later than May 27, 2025**. If no adequate response is received, I will take all lawful measures to preserve my rights.

Respectfully,

Graciela Dela Torre

On Mon, May 19, 2025 at 1:14 PM Robert Brunner <robert.brunner@bclplaw.com> wrote:

## Dela Torre v. Nippon Life Ins. Co., et al (Case No. 25-cv-1483)
1 message

**Robert Brunner** <robert.brunner@bclplaw.com>  Mon, May 19, 2025 at 1:14 PM
To: "gmestiza1@gmail.com" <gmestiza1@gmail.com>

Ms. Dela Torre:

We represent Allsup, LLC in the above-referenced matter.  Allsup has forwarded me an email that you sent them on April 15, 2025, which requests information and documents ("Requests") relating to the issues raised in your lawsuit.  You filed this lawsuit on February 12, 2025.  Thus, the Requests were sent to Allsup after you filed the lawsuit, and can be considered discovery requests under the Federal Rules of Civil Procedure.  As you know, this case has been transferred to Judge Rebecca R. Pallmeyer who has ordered you to show cause why this case should not be dismissed as duplicative of your earlier lawsuit.  Given that it is possible that your new lawsuit may be dismissed, any discovery requests are premature and Allsup is not obligated to respond to the Requests.   Please let me know if you have any questions.



Robert Brunner
Of
Counsel
robert.brunner@bclplaw.com

T: +1 312 602 5022

Bryan Cave Leighton Paisner LLP
161 North Clark Street, Suite 4300, Chicago, IL 60601-3315

**bclplaw.com**