

RECEIVED
PJJ
5/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**GRACIELA DELA TORRE**,

    Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**
**DAVIES LIFE & HEALTH, INC. (f/k/a Disability Management Services),**
**ALLSUP, LLC,**

    Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

---

**SECOND AMENDED COMPLAINT**

Plaintiff brings this action not as a refiling of Case No. 1:22-cv-07059, but as an independent and distinct action under ERISA § 502(a)(3) and Rule 60(b)(3) and (6), based on newly discovered evidence and post-dismissal fiduciary misconduct by parties not previously named or served in the prior case. Plaintiff does not seek reconsideration of claims already adjudicated but rather equitable relief for harms and concealment that arose after the prior matter was resolved.

NOW COMES Plaintiff, **Graciela Dela Torre**, appearing pro se, and respectfully submits this Second Amended Complaint for equitable relief, damages, and declaratory judgment pursuant to the **Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(3)**, the **Health Insurance Portability and Accountability Act (HIPAA)**, and **Federal Rule of Civil Procedure 60(b)**. This action arises from **post-settlement fiduciary misconduct**, **fraudulent concealment**, and **retaliatory arbitration abuse** carried out by Defendants Nippon Life, Davies Life & Health, and Allsup, LLC. In support thereof, Plaintiff states as follows:

---

**I. PARTIES**

1. Plaintiff **Graciela Dela Torre** is an individual and resident of Illinois who was a participant in an employer-sponsored ERISA long-term disability (LTD) plan insured by Defendant Nippon Life.

2. Defendant **Nippon Life Insurance Company of America** ("Nippon") is a disability insurance carrier subject to ERISA.

3. Defendant **Davies Life & Health, Inc.**, formerly known as **Disability Management Services (DMS)**, is a third-party administrator and fiduciary under the LTD plan.

4. Defendant **Allsup, LLC** is a vendor retained by Davies and/or Nippon to assist Plaintiff in pursuing Social Security Disability Insurance (SSDI) benefits.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper under **29 U.S.C. § 1132(e)(1)** and **28 U.S.C. § 1331**.

6. Venue is proper in this District under **29 U.S.C. § 1132(e)(2)** and **28 U.S.C. § 1391(b)** because Plaintiff resides in this District and the breaches occurred here.

## III. BACKGROUND AND PROCEDURAL HISTORY

7. Plaintiff filed Case No. 1:22-cv-07059 in this District seeking reinstatement of LTD benefits.

8. On December 29, 2023, that matter was settled under disputed circumstances, and dismissed with prejudice in January 2024.

9. The settlement was negotiated and signed while Plaintiff was cognitively impaired due to a brain infection sustained during prior elbow surgery.

10. Plaintiff's doctor issued a letter in December 2023 confirming her cognitive limitations, which were never disclosed to the court.

11. The parties to that case were limited to Plaintiff and Defendant Nippon Life. Neither Allsup nor Davies were named or served.

## IV. NEW FACTS DISCOVERED AFTER DISMISSAL

12. In February 2025, Plaintiff learned for the first time that her Social Security Disability claim had been **closed by the SSA on August 9, 2022**.

13. Between **November 24, 2021** and **April 2025**, Allsup, LLC sent Plaintiff monthly updates stating her SSDI claim remained **"pending."**

14. Allsup never disclosed the SSA denial and thereby deprived Plaintiff of her right to appeal.

15. This concealment caused Plaintiff ongoing **financial starvation**, loss of federal benefits, and emotional and physical distress.

16. Allsup remains Plaintiff's representative and has never been terminated. Their inaction and misinformation violate fiduciary obligations.

