Case: 1:25-cv-01483 Document #: 57 Filed: 05/21/25 Page 1 of 4 PageID #:355

BC TDD

**FILED**
5/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**GRACIELA DELA TORRE**,

    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a Disability Management Services),
ALLSUP, LLC,

    Defendants.

**Case No. 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS FOR BAD FAITH FILINGS AND MISREPRESENTATIONS**

NOW COMES Plaintiff, **Graciela Dela Torre**, appearing pro se, and pursuant to **Federal Rule of Civil Procedure 11(c)**, respectfully moves this Court to impose sanctions against counsel for **Nippon Life Insurance Company of America** for knowingly submitting false declarations and engaging in litigation gamesmanship intended to harass and mislead the Court. In support of this motion, Plaintiff states as follows:

---

**I. BACKGROUND**

1. On multiple occasions, Defendants have attempted to invalidate Plaintiff's valid service of process, despite documented delivery via USPS using **Form 3811 (green card)** return receipts bearing wet signatures.

2. These green cards were prepared and executed by a **third-party neutral USPS official**, not the Plaintiff, thereby satisfying the requirements of **Federal Rule of Civil Procedure 4(e)(1)** and relevant Illinois service rules.

3. Despite this, counsel for **Nippon Life**, specifically attorney **Justin Wax Jacobs**, filed documents disputing service, characterizing it as mere "mailing," while simultaneously relying on FedEx service in their own filings.

4. In **Dkt. #31**, Defendants submitted arguments mischaracterizing Plaintiff's USPS service as invalid, while at the same time relying on a FedEx mailing whose origin, according to **Dkt. #44-5**, was misrepresented as being prepared by Junko Inaga.

5. However, **FedEx tracking records** and email logs (Exhibit A) confirm that the shipping label and notification were created and transmitted by **Justin Wax Jacobs**, not Ms. Inaga. These discrepancies are visible in Exhibit F, which includes:

    - FedEx email from TrackingUpdates@fedex.com sent directly **to Justin Wax Jacobs**, not Junko Inaga.
    - Tracking number 771746411777 confirming the shipment.
    - Delivery metadata shows multiple shipments under the same tracking number, including:
        - A January 29, 2025 shipment allegedly from New York, marked delivered January 30.
        - A February 24 shipment marked delivered February 25.
        - A **February 26, 2025 shipment still marked "on the way" as of February 27, 2025 at 7:30 PM in Schaumburg, IL.**

6. These contradictory entries undermine the credibility of the declaration in **Dkt. #44-5** and the associated FedEx metadata in **Dkt. #44-7**, and raise serious concerns of **fraudulent service claims** to support the Demand for Arbitration.

7. Furthermore, the demand for arbitration filed by Defendants (Exhibit F, **Dkt. #44-6**) relies on this misrepresented FedEx service while simultaneously dismissing Plaintiff's USPS Form 3811 green card service. This contradiction illustrates an intentional effort to mislead the Court.

8. Notably, the arbitration demand referenced in **Dkt. #44-6** was filed in the State of New York, creating geographic and procedural burdens on Plaintiff, and highlighting the intent to harass through forum manipulation. This was done despite no provision in the settlement requiring arbitration in New York, and was solely **"Requested by Claimant"** as seen in the attached AAA filing image (Exhibit H). Furthermore, Defendants simultaneously requested an arbitrator "admitted to practice in Illinois with familiarity in Illinois law," demonstrating a clear contradiction and reinforcing the appearance of bad faith.

9. Plaintiff emphasizes that **Defendants filed a demand for punitive damages** through the AAA arbitration while knowing Plaintiff was (and remains) disabled, has

      **zero income**, **zero benefits**, and is suffering from **worsening health conditions** requiring reconstructive surgery, physical therapy, aquatic therapy and speech therapy. These actions are not only abusive but cruelly exploitative.

10. Plaintiff also notes that Defendants accused her of breaching the confidentiality clause of the LTD settlement by filing Page 7 only. However, it was **Defendant themselves who publicly filed the entire settlement agreement** as **Dkt. #44-3**, which includes nine pages of the full agreement. This inconsistency undermines their credibility and is further evidence of retaliatory litigation conduct.

11. Additionally, Plaintiff notes that **Defendants are aware** of the judicial burden caused by her numerous prior filings in Case No. 1:22-cv-07059. They now exploit that history in this case to discredit her efforts and exhaust court patience, constituting harassment and abuse of judicial process.

## II. LEGAL STANDARD UNDER RULE 11

12. Rule 11(b) requires that filings be based on a proper legal and factual foundation, and not be presented for improper purposes such as delay, harassment, or unnecessary litigation.

13. Rule 11(c) empowers courts to impose sanctions if it determines that Rule 11(b) has been violated.

14. Submitting a false declaration, misrepresenting the identity of a declarant, and attempting to undermine properly served process all constitute sanctionable conduct.

See *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Greenberg v. Sala*, 822 F.2d 882 (9th Cir. 1987) (false statements in court filings are grounds for sanctions).

## III. REQUESTED SANCTIONS

Plaintiff respectfully requests that this Court:

1. Issue an order sanctioning counsel for **Nippon Life** under **Rule 11(c)** for filing false or misleading representations;

2. Impose **monetary sanctions** sufficient to deter further misconduct and to compensate Plaintiff for the resources expended responding to these filings, including time for filing;

3. Order defense counsel to **withdraw or correct** the false declaration in **Dkt. #44-5**, the false FedEx metadata in **Dkt. #44-7**, and the Demand for Arbitration (**Dkt. #44-6**);

4. Prohibit further objections to service unless grounded in fact and law;

5. Acknowledge that Defendants—not Plaintiff—published the complete LTD settlement agreement in **Dkt. #44-3**, and retract any claims of confidentiality breach against Plaintiff;

6. Recognize the AAA arbitration location selection in New York as a unilateral, harassing forum choice without contractual support, especially in light of Defendants' concurrent request for an arbitrator licensed in Illinois and familiar with Illinois law;

7. Grant such other relief as this Court deems just and appropriate.

---

**CERTIFICATE OF SERVICE**

I, Graciela Dela Torre, certify that on May 21, 2025, I filed the foregoing Motion for Rule 11 Sanctions via the CM/ECF system, which will serve notice upon all parties of record.

Respectfully submitted,
**/s/ Graciela Dela Torre**
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 21, 2025