

**FILED**
5/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GRACIELA DELA TORRE,
    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a DMS),
ALLSUP, LLC,
    Defendants.

**Case No. 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

NOW COMES Plaintiff Graciela Dela Torre, appearing pro se, pursuant to Federal Rule of Civil Procedure 15(d), and respectfully moves this Honorable Court for leave to file a Supplemental Complaint to incorporate material facts and violations by Defendants that occurred after the filing of her Second Amended Complaint (Dkt. #53). In support, Plaintiff states as follows:

---

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure **15(d)** permits a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Courts favor supplementation when it helps clarify the factual record and promotes judicial economy.
See *United States v. International Business Machines Corp.*, 66 F.R.D. 383 (S.D.N.Y. 1975) ("Supplemental pleadings are liberally allowed when they add to rather than completely revise causes of action.")

**II. GROUNDS FOR SUPPLEMENTATION** Since the filing of Plaintiff's Second Amended Complaint, significant post-settlement facts and violations have emerged, including:

1. **Retaliatory Arbitration Filing**: Nippon Life initiated an arbitration in **New York**—an inconvenient and improper forum—while simultaneously requesting an arbitrator "familiar with Illinois law." The contradictory venue request demonstrates forum manipulation and bad faith.

2. **False Declaration**: Defendant Nippon submitted a declaration (Dkt. #44-5) falsely attributed to Junko Inaga regarding service, when FedEx records confirm that attorney **Justin Wax Jacobs** originated and directed the delivery.

3. **Breach of Confidentiality, Unclean Hands, and Rule 11 Misconduct**

Defendants' public filing of the full settlement agreement in **Dkt. #44-3**—without redactions or a motion to seal—constitutes a voluntary waiver of any confidentiality protection and a breach of the agreement's own terms. Despite this, Defendants falsely accused Plaintiff of breaching confidentiality by submitting only a non-substantive page (page 7) in a prior filing. This contradiction violates **Local Rule 26.2(b)** of the Northern District of Illinois, which requires confidential documents to be sealed or redacted before filing, and directly implicates the **unclean hands doctrine**, barring Defendants from equitable relief. See *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806 (1945). Furthermore, the accusation was made in bad faith and for the improper purpose of discrediting Plaintiff, a pro se disabled litigant, in violation of **Federal Rule of Civil Procedure 11(b)(1) and (b)(3)**. Courts routinely reject such tactics as abusive and misleading. See *Doe v. Marsh USA, Inc.*, No. 1:15-CV-0665, 2016 WL 354599 (S.D. Ind. Jan. 29, 2016) (public docket filing waived confidentiality). This misconduct further supports Plaintiff's claim for equitable relief under **ERISA § 502(a)(3)** and this Court's inherent authority to sanction parties acting in bad faith.

4. **HIPAA Violation and Improper Disclosure**: After the settlement in Case No. 1:22-cv-07059, Plaintiff learned for the first time in 2025 that over **200 pages of her protected medical records** had been improperly disclosed by Davies Life & Health, Inc. (formerly DMS) to **Rams Food**, a third-party entity with no lawful connection to Plaintiff's healthcare, disability claim, or legal representation. **At no time was Plaintiff informed that her medical records would be sent to this third party, nor did she authorize or consent to such a disclosure.** Although Plaintiff had routine communication with Davies regarding her LTD claim, **the scope, timing, and identity of the unauthorized recipient were never disclosed to her** during the pendency of the claim or litigation.

In **2025**, Plaintiff also became aware that such sharing of protected medical information—without her knowledge or explicit authorization—**constitutes a violation of federal law**, including the **Health Insurance Portability and Accountability Act (HIPAA), specifically 45 C.F.R. §§ 164.502 and 164.508**, as well as **29 C.F.R. § 2560.503-1(h)(2)(iii)** under ERISA, which guarantees confidentiality and integrity in the claims review process. These actions also violate **29 U.S.C. § 1104(a)**, the statutory fiduciary duties of prudence, loyalty, and care. The breach was not just unauthorized—it was actively concealed until uncovered in Plaintiff's post-settlement inquiry, and it has caused significant distress and irreparable harm to Plaintiff's trust in the integrity of her claim administration.

