BC
FILED
5/29/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
PJJ

**IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

GRACIELA DELA TORRE,

Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC.,
ALLSUP LLC,
Defendants.

**Case No.: 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

**PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL OR TO REFER MY CASE TO THE PRO BONO PROGRAM.**

**PURSUANT TO 28 U.S.C. § 1915(e)(1)**
NOW COMES Plaintiff, Graciela Dela Torre, pro se, and respectfully moves this Honorable Court for the appointment of volunteer legal counsel under 28 U.S.C. § 1915(e)(1). In support thereof, Plaintiff states:

### 1. Plaintiff Is Unable to Afford Counsel
Plaintiff is indigent and proceeding without representation. Her financial situation and medical conditions prevent her from securing private legal counsel.

### 2. Plaintiff Has Demonstrated Diligence But Faces Documented Cognitive, Neurological and Physical Limitations.

Plaintiff has made substantial efforts to comply with the Federal Rules of Civil Procedure, including submitting filings supported by exhibits, case history, and procedural tables. However, she continues to face serious medical challenges, including neurological fatigue, sequelae of prior brain infection and inflammation, speech decline among other phisycal limitations. These impairments limit her capacity to represent herself effectively, especially in a case involving multiple defendants and federal statutes.

### 3. This Case Raises Complex Post-Settlement Legal Issues

Plaintiff is not challenging the prior settlement. This case involves post-dismissal and post-settlement conduct such as:

- Continuing fiduciary breaches under ERISA § 502(a)(3),

- Unauthorized medical disclosures potentially violating HIPAA,
- Improper SSDI claim interference and misrepresentation, and
- Retaliatory conduct including out-of-jurisdiction arbitration.

These claims intersect with administrative and procedural matters that are difficult to litigate without assistance.

**4. Plaintiff Seeks to Proceed Responsibly and Avoid Overburdening the Court**

Plaintiff is deeply committed to presenting her claims clearly and respectfully. She is mindful of the Court's time and resources and wishes to avoid the kind of filing volume that occurred in her previous matter.

5. Appointment of Counsel Will Serve the Interests of Justice

Counsel would allow Plaintiff to:

- Frame the legal issues clearly,
- Ensure proper and efficient litigation of the claims,
- Reduce unnecessary filings or procedural missteps, and
- Participate more effectively in hearings and discovery processes.

**WHEREFORE, Plaintiff respectfully requests that this Honorable Court:**

1. **Appoint pro bono counsel under 28 U.S.C. § 1915(e)(1),**
2. **Refer this case to the Court's Pro Bono Program for evaluation and assignment, and**
3. **Grant such further relief as the Court deems just and proper.**

**Respectfully submitted,**
**Date: May 29, 2025**
**/s/Graciela Dela Torre**
**Graciela Dela Torre**
**653 Wing St, Elgin IL 60123**
**gmestiza1@gmail.com**
**(630) 670-5914**

**DECLARATION OF GRACIELA DELA TORRE IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL**

I, **Graciela Dela Torre**, declare as follows:

1. I am the Plaintiff in the above-captioned case and am representing myself without the assistance of an attorney.

2. I respectfully request the appointment of pro bono counsel because I am unable to afford private legal representation. I live on limited income and face ongoing medical and financial hardship.

3. I suffer from **neurological fatigue, speech decline, and cognitive impairments** that are documented in my medical records already submitted to the Court. These conditions stem from prior inflammation and infection that affected my brain.

4. Despite these challenges, I have made every effort to diligently participate in this case. I filed a well-supported Second Amended Complaint, multiple motions, and in **Dkt. #62**, I submitted a detailed and organized clarification regarding service of process with tracking records and delivery proof. I always try to comply with the Court's orders and procedural rules, however there are 62 filings in this case already.

5. The legal and procedural complexity of this case has become overwhelming. The issues involve fiduciary misconduct under ERISA, unauthorized disclosure of my health records, and actions taken against me after the case was already settled and dismissed. I am not trained in law and am now facing multiple Defendants.

6. I am mindful of the burden I may have placed on the Court in the past. For this reason, I am doing everything I can to streamline my filings and stay focused. Having a lawyer would help me do that more effectively and protect my legal rights.

7. I respectfully ask the Court to appoint pro bono legal counsel or refer this matter to the Pro Bono Program.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: May 29, 2025
/s/Graciela Dela Torre
Graciela Dela Torre
653 Wing St, Elgin IL 60123
gmestiza1@gmail.com
(630) 670-5914