# EXHIBIT A
# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

GRACIELA DELA TORRE,
    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a DMS),
ALLSUP, LLC,
    Defendants.

**FILED**

**JUN 04 2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**Case No. 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

## SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d) to allege material facts and legal violations that have occurred after the filing of the Second Amended Complaint (Dkt. #53) and which continue to cause harm to Plaintiff. This pleading supplements—but does not replace—prior complaints, and highlights ongoing post-settlement misconduct by Defendants in violation of ERISA, the Federal Rules of Civil Procedure, and constitutional due process protections.

## I. PARTIES

1. Plaintiff, Graciela Dela Torre, is a resident of Illinois and participant in a long-term disability (LTD) plan governed by ERISA.

2. Defendant Nippon Life Insurance Company of America is the ERISA plan administrator and a fiduciary.

3. Defendant Davies Life & Health, Inc. (formerly DMS) is the third-party claims administrator hired by Nippon.

4. Defendant Allsup, LLC, is a contractor selected by Nippon and/or Davies to manage Plaintiff's SSDI application process.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), as the breach occurred and harm continues in Illinois.

---

## III. SUPPLEMENTAL FACTUAL ALLEGATIONS

A. Post-Settlement Arbitration Abuse 7. In March 2025, Nippon initiated arbitration in New York, despite no agreement requiring arbitration or out-of-state venue. Simultaneously, they requested an arbitrator "familiar with Illinois law," demonstrating tactical manipulation.

B. False Declarations and Misleading Service 8. Nippon submitted a declaration (Dkt. #44-5) attributed to Junko Inaga concerning FedEx service. However, FedEx tracking records confirm that the package was created and sent by attorney Justin Wax Jacobs, not Inaga. This creates a material misrepresentation in violation of 28 U.S.C. § 1746 and Rule 11(b)(3).

C. Breach of Confidentiality by Defendants 9. Nippon accused Plaintiff of breaching confidentiality for filing a single page of the LTD settlement. Yet, Nippon itself publicly filed the entire settlement agreement (Dkt. #44-3), violating Local Rule 26.2 and demonstrating unclean hands.

D. HIPAA Violation and Improper Disclosure 10. In 2025, Plaintiff discovered that over 200 pages of her protected health information (PHI) were improperly mailed by Davies to Rams Food, an unrelated third party. Plaintiff did not consent to this disclosure and had no notice of it during her claim or litigation. This constitutes a direct violation of HIPAA (45 C.F.R. §§ 164.502, 164.508) and 29 C.F.R. § 2560.503-1(h)(2)(iii).

E. Punitive Damages Sought Against Disabled Plaintiff 11. Despite Plaintiff's pro se status, permanent disability, lack of SSDI, and medical urgency, Nippon has demanded punitive damages in post-settlement arbitration. This violates the fiduciary obligation under 29 U.S.C. § 1104(a) and obstructs Plaintiff's access to justice.

F. Wrongful SSDI Offsets 12. Post-settlement records obtained in 2025 confirm that the SSA closed Plaintiff's SSDI claim on August 9, 2022, and Plaintiff never received any SSDI benefits. Nonetheless, Nippon applied LTD offsets as if such benefits existed. This conduct breaches fiduciary duty under 29 U.S.C. § 1104, violates Plaintiff's right to a fair review under 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h), and constitutes actionable misrepresentation under ERISA § 502(a)(3).

G. Failure to Reevaluate in Good Faith 13. Plaintiff submitted extensive post-denial medical documentation, including surgical records, physical therapy notes, and physician certifications. Nippon and Davies failed to meaningfully review or respond. Their refusal violated their duty to conduct a reasonable and fair reassessment under 29 U.S.C. §§ 1104 and 1133, and 29 C.F.R. § 2560.503-1(h).

H. Retaliation for Asserting Legal Rights 14. Collectively, Defendants' acts—forum manipulation, false service declarations, HIPAA violations, unjustified offsets, and a punitive damages demand—amount to retaliation in violation of ERISA § 510 (29 U.S.C. § 1140). They also reflect bad faith litigation tactics in violation of Rule 11(b) and due process principles.

IV. CLAIMS FOR RELIEF

Count I – Breach of Fiduciary Duty (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))
Count II – Failure to Provide Full and Fair Review (29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(h))
Count III – Retaliation for Protected Activity (ERISA § 510, 29 U.S.C. § 1140)
Count IV – Procedural Due Process Violations and Litigation Misconduct (Rule 11, Chambers v. NASCO)

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Accept this Supplemental Complaint into the record; B. Declare that Defendants violated fiduciary and statutory duties under ERISA and federal law; C. Award equitable remedies including restitution, surcharge, reformation, and injunctive relief; D. Sanction Defendants under Rule 11 and the Court's inherent powers for bad faith conduct; and E. Grant such other relief as this Court deems just and proper.

Respectfully submitted,
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 21, 2025