IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRACIELA DELA TORRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NIPPON LIFE INSURANCE COMPANY OF AMERICA; DAVIES LIFE & HEALTH, INC. (f/k/a DMS); and ALLSUP, LLC,<br><br>　　　　Defendants. | Case No.: 25-cv-01483<br><br>Hon. Rebecca R. Pallmeyer |

**MOTION FOR EXTENSION OF TIME TO RESPOND
TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Allsup, LLC ("Defendant"), by and through its undersigned counsel, and for its Motion for Extension of Time to Respond to Plaintiff Graciela Dela Torre's ("Plaintiff") Third Amended Complaint pursuant to Federal Rule of Civil Procedure 26(b) states:

　　1.　　On June 4, 2025, Plaintiff filed a Third Amended Complaint in this cause. (Doc. 66)

　　2.　　On June 5, 2025, Plaintiff sent an email to the Court entitled "Plaintiff's Explanation Regarding Pleading Intent and Request Leave to Amend." A true and correct copy of the June 5, 2025 email is attached hereto as Exhibit A.

　　3.　　The Court ordered the defendants in this case to file an answer or other responsive pleading by June 9, 2025. (Doc. 64)

　　4.　　Based on Plaintiff's June 5, 2025, email to the Court, it is unclear what will constitute the Third Amended Complaint. (Ex. A)

5.  Under these circumstances, the current deadline of June 9, 2025, to respond to the Third Amended Complaint filed on June 4, 2025, should be extended until it is clear what will constitute Plaintiff's Third Amended Complaint.

6.  Based on the above, Defendant requests an extension of time of 21 days to file a response to a Third Amended Complaint, or by June 30, 2025.

7.  Good cause exists for allowing an extension of time given the uncertainty regarding what will constitute a Third Amended Complaint in this cause.

8.  The undersigned counsel for Defendant was advised by Plaintiff that she objects to the granting of this request for an extension of time.

WHEREFORE, Defendant Allsup, LLC respectfully requests that this Motion be granted for the reasons stated herein, that Allsup be allowed up to and including June 30, 2025, to file its response to the Third Amended Complaint, and that the Court enter any further relief that it deems just and proper.

Dated: June 5, 2025                               Respectfully submitted,

                                                  By:  /s/ Robert W. Brunner
                                                       Robert W. Brunner
                                                       BRYAN CAVE LEIGHTON PAISNER LLP
                                                       161 North Clark Street, Suite 4300
                                                       Chicago, IL 60601-3315
                                                       (312) 602-5000
                                                       robert.brunner@bclplaw.com

                                                       *Attorneys for Defendant Allsup, LLC*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on June 5, 2025, a copy of the foregoing was served on counsel through the ECF system, and that a copy was served on the following by electronic mail:

Garciela Dela Torre
gmestiza1@gmail.com

                                                  */s/ Robert W. Brunner*

# EXHIBIT A

| | |
|---|---|
| **From:** | Gracie Dlt <gmestiza1@gmail.com> |
| **Sent:** | Thursday, June 5, 2025 10:46 AM |
| **To:** | Pallmeyer@ilnd.uscourts.gov; susan_lenburg@ilnd.uscourts.gov; Christina Presslak |
| **Subject:** | 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al |
| **Attachments:** | ALLSUP EMAIL COM .pdf; Davies L&H Email.part1.pdf; Davies L&H Email.part2.pdf; 6-5-2025 gamescounsels.pdf; 53 2nd Amended Complaint.pdf; 58 MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE.pdf |

# PLAINTIFF'S EXPLANATION REGARDING PLEADING INTENT AND REQUEST FOR LEAVE TO AMEND.

## TO THE HONORABLE COURT:

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this explanation to clarify the intent behind her filings at Docket Entries 53 and 58, and to address the Court's June 4, 2025 Minute Entry (Dkt. 65). Plaintiff seeks to ensure the record accurately reflects that:

1. The **Second Amended Complaint (SAC, Dkt. 53)** and **Supplemental Complaint (Dkt. 58, Ex. A)** were designed to function *together* under Rule 15(d), with the latter *augmenting*—not replacing—the former. Dismissing the SAC would prejudice my claims against Allsup as is not mentioned there.
2. The SAC's claims (e.g., fiduciary breaches, HIPAA violations, and wrongful offsets) remain live and distinct from the supplemental allegations (e.g., retaliatory arbitration, new HIPAA violations).

