FILED
6/5/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**GRACIELA DELA TORRE,**
Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA, et al.,**
Defendants.

**Case No.: 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION REGARDING OPERATIVE PLEADINGS and LEAVE TO AMEND ONE ADITIONAL TIME.**

**NOW COMES** Plaintiff Graciela Dela Torre, appearing pro se, respectfully requesting that the Court clarify or reconsider its June 4, 2025 Minute Entry (Dkt. 65) to ensure that both the **Second Amended Complaint (Dkt. 53)** and the **Supplemental Complaint (Dkt. 58, Exhibit A)** are treated as the operative pleadings, consistent with Plaintiff's intent under Federal Rule of Civil Procedure 15(d). In support, Plaintiff states as follows:

I am writing to clarify the confusion that arose from recent communications and docket activity in this matter, *Dela Torre v. Davies Life & Health, Inc., et al.*, Case No. 1:25-cv-01483. Davies L&H emailed the court with misrepresentations about Dok. # 53 and 58, I attempted to follow the same approach as defense counsel—communicating via email in good faith—to avoid excessive filings and support judicial efficiency. Unfortunately, this informal approach has resulted in procedural confusion and against me.

The confusion began with email from Davies L&H counsel, dated June 3, 2025, in which he referenced my motion at ECF No. 58 (titled "Motion for Leave to File a Supplemental Complaint") as the operative pending request. However, his message omitted that ECF No. 53 is my Second Amended Complaint (SAC), which had been filed on May 20, 2025. I had intended for the SAC to be reviewed first, with the Supplemental Complaint filed *in addition*—not *in replacement*.

I also communicated similar concerns to Allsup's counsel in a separate email chain (see attached exhibit). I expressed that my motion at Dkt. 58 was meant to supplement—not supersede—my SAC, and that I was unaware this would be construed by the Court as a Third Amended Complaint.

I respectfully request that the Court allow me to correct/amend the record, as I did not intend to abandon the SAC at Dkt. 53. I would be grateful for the Court's guidance on whether I should file a motion for clarification or request leave to refile or reassert the SAC. I ask only for the opportunity to ensure my pleadings are properly aligned and my intentions clearly reflected on the docket.

## I. INTRODUCTION

1. On June 4, 2025, the Court granted Plaintiff's Motion for Leave to File a Supplemental Complaint (Dkt. 58) but construed it as a "Third Amended Complaint" and deemed the Second Amended Complaint (Dkt. 53) moot.

2. This construction inadvertently conflates two distinct pleadings:

    - **Dkt. 53**: The **Second Amended Complaint (SAC)**, which alleges independent claims arising post-settlement (e.g., fiduciary breaches, HIPAA violations, and wrongful offsets).

    - **Dkt. 58**: The **Supplemental Complaint**, which adds post-filing events (e.g., retaliatory arbitration, new HIPAA violations) under Rule 15(d) to *augment*—not replace—the SAC. Most importantly Allsup is not mentioned here.

3. Plaintiff seeks clarification to preserve the SAC's claims and ensure the Supplemental Complaint is treated as a true supplement under Rule 15(d).

## II. LEGAL BASIS FOR CLARIFICATION

### A. Rule 15(d) Permits Supplementation Without Superseding Prior Pleadings

4. Rule 15(d) allows parties to allege post-pleading events *without displacing* existing claims. *See United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) ("Supplemental pleadings *add* to the original pleading; they do not replace it.").

5. The Supplemental Complaint (Dkt. 58) explicitly states it "supplements—but does not replace—prior complaints" (Ex. A, p. 1).

### B. The SAC and Supplemental Complaint Serve Separate Purposes

6. The SAC (Dkt. 53) alleges:

    - Post-settlement fiduciary misconduct (Counts I–II);

- HIPAA violations (Count III);
- Fraudulent concealment under Rule 60(b) (Count IV).

7. The Supplemental Complaint (Dkt. 58) adds:

    - Post-filing retaliation (e.g., arbitration abuse, punitive damages);
    - New HIPAA violations discovered in 2025;
    - False declarations and litigation misconduct.

