**FILED**
6/5/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**GRACIELA DELA TORRE**,

Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA, et al.,**

Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

---

**PLAINTIFF'S MOTION FOR CLARIFICATION AND CORRECTION OF RECORD**

**REGARDING EX PARTE MISREPRESENTATIONS AND ROLE OF "SUSAN KELLY LENBURG" IN COURTROOM COMMUNICATIONS**

NOW COMES Plaintiff **Graciela Dela Torre**, appearing *pro se*, and respectfully requests the Court's assistance in clarifying (1) the miscommunication surrounding Dkt. 53 and Dkt. 58 resulting from an email sent by counsel for Defendant **Davies Life & Health, Inc.** ("Davies"), and (2) the authority and identity of "Susan," whom Davies' counsel misrepresented as Judge Pallmeyer's deputy in what Susan Kelly Lenburg called an ex parte communication. In support thereof, Plaintiff states:

---

### I. BACKGROUND

1. On **June 3, 2025**, counsel for Davies Life & Health, **Joseph R. Jeffery**, emailed Susan Kelly Lenburg, claiming she was the Courtroom deputy for Judge Pallmeyer, claiming that Plaintiff's "Motion for Leave to File a Supplemental Complaint (Dkt. 58)" was the operative filing. In that message, he **omitted material context**—specifically, that **Plaintiff had filed a Second Amended Complaint (Dkt. 53)** on May 20, 2025, which included key fiduciary breach and HIPAA claims not addressed in Dkt. 58.

2. Relying on this misrepresentation, the Court issued a **Minute Entry on June 4, 2025 (Dkt. 65)** construing the Supplemental Complaint as a "Third Amended Complaint" and deeming the SAC (Dkt. 53) moot, without Plaintiff's input.

3. In parallel, Plaintiff had followed the informal conduct modeled by Defendants—emailing the same court address on June 4, 2025—but was **instructed not to do so** and advised that all communications must be docketed formally.

4. This inconsistency has created substantial **confusion and prejudice**, particularly because Plaintiff is pro se and disabled, and relied in good faith on the approach initiated by defense counsel.

## II. MISREPRESENTATION REGARDING "SUSAN" AS COURT DEPUTY

5. In the June 3, 2025 email, Mr. Jeffery identified "Susan Kelly Lenburg" as **Judge Pallmeyer's courtroom deputy**. However, Plaintiff is unaware of any such designation and respectfully requests that the Court **clarify Susan's role**.

6. Given the attached Exhibit B and additional email chain inconsistencies (Exhibits A–C), it appears defense counsel's claim may be **factually incorrect or misleading**.

## III. PLAINTIFF'S INTENT AND PREJUDICE

7. Plaintiff intended for Dkt. 53 (Second Amended Complaint) to remain the primary operative pleading and for Dkt. 58 to function as a **Rule 15(d) supplement**, not as a replacement.

8. By allowing informal ex parte emails to supersede Plaintiff's formal filings and misrepresent her litigation position, **critical claims against Defendant Allsup LLC** were inadvertently bypassed, violating due process and causing procedural confusion.

## IV. REQUEST FOR CLARIFICATION AND PROTECTION

Plaintiff respectfully requests the following relief:

1. **Clarify the role and identity of "Susan Kelly Lenburg"** in courtroom communications and confirm whether she is authorized to receive filings or communications from either party.

2. **Instruct all counsel that ex parte emails or informal communications not docketed on CM/ECF shall not influence rulings**, especially where opposing pro se parties are not included.

3. **Leave to file an Amended Complaint one more time.**

4. **Vacate or amend the portion of Dkt. 65** that deems Dkt. 53 moot, and **confirm that both Dkt. 53 (SAC) and Dkt. 58 (Supplemental Complaint)** are active pleadings under Rule 15(d).

5. Allow Plaintiff to file a **corrective brief or amended pleading** to realign the docket if the Court finds it procedurally necessary.

6. Grant **any additional relief** the Court deems just and appropriate to remedy this confusion.

---

**Respectfully submitted,**

**/s/ Graciela Dela Torre**
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Date: [Insert Today's Date]

---

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2025, I served the foregoing via the Court's CM/ECF system on all registered counsel of record.

---

**ATTACHMENTS:**

- **Exhibit A:** June 3–4, 2025 Email Chains (Davies L&H and Allsup)
- **Exhibit B:** "Susan Ex Parte" Screenshot
- **Exhibit C:** Plaintiff's Email to the Court (June 4, 2025) and Response
- **Exhibit D:** June 4, 2025 Minute Entry (Dkt. 65)
- **Exhibit E:** Dkt. 53 – Second Amended Complaint
- **Exhibit F:** Dkt. 58 – Supplemental Complaint with "supplements not replaces" language

# Exhibit A: June 3–4, 2025 Email Chains (Davies L&H and Allsup)

### Dela Torre v. Nippon Life Ins. Co. of America, et al.  Inbox

**Jeffery, Joe**  Tue, Jun 3, 4:20 PM (2 days ago)
to susan_lenburg@ilnd.uscourts.gov, me, Robert, Justin

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison, Suite 2400
Chicago, Illinois 60606
(312) 281-3627 (direct)

# Exhibit B: "Susan Ex Parte" Screenshot



# Exhibit C: Plaintiff's Email to the Court (June 4, 2025) and Response



Continue **Exhibit C:** Plaintiff's Email to the Court (June 4, 2025) and Response



**Continue Exhibit C:** Plaintiff's Email to the Court (June 4, 2025) and Response



# Exhibit D: June 4, 2025 Minute Entry (Dkt. 65)

Case: 1:25-cv-01483 Document #: 65 Filed: 06/04/25 Page 1 of 1 PageID #:390

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Graciela Dela Torre

                                  Plaintiff,

v.                                               Case No.: 1:25-cv-01483
                                                         Honorable Rebecca R. Pallmeyer

Davies Life & Health, Inc., et al.

                                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 4, 2025:

      MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court has directed Defendants to file responsive pleadings. The court notes that Plaintiff has moved for leave to file a second amended complaint [53] and also seeks leave to file a supplemental complaint [58]. The court construes her more recent motion [58] as one seeking leave to file a third amended complaint, and grants that motion. The earlier motion [53] is denied as moot. The Clerk is directed to docket the third amended complaint (58, Exhibit A) as the operative pleading. In directing Defendants to respond, the court expresses no opinion on the merits of Plaintiff's claims or any defenses that may be raised. Mailed notice. (cp, )

# Exhibit E: Dkt. 53 – Second Amended Complaint

Case: 1:25-cv-01483 Document #: 53 Filed: 05/20/25 Page 1 of 24 PageID #:326

BC

RECEIVED
5/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**GRACIELA DELA TORRE**,

 Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a Disability Management Services),
ALLSUP, LLC,**

 Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

**SECOND AMENDED COMPLAINT**

# Exhibit F: Dkt. 58 – Supplemental Complaint with "supplements not replaces" language

BC

FILED 5/21/2025 TDD
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRACIELA DELA TORRE,
    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a DMS),
ALLSUP, LLC,
    Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

NOW COMES Plaintiff Graciela Dela Torre, appearing pro se, pursuant to Federal Rule of Civil Procedure 15(d), and respectfully moves this Honorable Court for leave to file a Supplemental Complaint to incorporate material facts and violations by Defendants that occurred after the filing of her Second Amended Complaint (Dkt. #53). In support, Plaintiff states as follows:

**I. LEGAL STANDARD**