# Exhibit A

| From: | Gracie Dlt <gmestiza1@gmail.com> |
|---|---|
| Sent: | Thursday, June 5, 2025 10:46 AM |
| To: | Pallmeyer@ilnd.uscourts.gov; susan_lenburg@ilnd.uscourts.gov; Christina Presslak |
| Subject: | 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al |
| Attachments: | ALLSUP EMAIL COM..pdf; Davies L&H Email.part1.pdf; Davies L&H Email.part2.pdf; 6-5-2025 gamescounsels.pdf; 53 2nd Amended Complaint.pdf; 58 MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE.pdf |

## PLAINTIFF'S EXPLANATION REGARDING PLEADING INTENT AND REQUEST FOR LEAVE TO AMEND.

**TO THE HONORABLE COURT:**

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this explanation to clarify the intent behind her filings at Docket Entries 53 and 58, and to address the Court's June 4, 2025 Minute Entry (Dkt. 65). Plaintiff seeks to ensure the record accurately reflects that:

1. The **Second Amended Complaint (SAC, Dkt. 53)** and **Supplemental Complaint (Dkt. 58, Ex. A)** were designed to function *together* under Rule 15(d), with the latter *augmenting*—not replacing—the former. Dismissing the SAC would prejudice my claims against Allsup as is not mentioned there.

2. The SAC's claims (e.g., fiduciary breaches, HIPAA violations, and wrongful offsets) remain live and distinct from the supplemental allegations (e.g., retaliatory arbitration, new HIPAA violations).

---

## I. BACKGROUND OF CONFUSION

1. **Defendants' Mischaracterization**: Defense counsel's June 3, 2025 email to the Court (Ex. 1) framed Dkt. 58 as a standalone amendment, omitting that it was filed to *supplement* Dkt. 53 under Rule 15(d).

2. **Plaintiff's Immediate Clarification**: Plaintiff responded the same day (Ex. 1, pp. 8–10), explicitly stating that Dkt. 58 was intended to "enhance factual completeness" without superseding the SAC.

3. **Court's June 4 Order**: The Court's construction of Dkt. 58 as a "Third Amended Complaint" (Dkt. 65) inadvertently rendered the SAC moot, contrary to Plaintiff's intent.

---

## II. CLARIFICATION OF PLEADING INTENT

### A. Rule 15(d) Governs the Supplemental Complaint

- The Supplemental Complaint (Dkt. 58) expressly states it "supplements—but does not replace—prior complaints" (Ex. 2, p. 1).
- Rule 15(d) permits allegations of post-pleading events *without* displacing existing claims. *See Int'l Bus. Machs. Corp.*, 66 F.R.D. at 384.

### B. The SAC and Supplemental Complaint Are Complementary

- **SAC (Dkt. 53)**: Alleges post-settlement misconduct (e.g., Allsup's concealment of SSDI denial, Davies' HIPAA violations).
- **Supplement (Dkt. 58)**: Adds post-filing misconduct (e.g., arbitration abuse, new HIPAA disclosures).
- **Critical Distinction**: The SAC names **Allsup** as a defendant for pre-supplement claims; the Supplement does not. Dismissing the SAC would abandon claims against Allsup.

---

## III. REQUEST FOR RELIEF

Plaintiff respectfully requests the Court:

1. **Clarify** that the **SAC (Dkt. 53)** remains operative for pre-supplement claims, and the **Supplement (Dkt. 58, Ex. A)** governs post-filing allegations under Rule 15(d).
2. **Extend Defendants' deadlines** to respond to both pleadings, if necessary.
3. **Alternatively**, grant leave to file a consolidated pleading incorporating all claims. (With a 14 day extension)

---

## IV. CONCLUSION

Plaintiff seeks only to correct the record and if possible to Leave to Amend one additional time to ensure all claims are properly adjudicated. Judicial economy favors resolving the SAC and Supplement together or grant me permission to Leave to Amend, to form a cohesive factual narrative.

**Respectfully submitted,**

/s/ Graciela Dela Torre

Graciela Dela Torre, Pro Se

653 Wing Street, Elgin, IL 60123

gmestiza1@gmail.com | (630) 670-5914

**Date:** June 5, 2025

**Attachments**:

- **Ex. 1**: Email chain with defense counsel (June 3–4, 2025).
- **Ex. 2**: Supplemental Complaint (Dkt. 58, Ex. A) (highlighting supplementation language).

Let me know if you'd like to refine any arguments or add exhibits. This draft balances clarity with deference to the Court's discretion.

On Tue, Jun 3, 2025 at 8:30 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.

Joseph R. Jeffery, Esq.

Chittenden, Murday & Novotny LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

[www.cmn-law.com](www.cmn-law.com)



*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

**From:** Gracie Dlt <[gmestiza1@gmail.com](gmestiza1@gmail.com)>
**Sent:** Tuesday, June 3, 2025 8:30 PM
**To:** Jeffery, Joe <[jjeffery@cmn-law.com](jjeffery@cmn-law.com)>
**Subject:** Re: Dela Torre v. Davies Life & Health, Inc.

Double check the judge's email address, unless I am mistaken you send it to a different judge.

On Tue, 3 Jun 2025, 8:26 pm Gracie Dlt, <[gmestiza1@gmail.com](gmestiza1@gmail.com)> wrote:

> Hello,
>
> Thanks for the email I just had a chance to fully read it, and I also saw your communication to the judge.
>
>
>
> On Tue, 3 Jun 2025, 1:43 pm Jeffery, Joe, <[jjeffery@cmn-law.com](jjeffery@cmn-law.com)> wrote:
>
>> Ms. Dela Torre:
>>
>> I am writing in connection with the Minute Entry entered yesterday in this matter directing the defendants to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9. I note, however, that your motion seeking leave to file a Second Amended Complaint ("SAC") remains pending. (ECF No. 58).

Because your proposed Second Amended Complaint may replace your Amended Complaint, my client (Davies Life & Health) and I believe it would be more efficient both for the court and the parties if your motion seeking leave to file the SAC is resolved before the defendants respond to the Amended Complaint. I plan to email Judge Pallmeyer and copy you (as well as counsel for the other defendants) to suggest this.

Please let me know by 4:00 p.m. today whether you agree or disagree with our view that the most efficient way to proceed would be to address your motion to file the SAC before the parties file responses to the Amended Complaint.

Best regards,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois  60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com

Email Attachment:

ALLSUP EMAIL COM_.pdf

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

---

## Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.

1 message

---

**Gracie Dlt** <gmestiza1@gmail.com>                                          Thu, Jun 5, 2025 at 10:28 AM
To: Robert Brunner <robert.brunner@bclplaw.com>

I do have an objection.


*Graciela*
**Direct # 630.670.5914**


***Do not print this email unless is necessary***



On Thu, Jun 5, 2025 at 10:25 AM Robert Brunner <robert.brunner@bclplaw.com> wrote:

> Hi Ms. Dela Torre:
>
> Although I can't give you legal advice, I think the court does need to clarify exactly what your third amended complaint consists of since you incorporate allegations from other court filings.  So, it's good for everyone to be on the same page.   Thus, I assume you have no objection to our having an extension of time to respond to the third amended complaint.   Correct?  The deadline is Monday, and I assume you'll be filing something today or tomorrow.
>
>
>
> **BCLP.**
>
> Robert Brunner
> Of Counsel
> Bryan Cave Leighton Paisner LLP - Chicago, IL USA
> robert.brunner@bclplaw.com
> T: +1 312 602 5022
>
> ---
>
> **From:** Gracie Dlt <gmestiza1@gmail.com>
> **Sent:** Wednesday, June 4, 2025 8:34 PM
> **To:** Robert Brunner <robert.brunner@bclplaw.com>
> **Subject:** Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.
>
>
> Mr. Jeffery,
>
> Thank you for your message.
>
> I understand your request for additional time to respond to the Third Amended Complaint. However, I do believe clarification from the Court is urgently needed before further pleadings proceed.

As you may have seen, the Court treated my **Supplemental Complaint (Dkt. 58)** as the operative pleading, but I respectfully note that this was not my intent. I had submitted both the **Second Amended Complaint (Dkt. 53)** and the **Supplemental Complaint (Dkt. 58)** with the understanding that the supplemental filing would complement—not supersede—the SAC. Both filings contain distinct sets of facts, claims, and defendants, and were meant to function in tandem pursuant to Rule 15(d) and relevant case law.

I am currently preparing a clarification and/or request for reconsideration to ensure both documents are considered part of the operative record. Before I file anything, I'd like to ask your opinion: do you think this clarification should be formally filed on the docket now, or is it something that could be addressed jointly or following the upcoming responses?

Thank you for your time and professional input.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914


*Graciela*
*Direct # 630.670.5914*

**Do not print this email unless is necessary**




On Wed, Jun 4, 2025 at 7:29 PM Robert Brunner <robert.brunner@bclplaw.com> wrote:

> Ms. Dela Torre:
>
>
> Do you have any objection to Allsup having an extra 14 days to respond to your third amended complaint, or by June 23?  The current deadline is next Monday June 9.  I just want to make sure everyone is on the same page about what is included in your third amended complaint. Please let me know.  If you have no objection, I'll file an unopposed motion for an extension tomorrow.  Thank you.
>
>
> Robert Brunner
>
> Of Counsel
>
> Bryan Cave Leighton Paisner LLP
>
> (312) 602-5022
>
>
>
> > On Jun 4, 2025, at 4:04 PM, Gracie Dlt <gmestiza1@gmail.com> wrote:
> >
> >
> > Dear Mr. Jeffery,
> >
> > Thank you for your message.
> >
> > I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.
> >
> > - The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory conduct, additional HIPAA violations, and misrepresentations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914

On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)
jjeffery@cmn-law.com

www.cmn-law.com

<image001.jpg>

*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

Email Attachment:

Davies L&H Email.part1.pdf



---

## Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.

1 message

---

**Gracie Dlt** <gmestiza1@gmail.com>                                                      Wed, Jun 4, 2025 at 4:01 PM
To: "Jeffery, Joe" <jjeffery@cmn-law.com>
Cc: "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Robert Brunner <robert.brunner@bclplaw.com>, J-WAXJACOBS@nIpponlifebenefits.com

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914



On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

> Dear Judge Pallmeyer:
>
> I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.
>
> My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).
>
> Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.
>
> Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois  60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com



*The contents of this message may be privileged and confidential.  If this message has been received in error, please delete it without reading it.  Your receipt of this message is not intended to waive any applicable privilege.  Please do not disseminate this message without the permission of the author.  Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

Email Attachment:

Davies L&H Email.part2.pdf



Gracie Dlt <gmestiza1@gmail.com>

---

# RE: Dela Torre v. Davies Life & Health, Inc.

1 message

---

**Jeffery, Joe** <jjeffery@cmn-law.com>                                                  Tue, Jun 3, 2025 at 8:30 PM
To: Gracie Dlt <gmestiza1@gmail.com>

Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.


Joseph R. Jeffery, Esq.

Cʜɪᴛᴛᴇɴᴅᴇɴ, Mᴜʀᴅᴀʏ & Nᴏᴠᴏᴛɴʏ LLC

303 W. Madison, Suite 2400

Chicago, Illinois  60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com




*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

---

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Tuesday, June 3, 2025 8:30 PM
**To:** Jeffery, Joe <jjeffery@cmn-law.com>
**Subject:** Re: Dela Torre v. Davies Life & Health, Inc.


Double check the judge's email address, unless I am mistaken you send it to a different judge.

On Tue, 3 Jun 2025, 8:26 pm Gracie Dlt, <gmestiza1@gmail.com> wrote:

> Hello,
>
> Thanks for the email I just had a chance to fully read it, and I also saw your communication to the judge.
>
>
> On Tue, 3 Jun 2025, 1:43 pm Jeffery, Joe, <jjeffery@cmn-law.com> wrote:
>
> > Ms. Dela Torre:

I am writing in connection with the Minute Entry entered yesterday in this matter directing the defendants to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9. I note, however, that your motion seeking leave to file a Second Amended Complaint ("SAC") remains pending. (ECF No. 58).

Because your proposed Second Amended Complaint may replace your Amended Complaint, my client (Davies Life & Health) and I believe it would be more efficient both for the court and the parties if your motion seeking leave to file the SAC is resolved before the defendants respond to the Amended Complaint. I plan to email Judge Pallmeyer and copy you (as well as counsel for the other defendants) to suggest this.

Please let me know by 4:00 p.m. today whether you agree or disagree with our view that the most efficient way to proceed would be to address your motion to file the SAC before the parties file responses to the Amended Complaint.

Best regards,

Joseph R. Jeffery, Esq.

Chittenden, Murday & Novotny LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com

E-Signature B

*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

Email Attachment:

6-5-2025 gamescounsels.pdf

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**GRACIELA DELA TORRE,**

Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA, et al.,**

Defendants.

**Case No.: 1:25-cv-01483**

**Judge Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION REGARDING OPERATIVE PLEADINGS and LEAVE TO AMEND ONE ADITIONAL TIME.**

**NOW COMES** Plaintiff Graciela Dela Torre, appearing pro se, respectfully requesting that the Court clarify or reconsider its June 4, 2025 Minute Entry (Dkt. 65) to ensure that both the **Second Amended Complaint (Dkt. 53)** and the **Supplemental Complaint (Dkt. 58, Exhibit A)** are treated as the operative pleadings, consistent with Plaintiff's intent under Federal Rule of Civil Procedure 15(d). In support, Plaintiff states as follows:

I am writing to clarify the confusion that arose from recent communications and docket activity in this matter, *Dela Torre v. Davies Life & Health, Inc., et al.*, Case No. 1:25-cv-01483. Davies L&H emailed the court with misrepresentations about Dok. # 53 and 58, I attempted to follow the same approach as defense counsel—communicating via email in good faith—to avoid excessive filings and support judicial efficiency. Unfortunately, this informal approach has resulted in procedural confusion and against me.

The confusion began with email from Davies L&H counsel, dated June 3, 2025, in which he referenced my motion at ECF No. 58 (titled "Motion for Leave to File a Supplemental Complaint") as the operative pending request. However, his message omitted that ECF No. 53 is my Second Amended Complaint (SAC), which had been filed on May 20, 2025. I had intended for the SAC to be reviewed first, with the Supplemental Complaint filed *in addition*—not *in replacement*.

I also communicated similar concerns to Allsup's counsel in a separate email chain (see attached exhibit). I expressed that my motion at Dkt. 58 was meant to supplement—not supersede—my SAC, and that I was unaware this would be construed by the Court as a Third Amended Complaint.

I respectfully request that the Court allow me to correct/amend the record, as I did not intend to abandon the SAC at Dkt. 53. I would be grateful for the Court's guidance on whether I should file a motion for clarification or request leave to refile or reassert the SAC. I ask only for the opportunity to ensure my pleadings are properly aligned and my intentions clearly reflected on the docket.

## I. INTRODUCTION

1. On June 4, 2025, the Court granted Plaintiff's Motion for Leave to File a Supplemental Complaint (Dkt. 58) but construed it as a "Third Amended Complaint" and deemed the Second Amended Complaint (Dkt. 53) moot.

2. This construction inadvertently conflates two distinct pleadings:

   o **Dkt. 53**: The **Second Amended Complaint (SAC)**, which alleges independent claims arising post-settlement (e.g., fiduciary breaches, HIPAA violations, and wrongful offsets).

   o **Dkt. 58**: The **Supplemental Complaint**, which adds post-filing events (e.g., retaliatory arbitration, new HIPAA violations) under Rule 15(d) to *augment*—not replace—the SAC. Most importantly Allsup is not mentioned here.

3. Plaintiff seeks clarification to preserve the SAC's claims and ensure the Supplemental Complaint is treated as a true supplement under Rule 15(d).

## II. LEGAL BASIS FOR CLARIFICATION

### A. Rule 15(d) Permits Supplementation Without Superseding Prior Pleadings

4. Rule 15(d) allows parties to allege post-pleading events *without displacing* existing claims. *See United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) ("Supplemental pleadings *add* to the original pleading; they do not replace it.").

5. The Supplemental Complaint (Dkt. 58) explicitly states it "supplements—but does not replace—prior complaints" (Ex. A, p. 1).

### B. The SAC and Supplemental Complaint Serve Separate Purposes

6. The SAC (Dkt. 53) alleges:

   o Post-settlement fiduciary misconduct (Counts I–II);

- o HIPAA violations (Count III);

- o Fraudulent concealment under Rule 60(b) (Count IV).

7. The Supplemental Complaint (Dkt. 58) adds:

- o Post-filing retaliation (e.g., arbitration abuse, punitive damages);

- o New HIPAA violations discovered in 2025;

- o False declarations and litigation misconduct.

8. Dismissing the SAC as moot would deprive Plaintiff of redress for claims unrelated to the supplemental allegations.

**C. Judicial Economy Favors Clarification**

9. Requiring Defendants to respond to *both* pleadings promotes efficiency:

- o The SAC and Supplemental Complaint share overlapping facts but assert distinct legal theories.

- o Consolidating responses avoids piecemeal litigation.

---

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Leave to Amend one additional time with a 14 day extension or Clarify** that the **Second Amended Complaint (Dkt. 53)** remains the operative pleading for claims arising pre-supplementation, and the **Supplemental Complaint (Dkt. 58, Ex. A)** supplements those claims under Rule 15(d);

2. **Alternatively**, grant reconsideration to amend the June 4, 2025 Order to reflect this distinction;

3. **Extend Defendants' response deadlines** as needed to address both pleadings.

---

## IV. CONCLUSION

Plaintiff seeks only to correct the record to ensure all claims are properly adjudicated. Clarification will streamline proceedings and uphold Rule 15(d)'s purpose.

**Respectfully submitted,**

/s/ Graciela Dela Torre

Graciela Dela Torre, Pro Se

653 Wing Street, Elgin, IL 60123

gmestiza1@gmail.com | (630) 670-5914

**Date:** [Insert Date]

---

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2025, I served this motion via the Court's CM/ECF system on all counsel of record. (Nippon LI is receiving doubles)

---

**Attachments:**

1. Exhibit 1 : Email from and to Defendants (June 4, 2025) re: Pleading Intent

2. Exhibit 2 : Supplemental Complaint (Dkt. 58, Ex. A) (highlighting "supplements but does not replace" language).

# EXHIBIT 1

**From: Gracie Dlt <gmestiza1@gmail.com>**
**Sent: Tuesday, June 3, 2025 8:30 PM**
**To: Jeffery, Joe <jjeffery@cmn-law.com>**
**Subject: Re: Dela Torre v. Davies Life & Health, Inc.**

**Double check the judge's email address, unless I am mistaken you send it to a different judge.**

**Jeffery, Joe**                                                      **Jun 3, 2025, 8:30 PM**

**to me**

**Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.**

**Joseph R. Jeffery, Esq.**

**Chittenden, Murday & Novotny LLC**

| from: | **Jeffery, Joe** <jjeffery@cmn-law.com> |
| --- | --- |
| to: | "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov> |
| cc: | Gracie Dlt <gmestiza1@gmail.com>, |
| | Robert Brunner <robert.brunner@bclplaw.com>, |
| | Justin Wax Jacobs <j-waxjacobs@nipponlifebenefits.com> |
| date: | Jun 3, 2025, 4:20 PM |
| subject: | Dela Torre v. Nippon Life Ins. Co. of America, et al. |
| mailed-by: | cmn-law.com |
| signed-by: | cmn-law.com |
| security: | 🔒 Standard encryption (TLS) Learn more |
| : | Important according to Google magic. |

On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.

1 message

**Gracie Dlt <gmestiza1@gmail.com>**                                        Wed, Jun 4, 2025 at 4:01 PM
To: "Jeffery, Joe" <jjeffery@cmn-law.com>
Cc: "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Robert Brunner <robert.brunner@bclplaw.com>, J-
WAXJACOBS@nipponlifebenefits.com

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914

On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois  60606

(312) 281-3627 (direct)

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.
1 message

**Gracie Dlt** <gmestiza1@gmail.com>                                    Wed, Jun 4, 2025 at 4:01 PM
To: "Jeffery, Joe" <jjeffery@cmn-law.com>
Cc: "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Robert Brunner <robert.brunner@bclplaw.com>, J-WAXJACOBS@nlpponlifebenefits.com

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914

# EXHIBIT 2

BC

**FILED**
5/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TDD

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

GRACIELA DELA TORRE,

    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,

DAVIES LIFE & HEALTH, INC. (f/k/a DMS),

ALLSUP, LLC,

    Defendants.

**Case No. 1:25-cv-01483**

**Judge Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

NOW COMES Plaintiff Graciela Dela Torre, appearing pro se, pursuant to Federal Rule of Civil Procedure 15(d), and respectfully moves this Honorable Court for leave to file a Supplemental Complaint to incorporate material facts and violations by Defendants that occurred after the filing of her Second Amended Complaint (Dkt. #53). In support, Plaintiff states as follows:

Email Attachment:

53 2nd Amended Complaint.pdf



RECEIVED
PJJ
5/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**GRACIELA DELA TORRE**,

    Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**
**DAVIES LIFE & HEALTH, INC. (f/k/a Disability Management Services),**
**ALLSUP, LLC,**

    Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

---

**SECOND AMENDED COMPLAINT**

Plaintiff brings this action not as a refiling of Case No. 1:22-cv-07059, but as an independent and distinct action under ERISA § 502(a)(3) and Rule 60(b)(3) and (6), based on newly discovered evidence and post-dismissal fiduciary misconduct by parties not previously named or served in the prior case. Plaintiff does not seek reconsideration of claims already adjudicated but rather equitable relief for harms and concealment that arose after the prior matter was resolved.

NOW COMES Plaintiff, **Graciela Dela Torre**, appearing pro se, and respectfully submits this Second Amended Complaint for equitable relief, damages, and declaratory judgment pursuant to the **Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(3)**, the **Health Insurance Portability and Accountability Act (HIPAA)**, and **Federal Rule of Civil Procedure 60(b)**. This action arises from **post-settlement fiduciary misconduct**, **fraudulent concealment**, and **retaliatory arbitration abuse** carried out by Defendants Nippon Life, Davies Life & Health, and Allsup, LLC. In support thereof, Plaintiff states as follows:

---

**I. PARTIES**

1. Plaintiff **Graciela Dela Torre** is an individual and resident of Illinois who was a participant in an employer-sponsored ERISA long-term disability (LTD) plan insured by Defendant Nippon Life.

2. Defendant **Nippon Life Insurance Company of America** ("Nippon") is a disability insurance carrier subject to ERISA.

3. Defendant **Davies Life & Health, Inc.**, formerly known as **Disability Management Services (DMS)**, is a third-party administrator and fiduciary under the LTD plan.

4. Defendant **Allsup, LLC** is a vendor retained by Davies and/or Nippon to assist Plaintiff in pursuing Social Security Disability Insurance (SSDI) benefits.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper under **29 U.S.C. § 1132(e)(1)** and **28 U.S.C. § 1331**.

6. Venue is proper in this District under **29 U.S.C. § 1132(e)(2)** and **28 U.S.C. § 1391(b)** because Plaintiff resides in this District and the breaches occurred here.

## III. BACKGROUND AND PROCEDURAL HISTORY

7. Plaintiff filed Case No. 1:22-cv-07059 in this District seeking reinstatement of LTD benefits.

8. On December 29, 2023, that matter was settled under disputed circumstances, and dismissed with prejudice in January 2024.

9. The settlement was negotiated and signed while Plaintiff was cognitively impaired due to a brain infection sustained during prior elbow surgery.

10. Plaintiff's doctor issued a letter in December 2023 confirming her cognitive limitations, which were never disclosed to the court.

11. The parties to that case were limited to Plaintiff and Defendant Nippon Life. Neither Allsup nor Davies were named or served.

## IV. NEW FACTS DISCOVERED AFTER DISMISSAL

12. In February 2025, Plaintiff learned for the first time that her Social Security Disability claim had been **closed by the SSA on August 9, 2022**.

13. Between **November 24, 2021** and **April 2025**, Allsup, LLC sent Plaintiff monthly updates stating her SSDI claim remained **"pending."**

14. Allsup never disclosed the SSA denial and thereby deprived Plaintiff of her right to appeal.

15. This concealment caused Plaintiff ongoing **financial starvation**, loss of federal benefits, and emotional and physical distress.

16. Allsup remains Plaintiff's representative and has never been terminated. Their inaction and misinformation violate fiduciary obligations.

17. Davies also contributed to miscommunication and mishandling of offsets, failed delivery of forms, and HIPAA violations including unauthorized sharing of Plaintiff's medical records. On April 6, 2021, Davies' representative Jennifer A. Johnson issued a written directive stating, "Any further communication will be via telephone," despite Plaintiff's prior notice that she lacked reliable phone service and access to a printer. Plaintiff was denied mailing accommodations and repeatedly cut off or hung up on during phone calls when attempting to escalate concerns. Plaintiff had also informed Tinisha Little in writing on July 1, 2021, that her phone was partially disconnected due to non-payment and requested written communication. Despite this, DMS continued to rely solely on phone calls, as confirmed by their own messages and voicemails. This refusal to accommodate Plaintiff's disability and economic hardship further impaired her ability to participate meaningfully in the claim process. Plaintiff also contacted Nicole Bitzas of Disability Management Services by email on December 23, 2021, to report that she had received a damaged UPS envelope containing only 20 pages, despite being told that over 200 pages of medical records had been sent. She explained that she did not have a PC at home and would need to travel by bus to a public library to access the records via a secure link. Ms. Bitzas's reply confirmed the package contained 214 pages and provided only an expiring digital link for review, placing an undue burden on Plaintiff due to her disability, lack of transportation, and limited digital access. These actions compounded the procedural barriers Plaintiff faced and further prevented her from engaging in a meaningful review of her appeal. These phone-only tactics created procedural barriers and exacerbated Plaintiff's medical and legal distress.

18. Defendants jointly coordinated the post-settlement initiation of arbitration against Plaintiff, without direct notice to her, and filed a **false declaration** regarding service via FedEx.

---

## V. CLAIMS FOR RELIEF

## COUNT I – BREACH OF FIDUCIARY DUTY (ERISA § 502(a)(3))

3

Against Allsup, LLC

1. Allsup was retained by Defendants Nippon and Davies in 2021 to assist Plaintiff with her SSDI claim.

2. Allsup owed Plaintiff fiduciary duties under ERISA, including a duty of diligence, transparency, and accurate reporting.

3. The SSA closed Plaintiff's SSDI claim on August 9, 2022.

4. From November 2021 through April 2025, Allsup falsely reported the claim as "pending" in monthly updates.

5. Allsup never disclosed the denial to Plaintiff and failed to file a timely appeal.

6. As a result, Plaintiff lost retroactive SSDI benefits, suffered erroneous LTD offsets, and endured significant emotional and financial harm.

**Equitable Relief Sought:**

- Order Allsup to immediately re-file the SSDI claim and submit corrected disclosures to the SSA.

- Surcharge for lost SSDI benefits and related costs.

## COUNT II – FAILURE TO MONITOR VENDORS (ERISA § 502(a)(3))

Against Nippon Life and Davies Life & Health

7. Nippon and Davies were plan fiduciaries and retained Allsup to manage SSDI recovery.

8. These Defendants had an ongoing duty to monitor the conduct and performance of vendors like Allsup.

9. Nippon and Davies failed to detect or correct Allsup's misrepresentations.

10. As a result, they continued to apply LTD offsets based on the false premise that Plaintiff's SSDI claim was "pending."

**Relief Sought:**

- Injunction requiring Nippon and Davies to audit Allsup's SSDI communications and reporting practices.

- Reformation of LTD benefits to eliminate improper offsets tied to Allsup's misrepresentations.

4

## COUNT III – HIPAA VIOLATIONS

Against Davies Life & Health, Inc.

11. Davies disclosed Plaintiff's protected health information to third parties without proper consent.

12. In December 2021, Davies sent over 200 pages of Plaintiff's medical records via UPS, and only 20 pages were received.

13. Davies then provided an expiring digital link despite Plaintiff's lack of a PC and transportation, imposing an unreasonable burden.

**Relief Sought:**

- Declaratory judgment that these actions violated HIPAA.

- Compensatory and equitable relief.

## COUNT IV – RULE 60(b)(3) AND (6) INDEPENDENT ACTION

Against Nippon and Davies

14. Plaintiff brings this claim based on post-settlement fraud, misrepresentation, and concealment.

15. Plaintiff signed the LTD settlement while cognitively impaired.

16. After dismissal of the prior case, Defendants initiated arbitration to enforce settlement terms while concealing Allsup's misconduct.

17. A false declaration (Dkt. #44-5) was submitted in support of arbitration, contradicting FedEx records showing it was mailed by attorney Justin Wax Jacobs.

**Relief Sought:**

- Declare the prior LTD settlement void or voidable.

- Enjoin further enforcement through arbitration.

- Permit Plaintiff to pursue equitable remedies on the merits of her claims.

---

## VII. DECLARATION OF PLAINTIFF

I, Graciela Dela Torre, declare under penalty of perjury that:

1. On multiple occasions, I informed representatives of Davies Life & Health, including Jennifer A. Johnson and Tinisha Little, that I lacked access to reliable phone service and printing resources.

2. Despite my written requests for accommodations via mail, I was told by Jennifer Johnson on April 6, 2021, that "any further communication will be via telephone."

3. On July 1, 2021, I also advised Tinisha Little that my phone had been partially disconnected and could not reliably be used to manage urgent communications.

4. These communications were ignored, and Davies insisted on phone-only interaction, including requiring signature-based UPS deliveries that I could not access.

5. These actions, taken while I was under medical and financial hardship, denied me meaningful participation in the disability claim process.

6. I affirm that the facts stated in this Complaint are true to the best of my knowledge and are supported by written records and correspondence I have retained.

Executed on this 20th day of May, 2025.

**/s/ Graciela Dela Torre**
Graciela Dela Torre

---

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the prior LTD settlement is void or voidable under ERISA and Rule 60(b); B. Grant leave to pursue equitable relief against Allsup, Davies, and Nippon under ERISA § 502(a)(3); C. Declare all HIPAA violations unlawful and order restitution; D. Enjoin arbitration and compel corrective action regarding SSDI status; E. Award compensatory and equitable damages; F. Grant all further relief this Court deems just and proper.

Respectfully submitted,
**/s/ Graciela Dela Torre**
Graciela Dela Torre, Pro Se
653 Wing Street, Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 20, 2025

6

## CERTIFICATE OF SERVICE

I, Graciela Dela Torre, certify that on May 20, 2025, I served a true and correct copy of the foregoing Second Amended Complaint upon the following parties via court electronic system.

## TABLE OF EXHIBITS

**Graciela Dela Torre v. Nippon Life Insurance Company of America, et al.**
**Case No. 1:25-cv-01483**

| Exhibit | Description | Date |
|---------|-------------|------|
| A | Letter from Plaintiff to Robert Brunner re: Allsup's ongoing obligations | May 20, 2025 |
| B | Allsup Communications Timeline: Pattern of Misrepresentation | 2022–2025 |
| C | Email to Nicole Bitzas (DMS) reporting missing medical records and access barriers | December 23, 2021 |
| D | Screenshot of FedEx shipment label contradicting Dkt. #44-5 declaration by Junko Inaga | January 29, 2025 |
| E | Email from Tinisha Little confirming Plaintiff's phone issues and refusal to switch to mail | July 1, 2021 |
| F | Directive from Jennifer A. Johnson requiring phone-only communication | April 6, 2021 |
| G | LTD Settlement signed without review (highlighting cognitive impairment concerns) | December 19, 2023 |

**Exhibit A Letter from Plaintiff to Robert Brunner re: Allsup's ongoing obligations**

 **Gmail**       **Gracie Dlt <gmestiza1@g**

## Re: Dela Torre v. Nippon Life Ins. Co., et al (Case No. 25-cv-1483)

1 message

**Gracie Dlt** <gmestiza1@gmail.com>            Tue, May 20, 2025 at 6:34 AM
To: Robert Brunner <robert.brunner@bclplaw.com>
Bcc: Gracie Dlt <gmestiza1@gmail.com>

**May 20, 2025**

**Robert W. Brunner, Esq.**
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, Suite 4300
Chicago,
IL 60601
robert.bru
nner@bcl
plaw.com

### RE: URGENT – Clarification of Allsup's Ongoing Fiduciary Obligations in Social Security Disability Claim

Dear Mr. Brunner:

I received your recent correspondence. I write to formally clarify that I have not terminated Allsup's representation or withdrawn its authority to act on my behalf in connection with my Social Security Disability Insurance (SSDI) and related benefit claims.

Allsup remains contractually and ethically bound to continue fulfilling its obligations under our agreement, regardless of the procedural posture of the litigation currently before the U.S. District Court. Your suggestion that Allsup may withhold performance due to potential dismissal of the case is misplaced. These are not "discovery requests"; they are part of Allsup's continuing duty of care and representation, which remains fully intact. **Continuation of Fiduciary Obligations**

Allsup is obligated to:

8

- Maintain transparent and timely communication regarding the status of my SSDI
- claim;

- Ensure the accuracy of all information transmitted to me and to the Social
Security Administration;

Pursue all necessary and appropriate actions to protect my rights and restore my
benefits, including appeals or re-filing where necessary.

## Misrepresentation and Ongoing Harm

Between November 2021 and April 2025, (Including August 2022), I received monthly
statements from Allsup stating that my SSDI claim remained "pending." I relied on these
communications in good faith. Only in 2025 did I discover—through my own inquiry, not
through Allsup—that the SSA had **closed my case on August 9, 2022**.

This concealment deprived me of my right to timely appeal. The consequences have
been devastating:

- Irreversible loss of federal benefits;
- Ongoing financial starvation;
- Interruptions to necessary medical care.

## Opportunity to Rectify

Despite this, I have **not revoked** Allsup's role. I am giving Allsup one final opportunity to
fulfill its duties and correct the harm caused by its omissions and misrepresentations.
Accordingly, I request that Allsup:

1. Take immediate steps to pursue reinstatement or equitable correction of my SSDI
   benefits;

2. Provide a written explanation for the failure to inform me of the SSA claim closure;

3. Confirm in writing its continuing commitment to resolve this matter with
   transparency and urgency.

This is not merely a contractual obligation but a fiduciary duty. Allsup now has a final
opportunity to **right the wrong**, mitigate its liability, and act in the best interests of a
vulnerable client it continues to represent.


Please respond in writing **no later than May 27, 2025**. If no adequate response is received, I will take all lawful measures to preserve my rights.

Respectfully,

Graciela Dela Torre

On Mon, May 19, 2025 at 1:14 PM Robert Brunner <robert.brunner@bclplaw.com> wrote:

**Robert Brunner** <robert.brunner@bclplaw.com>                    Mon, May 19, 2025 at 1:14 PM
To: "gmestiza1@gmail.com" <gmestiza1@gmail.com>

Ms. Dela Torre:

We represent Allsup, LLC in the above-referenced matter.   Allsup has forwarded me an email that you sent them on April 15, 2025, which requests information and documents ("Requests") relating to the issues raised in your lawsuit.   You filed this lawsuit on February 12, 2025.  Thus, the Requests were sent to Allsup after you filed the lawsuit, and can be considered discovery requests under the Federal Rules of Civil Procedure. As you know, this case has been transferred to Judge Rebecca R. Pallmeyer who has ordered you to show cause why this case should not be dismissed as duplicative of your earlier lawsuit.  Given that it is possible that your new lawsuit may be dismissed, any discovery requests are premature and Allsup is not obligated to respond to the Requests.   Please let me know if you have any questions.


Robert Brunner

**Exhibit B Allsup Communications Timeline: Pattern of Misrepresentation**

ALLSUP COMMUNICATIONS TIMELINE — PATTERN OF

MISREPRESENTATION (Chronological Order)

| Date | Medium | From | Summary | Misconduct / Issue |
|------|--------|------|---------|--------------------|
| February 22, 2022 | Email | Allsup | Stated SSDI claim was under DDS medical review | Early pattern of misrepresentation begins |
| April 25, 2022 | Email | Allsup | Reiterated SSDI claim pending and explained CE exam process | Led Plaintiff to believe Allsup was actively advancing claim |
| June 24, 2022 | Email | Allsup | Reported SSDI claim still pending and awaiting decision | Pattern of misleading communication preclosure |
| August 23, 2022 | Email | Allsup | Said SSDI claim is pending and awaiting a decision | Misrepresentation— SSA had already closed the case on August 9, 2022 |
| September 26, 2022 | Email | Allsup | Confirmed submission of disability questionnaire to DDS | Continued impersonation of active claim management postclosure |
| October 24, 2022 | Email | Allsup | Claim allegedly pending; no disclosure of SSA closure in August | Maintained false status for over two months |
| December 23, 2022 | Email | Allsup | Reassured claim was pending and CE instructions reiterated | Almost five months after SSA had closed the case |
| February 21, 2023 | Email | Allsup | Claim allegedly pending; provided standard pending claim instructions | False representation contradicting SSA status |

| March 12, 2023 | Email | Graciela | Submitted additional imaging and medical | Pattern of deceit continues—no disclosure of actual SSA status |
|---|---|---|---|---|

| | | | information | |
|---|---|---|---|---|
| April 03, 2023 | Email | Graciela | Requested update on SSDI claim | Plaintiff kept in the dark, Allsup never informed of case closure |
| April 24, 2023 | Email | Allsup | Reiterated pending SSDI claim and CE exam instructions | Maintained illusion of open claim while it was closed |
| May 22, 2023 | Letter + Email | Allsup | Sent letter claiming SSDI claim still pending and requested condition updates | Blatant falsehood — SSA had already closed the case 9 months prior |
| June 06, 2023 | Email | Graciela | Submitted multiple occupational therapy and referral records | Allsup continued receiving sensitive records under false pretense |
| July 10, 2023 | Email | Graciela | Submitted MRI for right wrist and new diagnosis update | Allsup failed to disclose that SSDI claim was already closed |
| October 23, 2023 | Email | Allsup | Claim allegedly pending; gave routine pending instructions | 14 months after SSA case closure—continuing false narrative |
| November 09, 2023 | Email | Graciela | Submitted 9 attachments with latest medical updates | Sensitive documents shared under fraudulent belief of active claim |

| December 08, 2023 | Email | Graciela | Submitted incapacitation form and supporting documentation | Sent under false belief it would affect claim—clear misrepresentation |
|---|---|---|---|---|
| December 22, 2023 | Email | Allsup | Claim still pending; CE instructions included | Over 16 months of misinformation by this point |
| February 20, 2024 | Email | Allsup | Standard pending claim notice | Pattern of monthly misinformation contradicting SSA |

| | | | | status |
|---|---|---|---|---|
| March 08, 2024 | Email | Allsup | Again stated DDS 'still working on your case' | Deliberate misinformation used to collect updates under false pretenses |
| April 22, 2024 | Email | Allsup | Provided generic pending claim details and CE instructions | Reinforces illusion of active status nearly 2 years after closure |
| April 23, 2024 | Email | Allsup | Confirmed with DDS that 'case is still being worked on' | Contradicts SSA record of case closure; proves deception or incompetence |
| May 31, 2024 | Email | Graciela | Submitted diagnosis and referral for orthopedic surgeon | Graciela kept in the dark, submitting critical updates to a closed claim |
| June 21, 2024 | Email | Allsup | Claim 'still pending' with general update about SSA timelines | Over 22 months after SSA closure— ongoing misrepresentation |
| August 05, 2024 | Email | Graciela | Submitted MRI and mentioned upcoming surgery for left shoulder | Allsup continued to collect updates without informing her claim had been terminated long ago |

13

| December 14, 2024 | Email | Graciela | Sent summary of conditions and disabilities for SSA claim | Allsup misled claimant into believing it would be submitted to SSA |
|---|---|---|---|---|
| January 09, 2025 | Email | Allsup | Confirmed initial denial was on February 7, 2022 | Omitted mention that case was closed in August 2022 due to missed appeal |
| January 14, 2025 | Email | Graciela | Submitted detailed medical summary and incapacity forms | No disclosure that SSA case was already closed; misled claimant into thinking submission would help |
| January 15, 2025 | Email | Allsup | Confirmed receipt of medical | Continued to act as if claim was pending post-closure |
| | | | records submission | |
| February 07, 2025 | Email | Allsup | Allsup sends a 'Proof of Assistance' letter dated 2/7/25 | Creates false appearance of active assistance, 2.5 years after SSA closed the case |
| April 10, 2025 | Letter | Allsup | Sent a 'Proof of Assistance' letter claiming SSDI claim still pending | Continued false representation of active claim nearly 3 years after SSA closure |

**Exhibit C Email to Nicole Bitzas (DMS) reporting missing medical records and access barriers**

 Gmail

Gracie Dlt <gmestiza1@gmail.

---

## RE: LTD Appeal-Package Status

1 message

---

**Nicole Bitzas** <nicole_bitzas@di-mgmt.com>                    Tue, Dec 28, 2021 at 9:56 AM
To: Gracie Dlt <gmestiza1@gmail.com>

Hello Ms. Dela Torre,

I apologize for the delayed response. As you should be aware from my out of office message, I was out of the office until today.

Thank you for the update regarding your Social Security Disability claim. I have added this information to your file.

There were 214 pages of medical records within the package that was sent.  The link you were previously sent with your medical records would have expired. I will resend you those records via email again today.  This will come through a secure link in a separate email. The link will expire 12/30/21.

Please note your claim for LTD benefits was previously terminated and benefits are not payable while the appeal is under review.

In order to complete our appeal review timely, we ask that if you plan to submit additional medical information, that you please provide that information to us by January 7, 2022.  If you need additional time, please let us know.  Although I note you have had difficulty viewing your medical records, you may also reference the letter sent to you 11/18/21, which lists all of the most recent medical information obtained and reviewed in the claim decision.

15

Thank you,


# Nicole Bitzas

**Senior Benefit Consultant**



**Disability Management Services, Inc.**

1350 Main Street

Springfield, Massachusetts  01103-1641

Direct: (413) 523-1159  ⬧ Fax: (413) 747-1545

Email:  Nicole_Bitzas@di-mgmt.com




**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, December 23, 2021 5:19 PM
**To:** Nicole Bitzas <nicole_bitzas@di-mgmt.com>
**Subject:** Re: LTD Appeal-Package Status


Thank you for the follow up.

UPS delivered a badly damaged white envelope with 20 pages, I just need to check with you if 20 pages is all the records your company received. (Please note that I don't have a

PC at home, I'm planning to take the bus to the library to try to open the attachment with my medical records to review them)

Also as a one time courtesy please let me know what day my December benefit will be deposited.

Lastly I have attached a letter I received from the SSDI with an appointment on the 28 of December 2021.

On Tue, 21 Dec 2021, 8:40 am Nicole Bitzas,

<nicole_bitzas@di-mgmt.com> wrote: Hello

Ms. Dela Torre,

Per the UPS tracking info, it appears the package with your medical records was delivered to your residence yesterday (12/20/21). Please confirm that you have received the information.  Also, please let me know if you are still intending to submit additional medical information for review.  If so, please also let me know when you anticipate providing the information so we can continue with our review.

Thank you,

# Nicole Bitzas

**Senior Benefit Consultant**

**Disability Management Services, Inc.**

17

1350 Main Street

Springfield, Massachusetts  01103-1641

Direct: (413) 523-1159  ♦  Fax: (855) 569-1341

Email:  Nicole_Bitzas@di-mgmt.com

**Exhibit D** Screenshot of FedEx shipment label contradicting Dkt. #44-5 declaration by Junko Inaga.



ORIGIN ID:OGSA                16466304923
JUSTIN WAX JACOBS
NIPPON LIFE INSURANCE COMPANY
666 3RD AVENUE
SUITE 2201
NEW YORK, NY 10017
UNITED STATES US

                         THU - 30 JAN 10:30A
TRK#                     PRIORITY OVERNIGHT
0201   7717 4641 1777

XS AUZA              60123
                  IL-US  ORD

**Exhibit E** Email from Tinisha Little confirming Plaintiff's phone issues and refusal to switch to mail

 **Gmail**

**Gracie Dlt <gmestiza1@gmail.com>**

## Re: Automatic reply: ***URGENT***LTD CLAIM# 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

1 message

**Gracie Dlt** <gmestiza1@gmail.com>                    Tue, Oct 19, 2021 at 10:13 AM
To: Tinisha Little <tinisha_little@di-mgmt.com>

Please see today's doctor's notes.

*Graciela*
*Direct # 630.670.5914*

On Thu, Jul 1, 2021 at 9:28 AM Tinisha Little <tinisha_little@di-mgmt.com> wrote:

Hi,

We will be  refunding the SSD estimate offsets for the 3 months they were applied.
The total amount of the refund benefit is $5,106.00. This amount consists of the
offset amount of $1,882.00 for benefit period 3/30-4/29/21, $1,634.00 for benefit
period 4/30-5/29/21 and $1,590.00 for benefit period 5/30-6/29/21. The benefit will
process on our end tonight and be sent to your bank tomorrow. Since we are going
into a holiday weekend it is possible that some banks may have delays in releasing
funds. Every bank has different policies and procedure as to when they release funds
after receiving it, so you may want to check with your bank if you have any questions
regarding how long it may take. Please let me know if you have any questions. Thank
you.

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, July 1, 2021 9:29 AM
**To:** Tinisha Little <tinisha_little@di-mgmt.com>
**Subject:** Re: Automatic reply: ***URGENT***LTD CLAIM# 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

Good morning,

20

Yes I need a refund for the last 3 months.

I do apologize as my phone is partially interrupted due to non-payment.

On Thu., Jul. 1, 2021, 8:24 a.m. Tinisha Little,

<tinisha_little@di-mgmt.com> wrote: Good

morning,

Ok, thank you.  We will look out for that. Also, I left you a voicemail message yesterday on the number we have on file. We were needing to know if you wanted a refund of the SSD estimate we had in place for the past 3 months or did you just want it removed going forward?

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Wednesday, June 30, 2021 4:17 PM
**To:** Tinisha Little <tinisha_little@di-mgmt.com>
**Subject:** Re: Automatic reply: ***URGENT***LTD CLAIM# 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

**Exhibit F** Directive from Jennifer A. Johnson requiring phone-only communication

 Gmail

**Gracie Dlt <gmestiza1@gmail.com>**

---

**RE: LTD Claim # 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 forms to be completed**
1 message

**Jennifer A. Johnson** <ja_johnson@di-mgmt.com>    Tue, Apr 6, 2021 at 3:23 PM
To: Gracie Dlt <gmestiza1@gmail.com>

Good Afternoon,

I offered to provide you my managers direct number Lisa Baxer at 413/523-1164. The forms are due by April 18th. <mark>Any further communication will be via telephone.</mark>

Thank you- Jen


*Jennifer Johnson*

**Claim Consultant**



Disability Management Services, Inc.

1350 Main Street

Springfield, Massachusetts, 01103-1641

(413) 747-0990 ext 1088

**www.disabilitymanagem**

**entservices.com**

22

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Tuesday, April 6, 2021 4:20 PM
**To:** Jennifer A. Johnson <ja_johnson@di-mgmt.com>; DMS Inquiry <DMS.Inquiry@di-mgmt.com>; Gracie Dlt <gmestiza1@gmail.com> **Subject:** Re: LTD Claim # 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 forms to be completed

Jennifer...Following with our phone conversation I'm sending you this email.

I do not appreciate you cutting me off when I am trying to talk and also hanging up on me. I requested to speak to your manager 4 separate times. And you simply hang up on me.

This is a written notice that I have not received the forms via USPS, you said that the forms are due on the 21st of this month. I have a expressed that I do not have a printer and that is a big disadvantage for me. Do not suspend my benefit payment because of your failure of sending those forms. (Note that today is Tuesday the 6th, if you mail those forms to me I won't have enough time to return them back on the 21st of April)

Lastly note that I still need to talk to your manager.

Thank you!

Graciela Dela Torre

23

**Exhibit G** LTD Settlement signed without review (highlighting cognitive impairment concerns)

**Filed by Nippon Life Insurance**

Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 2 of 9 PageID #:250

## SETTLEMENT AGREEMENT AND MUTUAL SPECIFIC RELEASE

This Settlement Agreement and Mutual Specific Release ("Agreement") is entered into by and among Graciela Dela Torre ("Dela Torre") and Nippon Life Insurance Company of America ("Nippon"), effective as of the date of execution. Dela Torre and Nippon are collectively referred to herein as the "Parties," and individually as a "Party."

    A.    Graciela Dela Torre was insured under a group long term disability ("LTD") policy (hereinafter referred to as the "Policy"), Nippon policy number D20800 GLT Q953 (previously identified as GLT Q953), issued by Nippon. Attached as Exhibit A.

    B.    Dela Torre submitted claim 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 (the "Claim") to Nippon seeking disability payments pursuant to the LTD Policy. In June 2019, Nippon, through its claim administrator, determined Dela Torre to be disabled and eligible for monthly payments under the Policy.

    C.    In November 2021, Nippon, through its claim administrator, determined that Dela Torre was no longer disabled and therefore no longer eligible for LTD payments under the Policy. Nippon terminated all LTD payments to Dela Torre in November 2021.

    D.    Dela Torre internally appealed Nippon's November 2021 determination and termination. During the appellate process Dela Torre was given the opportunity to supplement her file and submit additional medical documentation to support her claim. After review, Nippon determined to uphold its determination and the termination of Dela Torre's disability payments and LTD benefits.

    E.    Following the appeal, Dela Torre filed an ERISA claim in the United States District Court for the Southern District of Florida challenging Nippon's determination to terminate her LTD benefits and disability payments. Dela Torre refiled the complaint in the United States

1

24

Email Attachment:

58 MOTION FOR LEAVE TO FILE SUPPLEMENTAL
COMPLAINT UNDER RULE.pdf



FILED

5/21/2025

TDD

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GRACIELA DELA TORRE,

    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,

DAVIES LIFE & HEALTH, INC. (f/k/a DMS),

ALLSUP, LLC,

    Defendants.

**Case No. 1:25-cv-01483**

**Judge Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

NOW COMES Plaintiff Graciela Dela Torre, appearing pro se, pursuant to Federal Rule of Civil Procedure 15(d), and respectfully moves this Honorable Court for leave to file a Supplemental Complaint to incorporate material facts and violations by Defendants that occurred after the filing of her Second Amended Complaint (Dkt. #53). In support, Plaintiff states as follows:

---

### I. LEGAL STANDARD

Federal Rule of Civil Procedure **15(d)** permits a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Courts favor supplementation when it helps clarify the factual record and promotes judicial economy.

See *United States v. International Business Machines Corp.*, 66 F.R.D. 383 (S.D.N.Y. 1975) ("Supplemental pleadings are liberally allowed when they add to rather than completely revise causes of action.")

**II. GROUNDS FOR SUPPLEMENTATION** Since the filing of Plaintiff's Second Amended Complaint, significant post-settlement facts and violations have emerged, including:

1. **Retaliatory Arbitration Filing**: Nippon Life initiated an arbitration in **New York**—an inconvenient and improper forum—while simultaneously requesting an arbitrator "familiar with Illinois law." The contradictory venue request demonstrates forum manipulation and bad faith.

2. **False Declaration**: Defendant Nippon submitted a declaration (Dkt. #44-5) falsely attributed to Junko Inaga regarding service, when FedEx records confirm that attorney **Justin Wax Jacobs** originated and directed the delivery.

### 3. Breach of Confidentiality, Unclean Hands, and Rule 11 Misconduct

Defendants' public filing of the full settlement agreement in **Dkt. #44-3**—without redactions or a motion to seal—constitutes a voluntary waiver of any confidentiality protection and a breach of the agreement's own terms. Despite this, Defendants falsely accused Plaintiff of breaching confidentiality by submitting only a non-substantive page (page 7) in a prior filing. This contradiction violates **Local Rule 26.2(b)** of the Northern District of Illinois, which requires confidential documents to be sealed or redacted before filing, and directly implicates the **unclean hands doctrine**, barring Defendants from equitable relief. See *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806 (1945). Furthermore, the accusation was made in bad faith and for the improper purpose of discrediting Plaintiff, a pro se disabled litigant, in violation of **Federal Rule of Civil Procedure 11(b)(1) and (b)(3)**. Courts routinely reject such tactics as abusive and misleading. See *Doe v. Marsh USA, Inc.*, No. 1:15-CV-0665, 2016 WL 354599 (S.D. Ind. Jan. 29, 2016) (public docket filing waived confidentiality). This misconduct further supports Plaintiff's claim for equitable relief under **ERISA § 502(a)(3)** and this Court's inherent authority to sanction parties acting in bad faith.

### 4. HIPAA Violation and Improper Disclosure: After the settlement in Case No. 1:22-cv-07059, Plaintiff learned for the first time in 2025 that over **200 pages of her protected medical records** had been improperly disclosed by Davies Life & Health, Inc. (formerly DMS) to **Rams Food**, a third-party entity with no lawful connection to Plaintiff's healthcare, disability claim, or legal representation. **At no time was Plaintiff informed that her medical records would be sent to this third party, nor did she authorize or consent to such a disclosure.** Although Plaintiff had routine communication with Davies regarding her LTD claim, **the scope, timing, and identity of the unauthorized recipient were never disclosed to her** during the pendency of the claim or litigation.

In **2025**, Plaintiff also became aware that such sharing of protected medical information—without her knowledge or explicit authorization—**constitutes a violation of federal law**, including the **Health Insurance Portability and Accountability Act (HIPAA), specifically 45 C.F.R. §§ 164.502 and 164.508**, as well as **29 C.F.R. § 2560.503-1(h)(2)(iii)** under ERISA, which guarantees confidentiality and integrity in the claims review process. These actions also violate **29 U.S.C. § 1104(a)**, the statutory fiduciary duties of prudence, loyalty, and care. The breach was not just unauthorized—it was actively concealed until uncovered in Plaintiff's post-settlement inquiry, and it has caused significant distress and irreparable harm to Plaintiff's trust in the integrity of her claim administration.

5. **Punitive Damages Against Disabled Plaintiff**: Defendant Nippon's demand for punitive damages in post-settlement arbitration proceedings—against a pro se litigant who is permanently disabled, has zero income, no SSDI, and is actively undergoing referrals for reconstructive surgeries—constitutes a **breach of fiduciary duty under 29 U.S.C. § 1104**, an abuse of process, and retaliation prohibited under **ERISA § 510 (29 U.S.C. § 1140)**. This conduct reflects **bad faith litigation strategy**, violates principles of **due process and fair access to justice**, and supports equitable relief under **ERISA § 502(a)(3)**.

6. **Wrongful SSDI Offsets (Discovered Post-Settlement in 2025):**
After the conclusion of Case No. 1:22-cv-07059, Plaintiff obtained definitive proof in 2025 that the Social Security Administration (SSA) had formally **closed her SSDI claim on August 9, 2022**, and that **no SSDI benefits were ever awarded or paid**. Despite this, Nippon Life Insurance Company of America **unilaterally applied LTD offsets** as if Plaintiff were receiving SSDI income—thereby reducing or eliminating her rightful disability benefits without factual or legal basis. This conduct was carried out **knowingly or with reckless disregard** of the truth, as Defendants had access to Plaintiff's SSA records through their agent Allsup, and bore a fiduciary duty to verify benefit status before imposing offsets.

This scheme violated **29 U.S.C. § 1104(a)(1)** by breaching Nippon's duties of **prudence, diligence, and loyalty** to the participant. It also violated **29 U.S.C. § 1133** and **29 C.F.R. § 2560.503-1(h)** by denying Plaintiff a **full and fair review process**—one grounded in actual facts, not speculative or false presumptions. Further, by reducing LTD payments based on an **assumed SSDI award that never existed**, Defendants committed a material misrepresentation actionable under **ERISA § 502(a)(3)**, which permits **equitable remedies**, including surcharge, restitution, and reformation. This post-settlement discovery reveals a sustained fiduciary breach and demands judicial intervention to correct the resulting financial and medical harm.

7. **Failure to Review Disability Evidence in Good Faith (Post-Denial Conduct):**
Following the denial of Plaintiff's long-term disability benefits, and continuing through the period leading to and following the 2023 settlement, Plaintiff submitted extensive, material medical evidence demonstrating the ongoing and worsening nature of her disability. These included **post-denial surgical records (e.g., right elbow reconstruction in 2022), documented physical therapy regimens, physician certifications confirming functional limitations**, and referrals for further reconstructive procedures. Despite the relevance and medical significance of these records—which were submitted prior to and contemporaneous with the settlement—**Nippon Life failed to conduct any meaningful or good faith re-evaluation** of Plaintiff's condition, nor did it provide any explanation for disregarding the evidence.

This conduct violates **29 U.S.C. § 1104(a)(1)(A)–(B)** by breaching the fiduciary duty of **loyalty and prudence**, which requires plan administrators to act solely in the interest of the participant and to engage in a reasoned, diligent decision-making process. Additionally,

Nippon's refusal to review or respond to the medical evidence, or to revisit the disability determination despite being presented with credible updates, constitutes a violation of **29 U.S.C. § 1133** and its implementing regulation **29 C.F.R. § 2560.503-1(h)**, which mandate a **"full and fair review"** of claims and appeals, including any new supporting documentation.

By **ignoring post-denial medical updates** while pursuing enforcement of the LTD settlement, Nippon engaged in conduct that was not only procedurally deficient, but **substantively unreasonable**, and **equitably improper**. This failure to reassess a continuing and documented disability violates the standards of fiduciary fairness and supports a claim for **equitable relief under ERISA § 502(a)(3)**.

8. **Retaliation for Asserting Legal Rights (ERISA § 510, Rule 11, Due Process):** Following Plaintiff's protected exercise of her legal rights to challenge the wrongful denial of disability benefits, Defendants engaged in a pattern of **retaliatory litigation tactics** that collectively undermine Plaintiff's access to justice and her ability to seek ERISA-protected remedies. Specifically, Defendants:

- Initiated a **post-complaint arbitration proceeding in an out-of-state forum (New York)**, despite no clear arbitration agreement requiring such venue and while simultaneously requesting an arbitrator "familiar with Illinois law"—a contradictory and coercive tactic;

- Filed a **false declaration** (Dkt. #44-5) misattributing FedEx service to a non-party individual (Junko Inaga), despite record evidence showing the label and service originated from Nippon's counsel;

- Publicly filed Plaintiff's entire confidential LTD settlement (Dkt. #44-3) while accusing her of breaching confidentiality by submitting only a single page—thereby deploying **double standards** to chill Plaintiff's filings.

These actions constitute retaliation under **ERISA § 510 (29 U.S.C. § 1140)**, which prohibits interference with a participant's attempt to exercise rights protected under an employee benefit plan or ERISA's enforcement provisions. Courts have held that **post-claim adverse actions**, such as hostile litigation or threats of punitive damages, can qualify as actionable retaliation when they are **tied to a participant's lawful assertion of benefits**. See *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143 (1990) (ERISA preempts and prohibits retaliation for benefit-related claims).

Additionally, the **use of false declarations, coercive arbitration procedures, and improper venue maneuvering** constitute **bad faith litigation tactics** and violate **Federal Rule of Civil Procedure 11(b)(1)–(3)**, which prohibits filings made to harass, delay, or assert claims without factual or legal basis. Collectively, these actions also **obstruct Plaintiff's access to the courts** and may warrant the imposition of **judicial sanctions**

under the Court's inherent authority. Plaintiff seeks appropriate relief under **ERISA §
502(a)(3)** to remedy the harm caused by these retaliatory and procedurally abusive acts.

- **ERISA § 510** – 29 U.S.C. § 1140 – Prohibits retaliation or interference for asserting
  ERISA rights.
- **ERISA § 502(a)(3)** – 29 U.S.C. § 1132(a)(3) – Equitable relief for fiduciary or statutory
  breaches.
- **Fed. R. Civ. P. 11(b)(1)–(3)** – Sanctions for bad faith, harassment, false factual
  contentions.
- **Inherent powers** – See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) – Sanctions for
  litigation misconduct.

---

## III. PROPOSED SUPPLEMENTAL COMPLAINT

A copy of the proposed Supplemental Complaint is attached hereto as **Exhibit A**. The
supplement does not alter or abandon existing causes of action but adds factual
allegations of post-pleading conduct that reinforce Plaintiff's claims under ERISA, Rule 11,
and federal procedural due process.

---

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. GRANT leave to file the attached Supplemental Complaint pursuant to Fed. R. Civ. P.
   15(d);

2. DIRECT the Clerk of Court to accept the supplemental pleading as part of the
   record;

3. AWARD such further relief as this Court deems just and proper.

---

Respectfully submitted,
**/s/ Graciela Dela Torre**
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 21, 2025

# EXHIBIT A
**IN THE UNITED STATES DISTRICT COURTFOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

GRACIELA DELA TORRE,

    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,

DAVIES LIFE & HEALTH, INC. (f/k/a DMS),

ALLSUP, LLC,

    Defendants.

**Case No. 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

---

## SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d) to allege material facts and legal violations that have occurred after the filing of the Second Amended Complaint (Dkt. #53) and which continue to cause harm to Plaintiff. This pleading supplements—but does not replace—prior complaints, and highlights ongoing post-settlement misconduct by Defendants in violation of ERISA, the Federal Rules of Civil Procedure, and constitutional due process protections.

---

## I. PARTIES

1. Plaintiff, Graciela Dela Torre, is a resident of Illinois and participant in a long-term disability (LTD) plan governed by ERISA.

2. Defendant Nippon Life Insurance Company of America is the ERISA plan administrator and a fiduciary.

3. Defendant Davies Life & Health, Inc. (formerly DMS) is the third-party claims administrator hired by Nippon.

4. Defendant Allsup, LLC, is a contractor selected by Nippon and/or Davies to manage Plaintiff's SSDI application process.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), as the breach occurred and harm continues in Illinois.

---

## III. SUPPLEMENTAL FACTUAL ALLEGATIONS

A. Post-Settlement Arbitration Abuse 7. In March 2025, Nippon initiated arbitration in New York, despite no agreement requiring arbitration or out-of-state venue. Simultaneously, they requested an arbitrator "familiar with Illinois law," demonstrating tactical manipulation.

B. False Declarations and Misleading Service 8. Nippon submitted a declaration (Dkt. #44-5) attributed to Junko Inaga concerning FedEx service. However, FedEx tracking records confirm that the package was created and sent by attorney Justin Wax Jacobs, not Inaga. This creates a material misrepresentation in violation of 28 U.S.C. § 1746 and Rule 11(b)(3).

C. Breach of Confidentiality by Defendants 9. Nippon accused Plaintiff of breaching confidentiality for filing a single page of the LTD settlement. Yet, Nippon itself publicly filed the entire settlement agreement (Dkt. #44-3), violating Local Rule 26.2 and demonstrating unclean hands.

D. HIPAA Violation and Improper Disclosure 10. In 2025, Plaintiff discovered that over 200 pages of her protected health information (PHI) were improperly mailed by Davies to Rams Food, an unrelated third party. Plaintiff did not consent to this disclosure and had no notice of it during her claim or litigation. This constitutes a direct violation of HIPAA (45 C.F.R. §§ 164.502, 164.508) and 29 C.F.R. § 2560.503-1(h)(2)(iii).

E. Punitive Damages Sought Against Disabled Plaintiff 11. Despite Plaintiff's pro se status, permanent disability, lack of SSDI, and medical urgency, Nippon has demanded punitive damages in post-settlement arbitration. This violates the fiduciary obligation under 29 U.S.C. § 1104(a) and obstructs Plaintiff's access to justice.

F. Wrongful SSDI Offsets 12. Post-settlement records obtained in 2025 confirm that the SSA closed Plaintiff's SSDI claim on August 9, 2022, and Plaintiff never received any SSDI benefits. Nonetheless, Nippon applied LTD offsets as if such benefits existed. This conduct breaches fiduciary duty under 29 U.S.C. § 1104, violates Plaintiff's right to a fair review under 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h), and constitutes actionable misrepresentation under ERISA § 502(a)(3).

G. Failure to Reevaluate in Good Faith 13. Plaintiff submitted extensive post-denial medical documentation, including surgical records, physical therapy notes, and physician certifications. Nippon and Davies failed to meaningfully review or respond. Their refusal violated their duty to conduct a reasonable and fair reassessment under 29 U.S.C. §§ 1104 and 1133, and 29 C.F.R. § 2560.503-1(h).

H. Retaliation for Asserting Legal Rights 14. Collectively, Defendants' acts—forum manipulation, false service declarations, HIPAA violations, unjustified offsets, and a punitive damages demand—amount to retaliation in violation of ERISA § 510 (29 U.S.C. § 1140). They also reflect bad faith litigation tactics in violation of Rule 11(b) and due process principles.

---

IV. CLAIMS FOR RELIEF

Count I – Breach of Fiduciary Duty (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))
Count II – Failure to Provide Full and Fair Review (29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(h))
Count III – Retaliation for Protected Activity (ERISA § 510, 29 U.S.C. § 1140)
Count IV – Procedural Due Process Violations and Litigation Misconduct (Rule 11, Chambers v. NASCO)

---

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Accept this Supplemental Complaint into the record; B. Declare that Defendants violated fiduciary and statutory duties under ERISA and federal law; C. Award equitable remedies including restitution, surcharge, reformation, and injunctive relief; D. Sanction Defendants under Rule 11 and the Court's inherent powers for bad faith conduct; and E. Grant such other relief as this Court deems just and proper.

---

Respectfully submitted,
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: May 21, 2025