**FILED**
6/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

GRACIELA DELA TORRE, ) Plaintiff,

v.
NIPPON LIFE INSURANCE COMPANY
OF AMERICA, et al.,
Defendants.

**Case No. 1:25-cv-01483**

**PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING DOCKET ENTRY #66, REQUEST FOR CORRECTION OF SERVICE, AND REQUEST FOR JUDICIAL NOTICE OF IMPROPER EX PARTE COMMUNICATION (**Joseph R. Jeffery of Chittenden, Murday & Novotny LLC)

NOW COMES Plaintiff, Graciela Dela Torre, appearing pro se, and respectfully requests clarification from this Honorable Court regarding the entry of Docket #66, which **the Minute Entry at Docket #71** describes as "**she submitted yet another Complaint [66]**" allegedly submitted by Plaintiff. In support of this request, Plaintiff states as follows:

1. Plaintiff did not file Document #66. The contents of #66 mirror the Exhibit A attached to Plaintiff's previously filed Motion for Leave to File a Supplemental Complaint (Dkt. #58).

2. Plaintiff respectfully seeks clarification as to whether Dkt. #66 was separately docketed as a result of counsel for Defendant Davies Life & Health, Inc.—Mr. Joseph R. Jeffery of Chittenden, Murday & Novotny LLC—emailing Susan Kelly Lenburg directly, (whose role in Judge Pallmeyer's courtroom remains unclear to Plaintiff but who appears to act in an administrative or clerk capacity), with misleading statements about the pendency of Plaintiff's filings.

3. As reflected in the Document #: 68 Filed: 06/05/25 Page 7 of 11, Mrs. Jeffery initiated communications with Susan Kelly Lenburg outside of formal filings and misleadingly stated that "Plaintiff's motion seeking leave to file a Second Amended Complaint remains pending (ECF No. 58)," thereby omitting reference to Dkt. #53—**the actual Second Amended Complaint**—and misidentifying Dkt. #58 as the Second Amended Complaint rather than what it actually is: **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**.

4. Plaintiff, following defense counsel's model of informal email communication, attempted to clarify these matters in good faith but was not afforded the same latitude. Plaintiff is not an attorney and appears pro se while living with documented cognitive impairment. Plaintiff never submitted a third separate complaint on her own behalf and never intended for Dkt. #66 to be treated as such.

5. Plaintiff asserts that counsel for Davies Life & Health, Inc. whom has plenty experience in Law and litigation, misled the Court by mischaracterizing the pending filings and contributing to procedural confusion through improper ex parte communication.

6. Plaintiff respectfully requests that the Court take **judicial notice** of Mr. Jeffery's emails to Susan Kelly Lenburg as constituting improper ex parte communication that influenced the docketing of Dkt. #66, (as declared by Susan Kelly Lenburg, when I tried to clarify Mrs. Jeffery's misleading statement, by replying to the same email chain) see Document #: 69 Filed: 06/05/25 Page 5 of 11, resulting in misattribution of authorship to Plaintiff and further confusion in this matter.

7. Further, Plaintiff brings to the Court's attention that Defendant Nippon Life **Insurance Company of America appears to be receiving duplicate service**, as two separate entries are listed under the same email address. Plaintiff respectfully requests the Court removes and correct this duplication to ensure proper and fair case administration.

8. Notably, Dkt. #66 was filed the day after the ex parte communication occurred on Jun 03, 2025 at 16:20— the docket states "filed on 6/4/2025 and entered on 6/5/2025 at 8:08 AM CDT." This sequence further supports Plaintiff's concern that the docketing of #66 resulted from defense counsel's communication with Susan Kelly Lenburg directly.

9. Finally, Plaintiff respectfully draws the Court's attention to its own directive in Dkt. #71: "**The parties are directed to communicate with the court only by way of filings in the court record.**" Plaintiff complied in good faith with the informal communication style modeled by Joseph R. Jeffery, counsel for Davies Life & Health, Inc.,. but now, as she is not an attorney, she seeks clarity and guidance on when it is appropriate to email the court room Clerk/Deputy.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Clarify who initiated the filing of Docket #66 and under what authority it was docketed as a new complaint;

B. Confirm that Plaintiff did not submit Docket #66.

C. Instruct the Clerk to annotate or correct the docket to reflect the true origin and purpose of Document #66;

D. Provide further guidance to ensure Plaintiff may communicate effectively within the confines of the Court's filing protocol, particularly given her pro se status and cognitive impairments;

E. Address the issue of duplicate service entries for Defendant Nippon Life Insurance Company of America;

F. **Take judicial notice** that the emails sent by Joseph R. Jeffery, counsel for Davies Life & Health, Inc., to the courtroom deputy constituted improper ex parte communication and that the misleading characterization of Plaintiff's filings contributed to procedural confusion; as a strategy to gain an extension of time to answer or otherwise plea.

G. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: June 6, 2025

Certificate of service: all parties of record will receive an email through the **CM/ECF system, except for Aaron Wax; Nippon's life insurance counsel, as he is receiving doubles.**