

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

**Case No. 1:25-cv-01483**

**GRACIELA DELA TORRE,**
Plaintiff,
v.
Davies Life & Health, Inc. et .,
Defendants.

## PLAINTIFF'S MOTION TO MODIFY DEADLINE AND FOR CLARIFICATION REGARDING UNADDRESSED FILING AT DKT. #73

NOW COMES Plaintiff, Graciela Dela Torre, appearing pro se, and respectfully requests that this Honorable Court modify its prior deadline requiring Plaintiff to file an amended complaint by June 13, 2025, and instead grant an extension until August 8, 2025, based on the following:

### I. GROUNDS FOR REQUEST

1. On June 11, 2025, Plaintiff filed a supplemental clarification (Dkt. #73, PageID #496–503), which contains a formal request to extend the deadline to file her amended complaint until August 8, 2025.

2. **The Court's Minute Entry at Dkt. #74, entered on June 12, 2025, at 7:39 AM CDT,** acknowledged and ruled solely on Plaintiff's prior motion (Dkt. #72), denying it without prejudice, **but made no reference whatsoever to Dkt. #73, despite that filing being submitted the day before and raising new and material requests.**

3. **Dkt. #73 specifically provides that:**
   "Given that Plaintiff is navigating cognitive impairments and must attend **overlapping medical appointments during the week of June 10–14, the pressure to meet a June 13 deadline is both medically and procedurally prejudicial.**"

4. The same filing (Dkt. #73) also explains that the improper docketing of Dkt. #66, which Plaintiff did not submit or authorize, caused procedural confusion and disrupted her ability to complete the amended complaint in a timely and coherent manner.

### II. GOOD CAUSE EXISTS TO MODIFY THE DEADLINE

5. Plaintiff is undergoing essential medical treatment this week (June 10–14) and is medically unable to meet the June 13 deadline without incurring undue strain, mental distress, and risk of prejudicing her case.

6. Plaintiff's request for an extension was already made in good faith, in writing, on the

docket at Dkt. #73, and was not addressed or acknowledged in the Court's subsequent order at Dkt. #74.

### III. REQUEST FOR CLARIFICATION

7. Plaintiff respectfully requests that the Court confirm whether Dkt. #73, which contains this request for an extension and additional service-related clarifications, was reviewed prior to issuing the June 12, 2025 order.

### IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:
- Modify the current deadline for filing the amended complaint from June 13, 2025 to August 8, 2025;
- Confirm that Dkt. #73, filed on June 11, 2025, was reviewed and considered prior to issuing the June 12, 2025 order at 7:39 AM CDT;
- Grant such further relief as this Court deems just and proper to ensure due process, medical accommodation, and fair treatment for a pro se litigant with documented cognitive limitations.


Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Dated: June 12, 2025




Certificate of service: All parties of this case will receive an free electronic copy thought the **CM/ECF** courts system.

# EXHIBIT A




**IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

Graciela DeLaTorre,
Plaintiff,

v.

Davies Life & Health, Inc., et al.,
Defendants.

Case No.: 1:25-cv-01483

Judge: Hon. Rebecca R. Pallmeyer

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND RENEWED REQUEST FOR COURT-ASSISTED REFERRMENT TO PRO BONO PROGRAM/COUNSEL

NOW COMES Plaintiff, Graciela DeLaTorre, pro se, respectfully requesting that this Honorable Court:
1. Grant an extension of time to file her Third Amended Complaint under Dkt. 71, currently due June 13, 2025, and
2. Reconsider Plaintiff's request for the Court to recruit or refer pro bono program, previously denied in Dkt. 64.

### I. REQUEST FOR EXTENSION OF TIME

Plaintiff respectfully requests an extension until **August 8, 2025** to submit her Third Amended Complaint. Good cause exists based on Plaintiff's ongoing medical care, multiple treatment appointments, cognitive impairments, and her active efforts to secure legal representation.

- Plaintiff is permanently disabled, with multiple complex medical conditions, cognitive limitations (see Dkt. 54, Exhibit H to be filed under seal, sent via USPS on June11, 2025), and chronic pain.

- Plaintiff has multiple medical appointments scheduled during the same week as the current deadline. (See Exhibit B – Appointment Summary).

- Plaintiff is navigating federal ERISA, HIPAA, and civil rights violations pro se, and the preparation of a fully consolidated complaint, in compliance with the Court's instruction at Dkt. 71, requires additional time for accuracy, legal citation, and the protection of Plaintiff's rights.

## II. RENEWED REQUEST FOR COURT-ASSISTED REFERRMENT TO PRO BONO PROGRAM/COUNSEL

In Dkt. 64, the Court indicated that it would reconsider a referral for counsel upon a showing that:

1. Plaintiff has attempted to obtain legal representation independently, and

2. Plaintiff has a meritorious claim that she is unable to adequately pursue on her own.

### A. Efforts to Obtain Counsel (Exhibit A)

| Law Firm | Date of Contact | Outcome |
|---|---|---|
| Malman Law | May 12, 2025 | Declined due to SSDI involvement |
| DePaolo & Zadeikis | April 16, 2025 | Declined due to SSDI involvement |
| Frank Tuzzolino Law | March 27, 2025 | Requested ALLSUP records; no follow-up |
| Morgan & Morgan | April 16, 2025 | Intake requested, no follow-up |
| Law Offices of Chicago-Kent | June 4, 2025 | Referral via Embassy of Mexico in Chicago, Pending |

### B. Meritorious Nature of the Case

Plaintiff's case involves:
- Post-settlement fiduciary misconduct and HIPAA violations;
- Wrongful LTD termination despite multiple disability certifications;
- Deceptive claims practices, medical access obstruction, and retaliation;
- Established cognitive sequelae affecting legal capacity during and after settlement.

The Court has already accepted several filings (Dkts. 52, 53, 54, 57, 58) establishing serious factual allegations and valid legal theories under ERISA § 502(a)(3), § 510, HIPAA, and Rule 60(b), and has granted Plaintiff the opportunity to file a comprehensive complaint. (3rd Amended Complaint) **see Dok. #71**

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:
1. Extend the current deadline to file the Third Amended Complaint to August 8, 2025;
2. Reconsider Plaintiff's request for counsel, and refer the case for possible pro bono legal representation;
3. Grant any other relief deemed just and proper.
Respectfully submitted,

/s/ Graciela DeLaTorre
Graciela DeLaTorre, Plaintiff Pro Se
653 Wing St, Elgin IL 60123
GMESTIZA1@GMAIL.COM
(630) 670-5914
June 11, 2025

CERTIFICATE OF SERVICE

The Court's **CM/ECF system**, will automatically send notice of the filing to all counsel of record who are registered to receive electronic notifications in this case.