

**FILED**
6/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**Graciela Dela Torre**,

Plaintiff,

v.

**Davies Life & Health, Inc., et al.**,

Defendants.

Case No. 1:25-cv-01483

Judge Rebecca R. Pallmeyer

---

**PLAINTIFF'S EMERGENCY MOTION TO STAY OF DEADLINE, TO CLARIFY AND CORRECT THE RECORD REGARDING DOCKET ENTRY 74, AND FOR JUDICIAL NOTICE OF PREJUDICIAL COMMUNICATION TO COURT STAFF BY DEFENSE COUNSEL**

NOW COMES Plaintiff, **Graciela Dela Torre**, a disabled pro se, and respectfully moves this Honorable Court to:

1. Clarify and correct the factual record as stated in Docket Entry 74;

2. Stay the June 13, 2025 deadline for submission of the Third Amended Complaint, pending ruling on Dkts. 73 and 75; until August 8, 2025.

3. Take judicial notice under Federal Rule of Evidence 201 of the confusion and prejudice caused by direct communication by defense counsel **Joseph R. Jeffery**, attorney for **Davies Life & Health, Inc.**, to **Susan Kelly Lenburg**, a staff member in chambers who is **not** the courtroom deputy (**Christina M. Presslak** is). The email precipitated entry of Dkt. 66 and shifted the procedural posture of this case, despite Plaintiff's pro se status and cognitive limitations.

---

**I. BACKGROUND**

1. On **June 3, 2025 at 1:43 PM CDT**, Mr. Jeffery emailed **Susan Kelly Lenburg**, mischaracterizing Plaintiff's operative filings and omitting mention of Dkt. 53. The email contained **no reference to scheduling** (see **Document #: 69 Filed: 06/05/25 Page 4 of 11**).

2. On **June 3, 2025 at 8:30 PM CDT**, Plaintiff replied by email (Document #: 69 Filed: 06/05/25 Page 8 of 11), correcting the misrepresentation and reaffirming that Dkt. 58 was intended to supplement—not replace—Dkt. 53.

3. On **June 4, 2025**, **Dkt. 66** was docketed by the Clerk without Plaintiff's submission, duplicating content from Dkt. 58; As requested by **Joseph R. Jeffery Dkt. 69 page 4.**

4. On **June 5, 2025**, defense counsel filed **Dkt. 70**, which misleadingly suggested Dkt. 58 replaced Dkt. 53 and contributed to the confusion surrounding docketing.

5. On **June 6, 2025**, the Court issued **Dkt. 71**, striking Dkts. 53, 58, and 66, and ordering Plaintiff to refile by **June 13, 2025**, misattributing Dkt. 66 to Plaintiff.

6. Plaintiff filed **Dkt. 72** to clarify that she never submitted Dkt. 66 and that the confusion stemmed from defense counsel's email.

7. On **June 11, 2025**, Plaintiff filed **Dkt. 73**, a motion for extension and renewed request for pro bono assistance based on medical hardship.

8. On **June 12, 2025**, the Court issued **Minute Entry Dkt. 74**, stating:

"It appears that Defendant has contacted staff with scheduling questions."

However, **Document #: 69 Filed: 06/05/25 Page 4 of 11** shows that no such "scheduling" language was included in Mr. Jeffery's email.

9. Plaintiff reiterates that she is a disabled pro se litigant with cognitive impairment from post-inflammatory neurological damage, while defense counsel are experienced attorneys who bear responsibility for the accuracy and effect of their court communications.

10. Mr. Jeffery's conduct—sending a misleading, unfiled email to chambers, omitting reference to the operative Dkt. 53, then filing Dkt. 70 and 70-1 reinforcing the confusion—amounts to **throwing the procedural rock and hiding the evidentiary hand.** Plaintiff, a cognitively impaired pro se litigant, was left to clarify and undo the procedural damage herself.

---

## II. REQUEST FOR JUDICIAL NOTICE

Pursuant to **Federal Rule of Evidence 201**, Plaintiff requests judicial notice of the following adjudicative facts:

- **Document #: 69 Filed: 06/05/25 Page 4 of 11** — Defense counsel's email to court staff mischaracterizing procedural posture without referencing scheduling.

- **Document #: 69 Filed: 06/05/25 Page 8 of 11** — Plaintiff's contemporaneous correction of the record.

- **Dkt. 66** — Docketed without Plaintiff's submission, (Docketed without Plaintiff's knowledge or action, in reliance on counsel's unfiled email. Dok. # 69 Page 4 )

- **Dkt. 74** — Court's Minute Entry referencing "scheduling questions" inaccurately.

- **EDSS Filing Delay** — Pro se Plaintiff's filings via EDSS take 24–36 hours to appear on the docket, increasing the risk of prejudice.

Judicial notice is warranted to prevent continued procedural error and unequal treatment.

---

## III. TABLE OF KEY DOCKETED EVIDENCE

| Document # | Description |
| --- | --- |
| Dkt. 70 | Filed by defense counsel; incorrectly frames Dkt. 58 as a replacement rather than a supplement |
| Dkt. 72 | Asserts Plaintiff did not file Dkt. 66; blames defense counsel's email to the court and misleading conduct. |
| Dkt. 73 | Requests extension and pro bono referral based on medical hardship. (Ignored by the court on Dok. 74) |
| Dkt. 71 | Judicial Notice of the stricked Dkts. 53, 58, and 66 based on false assumptions steamed by email communications. |
| Dkt. 74 | States defense contacted court about "scheduling" |
| Document #: 69 Filed: 06/05/25 Page 4 of 11 | Jeffery's email to court — no mention of scheduling |
| Document #: 69 Filed: 06/05/25 Page 8 of 11 | Plaintiff's correction email copied to court staff |

---

## IV. RELIEF REQUESTED

Plaintiff respectfully asks this Honorable Court to:

1. Acknowledge that Plaintiff did not file Dkt. 66;

2. Clarify that Dkt. 74's reference to "scheduling" is unsupported by the record;

3. Take judicial notice of the prejudicial and confusing procedural chain initiated by defense counsel **Joseph R. Jeffery** of Chittenden, Murday & Novotny LLC, representing **Davies Life & Health, Inc.**, by way of his June 3, 2025 email to Susan Kelly Lenburg, which affected the status of this case involving all three Defendants: **Nippon Life Insurance Company of America, Davies Life & Health, Inc. (formerly DMS), and Allsup LLC**;

4. Grant a stay of the June 13, 2025 deadline for the Third Amended Complaint pending rulings on Dkts. 73 and 75, until August 8, 2025;

5. Provide any other relief the Court deems just and equitable.

---

**Respectfully submitted,**
**Graciela Dela Torre**
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
**June 12, 2025**

---

**CERTIFICATE OF SERVICE**

I certify that on **June 12, 2025**, I submitted this filing via the **Pro Se Electronic Document Submission System (EDSS)** and that a copy was also served via CM/ECF on all counsel of record. I further note that EDSS submissions often take **24–36 hours** to appear on the docket, which disadvantages pro se litigants in time-sensitive matters.