BC KG FILED 6/13/2025 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

Graciela Dela Torre, Plaintiff,

v.

Nippon Life Insurance Company of America; Davies Life & Health, Inc. (formerly Disability Management Services, Inc.); Allsup, LLC, Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

## THIRD AMENDED COMPLAINT

Plaintiff Graciela Dela Torre, a permanently disabled living person proceeding pro se and not an attorney, respectfully submits this Third Amended Complaint against Defendants Nippon Life Insurance Company of America ("Nippon"), Davies Life & Health, Inc. (formerly known as Disability Management Services, Inc., "Davies"), and Allsup, LLC ("Allsup").

Plaintiff brings this action based on post-settlement violations and newly discovered evidence of violations of federal law, fiduciary duties, and due process following the January 2024 execution of a Long-Term Disability (LTD) settlement. Plaintiff acted under duress and cognitive impairment at the time of settlement and continues to suffer prejudice due to Defendants' post-settlement misconduct. Plaintiff reserves the right to further amend this Complaint under Federal Rules of Civil Procedure 15(a)(2) and 15(d), especially as rulings on Dkts. 73 and 75 remain pending and was rushed to draft it.

I. JURISDICTION AND VENUE
1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff's claims arise under:
    - ERISA, 29 U.S.C. §§ 1132(a)(3), 1133, and 1140;
    - HIPAA, 45 C.F.R. § 164.502;
    - Federal Rule of Civil Procedure 60(b)(3) and (b)(6);
    - Americans with Disabilities Act (ADA), 42 U.S.C. § 12132;
    - Due Process Clause of the Fifth and Fourteenth Amendments.

2. Venue is proper under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), as a substantial part of the events and omissions giving rise to the claims occurred within this District.

## II. PARTIES

3. Plaintiff Graciela Dela Torre is a resident of Illinois and former employee of Nippon Express USA. She is permanently disabled and cognitively impaired due to documented post-surgical brain inflammation and infection.

4. Defendant Nippon Life Insurance Company of America is the LTD plan administrator and a Japanese foreign corporation authorized to do business in Illinois.

5. Defendant Davies Life & Health, Inc., formerly Disability Management Services, Inc., served as third-party fiduciary administrator of the LTD plan.

6. Defendant Allsup, LLC is an Illinois-based vendor subcontracted to manage LTD claimants' SSDI filings.

## III. FACTUAL BACKGROUND

7. Plaintiff's LTD benefits were placed under ROR on May2021. (See 12-1)

8. **Violation of "Recurring Disability" Provision in LTD Policy (See 12-1 page 20)** Defendants **Nippon Life Insurance Company of America** and **Davies Life & Health, Inc.** violated the express terms of the LTD policy by terminating Plaintiff's benefits without honoring the policy's **"Recurring Disability"** clause. According to the policy language provided to Plaintiff by Nippon Express: "In some instances your Disability Payment Period may be continued beyond the normal termination date. These instances are discussed under these headings: Recurring Disability." Despite Plaintiff experiencing **intermittent yet continuous symptoms**, including post-operative complications from the February 28, 2022 elbow surgery, systemic infection, and long-term neurological impairment confirmed by diagnostic imaging and physician reports, Defendants Ignored medical evidence of recurrence and continuation of disability; Failed to conduct a meaningful review of ongoing therapy records from 2021 through 2025;

9. Terminated LTD benefits retroactively as of November 30, 2021;

10. Refused to apply the "Recurring Disability" clause which, under ERISA fiduciary duty standards, must be interpreted in favor of the claimant when ambiguous (See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)).

11. This constitutes a violation of plan terms under **ERISA § 404(a)(1)(D)** (duty to act in accordance with the plan documents), and further supports Plaintiff's claim for equitable relief and retroactive reinstatement of LTD benefits.

12. On March 29, 2022, Davies upheld the denial based on surveillance conducted after the effective date of termination, rendering the decision procedurally defective.

13. Plaintiff underwent surgery on February 28, 2022, and continued active therapy and treatment through 2022 and 2023, consistent with continued disability (Dkt. 41, page 6; Dkt. 54, Ex. H filed under seal).

14. Plaintiff developed a post-operative infection which spread to the brain, causing speech decline, cognitive impairment, and neurological fatigue. (Dkt. 41 Page 7)

15. Despite knowledge of these impairments, attorney Kevin Probst and Nippon coerced Plaintiff to sign a settlement on January 2, 2024 (Dkt. 44-3), omitting critical records and ignoring Plaintiff's condition.

16. SSA confirmed in January 2025 that Allsup never filed Plaintiff's Form 1696 or SSDI appeal following the August 9, 2022 denial. (Dok. 41 Page 9)

17. Davies and Nippon failed to monitor Allsup and continued applying SSDI offsets despite no award being issued. (Dok. 12-1 page 36 & 39)

18. Davies mailed 214 pages of Plaintiff's medical records to Rams Food, a third party, without HIPAA authorization. The package arrived open with only 20 pages enclosed (Dkt. 41, page 4).

19. On February 21, 2025, Nippon filed a retaliatory arbitration in New York for $90,000, misusing a confidentiality clause and citing a redacted court filing, despite having themselves filed the full unredacted settlement in Dkt. 44-3.

20. On April 28, 2025, Nippon submitted a false declaration (Dkt. 44-5) under the name Junko Inaga, falsely stating that Plaintiff was served arbitration documents. The filing lacked FedEx metadata and delivery proof to Plaintiff, and was submitted by Attorney Justin Wax Aaron Jacobs.

21. On **June 3, 2025 at 1:43 PM CDT**, Mr. Jeffery emailed **Susan Kelly Lenburg**, mischaracterizing Plaintiff's operative filings and omitting mention of Dkt. 53. The email contained **no reference to scheduling** (see **Document #: 69 Filed: 06/05/25 Page 4 of 11**).

22. The Court's June 12, 2025 Minute Entry (Dkt. 74) described that email as a scheduling matter, but the email included no such language.

IV. CLAIMS FOR RELIEF

Count I – Equitable Relief and Breach of Fiduciary Duty (ERISA § 502(a)(3))
(Against All Defendants)

1. Allsup misrepresented that it filed Plaintiff's SSDI appeal. SSA confirmed in January 2025 that no appeal or Form 1696 had been submitted.

2. Plaintiff submitted evidence through 2021–2025 relying on Allsup's misrepresentations.

3. Davies and Nippon failed to monitor Allsup, yet continued applying improper offsets.

4. Allsup then closed Plaintiff's online account in June 2025, denying her access to records.

5. Plaintiff seeks equitable relief and an order compelling Allsup to file a reconsideration request to SSA using the full evidentiary record.

Count II – HIPAA Violations and Breach of Privacy
(Against Davies and Allsup)

6. Davies disseminated 214 pages of protected health data to Rams Food without a valid HIPAA release. (See Dok. 41 page 4)

7. Plaintiff never authorized this disclosure, and the package arrived breached and incomplete.

8. These actions violated HIPAA, ERISA fiduciary obligations, and Plaintiff's privacy rights.

Count III – Rule 60(b)(3) and (b)(6) Relief from Judgment and Settlement Vacatur
(Against All Defendants and Kevin Probst)

9. Plaintiff lacked legal capacity due to cognitive impairment and neurological fatigue at the time of settlement. (See Exhibit H under seal)

10. Plaintiff's former Attorney Kevin Probst, in January 2025 emails, admitted to knowingly omitting medical documentation. (See Attached Exhibit)

11. Attorney Kevin Probst acknowledging that Plaintiff had difficulty reading legal documents and had to stop (See Dok. 41 page 7)

12. Nippon and Davies withheld the fact that Allsup never filed an SSA appeal.

13. Plaintiff requests vacatur of the January 2, 2024 agreement under Rule 60(b)(3) (fraud/misrepresentation) and 60(b)(6) (extraordinary circumstances).

Count IV – Retaliation and ERISA § 510 Violation
(Against Nippon)

13. Nippon filed a $90,000 arbitration in bad faith based on an alleged confidentiality breach. (See Dok. 41 page 16-17)

14. Plaintiff filed only a redacted exhibit. Nippon publicly disclosed the unredacted version. (See Dok. 44-3)

15. This constitutes retaliation and improper litigation tactics.

Count V-A – Rule 11 Sanctions
(Against Joseph R. Jeffery, Counsel for Davies)

16. Attorney Jeffery misled court staff via direct email communication, triggering Dkt. 66 to be filed as the operative complaint erroneously.

Count V-B – Rule 11 Sanctions
(Against Justin Wax Aaron Jacobs, Counsel for Nippon)

17. Attorney Jacobs filed a false declaration (Dkt. 44-5), claiming service of arbitration documents on Plaintiff without delivery proof.

18. This false statement violated Rule 11(b)(3).

Count VI – Judicial Relief and Clarification

19. Strike Dkt. 66 as improperly docketed.

20. Confirm this Third Amended Complaint as the operative pleading. (Plaintiff declares that she filed this TAC under duress due to the court ignoring Dok 73 during minute entry 74, now 73 and 75 are pending, with this Plaintiff reserves the right to Amend as necessary)

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Vacate the January 2, 2024 LTD settlement (Dkt. 44-3);

2. Strike Dkt. 66 as unauthorized; due to Davies misleading email directly to the court.

3. **ERISA Claims (29 U.S.C. § 1132(a)(3))**

1. Reinstatement of LTD benefits (retroactive + future payments).
2. Equitable surcharge (compensation for financial harm).
3. Injunction to stop improper SSDI offsets and benefit denials.
4. Legal fees/costs (even as a pro se litigant).

4. **HIPAA Violations (45 C.F.R. § 164.502)**

    1. Statutory damages ($100–$50,000 per violation).
    2. Court order forcing Davies to fix privacy breaches.
    3. Emotional distress damages

5. **Vacating the Settlement (FRCP 60(b))**

    1. Overturn the Jan. 2024 settlement due to fraud/duress.
    2. Sanctions for hiding evidence.

6. **Retaliation (ERISA § 510)**

    1. Punitive damages for Nippon's $90k arbitration.
    2. Court order blocking future retaliation.

7. **Rule 11 Sanctions**

    1. Fines for defense lawyers' false statements.
    2. Sanctions against attorneys Joseph R. Jeffery and Justin Wax Aaron Jacobs;
    3. Bar referral for misconduct.

8. **Other Relief**

    1. Pro bono lawyer appointment.
    2. Court order forcing Allsup to file SSDI appeal.
    3. Declaratory judgment that Plaintiff is still disabled.

9. Grant any further relief the Court deems just and proper.

Respectfully submitted,
Graciela Dela Torre
Pro Se Plaintiff
Dated: June 13, 2025

**CERTIFICATE OF SERVICE**

I certify that on **June 13, 2025**, I submitted this filing via the **Pro Se Electronic Document Submission System (EDSS)** and that a copy was also served via CM/ECF on all counsel of record. I further note that EDSS submissions often take **24–36 hours** to appear on the docket, which disadvantages pro se litigants in time-sensitive matters.

# EXHIBIT

**Gmail** Gracie Dlt &lt;gmestiza1@gmail.com&gt;

---

## Re: FW: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life
1 message

---

**Gracie Dlt** &lt;gmestiza1@gmail.com&gt;      Thu, Jan 16, 2025 at 11:06 AM
To: Kevin Probst &lt;kprobst@longtermdisability.net&gt;
Bcc: Maria Calvo &lt;maria@longtermdisability.net&gt;, Geneses Strongarone &lt;geneses@longtermdisability.net&gt;

**Subject:** Request to Vacate Settlement Using Rule 60(b) – New Evidence of Ongoing Treatment

Dear Kevin,

I hope this message finds you well. I'm writing to discuss the possibility of vacating my settlement related to the Long-Term Disability Insurance case based on newly discovered evidence.

Upon reviewing my medical records, I found that I accidentally omitted key documents regarding my ongoing physical therapy treatment that I was receiving in January throug December 2021, as well as surgery that took place in 2022. These documents show that I was still under medical care during the period when my benefits were terminated in November 2021.

I would like to explore the option of using Rule 60(b) to seek relief from the settlement.

To summarize:

- I inadvertently omitted records showing that I was receiving ongoing occupational therapy and treatment throughout January 2021 through December 2021
- I also had surgery in 2022 that further supports the ongoing nature of my condition and treatment.
- Given that the benefits were terminated in November 2021, and the new evidence demonstrates my continued medical care, I believe there may be grounds to argue that my benefits were wrongly terminated.

I would like to proceed with discussing how we can use this new evidence to potentially vacate the settlement under Rule 60(b), which permits relief from a judgment due to new evidence or errors that have come to light after the fact. Please let me know how we can move forward and if there is any additional information you need from me.

Thank you for your continued support and guidance in this matter. I look forward to hearing your thoughts.

Sincerely,

*Graciela*
**Direct # 630.670.5914**

*Do not print this email unless is necessary*

On Tue, Jan 7, 2025 at 3:19 PM Kevin Probst &lt;kprobst@longtermdisability.net&gt; wrote:



### Kevin Probst, J.D.

Disability Insurance & ERISA Attorney

*Office*
305.754.2000

longtermdisability.net

*Fax*
305.754.2007



# DABDOUB LAW FIRM
## Disability Insurance & ERISA Attorneys

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

---

**From:** Kevin Probst
**Sent:** Tuesday, January 7, 2025 3:05 PM
**To:** 'Gracie Dlt' <gmestiza1@gmail.com>
**Subject:** RE: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

Good afternoon, Graciela:

After all the time, effort and resources that I and the firm dedicated to your case, reading your email was quite the shock. As you may recall, there was a strong possibility that - even if we had taken your case to judgment and won, you would have walked away with $0 because of the potential offsets/overpayment resulting from the money you were expecting to receive from Workers Comp and/or Social Security. Despite this fact, I was successful in getting Nippon to agree to pay $90,000 to resolve your case – and this was after you had already advised me that you'd willing to accept an offer of $80,000.

With disability cases such as yours, the only issue is whether the claim administrator made the correct decision at the time benefits were denied. In your case, that date was November 18, 2021. Your doctor's letter, on the other hand, was signed on December 7, 2023 – two years after Nippon terminated your benefits. Not surprisingly, Nippon was not interested in documents from 2 years after their decision was made.

As stated in the executed Settlement Agreement and Mutual Specific Release (attached) – and as is the case whenever parties sign a settlement agreement, they are releasing each other from any further causes of action related to the dispute and the court case is dismissed with prejudice (meaning it cannot be reopened).

It is my sincere hope that upon further reflection and consideration of the above explanation and facts, you come to understand again that we helped you obtain a **very** generous settlement offer.

I wish you a happy and healthy new year.



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

*Office*
305.754.2000

*Fax*
305.754.2007

longtermdisability.net



# DABDOUB LAW FIRM
### Disability Insurance & ERISA Attorneys

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

---

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, January 3, 2025 5:00 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Cc:** Retire Paralegal <Paralegal@longtermdisability.net>
**Subject:** Re: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life


**Graciela Dela Torre**
653 Wing St, Elgin IL 60123
January 3, 2025

**Kevin Probst**

Dabboub Law Firm
1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**Subject:** Request for Review of LTD Settlement and Potential Reopening

Dear Kevin,

I hope this message finds you well. I am writing to request your assistance in reviewing the settlement agreement for my Long-Term Disability (LTD) claim, as I have concerns about potential errors or omissions that may have impacted the outcome.

Specifically, I provided you with a letter from my doctor stating my incapacity to work, which I believe was a critical piece of evidence. However, I suspect that this letter may not have been included or considered during the settlement process. If this is the case, it would constitute a significant omission, potentially affecting the terms and fairness of the agreement.

To clarify and address this matter, I kindly ask you to:

1. **Review the Settlement Agreement**: Verify whether the doctor's letter and other pertinent medical evidence were included and appropriately considered.

2. **Provide Documentation**: Share any records or communications regarding the inclusion of the letter in the settlement process.

3. **Evaluate Options for Reopening the Claim**: If the letter was excluded, I would like to explore options to challenge or reopen the settlement based on error or omission.

I am also open to any additional recommendations you may have to address this issue. Please let me know if further documentation or clarification from my side is required.

Thank you for your attention to this matter. I look forward to your response and guidance. Please feel free to contact me at 653 Wing St, Elgin IL 60123

Sincerely,
Graciela Dela Torre

(630) 670-5914

*Do not print this email unless is necessary*

On Thu, Dec 21, 2023 at 6:00 PM Kevin Probst <kprobst@longtermdisability.net> wrote:

> Hi, Graciela:
>
> The attached word doc reflects the tracked changes.
>
> If you have any questions and prefer to speak by phone, let me know a few good times that work for you tomorrow.
>
> Otherwise, as soon as you return your signature page, I'll sign as well and relay to Nippon's attorney which will start the 30 day clock for them to issue your check.
>
> Regards,
>
> Kevin



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

| | |
|---|---|
| *Office* 305.754.2000 | longtermdisability.net |
| *Fax* 305.754.2007 |  |

**DABDOUB LAW FIRM**
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, December 21, 2023 6:45 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Subject:** Re: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

Email received, what are those changes?

On Thu, Dec 21, 2023, 2:32 PM Kevin Probst <kprobst@longtermdisability.net> wrote:

> Good afternoon, Gracie:
>
> Since Nippon's attorney and I needed to make a few minor edits to the release, please sign and (**only**) return page 7 of the attached updated version.
>
> Kindly confirm receipt of this email and let us know if you have any questions.
>
> Regards,
>
> Kevin
>
> ### Kevin Probst, J.D.
> Disability Insurance & ERISA Attorney
>
> Office
> 305.754.2000
>
> longtermdisability.net
>
> Fax
> 305.754.2007
>
> 1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134
>
> **From:** Kevin Probst
> **Sent:** Tuesday, December 19, 2023 11:42 AM
> **To:** Gracie Dlt <gmestiza1@gmail.com>
> **Cc:** Paralegal <Paralegal@longtermdisability.net>
> **Subject:** Settlement Release: Dela Torre v. Nippon Life

Hi, Graciela:

Please review the attached settlement agreement & release. You only need to send back page 7 after completing as follows:

BY: (Sign your name here)

ITS: (Write "Plaintiff")

DATE: (self-explanatory)

Let us know if you have any questions before signing.

Regards,

Kevin

**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

Office
305.754.2000

longtermdisability.net

Fax
305.754.2007

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

Gmail

Gracie Dlt <gmestiza1@gmail.com>

# RE: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life
1 message

**Kevin Probst** <kprobst@longtermdisability.net>  Tue, Jan 7, 2025 at 2:04 PM
To: Gracie Dlt <gmestiza1@gmail.com>

Good afternoon, Graciela:

After all the time, effort and resources that I and the firm dedicated to your case, reading your email was quite the shock. As you may recall, there was a strong possibility that - even if we had taken your case to judgment and won, you would have walked away with $0 because of the potential offsets/overpayment resulting from the money you were expecting to receive from Workers Comp and/or Social Security. Despite this fact, I was successful in getting Nippon to agree to pay $90,000 to resolve your case – and this was after you had already advised me that you'd willing to accept an offer of $80,000.

With disability cases such as yours, the only issue is whether the claim administrator made the correct decision at the time benefits were denied. In your case, that date was November 18, 2021. Your doctor's letter, on the other hand, was signed on December 7, 2023 – two years after Nippon terminated your benefits. Not surprisingly, Nippon was not interested in documents from 2 years after their decision was made.

As stated in the executed Settlement Agreement and Mutual Specific Release (attached) – and as is the case whenever parties sign a settlement agreement, they are releasing each other from any further causes of action related to the dispute and the court case is dismissed with prejudice (meaning it cannot be reopened).

It is my sincere hope that upon further reflection and consideration of the above explanation and facts, you come to understand again that we helped you obtain a **very** generous settlement offer.

I wish you a happy and healthy new year.



### Kevin Probst, J.D.

Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*



305.754.2007

**DABDOUB LAW FIRM**
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

---

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, January 3, 2025 5:00 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Cc:** Retire Paralegal <Paralegal@longtermdisability.net>
**Subject:** Re: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life


**Graciela Dela Torre**
653 Wing St, Elgin IL 60123
January 3, 2025

**Kevin Probst**

Dabboub Law Firm
1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**Subject:** Request for Review of LTD Settlement and Potential Reopening

Dear Kevin,

I hope this message finds you well. I am writing to request your assistance in reviewing the settlement agreement for my Long-Term Disability (LTD) claim, as I have concerns about potential errors or omissions that may have impacted the outcome.

Specifically, I provided you with a letter from my doctor stating my incapacity to work, which I believe was a critical piece of evidence. However, I suspect that this letter may not have been included or considered during the settlement process. If this is the case, it would constitute a significant omission, potentially affecting the terms and fairness of the agreement.

To clarify and address this matter, I kindly ask you to:

1. **Review the Settlement Agreement**: Verify whether the doctor's letter and other pertinent medical evidence were included and appropriately considered.

2. **Provide Documentation**: Share any records or communications regarding the inclusion of the letter in the settlement process.

3. **Evaluate Options for Reopening the Claim**: If the letter was excluded, I would like to explore options to challenge or reopen the settlement based on error or omission.

I am also open to any additional recommendations you may have to address this issue. Please let me know if further documentation or clarification from my side is required.

Thank you for your attention to this matter. I look forward to your response and guidance. Please feel free to contact me at 653 Wing St, Elgin IL 60123

Sincerely,
Graciela Dela Torre

(630) 670-5914

*Do not print this email unless is necessary*

Gmail

Gracie Dlt <gmestiza1@gmail.com>

## RE: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life
1 message

**Kevin Probst** <kprobst@longtermdisability.net>　　　　　　　　　　　　　　　　　　　　　　Tue, Jan 7, 2025 at 2:04 PM
To: Gracie Dlt <gmestiza1@gmail.com>

Good afternoon, Graciela:

After all the time, effort and resources that I and the firm dedicated to your case, reading your email was quite the shock. As you may recall, there was a strong possibility that - even if we had taken your case to judgment and won, you would have walked away with $0 because of the potential offsets/overpayment resulting from the money you were expecting to receive from Workers Comp and/or Social Security. Despite this fact, I was successful in getting Nippon to agree to pay $90,000 to resolve your case – and this was after you had already advised me that you'd willing to accept an offer of $80,000.

With disability cases such as yours, the only issue is whether the claim administrator made the correct decision at the time benefits were denied. In your case, that date was November 18, 2021. Your doctor's letter, on the other hand, was signed on December 7, 2023 – two years after Nippon terminated your benefits. Not surprisingly, Nippon was not interested in documents from 2 years after their decision was made.

As stated in the executed Settlement Agreement and Mutual Specific Release (attached) – and as is the case whenever parties sign a settlement agreement, they are releasing each other from any further causes of action related to the dispute and the court case is dismissed with prejudice (meaning it cannot be reopened).

It is my sincere hope that upon further reflection and consideration of the above explanation and facts, you come to understand again that we helped you obtain a **very** generous settlement offer.

I wish you a happy and healthy new year.



### Kevin Probst, J.D.

Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*

  

305.754.2007