

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Graciela Dela Torre**,
Plaintiff,

v.

Nippon Life Insurance Company of America;
Davies Life & Health, Inc. (formerly Disability Management Services, Inc.);
Allsup, LLC,
Defendants.

**FILED**

**JUN 17 2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

---

**PLAINTIFF'S MOTION FOR REASSIGNMENT OF JUDGE DUE TO APPEARANCE OF PARTIALITY AND IMPROPER COMMUNICATIONS**

**Pursuant to Local Rule 40.3(d) and 28 U.S.C. § 455(a)**, Plaintiff **Graciela Dela Torre**, proceeding pro se, respectfully moves this Court to reassign this matter to a different judge, or alternatively refer the matter to the **Chief Judge** under **Local Rule 40.1** for administrative review, on the grounds that recent procedural events have created an appearance of partiality and prejudice that undermines public confidence in the fairness of these proceedings.

---

**LEGAL BASIS**

Under 28 U.S.C. § 455(a), a judge shall disqualify themselves in any proceeding in which their impartiality **might reasonably be questioned**. Similarly, Local Rule 40.3(d) provides for **reassignment where fairness or appearance of impropriety is implicated**, particularly when a litigant is a pro se party with documented disabilities.

---

**FACTUAL GROUNDS FOR REASSIGNMENT**

The following sequence of events demonstrates a pattern of **procedural irregularities** and **communications between defense counsel and court staff** that resulted in **prejudice to Plaintiff:**

| Date | Event | Impact/Concern |
|---|---|---|
| May 30, 2025 | Plaintiff files Motion for Leave to File SAC (Dkt. 52) and SAC (Dkt. 53) | Plaintiff complied fully with Court directive to show case is not a refiling (Dkt. 51) included substantive new claims and supporting exhibits |
| June 3, 2025 | Attorney Joseph R. Jeffery emails Susan Kelly Lenburg (Clerk for Judge Pallmeyer), misrepresenting Plaintiff's filings | Plaintiff objected via email reply; Joseph R. Jeffery misleading email lead to unauthorized Dkt. 66 being docketed; see also Dkts. 65 and 65-email (Attached as exhibit 65-email) 69 page 4, and 72 |
| June 4, 2025 | Court issues Dkt. 65 minute entry striking Dkts. 53 and 58, based on defense counsel's misleading email and disregarding Plaintiff's objection | Substantive SAC replaced with different incomplete document Plaintiff never filed See Dkt. 66 |
| June 12, 2025 | Dkt. 74 (Clerk's Minute Entry) issued | Fails to acknowledge Dkt. 73, which remained pending and unaddressed (Dkt. 73) Email header read "order on motion for extension of time" |
| June 11, 2025 | Plaintiff files Dkt. 73 (Motion for Extension and Pro Bono Referral) | Fully complies with Dkt. 64's two-factor test: provides multiple law firm contacts and medical documentation, but motion is ignored in subsequent ruling |
| June 12, 2025 | Plaintiff files Dkt. 78 (Judicial Notice) detailing prejudicial effect of ex parte email and Dkt. 66 | Supporting metadata and email exhibits confirm improper communications; no response or remedial action taken |
| June 13, 2025 | Court issues Dkt. 77 denying extension and pro bono referral | Order falsely characterizes 73 as only seeking a 60-day extension; omits Plaintiff's attached legal efforts and compliance with Court's prior instructions |
| June 13, 2025 | Dkt. 77 email subject reads "Order on motion for extension of time" but fails to mention or address Dkt. 73 in the minute entry body | Raises concern of clerical misrepresentation despite clerk's awareness of Plaintiff's cognitive impairment |

| June 13, 2025 5:00am | Plaintiff files TAC and Notice of Filing for 78, via Pro Se Portal | Filed Notice of Filing for 78 & 78, Only 78 docketed; TAC not docketed compounding prejudice. The TAC was filed with a note stating "filed under duress" due to these series of events steaming from Davies misleading the court. |

## ADDITIONAL EVIDENCE OF APPEARANCE OF BIAS

- **Document 24**: Davies' counsel (Joseph R. Jeffery) filed a motion to reassign the case under Local Rule 40.4, arguing it was "related" to a prior case despite distinct claims, parties, and post-dismissal events. The reassignment succeeded under questionable reasoning.

- **Document 43**: Confirms Defendants knew of Plaintiff's cognitive impairments, yet procedural shortcuts and misleading filings continued to be entertained.

- **Documents 65 and 66**: Show how the email from Davies L&H's defense counsel misled court staff in a throws the rock and hides the hand style and resulted in a false filing (Dkt. 66), despite no authorization and objection from Plaintiff. Dkt. 68 page 8

- **Documents 69 and 78**: Provide supporting exhibits showing unauthorized communication with court staff **not related to any scheduling,** and mischaracterization of Plaintiff's operative pleadings.

- **Document 74**: Ignores Dkt. 73 altogether, despite it being properly filed and satisfying all criteria of Dkt. 64 for pro bono referral reconsideration.

- **Document 74**: The Court declined to take Judicial notice of improper ex parte email communication ignoring documented evidence (Dkt. 68 Page 7 & Dkt. 68 page 8) I replied to the email with Susan Kelly Lenburg in copy objecting.

- **Document 77**: Denies Plaintiff's motion (Dkt. 73) despite full compliance with Court directives; no mention of the facts presented in Dkt. 78; Furthermore the email header reads " order on motion for extension of time" leaving unanswered questions of who is entering this clerical entries, is it Susan Kelly Lenburg? is she friends with Joseph R. Jefferey?

## PRAYER FOR RELIEF

Plaintiff respectfully requests that:

1. This case be **reassigned to a different judge** pursuant to **Local Rule 40.3(d) and 28 U.S.C. § 455(a)**;

2. In the alternative, that the matter be **submitted to the Chief Judge for administrative review** under **Local Rule 40.1**;

3. In contradiction to Dkt 24 Motion to reassign "the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;" The exaggerated amount of docket entries and communications initiated as a result of the same counsel who promoted judicial saving and now through his June 3, 2025 ex parte communication via email, Throws the rock and hides the hand (including Dkt. 66 and all related rulings) be reviewed and stricken if found procedurally improper;

4. The Court reaffirm Plaintiff's right to amend the complaint further if necessary, particularly given the denial of pro bono referral assistance and that the current TAC that was submitted under duress; note that Dkt. is not yet available as it failed to be entered officially in the court docket despite being filed at the same time of Dkt 76 & 78.

5. Any other relief the Court deems just and proper.

Respectfully submitted,
**Graciela Dela Torre**
Pro Se Plaintiff
Dated: June 13, 2025

# EXHIBIT



Gracie Dlt <gmestiza1@gmail.com>

## Activity in Case 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. ==et al order on motion for extension of time==
1 message

**usdc_ecf_ilnd@ilnd.uscourts.gov** <usdc_ecf_ilnd@ilnd.uscourts.gov>  Thu, Jun 12, 2025 at 7:39 AM
To: ecfmail_ilnd@ilnd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3)

### Notice of Electronic Filing

The following transaction was entered on 6/12/2025 at 7:39 AM CDT and filed on 6/12/2025
**Case Name:** Dela Torre v. Davies Life & Health, Inc. et al
**Case Number:** 1:25-cv-01483
**Filer:**
**Document Number:** 74

**Docket Text:**
**MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff seeks clarification of this court's orders and expresses concerns about ex parte communications with court staff. The motion [72] is denied without prejudice. The court confirms that communication with the court should be by way of filings in the court docket. It appears that Defendant has contacted staff with scheduling questions, and Plaintiff has responded with some email submissions of her own. As Defendant's communications do not involve the merits of any party's claims or defenses, the court declines to take judicial notice of any impropriety, but will not consider further emails to court staff from any party in this case. The court has already entered an order directing Plaintiff to file a further amended complaint no later than June 13; that order requires no clarification. The court will set an in-person hearing after Defendants have filed their responses to the anticipated amended complaint. Mailed notice. (cp, )**

1:25-cv-01483 Notice has been electronically mailed to:

Justin Aaron Wax Jacobs     j-waxjacobs@nipponlifebenefits.com

Robert Brunner     kathryn.farris@bclplaw.com, rec_km_ecf_chi@bclplaw.com, chdocketing@bclplaw.com, robert.brunner@bclplaw.com, robert-brunner-5568@ecf.pacerpro.com

Graciela Dela Torre     gmestiza1@gmail.com

Justin Wax Jacobs     j-waxjacobs@nipponlifebenefits.com

Joseph R. Jeffery     jjeffery@cmn-law.com, jpalm@cmn-law.com

1:25-cv-01483 Notice has been delivered by other means to:

 Gmail  Gracie Dlt <gmestiza1@gmail.com>

## Dela Torre v. Nippon Life Ins. Co. of America, et al.
1 message

**Jeffery, Joe** <jjeffery@cmn-law.com>  Tue, Jun 3, 2025 at 4:20 PM
To: "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>
Cc: Gracie Dlt <gmestiza1@gmail.com>, Robert Brunner <robert.brunner@bclplaw.com>, Justin Wax Jacobs <j-waxjacobs@nipponlifebenefits.com>

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com



 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.
1 message

**Gracie Dlt** <gmestiza1@gmail.com>  Wed, Jun 4, 2025 at 4:01 PM
To: "Jeffery, Joe" <jjeffery@cmn-law.com>
Cc: "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Robert Brunner <robert.brunner@bclplaw.com>, J-WAXJACOBS@nIpponlifebenefits.com

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914


On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

> Dear Judge Pallmeyer:
>
> I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.
>
> My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).
>
> Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.
>
> Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.
>
> If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.




Gmail    Gracie Dlt <gmestiza1@gmail.com>

---

**1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al**
1 message

Gracie Dlt <gmestiza1@gmail.com>  Thu, Jun 5, 2025 at 10:46 AM
To: Pallmeyer@ilnd.uscourts.gov, "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Christina Presslak <Christina_Presslak@ilnd.uscourts.gov>
Bcc: "Jeffery, Joe" <jjeffery@cmn-law.com>, Robert Brunner <robert.brunner@bclplaw.com>, J.WaxJacobs@nipponlifebenefits.com, Gracie Dlt <gmestiza1@gmail.com>

**PLAINTIFF'S EXPLANATION REGARDING PLEADING INTENT AND REQUEST FOR LEAVE TO AMEND.**

TO THE HONORABLE COURT:

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this explanation to clarify the intent behind her filings at Docket Entries 53 and 58, and to address the Court's June 4, 2025 Minute Entry (Dkt. 65). Plaintiff seeks to ensure the record accurately reflects that:

1. The **Second Amended Complaint (SAC, Dkt. 53)** and **Supplemental Complaint (Dkt. 58, Ex. A)** were designed to function *together* under Rule 15(d), with the latter *augmenting*—not replacing—the former. Dismissing the SAC would prejudice my claims against Allsup as is not mentioned there.
2. The SAC's claims (e.g., fiduciary breaches, HIPAA violations, and wrongful offsets) remain live and distinct from the supplemental allegations (e.g., retaliatory arbitration, new HIPAA violations).

## I. BACKGROUND OF CONFUSION

1. **Defendants' Mischaracterization**: Defense counsel's June 3, 2025 email to the Court (Ex. 1) framed Dkt. 58 as a standalone amendment, omitting that it was filed to *supplement* Dkt. 53 under Rule 15(d).
2. **Plaintiff's Immediate Clarification**: Plaintiff responded the same day (Ex. 1, pp. 8–10), explicitly stating that Dkt. 58 was intended to "enhance factual completeness" without superseding the SAC.
3. **Court's June 4 Order**: The Court's construction of Dkt. 58 as a "Third Amended Complaint" (Dkt. 65) inadvertently rendered the SAC moot, contrary to Plaintiff's intent.

## II. CLARIFICATION OF PLEADING INTENT

### A. Rule 15(d) Governs the Supplemental Complaint

- The Supplemental Complaint (Dkt. 58) expressly states it "supplements—but does not replace—prior complaints" (Ex. 2, p. 1).
- Rule 15(d) permits allegations of post-pleading events *without* displacing existing claims. *See Int'l Bus. Machs. Corp.*, 66 F.R.D. at 384.

### B. The SAC and Supplemental Complaint Are Complementary

- **SAC (Dkt. 53)**: Alleges post-settlement misconduct (e.g., Allsup's concealment of SSDI denial, Davies' HIPAA violations).
- **Supplement (Dkt. 58)**: Adds post-filing misconduct (e.g., arbitration abuse, new HIPAA disclosures).
- **Critical Distinction**: The SAC names **Allsup** as a defendant for pre-supplement claims; the Supplement does not. Dismissing the SAC would abandon claims against Allsup.

## III. REQUEST FOR RELIEF

Plaintiff respectfully requests the Court:

1. **Clarify** that the **SAC (Dkt. 53)** remains operative for pre-supplement claims, and the **Supplement (Dkt. 58, Ex. A)** governs post-filing allegations under Rule 15(d).
2. **Extend Defendants' deadlines** to respond to both pleadings, if necessary.
3. **Alternatively**, grant leave to file a consolidated pleading incorporating all claims. (With a 14 day extension)

## IV. CONCLUSION

Plaintiff seeks only to correct the record and if possible to Leave to Amend one additional time to ensure all claims are properly adjudicated. Judicial economy favors resolving the SAC and Supplement together or grant me permission to Leave to Amend, to form a cohesive factual narrative.

Respectfully submitted,

/s/ Graciela Dela Torre

Graciela Dela Torre, Pro Se

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Re: 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al
1 message

**Gracie Dlt** <gmestiza1@gmail.com>  Thu, Jun 5, 2025 at 1:55 PM
To: Sue Lenburg <Susan_Lenburg@ilnd.uscourts.gov>
Cc: Christina Presslak <Christina_Presslak@ilnd.uscourts.gov>
Bcc: Jeffery, Joe <jjeffery@cmn-law.com>, Robert Brunner <robert.brunner@bclplaw.com>, J.WaxJacobs@nipponlifebenefits.com, Gracie Dlt <gmestiza1@gmail.com>

I am very confused as the attorney for Davis life and health emailed you directly (Susan) and you accepted that email communication (see attached), stating that you, Sunan, are the courtroom deputy for judge Pallmeyer, and based on that, a supplemental complaint was wrongfully filed as the main complaint.



### RE: Dela Torre v. Davies Life & Health, Inc.
Inbox

**Jeffery, Joe**  Tue, Jun 3, 8:30 PM (2 days ago)
to me

Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.

Joseph R. Jeffery, Esq.
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison, Suite 2400
Chicago, Illinois 60606
(312) 281-3627 (direct)
(312) 281-3678 (fax)
jjeffery@cmn-law.com
www.cmn-law.com

**CHITTENDEN, MURDAY & NOVOTNY LLC**
"Solutions Through Insight, Agility and Innovation"

### Dela Torre v. Nippon Life Ins. Co. of America, et al.
Inbox

**Jeffery, Joe**  Tue, Jun 3, 4:20 PM (2 days ago)
to susan_lenburg@ilnd.uscourts.gov, me, Robert, Justin

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison, Suite 2400
Chicago, Illinois 60606
(312) 281-3627 (direct)

On Thu, 5 Jun 2025, 1:45 pm Sue Lenburg, <Susan_Lenburg@ilnd.uscourts.gov> wrote:

Ms. Del Torre,

We are prohibited from receiving emails from a party to a case. It is considered an ex parte communication.

Should you wish to communicate with the court, you will need to file your communication in the court docket.

Susan Kelly Lenburg
Judicial Assistant to Judge Rebecca R. Pallmeyer
U.S. District Court for the Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

 Gracie Dlt <gmestiza1@gmail.com>

## Activity in Case 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al complaint
1 message

usdc_ecf_ilnd@ilnd.uscourts.gov <usdc_ecf_ilnd@ilnd.uscourts.gov>  Thu, Jun 5, 2025 at 8:08 AM
To: ecfmail_ilnd@ilnd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3)

### Notice of Electronic Filing

The following transaction was entered on 6/5/2025 at 8:08 AM CDT and filed on 6/4/2025
**Case Name:**      Dela Torre v. Davies Life & Health, Inc. et al
**Case Number:**    1:25-cv-01483
**Filer:**          Graciela Dela Torre
**Document Number:** 66

**Docket Text:**
**COMPLAINT filed by Graciela Dela Torre; (pg, )**

1:25-cv-01483 Notice has been electronically mailed to:

Graciela Dela Torre &nbsp &nbsp gmestiza1@gmail.com

Joseph R. Jeffery &nbsp &nbsp jjeffery@cmn-law.com, jpalm@cmn-law.com

Justin Aaron Wax Jacobs &nbsp &nbsp j-waxjacobs@nipponlifebenefits.com

Justin Wax Jacobs &nbsp &nbsp J-WaxJacobs@nipponlifebenefits.com

Robert Brunner &nbsp &nbsp robert.brunner@bclplaw.com, CHDocketing@bclplaw.com, kathryn.farris@bclplaw.com, REC_KM_ECF_CHI@bclplaw.com, robert-brunner-5568@ecf.pacerpro.com

1:25-cv-01483 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=6/5/2025] [FileNumber=29582390-0
] [5a4864e1c20d2b5366fc205cb61810607b6bf38ab1e2c2104d75f60dfd34f152d0d
15b76cf89a3c0c75043d99796787c3d0fa9ec9076319f2b40c551ddeed0b7]]

Graciela D[illegible]
653 Wing St
Elgin IL 60123
Case No. 1:25-cv-01483

Clerck of Court
U.S. District Court of Northern Dis of IL
Everett Mckinley Dirksen U.S. Courthouse
219 South Dearborn Street, 20th Floor
Chicago IL 60604
Attn: Judge Rebecca R. Pallmeyer Courtroom 2141



Case: 1:25-cv-01483 Document #: 81 Filed: 06/17/25 Page 13 of 13 PageID #:547