BC KG

FILED
6/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**Graciela Dela Torre,**
Plaintiff,

v.

**Nippon Life Insurance Company of America;**
**Davies Life & Health, Inc.;**
**Allsup, LLC,**
Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

---

## MOTION TO COMPEL THE COURT TO IDENTIFY THE BASIS FOR CHARACTERIZING AN EX PARTE COMMUNICATION AS "SCHEDULING" AND TO CORRECT THE RECORD ACCORDINGLY

NOW COMES Plaintiff, Graciela Dela Torre, pro se and permanently disabled, and respectfully submits this motion requesting that the Court identify the specific portion of the June 3, 2025 email sent by Attorney Joseph R. Jeffery which it relied upon in classifying the communication as related to "scheduling."

---

### CRITICAL FACT AT ISSUE

On June 3, 2025, Attorney Joseph R. Jeffery sent an unsolicited email to court staff (Susan Kelly Lenburg) and CC'd the parties, but notably did not include the court's designated Deputy Clerk, Christina Presslak. This omission indicates an intentional circumvention of standard judicial communication channels. The email, later cited in the Clerk's Minute Entry (Dkt. 74), was treated as a benign communication related to "scheduling"—a classification that is both factually and procedurally unsupported.

**Plaintiff respectfully requests that the Court indicate which portion of the text below it interprets as relating to "scheduling,"** as Plaintiff finds no such reference present in the message and contends that its content is exclusively procedural and strategic in nature:

**From:** Jeffery, Joe
**Sent:** Tuesday, June 3, 2025 4:20 PM
**To:** susan_lenburg@ilnd.uscourts.gov; gmestiza1@gmail.com; robert.brunner@bclplaw.com; j-waxjacobs@nipponlifebenefits.com
**Subject:** Dela Torre v. Nippon Life Ins. Co. of America, et al.

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,
Joseph R. Jeffery, Esq.
Chittenden, Murday & Novotny LLC
303 W. Madison, Suite 2400
Chicago, Illinois 60606
(312) 281-3627
jjeffery@cmn-law.com
www.cmn-law.com

Plaintiff's Email Reply (June 4, 2025 at 4:01 PM):
Dear Mr. Jeffery,
Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914

On June 3, 2025, Attorney Joseph R. Jeffery, counsel for Davies Life & Health, Inc., sent an unsolicited email directly to Susan Kelly Lenburg, a member of the Court's staff. The email was not filed on the docket or submitted through the ECF system and was not addressed to the Court's designated deputy clerk, Christina Presslak. Despite containing clear procedural advocacy—urging the Court to act on Plaintiff's pending motion before requiring a response to an earlier complaint—the communication was referenced in Dkt. 74 as involving mere "scheduling questions."

Plaintiff responded on June 4, 2025, copying all counsel and clarifying that Dkt. 53 (Second Amended Complaint) and Dkt. 58 (Supplemental Complaint) served distinct procedural purposes. On June 5, 2025, Plaintiff submitted a further objection by email, which included Court Deputy Christina Presslak, correcting the procedural record and noting the impropriety of the defense email.

Shortly thereafter, Court staff responded stating that parties are prohibited from emailing the judge or chambers. Nevertheless, the Court declined to take judicial notice of any impropriety (see Dkt. 74), while Plaintiff's filings—submitted at midnight on June 13—were not docketed until June 18, 2025.

---

**GOVERNING LAW AND RULES VIOLATED**

The following rules and standards were implicated:

- **Local Rule 5.1(a)(2)** (N.D. Ill.): Requires all party communications with the Court to be filed via the ECF system. As a pro se, permanently disabled litigant with no legal training, Plaintiff followed the format modeled by Attorney Jeffery in good faith, believing that copying all parties and communicating transparently mirrored proper procedure. Plaintiff had no intent to circumvent rules and acted only to clarify and defend her rights in response to a lawyer-led communication.

- **Federal Rule of Civil Procedure 5(b)(1)**: Requires service of all communications to every party and delivery to the clerk for docketing. Plaintiff has presented proof of compliance in Dkt. 58 and Dkt. 78, where full responses and clarifications were properly addressed to all parties and court personnel. These filings demonstrate that Plaintiff adhered to procedural obligations and attempted to correct the record in a transparent and timely manner.

- **Canon 3(A)(4) of the Code of Conduct for U.S. Judges**: Prohibits judges from initiating or considering ex parte communications except in narrow exceptions. In this instance, the communication was not only ex parte but routed through Susan

Kelly Lenburg, a staff member of Judge Rebecca R. Pallmeyer's chambers, who was the only court recipient of the June 3, 2025 email. This further implicates improper handling by chambers, as the message was not shared with the official Courtroom Deputy, Christina Presslak, nor filed in the docket.

- **Canon 2 of the Code of Conduct for U.S. Judges**: Judges must avoid impropriety and the appearance of impropriety. In this case, however, documented evidence shows that the Court acknowledged a staff member—Susan Kelly Lenburg of Judge Pallmeyer's chambers—was the sole court recipient of an ex parte email from defense counsel, yet declined to characterize that communication as improper. Meanwhile, Plaintiff, a pro se disabled litigant, was warned for simply responding defensively and transparently. This inconsistent application of ethical expectations creates an appearance of bias, undermining the trust owed to parties who rely on judicial neutrality, especially those without legal representation.

- **Fifth Amendment Due Process Clause**: Ensures fairness and impartiality in judicial proceedings. In this case, the documented pattern of permitting ex parte procedural advocacy by defense counsel—while sanctioning Plaintiff's attempts to respond transparently—violates the constitutional right to an impartial forum. This selective enforcement, compounded by the Court's failure to take corrective action when presented with evidence (e.g., Dkt. 58, 74, 78), suggests that chambers actions have not only denied fairness but appear to conspire against Plaintiff's access to a neutral judicial process.

---

**RELIEF REQUESTED**

Plaintiff respectfully requests the following:

1. That the Court identify the specific content within the June 3, 2025 email it construed as "scheduling."

2. That the Court formally reclassify the June 3, 2025 communication as an impermissible ex parte procedural request.

3. That the Court correct Minute Entry Dkt. 74 to reflect the actual nature of the communication.

4. That the Court provide clarification as to why defense-initiated emails were accepted without reprimand while Plaintiff's rebuttal emails were characterized as improper.

5. That the Court issue an Order to Show Cause explaining why the June 3, 2025 communication was not deemed ex parte.

6. That this matter be reviewed by an independent Article III judge pursuant to Local Rule 40.1 and constitutional guarantees of impartiality, especially in light of the appearance—supported by documented evidence in Dkt. 58, 74, and 78—that chambers' conduct has conspired against Plaintiff rather than in her favor, thereby undermining the neutral administration of justice.

Plaintiff cites **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)** and **Liteky v. United States, 510 U.S. 540 (1994)** for the proposition that due process requires judicial recusal or reassignment when there is a serious risk of actual or apparent bias.

7. That the Court produce or direct the production of any internal records, logs, or email communications reflecting receipt, review, or classification of the June 3, 2025 email from Attorney Joseph R. Jeffery, including any correspondence within chambers staff related to the characterization of the communication as "scheduling," pursuant to the principles of transparency, due process under the Fifth Amendment, and in alignment with the scope of permissible requests under Federal Rule of Civil Procedure 34(a)(1), Local Rule 26.3, and relevant case law recognizing the right to disclosure of administrative (non-deliberative) judicial records in circumstances implicating judicial bias or misconduct.

---

**CERTIFICATE OF SERVICE**

I, Graciela Dela Torre, hereby certify that on June 20, 2025, I caused the foregoing **Motion to Compel the Court to Identify the Basis for Characterizing an Ex Parte Communication as "Scheduling" and to Correct the Record Accordingly** to be served via email upon the following recipients:

- Joseph R. Jeffery, Esq. – jjeffery@cmn-law.com

- Robert Brunner – robert.brunner@bclplaw.com

- Jacqueline Wax Jacobs – j-waxjacobs@nipponlifebenefits.com

I further certify that I am unable to access the Court's PACER system at this time due to financial hardship and respectfully request that all parties and the Court continue to communicate and serve filings by email to ensure Plaintiff receives timely and equitable notice.

Respectfully submitted,
**Graciela Dela Torre**
**/s/GRACIELA DELA TORRE**
**653 Wing St, Elgin IL 60123**
**630-670-5914**

.