



**FILED**

7/8/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

E.C

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

**Graciela Dela Torre**,

Plaintiff,

v.

**Nippon Life Insurance Company of America** (represented by Justin Wax Jacobs),

**Davies Life & Health, Inc.** (formerly Disability Management Services, represented by Joseph R. Jeffery), and

**Allsup, LLC** (represented by Robert W. Brunner),

Defendants.

Case No. 1:25-cv-01483

## PETITION FOR RELIEF DUE TO PACER ACCESS DENIAL

COMES NOW the Plaintiff, **Graciela Dela Torre**, respectfully requesting relief and judicial accommodation due to her ongoing inability to access the PACER system. Plaintiff's account has been suspended due to non-payment despite her in forma pauperis status, severely hindering her ability to monitor filings, respond to orders, or meaningfully participate in the proceedings.

## FACTUAL BACKGROUND

1. Plaintiff is proceeding **pro se**, has been granted in forma pauperis status, and is actively litigating multiple time-sensitive matters in this Court. She is disabled as a result of sustaining irreversible tendon, ligament, and nerve damage while working as a **Senior Air Export Agent for Nippon Express USA**, where she worked up to 21 hours a day, seven days a week, from 2014 to 2019. Her condition was later compounded by post-surgical complications, infections and delays in rehabilitative care.

2. On or before **June 9, 2025**, Plaintiff's PACER account was **disabled due to non-payment**, as confirmed by federal system alerts:

   o **Exhibit A**: PACER notice stating: *"Your PACER account has been disabled due to non-payment."*

   o **Exhibit B**: System lockout screen limiting access until payment is made.

3. Plaintiff has called PACER support and all available resources, exhausted administrative remedies, and still remains locked out of full access. Despite previously granted fee waivers, PACER's centralized billing policy has continued to enforce restrictions.

This restriction materially harms Plaintiff by:

- Preventing access to Court Orders and Docket Activity;

- Hindering timely responses or filings;

- Causing procedural disadvantage against represented parties.

## REQUEST FOR COURT INTERVENTION

Plaintiff respectfully requests that the Court:

1. Acknowledge her PACER lockout and its impact on her access;

2. Direct the Clerk of Court to provide email or paper copies of docket entries from **Dkt. #1 to the present**, pursuant to 28 U.S.C. § 1915, the Judicial Conference PACER Fee Guidelines (Section I.C), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794), which obligate the Court to provide reasonable accommodations to indigent and disabled litigants to ensure equal access to judicial proceedings;

3. Permit deadline extensions for any filings affected by this lockout, consistent with the Court's authority under Federal Rule of Civil Procedure 6(b), which authorizes extensions of time for good cause, including circumstances arising from systemic barriers, indigency, or disability-related access issues;

4. Treat this as a request for accommodations under the Judicial Conference Policy for indigent and permanently disabled litigants, and in the interest of judicial leniency recognizing the compounded procedural barriers faced by such individuals, pursuant to 28 U.S.C. § 1915, the Judicial Conference PACER Fee Guidelines, and Section 504 of the Rehabilitation Act (29 U.S.C. § 794);

5. Authorize continued PACER access at no charge under 28 U.S.C. § 1915, including cancellation or discharge of any outstanding PACER-related debt, in line with Judicial Conference PACER Fee Guidelines and Section 504 of the Rehabilitation Act (29 U.S.C. § 794);

6. Grant any other relief deemed necessary to ensure equal access and participation.

Plaintiff's contact email for delivery is: **gmestiza1@gmail.com**

## CONCLUSION

Plaintiff apologizes if prior filings have caused any burden on the Court or Clerk, and notes that repeated delays and lack of access have created a scenario of bias and disadvantage. This Petition is submitted in good faith to seek a fair and level field in compliance with due process and accessibility rights.

## CERTIFICATE OF SERVICE

I, Graciela Dela Torre, hereby certify that on July 8, 2025, a true and correct copy of the foregoing *Petition for Relief Due to PACER Access Denial* was filed and served on all counsel via the Court's CM/ECF system. Plaintiff further notes that due to her PACER access restrictions, she is unable to verify complete filings or service status, placing her at a distinct procedural disadvantage compared to represented parties. Additionally, Plaintiff's filings are subject to retention and internal processing delays of up to 36 hours before they are officially entered into the docket, further compounding this disadvantage.

**Respectfully submitted,**

Graciela Dela Torre

Pro Se Plaintiff

653 Wing St

Elgin IL 60123

630-670-5914

Dated: July 8, 2025                    Exhibit A & B below:



