


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL VERIFICATION OF COUNSEL'S MEDICAL HARDSHIP OR, IN THE ALTERNATIVE, TO REQUIRE SUBSTITUTION OF COUNSEL**

**TO THE HONORABLE COURT:**

Plaintiff Graciela Dela Torre, *pro se*, respectfully moves this Court to: (1) compel Defendant Nippon Life Insurance Company of America ("NLI") to provide verified proof of counsel's claimed medical incapacity, or (2) order NLI to substitute counsel immediately. This motion arises from defense counsel's unsubstantiated request for an extension based on medical hardship, which stands in stark contrast to the Court's repeated denial of Plaintiff's documented requests for accommodations.

**I. FACTUAL BACKGROUND**

1. **Defense Counsel's Unverified Medical Claims**

    o On **July 7, 2025**, NLI's counsel, Justin Wax Jacobs, filed a motion for extension (Dkt. 90) citing injuries from a PEV accident (fractured ribs, dislocated shoulder, and wrist trauma).

    o The motion included **no medical documentation**, yet the Court granted the extension the next day (Dkt. 91), resetting the deadline to **August 1, 2025**.

2. **Plaintiff's Documented Medical Hardship**

    o Plaintiff suffers from **Permanent, irreversible Nerve and Tendon Damage, Fibromyalgia, Chronic Pain, Migraines** and more(see Dkt. 54, 73), which she has substantiated with redacted medical records.

- o Despite this, the Court has:
    - Denied her requests for pro bono referral (Dkt. 62, 74);
    - Denied Extension of time
    - Denied PACER access accommodations;
    - Subjected her filings to **36-hour processing delays**, while defense counsel is able to file at 10pm receives instant CM/ECF notifications. As shown on attached exhibit.

3. **NLI's Capacity to Substitute Counsel**
    - o NLI is a **global corporation** with vast legal resources. Public records confirm it retains multiple law firms nationwide, including ILLINOIS.
    - o No justification exists for permitting indefinite delays when NLI could reassign this matter internally.

## II. LEGAL ARGUMENT

### A. Defense Counsel's Unsupported Claims Violate Federal Rule 11(b)(3)

- Rule 11 requires factual assertions to have **evidentiary support**. Counsel's medical claims are unverified, while Plaintiff has been held to strict evidentiary standards.

### B. Equal Protection and Judicial Impartiality

- The Court's disparate treatment of Plaintiff's and defense counsel's medical hardships have creatied **an appearance of bias**, undermining public confidence in the judiciary. *See Liteky v. United States*, 510 U.S. 540 (1994).

### C. This Court's Inherent Authority to Manage Its Docket

- Under **Fed. R. Civ. P. 16(b)(3)(A)**, the Court may issue scheduling orders to prevent undue delays.
- NLI's failure to provide proof of hardship or substitute counsel warrants intervention.

## III. REQUESTED RELIEF

Plaintiff respectfully requests the Court:

1. **Order NLI to file redacted medical documentation** (e.g., hospital discharge summary or physician letter) verifying counsel's injuries by **July 15, 2025**; *or*

2. **Require in camera review** of unredacted records if privacy is asserted;

3. **Deny further extensions** unless supported by objective medical proof;

4. **Direct NLI to substitute counsel** if Mr. Jacobs remains incapacitated beyond the current extension;

5. **Grant any other relief** necessary to ensure parity.

## IV. CONCLUSION

Plaintiff seeks only consistent application of the Court's standards. Either defense counsel's medical claims must be verified, or NLI must reassign this matter to avoid further prejudice as Plaintiff is experiencing physical exhaustion and irreversible physical damage every time she works to present her case.

## CERTIFICATE OF SERVICE

I certify that on **July 8, 2025**, this motion was served via email on all counsel of record.

Respectfully submitted,

**Graciela Dela Torre**
*Pro Se Plaintiff*
653 Wing Street, Elgin, IL 60123
(630) 670-5914 | gmestiza1@gmail.com
**Dated:** July 8, 2025

# Exhibit

**Activity in Case 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al** > Inbox ×

usdc_ecf_ilnd@ilnd.uscourts.gov   Mon, Jul 7, 10:05 PM (21 hours ago)   
to ecfmail_ilnd

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3)

**Notice of Electronic Filing**

The following transaction was entered by Wax Jacobs, Justin on 7/7/2025 at 10:04 PM CDT and filed on 7/7/2025

Case Name: Dela Torre v. Davies Life & Health, Inc. et al
Case Number: 1:25-cv-01483
Filer: Nippon Life Insurance Company of America
Document Number: 90

Docket Text:
**MOTION by Defendant Nippon Life Insurance Company of America for extension of time to respond to pleadings**