BC

**FILED**
**7/8/2025**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

QR

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Graciela Dela Torre,**
Plaintiff, Pro Se,

v.

**Nippon Life Insurance Company of America,**
**Davies Life & Health, Inc.**, and
**Allsup, LLC,**
Defendants.

Case No. 1:25-cv-01483

---

**PLAINTIFF'S REQUEST FOR JUDICIAL CONFERENCE WITH THE EXECUTIVE COMMITTEE REGARDING DKT. 84 PROMISE TO DOCKET JUNE 3 EMAIL AND PROCEDURAL MISREPRESENTATIONS IN DKT. 65,66 and 74**

**NOW COMES Plaintiff Graciela Dela Torre**, a permanently disabled pro se litigant, respectfully requesting judicial intervention by the Executive Committee and Judge Pallmeyer regarding an unresolved ex parte email communication dated **June 3, 2025**, from **Attorney Joseph R. Jeffery**, counsel for **Davies Life & Health, Inc.**, to **Court Staff Member Susan Kelly Lenburg**. This email materially altered the procedural handling of this case, was never docketed as promised in **Dkt. 84**, and continues to prejudice Plaintiff's rights.

---

## I. REQUEST TO THE EXECUTIVE COMMITTEE

Plaintiff seeks the Executive Committee's review of:

1. **The procedural harm caused by the undisclosed June 3, 2025 email;**

2. **The procedural harm caused by the Court's rulings following the June 3 email between Attorney Joseph R. Jeffery and Court Staff Member Susan Kelly Lenburg, which mischaracterized the nature of Dkt. 58 and ignored Dkt. 53, abandoning the original Second Amended Complaint and proceed under a mislabeled Third Amended Complaint—despite her objections, clarification attempts, and supporting filings under Dkt. 69—resulting in wasted judicial resources, exacerbation of Plaintiff's disability, and an unacknowledged violation of Rule 15(d).**

3. **The mischaracterizations adopted in Dkt. 74**, which falsely states the email involved "scheduling";

4. **The Court's failure to fulfill the docketing promise stated in Dkt. 84**, thereby obstructing transparency;

5. **Systematic prejudice against Plaintiff**, a disabled non-lawyer litigant, due to defense counsel's strategic misrepresentations and resulting judicial action.

## II. FACTUAL BACKGROUND

On **June 3, 2025**, defense counsel **Joseph R. Jeffery** emailed Court staff member **Susan Kelly Lenburg,** copying Plaintiff and other counsel, stating:

"Dear Judge Pallmeyer" while neither the Judge or her Court deputy were included on the email, only Susan Kelly Lenburg

"Plaintiff filed a motion seeking leave to file a Second Amended Complaint... which motion remains pending. (ECF No. 58)."

He further suggested:

"It would be more efficient for the Court and the parties to resolve the motion seeking leave to file [Dkt. 58] before the defendants respond to the Amended Complaint."

**This was materially misleading.**

- Plaintiff had already filed a **Second Amended Complaint (Dkt. 53)** on **May 20, 2025**, which was not withdrawn, struck, or denied.
- Dkt. 58 was titled **Supplemental Complaint**, filed under **Rule 15(d)** to add post-settlement facts.
- Rule 15(d) allows a supplemental pleading **in addition to** not in substitution of an existing complaint.

Mr. Jeffery's June 3 email omitted Dkt. 53 entirely and described Dkt. 58 as if it were the only pending pleading. This omission caused the Court to enter **Dkt. 66** the next day, incorrectly deeming Dkt. 58 as the operative pleading and rendering Dkt. 53 "moot."

This decision, formalized in **Dkt. 65**, misrepresented the record and has since then prejudice Plaintiff's ability to pursue key claims including as she had to filed the TAC under duress due to the court denial of extension of time, disregarding that good cause existence in the form of overlapping medical treatments; see Dok.#

Plaintiff submitted **Dkt. 69** on **June 5, 2025**, to clarify that:

- Dkt. 53 was her operative **Second Amended Complaint**;
- Dkt. 58 was filed as a **Supplemental Complaint** under Rule 15(d);
- The June 3 email misrepresented these pleadings and influenced the Court ex parte;
- Plaintiff replied objecting on **June 4, 2025** (see attached Exhibit), but was ignored. Plaintiff initiated a new email chain copying all parties, adding Courtroom Deputy **Christina Presslak** and Judge Pallmeyer's chambers address, as shown in Dkt. 69, Page 8.
  **Christina Presslak not having knowledge of previous communications replied "Do not try to email the judge" (Dkt. 69, p. 6); Plaintiff explained the situation, but Presslak, unaware of the prior chain, replied that opposing counsel was not attempting to email the judge (Dkt. 69, p. 7), and reiterated that only formal CM/ECF filings would be recognized.**

Then, on **June 20, 2025**, the Court acknowledged in **Dkt. 84** that the June 3 email, along with all the emails, would be docketed — but that promise remains unfulfilled as of **July 9, 2025**.

---

## III. TABLE OF RECORD EVIDENCE

| Ref. | Document Description | Key Content | Prejudicial Impact |
|---|---|---|---|
| June 3 Email | Joseph Jeffery (Davies) to Susan Kelly Lenburg (CC Plaintiff) | Omitted Dkt. 53, implied Dkt. 58 was sole pending pleading | Triggered erroneous Dkt. 66 |
| Dkt. 66 | Court Order (6/4/25) | Mischaracterized Dkt. 58 as operative pleading, made it sound like a victory in favor of Plaintiff | Forced unnecessary Third Amended Complaint (Dkt. 80) |
| Dkt. 65 | Court Minute Entry (6/4/25) | Denied Dkt. 53 as moot; elevated Dkt. 58 as TAC | Adopted defense framing despite Plaintiff's objections |
| Dkt. 69 | Plaintiff's Motion for Clarification | Documented ex parte issue; sought correction of record | Ignored |

| | | |
|---|---|---|
| Dkt. 74 Minute Entry (6/15/25) | Claimed email involved "scheduling" (false) | Used to deny Plaintiff's relief |
| Dkt. 84 Minute Entry (6/20/25) | Promised docketing of June 3 email | Still not docketed as of July 9, 2025 |

Since **Dkt. 84** was entered on **June 20, 2025**, the Court has issued **three subsequent minute entries—Dkts. 87, 89, and 91**—yet **none have fulfilled the Court's own commitment** to docket the June 3, 2025 email exchange. This omission continues to obscure the prejudicial effect of the ex parte communication between Attorney Joseph R. Jeffery and Court staff, which altered the record and resulted in the mischaracterization and striking of Plaintiff's filings. Despite Plaintiff's documented objections and clarifications (see Dkt. 69), the June 3 email remains hidden from the public docket. Plaintiff respectfully renews her request that the Court fulfill its promise in Dkt. 84 and docket the full email chain and related responses without further delay.

## IV. LEGAL VIOLATIONS AND DUE PROCESS VIOLATION

- **Rule 15(d)** permits supplemental pleadings **in addition to**, not in substitution of, operative complaints.
- **Fed. R. Civ. P. 5(d)(1)(B)** and **Local Rule 83.50** prohibit ex parte communications and require transparency.
- Despite Plaintiff's objections, the June 3 communication materially impacted Court rulings without motion practice or hearings.

In **Dkt. 65**, the Court reframed Joseph Jeffery's ex parte email as if it were Plaintiff's clarification, and "granted" the motion—presenting it as a favorable outcome by granting leave to file what it called a "Third Amended Complaint" based on Dkt. 58, and declaring Dkt. 53 moot. The Court added, "the court expresses no opinion on the merits of Plaintiff's claims or any defenses that may be raised," which obscures the procedural harm and falsely suggests judicial neutrality.

## V. REQUESTED RELIEF

Plaintiff respectfully seeks:

1. **Judicial conference with the Executive Committee** to investigate ex parte impacts and docket manipulation;

2. **Immediate docketing of the June 3 email and Plaintiff's response,** as promised in Dkt. 84 and preserved in PDF form (file name: *June 3 to the court-Gracies reply-.pdf*);

3. **Formal acknowledgment that Dkts. 53 and 58 were stricken as a result of the misleading June 3 email,** wasting Court resources and exacerbating Plaintiff's medical hardship;

4. **Corrective order Dkt. 65 and Dkt. 74** due to factual misrepresentations;

5. **Directive requiring all future communications with chambers or court staff to be docketed via CM/ECF;**

6. **Sanctions hearing under Local Rule 83.51(c) for defense** counsel **Joseph R. Jeffery conduct;**

7. **Executive Committee's guidance to ensure procedural parity and equal protection under the law.**

## VI. CONCLUSION

This case exemplifies how unchecked ex parte conduct — even when "cc'd" to a pro se litigant — can bypass procedural safeguards and warp judicial outcomes. The delay in docketing and continued mischaracterization of filings obstruct Plaintiff's access to fair adjudication. The Executive Committee's intervention is urgently warranted to correct the record and uphold principles of justice and equality.

Respectfully submitted,
**Graciela Dela Torre**
**/s/Graciela Dela Torre**
653 Wing St
Elgin IL 60123
Gmestiza1@gmail.com
630-670-5914

Certificate of service

**Plaintiff's Request for Judicial Conference with the Executive Committee Regarding Dkt. 84 Promise to Docket June 3 Email and Procedural Misrepresentations in Dkts. 65, 66, and 74** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record

# Exhibit

Re: Dela Torre v. Nippon Life Ins. Co. of America, et al.

**Gracie Dlt <gmestiza1@gmail.com>**　　　　　　　　　　　　　　　Wed, Jun 4, 4:01 PM

to Joe, susan_lenburg@ilnd.uscourts.gov, Robert, J-WAXJACOBS

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.

- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914

RE: Dela Torre v. Davies Life & Health, Inc.

Inbox

**Jeffery, Joe**      Tue, Jun 3, 8:30 PM

to me

Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.

Joseph R. Jeffery, Esq.

Chittenden, Murday & Novotny LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com

From: Gracie Dlt <gmestiza1@gmail.com>
Sent: Tuesday, June 3, 2025 8:30 PM
To: Jeffery, Joe <jjeffery@cmn-law.com>
Subject: Re: Dela Torre v. Davies Life & Health, Inc.

**Double check the judge's email address, unless I am mistaken you send it to a different judge.**

On Tue, 3 Jun 2025, 8:26 pm Gracie Dlt, <gmestiza1@gmail.com> wrote:

Hello,

**Thanks for the email I just had a chance to fully read it, and I also saw your communication to the judge.**

On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

Chittenden, Murday & Novotny LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com