IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**DAVIES LIFE & HEALTH, INC.'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS**

Defendant, Davies Life & Health, Inc., formerly known as Disability Management Services, Inc. ("Davies L&H"), by and through its attorneys, respectfully requests that the Court: (1) enter judgment in favor of Davies L&H on Plaintiff's Counts I and II on the grounds that the claims asserted are barred by res judicata and/or release, or, with regard to Count II, alternately dismiss Count II for failure to state a claim upon which relief may be granted, and (2) dismiss Plaintiff's remaining claims against Davies L&H in Counts III and V-A for failure to state claims upon which relief may be granted. In support of this Motion, Davies L&H states:

1. Plaintiff was a participant in the "Nippon Express USA Welfare Benefits Plan, Group Benefit Plan, Long Term Disability," an employee welfare benefit plan ("Plan") sponsored by her former employer, Nippon Express USA. (*See* Plaintiff's Third Amended Complaint, ECF No. 80, § II, ¶ 3 and § III, ¶s 7-11, hereafter "TAC, § _, ¶_").

2. Plaintiff received long-term disability benefits ("LTD Benefits") for a time but her benefits were terminated effective November 30, 2021. (*See* TAC, § III, ¶s 7, 9).

3. This lawsuit represents Plaintiff's third attempt to litigate the termination of her LTD Benefits.

4. Plaintiff's first effort began with a lawsuit against her plan's insurer, Nippon Life Insurance Company of America ("Nippon Life"). *See Graciela Dela Torre v. Nippon Life Ins. Co. of America*, Case No. 1:22-cv-07059, hereafter the "Related Case."

5. The Related Case was dismissed with prejudice after the parties entered into a Settlement Agreement and Mutual Specific Release ("Settlement Agreement") and stipulated to the dismissal of the action with prejudice. (Related Case, ECF No. 34, 35); (*See also* TAC, § III, ¶s 15, 19, § IV, ¶ 14 (each citing ECF No. 44-3, which is a copy of the Settlement Agreement).

6. The Settlement Agreement contained a broad release that extended to Davies L&H and its role in the administration of Plaintiff's claim for LTD Benefits. (*See* ECF No. 44-3).

7. Plaintiff's second effort to litigate her LTD Benefit claim came in January 2025, approximately one year after the Related Case was settled and dismissed with prejudice, when Plaintiff moved to reopen that Case. (Related Case, ECF No. 94, PageID #851 and 852). The effort ended following an in-person hearing on February 13, 2025, in which the Court denied Plaintiff's motion. (*See* Related Case, ECF No. 94).

8. Plaintiff contends in her Count I that Davies L&H is liable for unspecified breaches of fiduciary duties allegedly owed to her under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, et seq. (TAC, §I, ¶ 1, § III, ¶s 8, 10, 11, 17, § IV, Count I, ¶ 3, § V, ¶ 3 (ERISA Claims (29 U.S.C. § 1132(a)(3))).

9. Plaintiff contends in her Count II that Davies L&H is liable for violating unspecified provisions of and certain regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), primarily codified at 42 U.S.C. § 1320d,

et seq. (TAC, §I, ¶ 1, § III, ¶ 18, § IV, Count II, ¶s 6-8, § V, ¶ 4 (HIPAA Violations (45 C.F.R. § 164.502))).

10. Plaintiff's claims in Counts I and II are barred by the doctrine of res judicata following the Court's dismissal of the Related Case with prejudice. The Court, therefore, should enter judgment in favor of Davies L&H on Plaintiff's Counts I and II.

11. Plaintiff's claims in Counts I and II are barred because they were released as part of the Settlement Agreement. The Court, therefore, should enter judgment in favor of Davies L&H on Plaintiff's Counts I and II.

12. Plaintiff's claims in Count II also must be dismissed for failure to state a claim upon which relief may be granted because there is no private right of action for an alleged violation of HIPAA. *Doe v. Bd. of Trs. of Univ. of Illinois*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue … has concluded that HIPAA does not authorize a private right of action."); *see also Brown v. State Farm Mut. Auto. Ins. Co.*, 23 C 6065, 2025 WL 81340, at *6 (N.D. Ill. Jan. 13, 2025).

13. Plaintiff's Counts III and V-A erroneously contend that the Federal Rules of Civil Procedure give rise to causes of action against Davies L&H.

14. Plaintiff's Count III alleges she is entitled to entry of an order pursuant to Rule 60(b)(3) and 60(b)(6) "[v]acat[ing] the January 2, 2024 LTD settlement (ECF No. 44-3)." (TAC, § IV, ¶ 9-13, § V, ¶ 1).

15. Plaintiff's Count V-A purports to assert a cause of action under Fed. R. Civ. P. 11 seeking sanctions against one of Davies L&H's attorneys, who she contends "misled court staff" in an email sent concerning the filings in this matter. (TAC, § III, ¶ 21, citing ECF No. 69, p. 4 of 11 (also PageID #417), and § IV, ¶ 16).

3

16. Plaintiff's Counts III and V-A fail to state claims upon which relief can be granted because "the Federal Rules of Civil Procedure do not create independently enforceable rights upon which [a plaintiff] may sue." *State Police for Automatic Ret. Ass'n v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001); *see also Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 452 (D. Del. 2007) (noting that "the Federal Rules of Civil Procedure do not create a private cause of action"); *T.B. Proprietary Corp. v. Sposato Builders, Inc.*, No. CIV. A. 94-6745, 1996 WL 674016, at *7 (E.D. Pa. Nov. 20, 1996) ("[t]he Federal Rules of Civil Procedure do not state independent causes of action nor create substantive law").

17. Davies L&H is filing contemporaneously herewith its Memorandum in Support of Motion for Judgment on the Pleadings and Motion to Dismiss Plaintiff's Third Amended Complaint and incorporates the same by reference.

**WHEREFORE**, Defendant, Davies Life & Health, Inc., respectfully requests that the Court: (1) enter judgment in favor of Davies L&H on Plaintiff's Counts I and II on the grounds that the claims asserted are barred by res judicata and/or release, or, with regard to Count II, alternatively dismiss Count II for failure to state a claim upon which relief may be granted, and (2) dismiss Plaintiff's remaining claims against Davies L&H in Counts III and V-A for failure to state claims upon which relief may be granted, and for such other relief as this Court deems just.

Respectfully submitted,

**DAVIES LIFE & HEALTH, INC.**

By: \_\_\_/s/ Joseph R. Jeffery_____
     One of Its Attorneys

Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
T: 312-281-3600

F: 312-281-3678
jjeffery@cmn-law.com

*Attorney for Davies Life & Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this **10th day of July, 2025**, I electronically filed the foregoing **Motion for Judgment on the Pleadings and Motion to Dismiss Plaintiff's Third Amended Complaint** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the CM/ECF registered participants:

| | |
|---|---|
| Robert W. Brunner, Esq.<br>Bryan Cave Leighton Paisner, LLC<br>161 N. Clark Street, Suite 4300<br>Chicago, Illinois 60613<br>Robert.brunner@bclplaw.com<br><br>*Attorney for Allsup, LLC* | Justin Wax Jacobs, Esq.<br>Nippon Life Insurance Company of America<br>666 Third Avenue, Suite 2201<br>New York, NY 10017<br>j-waxjacobs@nipponlifebenefits.com<br><br>*Attorney for Nippon Life Insurance Company* |

and that a true and correct copy was served upon the following parties via email and U.S. Mail:

Graciela Dela Torre
653 Wing St.
Elgin, IL 60123
Gmestiza1@gmail.com

Plaintiff*, Pro Se*

                                          */s/ Joseph R. Jeffery*
                                          CHITTENDEN, MURDAY & NOVOTNY LLC
                                          303 West Madison Street, Suite 2400
                                          Chicago, Illinois 60606
                                          P: 312.281.3600
                                          F. 312.281.3678
                                          jjeffery@cmn-law.com