IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRACIELA DELA TORRE,<br><br>Plaintiff,<br><br>v.<br><br>NIPPON LIFE INSURANCE COMPANY OF AMERICA; DAVIES LIFE & HEALTH, INC. (f/k/a DMS); and ALLSUP, LLC,<br><br>Defendants. | Case No.: 25-cv-01483<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANT ALLSUP, LLC'S MEMORANDUM OF LAW<br>IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant Allsup, LLC ("Allsup"), by and through its undersigned counsel, and for its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Garciela Dela Torre's ("Plaintiff") Third Amended Complaint (Doc. 80) pursuant to Federal Rule of Civil Procedure 12(b)(6) states:

**INTRODUCTION**

The claims against Allsup in Plaintiff's Third Amended Complaint fail as a matter of law and should be dismissed with prejudice with no leave to replead. Plaintiff makes clear on the first page of her Third Amended Complaint that this case is "based on post-settlement violations and newly discovered evidence … following the January 2024 execution of a Long-Term Disability (LTD) settlement." There is no allegation in the Third Amended Complaint that Allsup was a party to the earlier lawsuit or was involved in any way regarding the settlement of that lawsuit. Moreover, there is no allegation that Allsup had anything to do with the administration of the Plan that is the subject of this lawsuit, or the benefits paid under that Plan. Instead, Allsup assisted Plaintiff with a claim made for Social Security Disability Insurance ("SSDI") benefits (a

government program), and not LTD benefits. Because Allsup was neither Plaintiff's employer nor administrator of the Plan, Plaintiff's claim against Allsup under ERISA fails as a matter of law. Plaintiff also seeks "relief from judgment and settlement vacatur" against Allsup, but that claim relates to the earlier lawsuit in which Allsup was not a party. For the reasons stated herein, all claims asserted in the Third Amended Complaint against Allsup should be dismissed with prejudice with no leave to replead.

## FACTUAL BACKGROUND

The Third Amended Complaint alleges that Plaintiff is a former employee of Nippon Express USA and is "permanently disabled and cognitively impaired." (Doc. 80, p. 2) She further claims that Defendant Nippon Life Insurance Company ("Nippon") is the "LTD plan administrator," and Defendant Davies Life & Health, Inc. ("Davies") "served as third-party fiduciary administrator of the LTD plan." (*Id.*) Plaintiff alleges that Allsup "manage[d] [her] SSDI filings." (*Id.*) She does not allege that Allsup was an administrator of the LTD plan or had any role with the administration of the LTD plan. (Doc. 80, *gen.*)

Plaintiff alleges that Nippon and Davies "violated the express terms of the LTD policy by terminating Plaintiff's benefits without honoring the policy's 'Recurring Disability' clause." (Doc. 80, p. 4) She does not allege that Allsup violated the terms of the LTD policy.

Plaintiff alleges that her LTD benefits were terminated "retroactively" as of November 30, 2021," and that Nippon and Davies allegedly "refused to apply the 'Recurring Disability' clause." (*Id.*) She also claims that on March 29, 2022, Davies "upheld the denial based on surveillance

conducted after the effective date of the termination," and that "attorney Kevin Probst and Nippon coerced Plaintiff to sign a settlement on January 2, 2024 …" (*Id.*)[1]

Plaintiff claims that Allsup allegedly violated Section 502(a)(3) of ERISA by "misrepresent[ing] that it filed Plaintiff's SSDI appeal," denied her access to records, and that she seeks an "order compelling Allsup to file a reconsideration request to SSA using the full evidentiary record." (*Id.*)

## **LEGAL STANDARD**

A motion brought under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Advanced Physical Med. of Yorkville, Ltd. v. Cigna Health & Life Ins. Co.*, No. 22-CV-02982, 2023 WL 5830791, at *2 (N.D. Ill. Sept. 8, 2023), *citing Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Advanced Physical*, 2023 WL 5830791, at *2, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Advanced Physical*, 2023 WL 5830791, at *2, *citing Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the

---

[1] The settlement was reached in a lawsuit filed by Plaintiff in 2022 in an action styled *Dela Torre v. Nippon Life Insurance Company of America*, Case No. 22-cv-07059 (Hon. Rebecca R. Pallmeyer presiding) (hereinafter referred to as the "2022 Lawsuit").

3

Plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

## ARGUMENT

**A.  Plaintiff Fails to State a Claim Against Allsup Under Section 502(a)(3) of ERISA (Count I).**

Plaintiff alleges that Allsup violated Section 502(a)(3) of ERISA, codified as 29 U.S.C. § 1132(a)(3), which provides:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought—
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter[2] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

*See* 29 U.S.C.A. § 1132(a)(3).

Plaintiff does not allege that Allsup violated the terms of the Plan, nor can she given that Allsup only assisted her with her SSDI claim, a fact she admits in her Third Amended Complaint. (Doc. 80, p. 2)  Plaintiff received LTD benefits under the private employer-sponsored Plan and her SSDI benefits are from the government.  ERISA is "a federal law that sets minimum standards for most voluntarily established retirement and health plans in private industry to provide protection for individuals in these plans." *See* https://www.dol.gov/general/topic/health-

---

[2] The Subchapter is "Protection of Employee Benefit Rights." For example, Section 1021 of this Subchapter provides that the "administrator of each employee benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan . . ." *See* 29 U.S.C.A. § 1021. Allsup was not the administrator of the Plan, a fact she concedes in her Third Amended Complaint.

4

plans/erisa;[3] *Johnson v. City of Kewanee*, No. 421CV04051SLDJEH, 2023 WL 8091963, at *3 (C.D. Ill. Nov. 21, 2023) (ERISA applies to private employers). SSDI is a government program which "provides monthly payments to people who have a disability that stops or limits their ability to work." *See* https://www.ssa.gov/disability; *Palsgaard v. Comm'r of Internal Revenue*, 115 T.C.M. (CCH) 1450 (T.C. 2018) (SSDI program is a government-sponsored insurance plan). Allsup was not involved with Plaintiff's private employer-sponsored Plan that provided LTD benefits. The Third Amended Complaint includes no allegation that Allsup had anything to do with the administration of the Plan that is the subject of this lawsuit, or the benefits paid under that Plan. Instead, Allsup assisted Plaintiff with her SSDI claim. (Doc. 80, p. 2)

Based on the above, Plaintiff's claim against Allsup under Section 502(a)(3) of ERISA fails as matter of law and should be dismissed with prejudice with no leave to replead given that this claim cannot be cured by amendment. *Smoter v. Mentholatum Co., Inc.*, No. 24 CV 4155, 2025 WL 273437, at *3 (N.D. Ill. Jan. 17, 2025) (claims cannot be cured by amendment and leave to replead would be futile).

### B.  Plaintiff Fails to State a Claim Against Allsup Regarding HIPAA Violations and Breach of Privacy (Count II).

Count II of the Third Amended Complaint is directed against Allsup and Davies, but includes no allegations against Allsup. (Doc. 80) Instead, Plaintiff claims that "Davies disseminated 214 pages of protected health data to Rams Foods without a valid HIPAA release," and that she "never authorized this disclosure, and the package arrived breached and incomplete." (*Id.*, p. 4) Because Count II includes no allegations against Allsup, Count II should be dismissed with prejudice as it relates to Allsup with no leave to replead. *Smoter*, 2025 WL 273437, at *3.

---

[3] The Court can take judicial notice of documents on government websites. *Slowinski v. BlueTriton Brands, Inc.*, 744 F. Supp. 3d 867, 874 (N.D. Ill. 2024).

Moreover, HIPAA does not provide for a private cause of action. *Nw. Mem'l Hosp. v. Vill. of S. Chicago Heights Health & Welfare Fund*, No. 03 C 4006, 2004 WL 1687057, at *4 (N.D. Ill. July 27, 2004); *see also Gray v. Walgreens Boots All., Inc.*, No. 23 CV 11441, 2024 WL 2863332, at *9 (N.D. Ill. June 6, 2024), and Plaintiff provides no legal support for her purported "breach of privacy" claim.

### C. Plaintiff Fails to State a Claim for Relief from Judgment Under Rule 60 (Count III).

Plaintiff includes Allsup in her claim under Federal Rule of Civil Procedure 60(b)(3) relating to the settlement of the 2022 Lawsuit. (Doc. 80, p. 4.) She requests "vacatur of the January 2, 2024 agreement," which refers to the settlement agreement of the 2022 Lawsuit. (*Id.*) No cause of action exists under Rule 60. Instead, a motion for relief from a final judgment, order, or proceeding is brought by a party who is seeking this relief. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons …") Based on this alone, Count III against Allsup should be dismissed with prejudice. Moreover, Allsup was not involved in the 2022 Lawsuit including the settlement of that case.

### D. Other Claims

In addition to the claims discussed above, it appears that Plaintiff may also be claiming that Allsup violated Section 12132 of the Americans with Disabilities Act ("ADA" or "Act"), and the Due Process Clauses of the Fifth and Fourteenth Amendments. (Doc. P. 1.)

#### 1. ADA

Section 12132 of the ADA is found in Title II of the Act and provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a ***public entity***, or be subjected to discrimination by any such entity.

6

42 U.S.C.A. § 12132 (emphasis added)

Title II of the ADA applies only to public entities, which are defined, in relevant part, as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Golbert v. Smith*, No. 23-CV-00300, 2025 WL 963914, at *8 (N.D. Ill. Mar. 31, 2025); 42 U.S.C.A. § 12131(1). Allsup is not a public entity, and thus any ADA claim brought against Allsup pursuant to Section 12132 of the ADA should be dismissed with prejudice with no leave to replead.

### 2. Fifth Amendment

The Fifth Amendment's Due Process Clause applies only to federal actors. *Vandenboom v. Strohmeyer*, No. 23-2405, 2024 WL 322036, at *2 (7th Cir. Jan. 29, 2024), *cert. denied*, 144 S. Ct. 2669 (2024), *reh'g denied*, 145 S. Ct. 107 (2024); *see also Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (Due Process Clause of Fifth Amendment prohibits United States from depriving any person of property without "due process of law"). Allsup is not a federal actor. The Third Amended Complaint alleges no facts that would support any Fifth Amendment due process claim against Allsup.

### 3. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *Keating v. City of Waukegan*, No. 22 CV 5488, 2024 WL 2882581, at *8 (N.D. Ill. June 7, 2024); U.S. Const. amend. XIV, § 1. The Fourteenth Amendment "applies only to government action, not purely private conduct." *Robinson v. Mut. of Omaha*, No. 23-CV-16461, 2024 WL 3552522, at *2 (N.D. Ill. July 26, 2024).

7

Although Allsup represented Plaintiff before the SSA regarding her SSDI claim, Allsup did not perform any "government action." *Thomas v. Georgeanne Osmer & Gwendolyn M. Thomas*, No. 23-CV-03037, 2024 WL 329920, at *4 (C.D. Ill. Jan. 29, 2024) (complaint failed to demonstrate violation of Fourteenth Amendment given that it involved purely private individuals). The Third Amended Complaint alleges no facts that would support any Fourteenth Amendment due process claim against Allsup.

WHEREFORE, Defendant Allsup, LLC respectfully requests, for the reasons stated herein and its Motion to Dismiss, that all claims against Allsup asserted in the Third Amended Complaint be dismissed with prejudice with no leave to replead, and that the Court enter any further relief that it deems just and proper.

Dated: July 11, 2025

Respectfully submitted,

By: */s/ Robert W. Brunner*
Robert W. Brunner
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315
(312) 602-5000
robert.brunner@bclplaw.com

*Attorneys for Defendant Allsup, LLC*

8

**CERTIFICATE OF SERVICE**

 The undersigned certifies that on July 11, 2025, a copy of the foregoing was served on counsel through the ECF system, and that a copy was served on the following by electronic mail:

Garciela Dela Torre
gmestiza1@gmail.com


              */s/ Robert W. Brunner*