

FILED

7/14/2025

LJ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

**Graciela Dela Torre**,

Plaintiff,

v.

Nippon Life Insurance Company of America, represented by Justin Wax Jacobs
Davies Life & Health, Inc., represented by Joseph R. Jeffery
Allsup, LLC, represented by Robert W. Brunner
Defendants.

**Case No. 1:25-cv-01483**

---

**MOTION FOR ADMINISTRATIVE REASSIGNMENT DUE TO APPEARANCE OF IMPROPRIETY AND CLERK MISCONDUCT PURSUANT TO LOCAL RULE 40.3(d)**

Plaintiff **Graciela Dela Torre**, acting pro se, respectfully moves this Court to administratively reassign the above-captioned case pursuant to **Local Rule 40.3(d)** due to the **appearance of impropriety**, **ex parte influence via June 3rd email** , and **procedural inconsistencies** affecting the fairness and impartiality of the current forum. In support of this motion, Plaintiff submits the attached **Timeline and Table of Procedural Misconduct**, a supporting **Declaration under 28 U.S.C. § 1746**, and **Exhibit A (Judicial Notice of Clerk-Initiated Communications).**

---

**I. LEGAL BASIS FOR REASSIGNMENT**

**Local Rule 40.3(d)** permits reassignment of a civil case where "reassignment is necessary to avoid duplication of judicial effort or to serve the interests of justice."

Here, reassignment is warranted to protect:

- **The integrity of the judicial process**;

- **Plaintiff's right to a neutral and unbiased forum**;

- **Appearance of fairness given the documented clerk-counsel email interference**.

---

## II. TIMELINE AND TABLE OF PROCEDURAL IRREGULARITIES

### Timeline of Key Events & Violations

| Date | Event | Docket | Violation / Concern |
|---|---|---|---|
| June 3, 2025 | Ex parte email between **Susan Kelly Lenburg** and **Joseph R. Jeffery** | (Not docketed in violation of Dok. 84) | Triggered improper entry (Dkt. 66); altered status of Dkts. 53 & 58 without motion, ignoring Plaintiff Objections. |
| June 4, 2025 | Minute Entry directs Plaintiff to submit one operative complaint | Dkt. 65 | Based on ex parte mischaracterization; does not cite Plaintiff's actual filings 53 SAC and 58 Supplemental SAC. |
| June 12, 2025 | Pro bono request denied | Dkt. 64 | Ignores Plaintiff's cognitive impairment and disability records. |
| June 13-21, 2025 | Plaintiff files objections, service clarifications, Rule 11, etc. | Dkts. 72, 73 & 78 | Court denies all, fails to acknowledge metadata and repeated service confirmations. |
| June 20, 2025 | Court denies reassignment motion (mislabeling it as recusal) | Dkt. 82 | Avoids substance of Plaintiff's request for reassignment under Rule 40.3(d). |
| June 25, 2025 | Court grants motion to print ex parte emails (but makes no correction) | Dkt. 84 | Suggests awareness of improper contact yet refuses to clarify record. |
| July 2, 2025 | Court grants extension to Allsup, LLC, ignoring Plaintiff's prior Objection | Dkt. 87/4:04pm Objection Dkt. 88 4:00pm | Prejudicial delay in favor of Defendants; objection entered **before** extension granted. (88 Received at 4:00pm, 87 processed at 4:04pm, then 88 processed at 4:09pm right after the granted extension) |

### III. SUPPORTING DECLARATION UNDER 28 U.S.C. § 1746

I, **Graciela Dela Torre**, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge:

1. I am the Plaintiff in the above-captioned matter.

2. I have personally reviewed the filings, email metadata, docket entries, and court rulings referenced in this motion.

3. On June 3, 2025, an **ex parte email** exchange occurred between Clerk **Susan Kelly Lenburg** and opposing counsel **Joseph R. Jeffery**, resulting in the unauthorized and prejudicial docketing of a phantom entry (Dkt. 66), and subsequent mischaracterization of my properly filed pleadings (Dkts. 53 and 58).

4. This altered the procedural posture of my case and led to cumulative bias against me.

5. My disability, cognitive condition, and pro se status have not been acknowledged with the same weight as defense delays.

6. The denial of my motion for reassignment (Dkt. 82) failed to address these facts and instead recast my objections as mere disagreement.

7. **Rubber Stamp: Procedural Reassignment Without Hearing**

This document highlights two related but distinct procedural improprieties:

First, the **administrative reassignment** of Case No. 1:25-cv-01483 to Judge Rebecca R. Pallmeyer occurred **without notice, hearing, or motion** from any party. There is no docketed motion or hearing record supporting this reassignment, raising significant concern under Local Rule 40.3(d) regarding judicial transparency and due process.

Second, on **June 3, 2025**, an **ex parte email** exchange occurred between Court Clerk **Susan Kelly Lenburg** and defense counsel **Joseph R. Jeffery** of **Chittenden, Murday & Novotny LLC**. That email thread led to the entry of a phantom docket item (Dkt. 66) that was never filed/Authorized by me the Plaintiff. This phantom entry became the basis for mischaracterizing and ultimately striking my operative pleadings (Dkts. 53 and 58), despite the absence of a proper motion, court order, or hearing. This sequence of clerk-initiated and unreviewed activity resulted in a prejudicial chain reaction that directly undermined myrights to be heard and to a fair forum.

Executed this 14th day of July, 2025.

**/s/ Graciela Dela Torre**
Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

---

**IV. PRAYER FOR RELIEF**

Plaintiff respectfully requests:

1. That this case be administratively **reassigned to a new District Judge** pursuant to **Local Rule 40.3(d);**

2. That the Court acknowledge the appearance of impropriety caused by the June 3, 2025 ex parte communication between Court Clerk Susan Kelly Lenburg and opposing counsel Joseph R. Jeffery of Chittenden, Murday & Novotny LLC;

3. That future filings and hearings be handled by an impartial tribunal with no prior involvement in the related 22-cv-07059 case.

---

CERTIFICATE OF SERVICE I certify that on July 14, 2025, I served a true and correct copy of this Notice to all registered parties via the Court's CM/ECF system.

/s/ Graciela Dela Torre
Graciela Dela Torre