BC

FILED
7/14/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LJ

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

**Graciela Dela Torre,**

Plaintiff,

v.

Nippon Life Insurance Company of America, represented by Justin Wax Jacobs

Davies Life & Health, Inc., represented by Joseph R. Jeffery

Allsup, LLC, represented by Robert W. Brunner

Defendants.

**Case No. 1:25-cv-01483**

**PLAINTIFF'S NOTICE OF JUDICIAL IRREGULARITIES REGARDING DKTS. 86, 87, 88 & 89**

**AND NOTICE TO THE EXECUTIVE COMMITTEE UNDER LOCAL RULE 40.3(d)**

Plaintiff **Graciela Dela Torre**, acting *pro se*, respectfully submits this Notice to document and preserve **significant judicial irregularities and procedural discrepancies** involving Docket Nos. **86**, **87**, **88**, and **89**, which collectively demonstrate a pattern of:

- Disparate treatment against Plaintiff,
- Prejudicial timing of rulings favoring Defendant Allsup, LLC,
- Judicial disregard for Plaintiff's disability status and pro se accommodations, and
- Potential bias undermining procedural fairness.

## I. BACKGROUND OF EVENTS

| Date | Event | Dkt. | Description |
|---|---|---|---|
| July 1, 2025 | Defendant files Motion for Extension of Time | Dkt. 86 | Vague references to "immigration" and "public benefit" workload; lacks case-specific justification. |
| July 2, 2025 – 4:00 PM | Plaintiff's Objection filed and stamped | Dkt. 88 | Timely objection citing prejudice, delays, cognitive disability, unequal treatment. |
| July 2, 2025 – 4:04 PM | Court grants Defendant's Extension | Dkt. 87 | Order issued before Plaintiff's Objection is docketed—appears rubber-stamped. |

| July 2, 2025 – PM | Court issues Minute Entry | Dkt. 89 | Dismisses Objection without addressing timestamp or modifying Dkt. 87 ruling. |

## II. FAILURE TO APPLY RULE 6(b) FAIRLY

**Federal Rule of Civil Procedure 6(b)(1)(A)** provides that extensions may be granted **only for good cause**. In this case:

- **Dkt. 86** does **not** meet the "good cause" threshold. The motion is boilerplate, with vague references to "immigration" and "public benefits," which are **not relevant to this ERISA case**.

- Defense counsel **Robert W. Brunner** is a partner at **Bryan Cave Leighton Paisner LLP**, a large law firm with ample attorney resources to reassign the matter if needed.

- There was no identification of specific deadlines, no declared conflicts, and no explanation of how "immigration" cases interfered with this ERISA matter.

By contrast, Plaintiff's **own prior requests for modest extensions (Dkts. 73, 78)**—supported by **detailed medical evidence and disability documentation**—were **denied or severely restricted** to one-week increments.

Moreover, **Defendant Allsup, LLC has engaged in procedural misconduct**:

- **Dkt. 62** confirms Allsup was fully served on **March 11, 2025**, with physical receipt.

- Yet, Allsup's counsel falsely claimed otherwise and **submitted a waiver of service**, despite having actual notice—deliberately misleading the Court and gaining improper time extensions.

**Correction and Additional Misrepresentation by Allsup:**

Plaintiff attempted proper service on Defendant **Allsup, LLC** as early as **March 21, 2025**, as reflected in **Dkt. 21**, which includes a certificate of service submitted for filing on **April 4, 2025** (PageID #103). Although the Court ultimately did not docket that certificate as perfected, it documents Plaintiff's **intent and effort to serve properly under Rule 4**.

Despite this, Defendant's attorney **Robert W. Brunner** filed a **Waiver of Service** on **April 4, 2025 (Dkt. 19)**, signed April 3, 2025—**after Plaintiff's physical mailing and service attempt had already occurred**.

This raises critical procedural concerns:

- **Waiver of service was inappropriate and misleading**, as Plaintiff had already initiated lawful service by mail under Rule 4(c) and 4(e).

- Brunner's waiver filing made it **appear as if no service had been attempted**, potentially resetting deadlines to Defendant's advantage, in violation of **Fed. R. Civ. P. 4(d)(2)**.

- This filing also falsely implied cooperation when in fact it obstructed acknowledgment of Plaintiff's earlier efforts and gave **the illusion of professional courtesy**, masking what amounts to **procedural manipulation**.

The waiver allowed Defendant to claim an extended response deadline, despite being in possession of the complaint since March 11, 2025 (see also Dkt. 62), and knowing Plaintiff was proceeding in good faith under disability.

This conduct constitutes **strategic bad faith** and **an abuse of Rule 4(d)** protections.

### III. DISCRIMINATORY LANGUAGE AND INTIMIDATION

Defendant's **Motion for Extension (Dkt. 86)** included irrelevant references to "immigration" obligations:

- The term bears **no relation** to this ERISA/HIPAA case.

- Plaintiff, as a **Latina/Hispanic woman**, asserts that such language reinforces **subconscious bias** and may trigger fears in immigrant communities.

- In the context of **increased ICE raids and deportation actions in 2025**, such terminology is not neutral—it carries a **chilling effect** and may intimidate or marginalize pro se litigants with perceived ethnic or immigrant backgrounds.

Defense counsel failed to articulate any **nexus** between the word "immigration" and their inability to file a timely response.

### IV. REQUEST FOR CORRECTIVE ACTION

Plaintiff respectfully requests that this Court:

1. **Take judicial notice** of the irregular sequence involving Dkts. 86 to 89;

2. **Impose sanctions on Defendant Allsup, LLC and its counsel under Rule 11 or the Court's inherent authority for filing misleading procedural documents, and reopen or amend Dkt. 87**, acknowledging that the Court's ruling was issued **minutes before** Plaintiff's timely Objection (Dkt. 88) appeared on the public docket;

3. **Clarify that "good cause" under Rule 6(b)(1)(A)** requires a concrete, fact-supported explanation—especially when sought by experienced counsel. Generalized references to workload or unrelated legal practice areas (e.g.,

"immigration") fall far short of the legal standard. Attorneys from nationally resourced firms like Bryan Cave Leighton Paisner LLP, with extensive staff and support, have an even greater duty to substantiate extension requests with specificity. Allowing vague assertions as 'good cause' undermines procedural fairness and imposes unjust disadvantage on pro se litigants who are held to a higher factual burden when requesting the same relief.

4. **Formally acknowledge and admonish the use of discriminatory undertones** in the language used by Defendant's counsel in Dkt. 86, particularly the reference to "immigration," which bears no legal relevance to the matter at hand but may trigger latent bias or intimidation against ethnic minorities and pro se litigants. Given that Robert W. Brunner is a seasoned attorney at a national law firm, he is presumed to understand the legal and ethical implications of language used in pleadings. The use of such terminology unanchored to any factual or procedural basis in this ERISA case suggests a deliberate or reckless disregard for the risk of invoking prejudicial associations. The Court should expressly discourage such veiled references that carry the risk of invoking prejudice and psychological harm, especially when directed at a self-identified Latina/Hispanic disabled plaintiff engaged in sensitive litigation.

5. **Forward this notice to the Executive Committee** under **Local Rule 40.3(d)** for review of any judicial conduct or case management irregularities that may have compromised impartiality.

**Respectfully submitted,**
/s/ Graciela Dela Torre
Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com
Dated: July 14th, 2025

CERTIFICATE OF SERVICE I certify that on July 14, 2025, I served a true and correct copy of this Notice all registered parties via the Court's CM/ECF system.

/s/ Graciela Dela Torre
Graciela Dela Torre