


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebcca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11(b), RULE 16(f), AND 28 U.S.C. § 1927**

NOW COMES Plaintiff Graciela Dela Torre, appearing pro se, and respectfully moves this Court for the imposition of sanctions under Federal Rules of Civil Procedure 11(b), 16(f), and 28 U.S.C. § 1927 against defense counsel Joseph R. Jeffery (for Davies Life & Health, Inc.) and Robert W. Brunner (for Allsup, LLC). In support thereof, Plaintiff states as follows:

### I. BACKGROUND AND CONTEXT

This motion addresses a pattern of misconduct by Defendants' counsel that has obstructed the fair administration of justice and caused Plaintiff procedural harm and emotional distress. Despite this Court's express instruction requiring compliance with Local Rule 37.2 and Judge Chang's Case Management Procedures, both Mr. Jose Jeffery and Mr. Brunner have repeatedly filed motions and communications without genuine conferral, **misrepresented their efforts to confer**, and induced judicial actions based on these **false assertions.**

Plaintiff is a pro se litigant with documented physical and cognitive impairments and has requested reasonable procedural accommodation. Nevertheless, Defendants have pursued tactical filings without adherence to procedural obligations, forcing Plaintiff to respond under duress and without equitable opportunity.

## II. VIOLATIONS OF LOCAL RULE 37.2 AND COURT ORDERS

### Instance #1: April 16, 2025 Hearing Request Joseph R. Jeffery (Davies L&H)

- On **April 3, 2025**, Judge Chang issued a Minute Entry (Dkt. 17, incorporated by reference in Dkt. 26) that reset the tracking hearing to **April 25, 2025**, with explicit instructions that **no appearance was required** and the case would not be called on that date. This directive removed the need for any intervening hearing requests or motions to set alternate hearing dates.

- Despite this clear directive and the existing scheduled reset, Mr. Jeffery, counsel for Davies Life & Health, Inc., unilaterally filed a motion requesting a hearing for **April 16, 2025**, without conferring with Plaintiff as required by Local Rule 37.2 and Judge Chang's standing instructions.

- Plaintiff had a **pelvic exam** scheduled for that day, as verified by **Exhibit D in Dkt. 26**.

- On **April 9, 2025**, Judge Chang vacated the hearing and issued a warning in **Dkt. 29**, noting that counsel had failed to comply with conferral requirements and stating that **"all parties must comply"** with those rules going forward.

### Instance #2: June 3, 2025 Misrepresentation of Conferral Joseph R. Jeffery (Davis L&H)

- On **June 3, 2025**, Mr. Jeffery emailed Plaintiff at approximately before **2:00 PM**, requesting a position on a procedural issue by **4:00 PM**.

- At **4:21 PM**, Mr. Jeffery emailed Court staff, Susan Kelly Lenburg, referring to her as "Honoroble Judge Pallmeyer", copying attorneys Robert W. Brunner (Allsup, LLC) and Justin Wax Jacobs (Nippon Life Insurance Company of America), falsely implying that Plaintiff had failed to respond, despite setting an unreasonable less than 2-hour deadline and making no real-time effort to confer.

- This maneuver triggered **Dkt. 65** on June 4, 2025, which prejudicially treated Plaintiff's Supplemental Complaint (Dkt. 58) as operative, disregarding the concurrently filed Second Amended Complaint (Dkt. 53).

- Plaintiff did not open Jeffery's email until **after 8:00 PM**, well after the artificially imposed 4:00 PM deadline had expired, and her prompt email reply—sent the same evening—was dismissed as ex parte rather than treated as part of the ongoing conferral sequence, despite being responsive and relevant to the issue at hand.

- This conduct directly violated **Judge Chang's April 9, 2025 directive in Dkt. 29**, which expressly reminded all parties of their obligation to comply with **Local Rule**

**37.2** by conferring in person or by telephone before filing motions, particularly those that may alter schedules or burden the Court.

### Instance #3: July 1, 2025 Extension Motion Robert W. Brunner (Allsup LLC)

- On **July 1, 2025 at 10:46 AM**, Mr. Brunner emailed Plaintiff requesting a position on an extension.

- At **12:53 PM**, just over two hours later, he filed the motion (Dkt. 86) without receiving or waiting for a reply, and without any real-time follow-up such as a phone call, text, or Zoom communication, in clear violation of the live conferral requirement set forth in **Local Rule 37.2 and Judge Chang's directive in Dkt. 29.**

- On **July 11, 2025**, Mr. Brunner, counsel for Allsup, LLC, filed a dispositive motion to dismiss (Dkt. 102) but failed to provide Plaintiff with a courtesy copy, despite his prior representation that he would serve Plaintiff by email or physical delivery. This omission further burdened Plaintiff, who had already disclosed in Dkt. 92 that she was locked out of PACER due to non-payment and relied on direct notice to access filings. Mr. Brunner was aware of this limitation, making his failure to notify especially prejudicial to Plaintiff as a disabled pro se litigant.

- These actions were conducted without reasonable time or effort to confirm Plaintiff's participation, in violation of Honorable Edmond E. Chang Dok. 29, in violation of Rule 37.2 and Plaintiff's pro se and ADA status. Plaintiff had also informed the Court in Dkt. 92 that she was locked out of PACER due to non-payment, a fact known to Mr. Brunner, who nevertheless proceeded to file without ensuring service or access. This conduct further impaired Plaintiff's ability to respond and imposed unjustified burdens on both Plaintiff and the judiciary.

## III. LEGAL BASIS FOR SANCTIONS

### Rule 11(b)

Attorneys are required to certify that filings are not presented for improper purposes and that factual representations have evidentiary support. Misrepresenting conferral efforts and triggering prejudicial rulings under false pretenses constitutes a direct violation of this rule.

### Rule 16(f)

This Court may sanction parties who violate pretrial orders. The April 9 directive in Dkt. 29 was clear: conferral was required for future filings. Jeffery and Brunner ignored this standing order.

### 28 U.S.C. § 1927

An attorney who unreasonably and vexatiously multiplies proceedings may be held liable for excess costs and attorney's fees. While Plaintiff is not a licensed attorney, courts have recognized that pro se litigants may recover equitable relief or modest compensation for the time, labor, and procedural burdens incurred due to an opponent's bad-faith litigation conduct. Courts have also awarded costs under 28 U.S.C. § 1927 and Rule 11(c)(4) in situations involving intentional misrepresentation, especially when a disabled pro se litigant is forced to conduct extensive research and filings to correct the record. The cumulative pattern of these violations supports the application of these statutes and entitles Plaintiff to appropriate equitable compensation for the harms endured.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests the following:

1. **A written warning or reprimand** to defense counsel Joseph R. Jeffery (Davies Life & Health, Inc.) and Robert W. Brunner (Allsup, LLC) for violating Rule 37.2, Judge Chang's April 9, 2025 directive (Dkt. 29), and for creating avoidable burdens on a disabled pro se litigant and the judiciary;

2. **An order requiring real-time conferral** (via phone, text, or in person) initiated with at least **48-hour advance notice**, and documented by timestamps or screenshots to ensure transparency and compliance with Rule 37.2 and this Court's standing orders;

3. **A modest monetary sanction** of no less than $1,500 payable to Plaintiff for the substantial time, research, and prejudice caused by Defendants' counsel, who knowingly disregarded Rule 37.2 and caused avoidable filings, clarifications, and corrections—compounding the burden on a disabled pro se litigant and draining limited judicial resources;

4. **An instruction that repeated violations will result in further sanctions**, including monetary penalties, evidentiary restrictions, and formal referral to the Executive Committee of the Northern District of Illinois or the Illinois Attorney Registration and Disciplinary Commission for investigation into patterns of bad-faith litigation tactics and obstruction of pro se access to justice.

## V. CONCLUSION

Defense counsel Joseph R. Jeffery, representing Davies Life & Health, Inc., and Robert W. Brunner, representing Allsup, LLC, have repeatedly violated both Local Rule 37.2 and the Honorable Edmond E. Chang Court's April 9 directive, causing material prejudice and burden on a pro se, disabled litigant, as well as burdening the judiciary with unnecessary filings, hearings, and clarifications that could have been avoided through proper procedure. Plaintiff seeks accountability, deterrence, and procedural equity moving forward.
Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre
653 Wing St
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com
Date: July 16, 2025

CERTIFICATE OF SERVICE I certify that on July 16, 2025, I served a true and correct copy of this Notice all registered parties via the Court's CM/ECF system.
/s/ Graciela Dela Torre
Graciela Dela Torre