17. Davies also contributed to miscommunication and mishandling of offsets, failed delivery of forms, and HIPAA violations including unauthorized sharing of Plaintiff's medical records. On April 6, 2021, Davies' representative Jennifer A. Johnson issued a written directive stating, "Any further communication will be via telephone," despite Plaintiff's prior notice that she lacked reliable phone service and access to a printer. Plaintiff was denied mailing accommodations and repeatedly cut off or hung up on during phone calls when attempting to escalate concerns. Plaintiff had also informed Tinisha Little in writing on July 1, 2021, that her phone was partially disconnected due to non-payment and requested written communication. Despite this, DMS continued to rely solely on phone calls, as confirmed by their own messages and voicemails. This refusal to accommodate Plaintiff's disability and economic hardship further impaired her ability to participate meaningfully in the claim process. Plaintiff also contacted Nicole Bitzas of Disability Management Services by email on December 23, 2021, to report that she had received a damaged UPS envelope containing only 20 pages, despite being told that over 200 pages of medical records had been sent. She explained that she did not have a PC at home and would need to travel by bus to a public library to access the records via a secure link. Ms. Bitzas's reply confirmed the package contained 214 pages and provided only an expiring digital link for review, placing an undue burden on Plaintiff due to her disability, lack of transportation, and limited digital access. These actions compounded the procedural barriers Plaintiff faced and further prevented her from engaging in a meaningful review of her appeal. These phone-only tactics created procedural barriers and exacerbated Plaintiff's medical and legal distress.

18. Defendants jointly coordinated the post-settlement initiation of arbitration against Plaintiff, without direct notice to her, and filed a **false declaration** regarding service via FedEx.

---

**V. CLAIMS FOR RELIEF**

**COUNT I – BREACH OF FIDUCIARY DUTY (ERISA § 502(a)(3))**

Against Allsup, LLC

1. Allsup was retained by Defendants Nippon and Davies in 2021 to assist Plaintiff with her SSDI claim.

2. Allsup owed Plaintiff fiduciary duties under ERISA, including a duty of diligence, transparency, and accurate reporting.

3. The SSA closed Plaintiff's SSDI claim on August 9, 2022.

4. From November 2021 through April 2025, Allsup falsely reported the claim as "pending" in monthly updates.

5. Allsup never disclosed the denial to Plaintiff and failed to file a timely appeal.

6. As a result, Plaintiff lost retroactive SSDI benefits, suffered erroneous LTD offsets, and endured significant emotional and financial harm.

**Equitable Relief Sought:**

- Order Allsup to immediately re-file the SSDI claim and submit corrected disclosures to the SSA.

- Surcharge for lost SSDI benefits and related costs.

## COUNT II – FAILURE TO MONITOR VENDORS (ERISA § 502(a)(3))

Against Nippon Life and Davies Life & Health

7. Nippon and Davies were plan fiduciaries and retained Allsup to manage SSDI recovery.

8. These Defendants had an ongoing duty to monitor the conduct and performance of vendors like Allsup.

9. Nippon and Davies failed to detect or correct Allsup's misrepresentations.

10. As a result, they continued to apply LTD offsets based on the false premise that Plaintiff's SSDI claim was "pending."

**Relief Sought:**

- Injunction requiring Nippon and Davies to audit Allsup's SSDI communications and reporting practices.

- Reformation of LTD benefits to eliminate improper offsets tied to Allsup's misrepresentations.

**COUNT III – HIPAA VIOLATIONS**

Against Davies Life & Health, Inc.

11. Davies disclosed Plaintiff's protected health information to third parties without proper consent.

12. In December 2021, Davies sent over 200 pages of Plaintiff's medical records via UPS, and only 20 pages were received.

13. Davies then provided an expiring digital link despite Plaintiff's lack of a PC and transportation, imposing an unreasonable burden.

**Relief Sought:**

- Declaratory judgment that these actions violated HIPAA.

- Compensatory and equitable relief.

**COUNT IV – RULE 60(b)(3) AND (6) INDEPENDENT ACTION**

Against Nippon and Davies

14. Plaintiff brings this claim based on post-settlement fraud, misrepresentation, and concealment.

15. Plaintiff signed the LTD settlement while cognitively impaired.

16. After dismissal of the prior case, Defendants initiated arbitration to enforce settlement terms while concealing Allsup's misconduct.

17. A false declaration (Dkt. #44-5) was submitted in support of arbitration, contradicting FedEx records showing it was mailed by attorney Justin Wax Jacobs.

**Relief Sought:**

- Declare the prior LTD settlement void or voidable.

- Enjoin further enforcement through arbitration.

- Permit Plaintiff to pursue equitable remedies on the merits of her claims.

---

**VII. DECLARATION OF PLAINTIFF**

I, Graciela Dela Torre, declare under penalty of perjury that:

1. On multiple occasions, I informed representatives of Davies Life & Health, including Jennifer A. Johnson and Tinisha Little, that I lacked access to reliable phone service and printing resources.

2. Despite my written requests for accommodations via mail, I was told by Jennifer Johnson on April 6, 2021, that "any further communication will be via telephone."

3. On July 1, 2021, I also advised Tinisha Little that my phone had been partially disconnected and could not reliably be used to manage urgent communications.

4. These communications were ignored, and Davies insisted on phone-only interaction, including requiring signature-based UPS deliveries that I could not access.

5. These actions, taken while I was under medical and financial hardship, denied me meaningful participation in the disability claim process.

6. I affirm that the facts stated in this Complaint are true to the best of my knowledge and are supported by written records and correspondence I have retained.

Executed on this 20th day of May, 2025.

**/s/ Graciela Dela Torre**
Graciela Dela Torre

---

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the prior LTD settlement is void or voidable under ERISA and Rule 60(b); B. Grant leave to pursue equitable relief against Allsup, Davies, and Nippon under ERISA § 502(a)(3); C. Declare all HIPAA violations unlawful and order restitution; D. Enjoin arbitration and compel corrective action regarding SSDI status; E. Award compensatory and equitable damages; F. Grant all further relief this Court deems just and proper.


Respectfully submitted,
**/s/ Graciela Dela Torre**
Graciela Dela Torre, Pro Se
653 Wing Street, Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 20, 2025

**CERTIFICATE OF SERVICE**

I, Graciela Dela Torre, certify that on May 20, 2025, I served a true and correct copy of the foregoing Second Amended Complaint upon the following parties via court electronic system.


**TABLE OF EXHIBITS**

**Graciela Dela Torre v. Nippon Life Insurance Company of America, et al.**
**Case No. 1:25-cv-01483**

| Exhibit | Description | Date |
|---------|-------------|------|
| A | Letter from Plaintiff to Robert Brunner re: Allsup's ongoing obligations | May 20, 2025 |
| B | Allsup Communications Timeline: Pattern of Misrepresentation | 2022–2025 |
| C | Email to Nicole Bitzas (DMS) reporting missing medical records and access barriers | December 23, 2021 |
| D | Screenshot of FedEx shipment label contradicting Dkt. #44-5 declaration by Junko Inaga | January 29, 2025 |
| E | Email from Tinisha Little confirming Plaintiff's phone issues and refusal to switch to mail | July 1, 2021 |
| F | Directive from Jennifer A. Johnson requiring phone-only communication | April 6, 2021 |
| G | LTD Settlement signed without review (highlighting cognitive impairment concerns) | December 19, 2023 |

**Exhibit A Letter from Plaintiff to Robert Brunner re: Allsup's ongoing obligations**



## Re: Dela Torre v. Nippon Life Ins. Co., et al (Case No. 25-cv-1483)

1 message

**Gracie Dlt** &lt;gmestiza1@gmail.com&gt;      Tue, May 20, 2025 at 6:34 AM
To: Robert Brunner &lt;robert.brunner@bclplaw.com&gt;
Bcc: Gracie Dlt &lt;gmestiza1@gmail.com&gt;

**May 20, 2025**

**Robert W. Brunner, Esq.**
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, Suite 4300
Chicago,
IL 60601
robert.bru
nner@bcl
plaw.com

### RE: URGENT – Clarification of Allsup's Ongoing Fiduciary Obligations in Social Security Disability Claim

Dear Mr. Brunner:

I received your recent correspondence. I write to formally clarify that I have not terminated Allsup's representation or withdrawn its authority to act on my behalf in connection with my Social Security Disability Insurance (SSDI) and related benefit claims.

Allsup remains contractually and ethically bound to continue fulfilling its obligations under our agreement, regardless of the procedural posture of the litigation currently before the U.S. District Court. Your suggestion that Allsup may withhold performance due to potential dismissal of the case is misplaced. These are not "discovery requests"; they are part of Allsup's continuing duty of care and representation, which remains fully intact. **Continuation of Fiduciary Obligations**

Allsup is obligated to:


- Maintain transparent and timely communication regarding the status of my SSDI claim;

- Ensure the accuracy of all information transmitted to me and to the Social Security Administration;

Pursue all necessary and appropriate actions to protect my rights and restore my benefits, including appeals or re-filing where necessary.

## Misrepresentation and Ongoing Harm

Between November 2021 and April 2025, (Including August 2022), I received monthly statements from Allsup stating that my SSDI claim remained "pending." I relied on these communications in good faith. Only in 2025 did I discover—through my own inquiry, not through Allsup—that the SSA had **closed my case on August 9, 2022**.

This concealment deprived me of my right to timely appeal. The consequences have been devastating:

- Irreversible loss of federal benefits;

- Ongoing financial starvation;

Interruptions to necessary medical care.

## Opportunity to Rectify

Despite this, I have **not revoked** Allsup's role. I am giving Allsup one final opportunity to fulfill its duties and correct the harm caused by its omissions and misrepresentations. Accordingly, I request that Allsup:

1. Take immediate steps to pursue reinstatement or equitable correction of my SSDI benefits;

2. Provide a written explanation for the failure to inform me of the SSA claim closure;

3. Confirm in writing its continuing commitment to resolve this matter with transparency and urgency.

This is not merely a contractual obligation but a fiduciary duty. Allsup now has a final opportunity to **right the wrong**, mitigate its liability, and act in the best interests of a vulnerable client it continues to represent.



Please respond in writing **no later than May 27, 2025**. If no adequate response is received, I will take all lawful measures to preserve my rights.

Respectfully,

Graciela Dela Torre


On Mon, May 19, 2025 at 1:14 PM Robert Brunner <robert.brunner@bclplaw.com> wrote:

**Robert Brunner** <robert.brunner@bclplaw.com>                    Mon, May 19, 2025 at 1:14 PM
To: "gmestiza1@gmail.com" <gmestiza1@gmail.com>


Ms. Dela Torre:


We represent Allsup, LLC in the above-referenced matter.   Allsup has forwarded me an email that you sent them on April 15, 2025, which requests information and documents ("Requests") relating to the issues raised in your lawsuit.   You filed this lawsuit on February 12, 2025.  Thus, the Requests were sent to Allsup after you filed the lawsuit, and can be considered discovery requests under the Federal Rules of Civil Procedure. As you know, this case has been transferred to Judge Rebecca R. Pallmeyer who has ordered you to show cause why this case should not be dismissed as duplicative of your earlier lawsuit.  Given that it is possible that your new lawsuit may be dismissed, any discovery requests are premature and Allsup is not obligated to respond to the Requests.    Please let me know if you have any questions.


  Robert Brunner

**Exhibit B Allsup Communications Timeline: Pattern of Misrepresentation**

ALLSUP COMMUNICATIONS TIMELINE — PATTERN OF
MISREPRESENTATION (Chronological Order)

| Date | Medium | From | Summary | Misconduct / Issue |
|------|--------|------|---------|--------------------|
| February 22, 2022 | Email | Allsup | Stated SSDI claim was under DDS medical review | Early pattern of misrepresentation begins |
| April 25, 2022 | Email | Allsup | Reiterated SSDI claim pending and explained CE exam process | Led Plaintiff to believe Allsup was actively advancing claim |
| June 24, 2022 | Email | Allsup | Reported SSDI claim still pending and awaiting decision | Pattern of misleading communication preclosure |
| August 23, 2022 | Email | Allsup | Said SSDI claim is pending and awaiting a decision | Misrepresentation—SSA had already closed the case on August 9, 2022 |
| September 26, 2022 | Email | Allsup | Confirmed submission of disability questionnaire to DDS | Continued impersonation of active claim management postclosure |
| October 24, 2022 | Email | Allsup | Claim allegedly pending; no disclosure of SSA closure in August | Maintained false status for over two months |
| December 23, 2022 | Email | Allsup | Reassured claim was pending and CE instructions reiterated | Almost five months after SSA had closed the case |
| February 21, 2023 | Email | Allsup | Claim allegedly pending; provided standard pending claim instructions | False representation contradicting SSA status |

| March 12, 2023 | Email | Graciela | Submitted additional imaging and medical | Pattern of deceit continues—no disclosure of actual SSA status |
|---|---|---|---|---|

| | | | information | |
|---|---|---|---|---|
| April 03, 2023 | Email | Graciela | Requested update on SSDI claim | Plaintiff kept in the dark, Allsup never informed of case closure |
| April 24, 2023 | Email | Allsup | Reiterated pending SSDI claim and CE exam instructions | Maintained illusion of open claim while it was closed |
| May 22, 2023 | Letter + Email | Allsup | Sent letter claiming SSDI claim still pending and requested condition updates | Blatant falsehood — SSA had already closed the case 9 months prior |
| June 06, 2023 | Email | Graciela | Submitted multiple occupational therapy and referral records | Allsup continued receiving sensitive records under false pretense |
| July 10, 2023 | Email | Graciela | Submitted MRI for right wrist and new diagnosis update | Allsup failed to disclose that SSDI claim was already closed |
| October 23, 2023 | Email | Allsup | Claim allegedly pending; gave routine pending instructions | 14 months after SSA case closure—continuing false narrative |
| November 09, 2023 | Email | Graciela | Submitted 9 attachments with latest medical updates | Sensitive documents shared under fraudulent belief of active claim |

| December 08, 2023 | Email | Graciela | Submitted incapacitation form and supporting documentation | Sent under false belief it would affect claim—clear misrepresentation |
| December 22, 2023 | Email | Allsup | Claim still pending; CE instructions included | Over 16 months of misinformation by this point |
| February 20, 2024 | Email | Allsup | Standard pending claim notice | Pattern of monthly misinformation contradicting SSA |

| | | | | status |
| --- | --- | --- | --- | --- |
| March 08, 2024 | Email | Allsup | Again stated DDS 'still working on your case' | Deliberate misinformation used to collect updates under false pretenses |
| April 22, 2024 | Email | Allsup | Provided generic pending claim details and CE instructions | Reinforces illusion of active status nearly 2 years after closure |
| April 23, 2024 | Email | Allsup | Confirmed with DDS that 'case is still being worked on' | Contradicts SSA record of case closure; proves deception or incompetence |
| May 31, 2024 | Email | Graciela | Submitted diagnosis and referral for orthopedic surgeon | Graciela kept in the dark, submitting critical updates to a closed claim |
| June 21, 2024 | Email | Allsup | Claim 'still pending' with general update about SSA timelines | Over 22 months after SSA closure—ongoing misrepresentation |
| August 05, 2024 | Email | Graciela | Submitted MRI and mentioned upcoming surgery for left shoulder | Allsup continued to collect updates without informing her claim had been terminated long ago |

| December 14, 2024 | Email | Graciela | Sent summary of conditions and disabilities for SSA claim | Allsup misled claimant into believing it would be submitted to SSA |
|---|---|---|---|---|
| January 09, 2025 | Email | Allsup | Confirmed initial denial was on February 7, 2022 | Omitted mention that case was closed in August 2022 due to missed appeal |
| January 14, 2025 | Email | Graciela | Submitted detailed medical summary and incapacity forms | No disclosure that SSA case was already closed; misled claimant into thinking submission would help |
| January 15, 2025 | Email | Allsup | Confirmed receipt of medical | Continued to act as if claim was pending post-closure |
| | | | records submission | |
| February 07, 2025 | Email | Allsup | Allsup sends a 'Proof of Assistance' letter dated 2/7/25 | Creates false appearance of active assistance, 2.5 years after SSA closed the case |
| April 10, 2025 | Letter | Allsup | Sent a 'Proof of Assistance' letter claiming SSDI claim still pending | Continued false representation of active claim nearly 3 years after SSA closure |

 Gmail

## RE: LTD Appeal-Package Status

1 message

---

**Nicole Bitzas** <nicole_bitzas@di-mgmt.com>                    Tue, Dec 28, 2021 at 9:56 AM
To: Gracie Dlt <gmestiza1@gmail.com>

Hello Ms. Dela Torre,

I apologize for the delayed response. As you should be aware from my out of office message, I was out of the office until today.

Thank you for the update regarding your Social Security Disability claim. I have added this information to your file.

There were 214 pages of medical records within the package that was sent.  The link you were previously sent with your medical records would have expired. I will resend you those records via email again today.  This will come through a secure link in a separate email. The link will expire 12/30/21.

Please note your claim for LTD benefits was previously terminated and benefits are not payable while the appeal is under review.

In order to complete our appeal review timely, we ask that if you plan to submit additional medical information, that you please provide that information to us by January 7, 2022.  If you need additional time, please let us know.  Although I note you have had difficulty viewing your medical records, you may also reference the letter sent to you 11/18/21, which lists all of the most recent medical information obtained and reviewed in the claim decision.

Thank you,

Nicole Bitzas

**Senior Benefit Consultant**



**Disability Management Services, Inc.**

1350 Main Street

Springfield, Massachusetts  01103-1641

Direct: (413) 523-1159 ♦ Fax: (413) 747-1545

Email:  Nicole_Bitzas@di-mgmt.com

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, December 23, 2021 5:19 PM
**To:** Nicole Bitzas <nicole_bitzas@di-mgmt.com>
**Subject:** Re: LTD Appeal-Package Status

Thank you for the follow up.

UPS delivered a badly damaged white envelope with 20 pages, I just need to check with you if 20 pages is all the records your company received. (Please note that I don't have a

PC at home, I'm planning to take the bus to the library to try to open the attachment with my medical records to review them)

Also as a one time courtesy please let me know what day my December benefit will be deposited.

Lastly I have attached a letter I received from the SSDI with an appointment on the 28 of December 2021.

On Tue, 21 Dec 2021, 8:40 am Nicole Bitzas,

> <nicole_bitzas@di-mgmt.com> wrote: Hello

> Ms. Dela Torre,

> Per the UPS tracking info, it appears the package with your medical records was delivered to your residence yesterday (12/20/21). Please confirm that you have received the information.  Also, please let me know if you are still intending to submit additional medical information for review.  If so, please also let me know when you anticipate providing the information so we can continue with our review.

> Thank you,

> # Nicole Bitzas

> **Senior Benefit Consultant**

**Disability Management Services, Inc.**

1350 Main Street

Springfield, Massachusetts  01103-1641

Direct: (413) 523-1159 ◆ Fax: (855) 569-1341

Email: Nicole_Bitzas@di-mgmt.com

**Exhibit D** Screenshot of FedEx shipment label contradicting Dkt. #44-5 declaration by Junko Inaga.



ORIGIN ID:OGSA                    16466304923
JUSTIN WAX JACOBS
NIPPON LIFE INSURANCE COMPANY
666 3RD AVENUE
SUITE 2201
NEW YORK, NY 10017
UNITED STATES US

TRK#  7717 4641 1777         THU - 30 JAN 10:30A
0201                         PRIORITY OVERNIGHT

XS AUZA              60123
              IL-US  ORD

 Gmail

## Re: Automatic reply: ***URGENT***LTD CLAIM# 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

1 message

**Gracie Dlt** <gmestiza1@gmail.com>                        Tue, Oct 19, 2021 at 10:13 AM
To: Tinisha Little <tinisha_little@di-mgmt.com>

Please see today's doctor's notes.

*Graciela*
*Direct # 630.670.5914*

On Thu, Jul 1, 2021 at 9:28 AM Tinisha Little <tinisha_little@di-mgmt.com> wrote:

Hi,

We will be  refunding the SSD estimate offsets for the 3 months they were applied. The total amount of the refund benefit is $5,106.00. This amount consists of the offset amount of $1,882.00 for benefit period 3/30-4/29/21, $1,634.00 for benefit period 4/30-5/29/21 and $1,590.00 for benefit period 5/30-6/29/21. The benefit will process on our end tonight and be sent to your bank tomorrow. Since we are going into a holiday weekend it is possible that some banks may have delays in releasing funds. Every bank has different policies and procedure as to when they release funds after receiving it, so you may want to check with your bank if you have any questions regarding how long it may take. Please let me know if you have any questions. Thank you.

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, July 1, 2021 9:29 AM
**To:** Tinisha Little <tinisha_little@di-mgmt.com>
**Subject:** Re: Automatic reply: ***URGENT***LTD CLAIM# 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

Good morning,

Yes I need a refund for the last 3 months.

I do apologize as my phone is partially interrupted due to non-payment.

On Thu., Jul. 1, 2021, 8:24 a.m. Tinisha Little,

 <tinisha_little@di-mgmt.com> wrote: Good

 morning,

Ok, thank you.  We will look out for that. Also, I left you a voicemail message yesterday on the number we have on file. We were needing to know if you wanted a refund of the SSD estimate we had in place for the past 3 months or did you just want it removed going forward?

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Wednesday, June 30, 2021 4:17 PM
**To:** Tinisha Little <tinisha_little@di-mgmt.com>
**Subject:** Re: Automatic reply: ***URGENT***LTD CLAIM# 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

**Exhibit F** Directive from Jennifer A. Johnson requiring phone-only communication

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## RE: LTD Claim # 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 forms to be completed
1 message

**Jennifer A. Johnson** <ja_johnson@di-mgmt.com>      Tue, Apr 6, 2021 at 3:23 PM
To: Gracie Dlt <gmestiza1@gmail.com>

Good Afternoon,

I offered to provide you my managers direct number Lisa Baxer at 413/523-1164. The forms are due by April 18th. <mark>Any further communication will be via telephone.</mark>

Thank you- Jen

*Jennifer Johnson*

**Claim Consultant**



Disability Management Services, Inc.

1350 Main Street

Springfield, Massachusetts, 01103-1641

(413) 747-0990 ext 1088

**www.disabilitymanagem**

**entservices.com**

22

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Tuesday, April 6, 2021 4:20 PM
**To:** Jennifer A. Johnson <ja_johnson@di-mgmt.com>; DMS Inquiry <DMS.Inquiry@di-mgmt.com>; Gracie Dlt <gmestiza1@gmail.com> **Subject:** Re: LTD Claim # 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 forms to be completed

Jennifer...Following with our phone conversation I'm sending you this email.

I do not appreciate you cutting me off when I am trying to talk and also hanging up on me. I requested to speak to your manager 4 separate times. And you simply hang up on me.

This is a written notice that I have not received the forms via USPS, you said that the forms are due on the 21st of this month. I have a expressed that I do not have a printer and that is a big disadvantage for me. Do not suspend my benefit payment because of your failure of sending those forms. (Note that today is Tuesday the 6th, if you mail those forms to me I won't have enough time to return them back on the 21st of April)

Lastly note that I still need to talk to your manager.

Thank you!

Graciela Dela Torre

## SETTLEMENT AGREEMENT AND MUTUAL SPECIFIC RELEASE

This Settlement Agreement and Mutual Specific Release ("Agreement") is entered into by and among Graciela Dela Torre ("Dela Torre") and Nippon Life Insurance Company of America ("Nippon"), effective as of the date of execution. Dela Torre and Nippon are collectively referred to herein as the "Parties," and individually as a "Party."

A. Graciela Dela Torre was insured under a group long term disability ("LTD") policy (hereinafter referred to as the "Policy"), Nippon policy number D20800 GLT Q953 (previously identified as GLT Q953), issued by Nippon. Attached as Exhibit A.

B. Dela Torre submitted claim 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 (the "Claim") to Nippon seeking disability payments pursuant to the LTD Policy. In June 2019, Nippon, through its claim administrator, determined Dela Torre to be disabled and eligible for monthly payments under the Policy.

C. In November 2021, Nippon, through its claim administrator, determined that Dela Torre was no longer disabled and therefore no longer eligible for LTD payments under the Policy. Nippon terminated all LTD payments to Dela Torre in November 2021.

D. Dela Torre internally appealed Nippon's November 2021 determination and termination. During the appellate process Dela Torre was given the opportunity to supplement her file and submit additional medical documentation to support her claim. After review, Nippon determined to uphold its determination and the termination of Dela Torre's disability payments and LTD benefits.

E. Following the appeal, Dela Torre filed an ERISA claim in the United States District Court for the Southern District of Florida challenging Nippon's determination to terminate her LTD benefits and disability payments. Dela Torre refiled the complaint in the United States

1

24