5. **Punitive Damages Against Disabled Plaintiff**: Defendant Nippon's demand for punitive damages in post-settlement arbitration proceedings—against a pro se litigant who is permanently disabled, has zero income, no SSDI, and is actively undergoing referrals for reconstructive surgeries—constitutes a **breach of fiduciary duty under 29 U.S.C. § 1104**, an abuse of process, and retaliation prohibited under **ERISA § 510 (29 U.S.C. § 1140)**. This conduct reflects **bad faith litigation strategy**, violates principles of **due process and fair access to justice**, and supports equitable relief under **ERISA § 502(a)(3)**.

6. **Wrongful SSDI Offsets (Discovered Post-Settlement in 2025)**:
After the conclusion of Case No. 1:22-cv-07059, Plaintiff obtained definitive proof in 2025 that the Social Security Administration (SSA) had formally **closed her SSDI claim on August 9, 2022**, and that **no SSDI benefits were ever awarded or paid**. Despite this, Nippon Life Insurance Company of America **unilaterally applied LTD offsets** as if Plaintiff were receiving SSDI income—thereby reducing or eliminating her rightful disability benefits without factual or legal basis. This conduct was carried out **knowingly or with reckless disregard** of the truth, as Defendants had access to Plaintiff's SSA records through their agent Allsup, and bore a fiduciary duty to verify benefit status before imposing offsets.

This scheme violated **29 U.S.C. § 1104(a)(1)** by breaching Nippon's duties of **prudence, diligence, and loyalty** to the participant. It also violated **29 U.S.C. § 1133** and **29 C.F.R. § 2560.503-1(h)** by denying Plaintiff a **full and fair review process**—one grounded in actual facts, not speculative or false presumptions. Further, by reducing LTD payments based on an **assumed SSDI award that never existed**, Defendants committed a material misrepresentation actionable under **ERISA § 502(a)(3)**, which permits **equitable remedies**, including surcharge, restitution, and reformation. This post-settlement discovery reveals a sustained fiduciary breach and demands judicial intervention to correct the resulting financial and medical harm.

7. **Failure to Review Disability Evidence in Good Faith (Post-Denial Conduct)**:
Following the denial of Plaintiff's long-term disability benefits, and continuing through the period leading to and following the 2023 settlement, Plaintiff submitted extensive, material medical evidence demonstrating the ongoing and worsening nature of her disability. These included **post-denial surgical records (e.g., right elbow reconstruction in 2022), documented physical therapy regimens, physician certifications confirming functional limitations**, and referrals for further reconstructive procedures. Despite the relevance and medical significance of these records—which were submitted prior to and contemporaneous with the settlement—**Nippon Life failed to conduct any meaningful or good faith re-evaluation** of Plaintiff's condition, nor did it provide any explanation for disregarding the evidence.

This conduct violates **29 U.S.C. § 1104(a)(1)(A)–(B)** by breaching the fiduciary duty of **loyalty and prudence**, which requires plan administrators to act solely in the interest of the participant and to engage in a reasoned, diligent decision-making process. Additionally,

Nippon's refusal to review or respond to the medical evidence, or to revisit the disability determination despite being presented with credible updates, constitutes a violation of **29 U.S.C. § 1133** and its implementing regulation **29 C.F.R. § 2560.503-1(h)**, which mandate a **"full and fair review"** of claims and appeals, including any new supporting documentation.

By **ignoring post-denial medical updates** while pursuing enforcement of the LTD settlement, Nippon engaged in conduct that was not only procedurally deficient, but **substantively unreasonable**, and **equitably improper**. This failure to reassess a continuing and documented disability violates the standards of fiduciary fairness and supports a claim for **equitable relief under ERISA § 502(a)(3)**.

8. **Retaliation for Asserting Legal Rights (ERISA § 510, Rule 11, Due Process):** Following Plaintiff's protected exercise of her legal rights to challenge the wrongful denial of disability benefits, Defendants engaged in a pattern of **retaliatory litigation tactics** that collectively undermine Plaintiff's access to justice and her ability to seek ERISA-protected remedies. Specifically, Defendants:

- Initiated a **post-complaint arbitration proceeding in an out-of-state forum (New York)**, despite no clear arbitration agreement requiring such venue and while simultaneously requesting an arbitrator "familiar with Illinois law"—a contradictory and coercive tactic;

- Filed a **false declaration** (Dkt. #44-5) misattributing FedEx service to a non-party individual (Junko Inaga), despite record evidence showing the label and service originated from Nippon's counsel;

- Publicly filed Plaintiff's entire confidential LTD settlement (Dkt. #44-3) while accusing her of breaching confidentiality by submitting only a single page—thereby deploying **double standards** to chill Plaintiff's filings.

These actions constitute retaliation under **ERISA § 510 (29 U.S.C. § 1140)**, which prohibits interference with a participant's attempt to exercise rights protected under an employee benefit plan or ERISA's enforcement provisions. Courts have held that **post-claim adverse actions**, such as hostile litigation or threats of punitive damages, can qualify as actionable retaliation when they are **tied to a participant's lawful assertion of benefits**. See *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143 (1990) (ERISA preempts and prohibits retaliation for benefit-related claims).

Additionally, the **use of false declarations, coercive arbitration procedures, and improper venue maneuvering** constitute **bad faith litigation tactics** and violate **Federal Rule of Civil Procedure 11(b)(1)–(3)**, which prohibits filings made to harass, delay, or assert claims without factual or legal basis. Collectively, these actions also **obstruct Plaintiff's access to the courts** and may warrant the imposition of **judicial sanctions**

under the Court's inherent authority. Plaintiff seeks appropriate relief under **ERISA § 502(a)(3)** to remedy the harm caused by these retaliatory and procedurally abusive acts.

- **ERISA § 510** – 29 U.S.C. § 1140 – Prohibits retaliation or interference for asserting ERISA rights.
- **ERISA § 502(a)(3)** – 29 U.S.C. § 1132(a)(3) – Equitable relief for fiduciary or statutory breaches.
- **Fed. R. Civ. P. 11(b)(1)–(3)** – Sanctions for bad faith, harassment, false factual contentions.
- **Inherent powers** – See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) – Sanctions for litigation misconduct.

### III. PROPOSED SUPPLEMENTAL COMPLAINT

A copy of the proposed Supplemental Complaint is attached hereto as **Exhibit A**. The supplement does not alter or abandon existing causes of action but adds factual allegations of post-pleading conduct that reinforce Plaintiff's claims under ERISA, Rule 11, and federal procedural due process.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. GRANT leave to file the attached Supplemental Complaint pursuant to Fed. R. Civ. P. 15(d);
2. DIRECT the Clerk of Court to accept the supplemental pleading as part of the record;
3. AWARD such further relief as this Court deems just and proper.

Respectfully submitted,
**/s/ Graciela Dela Torre**
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 21, 2025

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURTFOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

GRACIELA DELA TORRE,
    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a DMS),
ALLSUP, LLC,
    Defendants.

**Case No. 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

---

**SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d) to allege material facts and legal violations that have occurred after the filing of the Second Amended Complaint (Dkt. #53) and which continue to cause harm to Plaintiff. This pleading supplements—but does not replace—prior complaints, and highlights ongoing post-settlement misconduct by Defendants in violation of ERISA, the Federal Rules of Civil Procedure, and constitutional due process protections.

---

**I.** PARTIES

1. Plaintiff, Graciela Dela Torre, is a resident of Illinois and participant in a long-term disability (LTD) plan governed by ERISA.

2. Defendant Nippon Life Insurance Company of America is the ERISA plan administrator and a fiduciary.

3. Defendant Davies Life & Health, Inc. (formerly DMS) is the third-party claims administrator hired by Nippon.

4. Defendant Allsup, LLC, is a contractor selected by Nippon and/or Davies to manage Plaintiff's SSDI application process.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), as the breach occurred and harm continues in Illinois.

---

## III. SUPPLEMENTAL FACTUAL ALLEGATIONS

A. Post-Settlement Arbitration Abuse 7. In March 2025, Nippon initiated arbitration in New York, despite no agreement requiring arbitration or out-of-state venue. Simultaneously, they requested an arbitrator "familiar with Illinois law," demonstrating tactical manipulation.

B. False Declarations and Misleading Service 8. Nippon submitted a declaration (Dkt. #44-5) attributed to Junko Inaga concerning FedEx service. However, FedEx tracking records confirm that the package was created and sent by attorney Justin Wax Jacobs, not Inaga. This creates a material misrepresentation in violation of 28 U.S.C. § 1746 and Rule 11(b)(3).

C. Breach of Confidentiality by Defendants 9. Nippon accused Plaintiff of breaching confidentiality for filing a single page of the LTD settlement. Yet, Nippon itself publicly filed the entire settlement agreement (Dkt. #44-3), violating Local Rule 26.2 and demonstrating unclean hands.

D. HIPAA Violation and Improper Disclosure 10. In 2025, Plaintiff discovered that over 200 pages of her protected health information (PHI) were improperly mailed by Davies to Rams Food, an unrelated third party. Plaintiff did not consent to this disclosure and had no notice of it during her claim or litigation. This constitutes a direct violation of HIPAA (45 C.F.R. §§ 164.502, 164.508) and 29 C.F.R. § 2560.503-1(h)(2)(iii).

E. Punitive Damages Sought Against Disabled Plaintiff 11. Despite Plaintiff's pro se status, permanent disability, lack of SSDI, and medical urgency, Nippon has demanded punitive damages in post-settlement arbitration. This violates the fiduciary obligation under 29 U.S.C. § 1104(a) and obstructs Plaintiff's access to justice.

F. Wrongful SSDI Offsets 12. Post-settlement records obtained in 2025 confirm that the SSA closed Plaintiff's SSDI claim on August 9, 2022, and Plaintiff never received any SSDI benefits. Nonetheless, Nippon applied LTD offsets as if such benefits existed. This conduct breaches fiduciary duty under 29 U.S.C. § 1104, violates Plaintiff's right to a fair review under 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h), and constitutes actionable misrepresentation under ERISA § 502(a)(3).

G. Failure to Reevaluate in Good Faith 13. Plaintiff submitted extensive post-denial medical documentation, including surgical records, physical therapy notes, and physician certifications. Nippon and Davies failed to meaningfully review or respond. Their refusal violated their duty to conduct a reasonable and fair reassessment under 29 U.S.C. §§ 1104 and 1133, and 29 C.F.R. § 2560.503-1(h).

H. Retaliation for Asserting Legal Rights 14. Collectively, Defendants' acts—forum manipulation, false service declarations, HIPAA violations, unjustified offsets, and a punitive damages demand—amount to retaliation in violation of ERISA § 510 (29 U.S.C. § 1140). They also reflect bad faith litigation tactics in violation of Rule 11(b) and due process principles.

IV. CLAIMS FOR RELIEF

Count I – Breach of Fiduciary Duty (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))
Count II – Failure to Provide Full and Fair Review (29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(h))
Count III – Retaliation for Protected Activity (ERISA § 510, 29 U.S.C. § 1140)
Count IV – Procedural Due Process Violations and Litigation Misconduct (Rule 11, Chambers v. NASCO)

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Accept this Supplemental Complaint into the record; B. Declare that Defendants violated fiduciary and statutory duties under ERISA and federal law; C. Award equitable remedies including restitution, surcharge, reformation, and injunctive relief; D. Sanction Defendants under Rule 11 and the Court's inherent powers for bad faith conduct; and E. Grant such other relief as this Court deems just and proper.

Respectfully submitted,
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 21, 2025