---

## I. BACKGROUND OF CONFUSION

1. **Defendants' Mischaracterization**: Defense counsel's June 3, 2025 email to the Court (Ex. 1) framed Dkt. 58 as a standalone amendment, omitting that it was filed to *supplement* Dkt. 53 under Rule 15(d).

1

2. **Plaintiff's Immediate Clarification**: Plaintiff responded the same day (Ex. 1, pp. 8–10), explicitly stating that Dkt. 58 was intended to "enhance factual completeness" without superseding the SAC.
3. **Court's June 4 Order**: The Court's construction of Dkt. 58 as a "Third Amended Complaint" (Dkt. 65) inadvertently rendered the SAC moot, contrary to Plaintiff's intent.

## II. CLARIFICATION OF PLEADING INTENT

### A. Rule 15(d) Governs the Supplemental Complaint

- The Supplemental Complaint (Dkt. 58) expressly states it "supplements—but does not replace—prior complaints" (Ex. 2, p. 1).
- Rule 15(d) permits allegations of post-pleading events *without* displacing existing claims. *See Int'l Bus. Machs. Corp.*, 66 F.R.D. at 384.

### B. The SAC and Supplemental Complaint Are Complementary

- **SAC (Dkt. 53)**: Alleges post-settlement misconduct (e.g., Allsup's concealment of SSDI denial, Davies' HIPAA violations).
- **Supplement (Dkt. 58)**: Adds post-filing misconduct (e.g., arbitration abuse, new HIPAA disclosures).
- **Critical Distinction**: The SAC names **Allsup** as a defendant for pre-supplement claims; the Supplement does not. Dismissing the SAC would abandon claims against Allsup.

## III. REQUEST FOR RELIEF

Plaintiff respectfully requests the Court:

1. **Clarify** that the **SAC (Dkt. 53)** remains operative for pre-supplement claims, and the **Supplement (Dkt. 58, Ex. A)** governs post-filing allegations under Rule 15(d).
2. **Extend Defendants' deadlines** to respond to both pleadings, if necessary.

2

3. **Alternatively**, grant leave to file a consolidated pleading incorporating all claims. (With a 14 day extension)

---

## IV. CONCLUSION

Plaintiff seeks only to correct the record and if possible to Leave to Amend one additional time to ensure all claims are properly adjudicated. Judicial economy favors resolving the SAC and Supplement together or grant me permission to Leave to Amend, to form a cohesive factual narrative.

**Respectfully submitted,**

/s/ Graciela Dela Torre

Graciela Dela Torre, Pro Se

653 Wing Street, Elgin, IL 60123

gmestiza1@gmail.com | (630) 670-5914

**Date:** June 5, 2025

**Attachments**:

- **Ex. 1**: Email chain with defense counsel (June 3–4, 2025).
- **Ex. 2**: Supplemental Complaint (Dkt. 58, Ex. A) (highlighting supplementation language).

Let me know if you'd like to refine any arguments or add exhibits. This draft balances clarity with deference to the Court's discretion.

On Tue, Jun 3, 2025 at 8:30 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

3

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com

*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Tuesday, June 3, 2025 8:30 PM
**To:** Jeffery, Joe <jjeffery@cmn-law.com>
**Subject:** Re: Dela Torre v. Davies Life & Health, Inc.

Double check the judge's email address, unless I am mistaken you send it to a different judge.

On Tue, 3 Jun 2025, 8:26 pm Gracie Dlt, <gmestiza1@gmail.com> wrote:

> Hello,
>
> Thanks for the email I just had a chance to fully read it, and I also saw your communication to the judge.
>
> On Tue, 3 Jun 2025, 1:43 pm Jeffery, Joe, <jjeffery@cmn-law.com> wrote:
>
>> Ms. Dela Torre:

4

I am writing in connection with the Minute Entry entered yesterday in this matter directing the defendants to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9. I note, however, that your motion seeking leave to file a Second Amended Complaint ("SAC") remains pending. (ECF No. 58).

Because your proposed Second Amended Complaint may replace your Amended Complaint, my client (Davies Life & Health) and I believe it would be more efficient both for the court and the parties if your motion seeking leave to file the SAC is resolved before the defendants respond to the Amended Complaint. I plan to email Judge Pallmeyer and copy you (as well as counsel for the other defendants) to suggest this.

Please let me know by 4:00 p.m. today whether you agree or disagree with our view that the most efficient way to proceed would be to address your motion to file the SAC before the parties file responses to the Amended Complaint.

Best regards,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com