8. Dismissing the SAC as moot would deprive Plaintiff of redress for claims unrelated to the supplemental allegations.

## C. Judicial Economy Favors Clarification

9. Requiring Defendants to respond to *both* pleadings promotes efficiency:

    - The SAC and Supplemental Complaint share overlapping facts but assert distinct legal theories.
    - Consolidating responses avoids piecemeal litigation.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Leave to Amend one additional time with a 14 day extension or Clarify** that the **Second Amended Complaint (Dkt. 53)** remains the operative pleading for claims arising pre-supplementation, and the **Supplemental Complaint (Dkt. 58, Ex. A)** supplements those claims under Rule 15(d);

2. **Alternatively**, grant reconsideration to amend the June 4, 2025 Order to reflect this distinction;

3. **Extend Defendants' response deadlines** as needed to address both pleadings.

## IV. CONCLUSION

Plaintiff seeks only to correct the record to ensure all claims are properly adjudicated. Clarification will streamline proceedings and uphold Rule 15(d)'s purpose.

**Respectfully submitted,**
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street, Elgin, IL 60123
[gmestiza1@gmail.com](mailto:gmestiza1@gmail.com) | (630) 670-5914
**Date:** [Insert Date]

---

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2025, I served this motion via the Court's CM/ECF system on all counsel of record. (Nippon LI is receiving doubles)

---

**Attachments:**

1. Exhibit 1 : Email from and to Defendants (June 4, 2025) re: Pleading Intent
2. Exhibit 2 : Supplemental Complaint (Dkt. 58, Ex. A) (highlighting "supplements but does not replace" language).

# EXHIBIT 1

**From: Gracie Dlt <gmestiza1@gmail.com>**
**Sent: Tuesday, June 3, 2025 8:30 PM**
**To: Jeffery, Joe <jjeffery@cmn-law.com>**
**Subject: Re: Dela Torre v. Davies Life & Health, Inc.**

**Double check the judge's email address, unless I am mistaken you send it to a different judge.**

| | |
|---|---|
| **Jeffery, Joe** | **Jun 3, 2025, 8:30 PM** |

**to me**

**Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.**

**Joseph R. Jeffery, Esq.**

**Chittenden, Murday & Novotny LLC**

| | |
|---|---|
| from: | Jeffery, Joe <jjeffery@cmn-law.com> |
| to: | "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov> |
| cc: | Gracie Dlt <gmestiza1@gmail.com>, Robert Brunner <robert.brunner@bclplaw.com>, Justin Wax Jacobs <j-waxjacobs@nipponlifebenefits.com> |
| date: | Jun 3, 2025, 4:20 PM |
| subject: | Dela Torre v. Nippon Life Ins. Co. of America, et al. |
| mailed-by: | cmn-law.com |
| signed-by: | cmn-law.com |
| security: | 🔒 Standard encryption (TLS) Learn more |
| ⚑: | Important according to Google magic. |

On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)



Gracie Dlt <gmestiza1@gmail.com>

## Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.
1 message

**Gracie Dlt** <gmestiza1@gmail.com>  Wed, Jun 4, 2025 at 4:01 PM
To: "Jeffery, Joe" <jjeffery@cmn-law.com>
Cc: "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Robert Brunner <robert.brunner@bclplaw.com>, J-WAXJACOBS@nlpponlifebenefits.com

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914

On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)



Gracie Dlt <gmestiza1@gmail.com>

## Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.
1 message

**Gracie Dlt** <gmestiza1@gmail.com>　　　　　　　　　　　　　　　　　　　　　　Wed, Jun 4, 2025 at 4:01 PM
To: "Jeffery, Joe" <jjeffery@cmn-law.com>
Cc: "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Robert Brunner <robert.brunner@bclplaw.com>, J-WAXJACOBS@nlpponlifebenefits.com

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914

# EXHIBIT 2

Case: 1:25-cv-01483 Document #: 58 Filed: 05/21/25 Page 1 of 8 PageID #:359

BC

**FILED**
**5/21/2025**
TDD
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRACIELA DELA TORRE,
    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a DMS),
ALLSUP, LLC,
    Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

NOW COMES Plaintiff Graciela Dela Torre, appearing pro se, pursuant to Federal Rule of Civil Procedure 15(d), and respectfully moves this Honorable Court for leave to file a Supplemental Complaint to incorporate material facts and violations by Defendants that occurred after the filing of her Second Amended Complaint (Dkt. #53). In support, Plaintiff states as follows: