

**FILED**
7/15/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**Graciela Dela Torre,**
Plaintiff,

v.

**Case No. 1:25-cv-01483**

**Nippon Life Insurance Company of America, et al.,**
Defendants.

---

**PLAINTIFF'S JUDICIAL NOTICE REGARDING PAGES 4–16 OF DKT. 109-1**

**With Request for Forwarding to the Executive Committee under Local Rule 40.3(d)**

Plaintiff Graciela Dela Torre respectfully submits this Supplemental Judicial Notice addressing pages **4 through 16 of Dkt. 109-1**, which contain a series of **misleading communications** by defense counsel, including **Joseph R. Jeffery** of Chittenden, Murday & Novotny LLC and **Robert W. Brunner** of Bryan Cave Leighton Paisner LLP, that caused substantial prejudice to Plaintiff and resulted in procedural irregularities and omissions, as evidenced by Dkt. 65 and Dkt. 109.

This filing supplements the **Judicial Notice filed on July 15, 2025**, which addressed pages 1–3 of Dkt. 109-1 and demonstrated that those emails were erroneously included from an unrelated matter. Here, Plaintiff analyzes the remaining communications to demonstrate a broader pattern of misrepresentation and court misguidance.

---

### 📥 EMBEDDED TABLE OF CONTENTS: PAGES 4–16 OF DKT. 109-1

| Page(s) | Sender → Recipient(s) | Date | Subject / Action | Procedural and Strategic Impact |
|---|---|---|---|---|
| 4–5 | Joseph R. Jeffery → Susan Lenburg (cc: parties) | Jun 3, 2025 @ 4:21 PM | Mischaracterizes Dkt. 58 as Second Amended Complaint | Violates **Local Rule 37.2** by imposing a 1.5/2-hour reply window; creates illusion of conferral and causes improper docketing and confusion. |

| | | | | |
|---|---|---|---|---|
| 6 | Plaintiff → Jeffery | Jun 3, 2025 | "You emailed the wrong judge." | Demonstrates Plaintiff immediately attempted to correct procedural errors. |
| 7 | Jeffery → Plaintiff | Jun 3, 2025 | "It went to courtroom deputy." | Fails to acknowledge misleading effect of his email. |
| 8 | Plaintiff → Susan Lenburg | Jun 4, 2025 | Clarifies Dkt. 53 is SAC; Dkt. 58 is supplemental | Plaintiff complies with **FRCP 15(d)** and makes timely correction; ignored by the Court. |
| 9–10 | Susan → Plaintiff | Jun 4–5, 2025 | "No ex parte communication" notice | Applied selectively; Susan responded to defense but discouraged Plaintiff from clarification. |
| 11–12 | Plaintiff → Christina Presslak | Jun 5, 2025 | Attempts further clarification | Plaintiff's neutral efforts to explain confusion were suppressed. |
| 13–14 | Robert Brunner → Court | Jun 6, 2025 | Refers to "Third Amended Complaint" | Further mischaracterization snowballs into judicial error. |
| 15–16 | Plaintiff → Court | Jun 5–6, 2025 | Reasserts 53 as SAC and corrects record | Completely disregarded in Dkt. 65; a due process violation. |

---

### 🔍 LEGAL BASIS FOR JUDICIAL NOTICE AND REQUESTED REMEDY

Plaintiff invokes the following authorities in support:

- **FRCP 11(b)(3):** Representations to the Court must be factually accurate. Mr. Jeffery's email at 4:21 PM on June 3 falsely labeled Dkt. 58 as Plaintiff's Second Amended Complaint. This misrepresentation initiated a chain reaction of procedural errors.

- **Local Rule 37.2:** Requires meaningful, timely conferral between parties before seeking relief. Jeffery's artificial deadline (4:00 PM) gave Plaintiff less than two hours

- to respond and was sent after that window, rendering the "conferral" illusory and noncompliant.

- **FRCP 15(d):** Plaintiff's intent to file a supplemental complaint was proper and clearly labeled as such. The Court was not afforded a fair opportunity to evaluate the filing due to defense misrepresentation.

- **Fifth and Fourteenth Amendments – Due Process:** Plaintiff was procedurally disadvantaged as a pro se litigant through reliance on staff communications influenced by defense counsel's inaccurate filings.

- **Local Rule 40.3(d):** A pattern of prejudicial and unevenly enforced communications (i.e., court staff acting upon defense counsel emails but discouraging pro se clarification) justifies Executive Committee oversight.

---

## ⚖️ KEY FINDINGS

1. **Defense counsel Joseph R. Jeffery of Chittenden, Murday & Novotny LLC misrepresented operative filings** (Dkt. 58 mislabeled as SAC) to court staff.

2. **Plaintiff's actual Second Amended Complaint (Dkt. 53) was disregarded due to procedural mischaracterizations introduced by Joseph R. Jeffery, counsel for Davies Life & Health, Inc.**, leading to improper assumptions in Dkt. 65 and Dkt. 109.

3. **Conferral was staged**; email was sent at 4:21 PM by Joseph R. Jeffery of Chittenden, Murday & Novotny LLC (counsel for Davies Life & Health, Inc.) with a 4:00 PM response deadline, violating Local Rule 37.2 and creating an illusion of conferral that prejudiced the Plaintiff.

4. **Courtroom Deputy Susan Lenburg enforced email etiquette selectively**, responding to defense counsel Joseph R. Jeffery of Chittenden, Murday & Novotny LLC while discouraging Plaintiff Graciela Dela Torre's clarification efforts, thereby giving the defense procedural advantage and creating the appearance of ex parte endorsement.

5. **Subsequent judicial actions (Dkt. 65, 109) relied on these false impressions, including pages 1–3 of Dkt. 109-1, which were erroneously lifted from an unrelated legal proceeding and have no connection to this case. Their inclusion is highly prejudicial and misled the Court into applying irrelevant context. Dkt. 65, specifically, irreversibly harmed Plaintiff by relying on these errors to strike**

> **Dkt. 53 and 58 from the record, which were in fact the operative Second Amended Complaint and a valid Supplemental Complaint under FRCP 15(d). As a direct result, Plaintiff's allegations of post-settlement misconduct, HIPAA violations, and ERISA fiduciary breaches were never reviewed on the merits. This denied Plaintiff access to meaningful judicial remedies, impaired her ability to pursue relief under controlling statutes, and altered the trajectory of the litigation. The Court's reliance on mischaracterized filings and staff-influenced confusion—without correction—constitutes structural prejudice and undermines fundamental due process protections.**, thereby denying Plaintiff a fair and impartial review.

6. The misleading sequence of communications provoked a cascade of reactive filings by Plaintiff, who was forced to clarify, correct, and defend her submissions multiple times often against confusion directly caused by defense mischaracterizations and selectively enforced staff responses. Rather than allowing the Court to act upon the merits of Plaintiff's claims, these distortions reversed the burden: Plaintiff was made to fight procedural obstacles and judicial misperceptions, draining limited resources and placing an unfair litigation burden on a disabled pro se litigant. This misdirection served only to obscure the serious statutory and constitutional violations at issue, burdening both Plaintiff and the Court, while reinforcing the structural prejudice already embedded by Dkt. 65 and its reliance on flawed impressions.

---

### 📝 REQUEST FOR NOTICE AND CORRECTIVE ACTION

Plaintiff respectfully requests that the Court:

1. **Acknowledge that pages 4–16 of Dkt. 109-1 contain materially misleading communications authored primarily by Joseph R. Jeffery (counsel for Davies Life & Health, Inc.) and Robert W. Brunner (counsel for Allsup, LLC), which mischaracterized the procedural posture of Plaintiff's filings and created the illusion of compliance with conferral obligations. These communications provoked confusion and resulted in judicial rulings adverse to Plaintiff. Their presence in the record imposed unnecessary burdens on both the Court and Plaintiff, by triggering a cascade of clarification filings and docket corrections that would not have been necessary had the record been accurately presented in good faith.**, which led to prejudice in the record;

2. **Recognize Dkt. 53 as the operative Second Amended Complaint filed in good faith and timely under the Court's rules**, and **Dkt. 58 as a properly captioned and labeled Supplemental Complaint** pursuant to FRCP 15(d), which clearly sought to expand the record to include post-settlement misconduct without altering core claims;

3. **Issue a corrective clarification to the docket**, including specific notation that the procedural confusion and cascading docket errors were caused by materially misleading communications from defense counsel, not by Plaintiff's conduct. Correction is necessary to preserve the integrity of the Court's record, mitigate further prejudice to Plaintiff, and ensure that pro se filings are reviewed on the merits not dismissed due to procedural illusions orchestrated by opposing counsel.

4. **Respectfully forward this filing to the Executive Committee under Local Rule 40.3(d)** for formal inquiry and oversight, given the accumulated evidence of procedural bias, ex parte-influenced rulings, and selective staff enforcement that prejudiced the Plaintiff's due process rights and impaired the integrity of judicial review;

5. **Preserve Plaintiff's right to equal footing** in this litigation and ensure corrective relief is granted for the record distortions caused by defense counsel's knowingly misleading filings, illusory conferral tactics, and staff-channel manipulations actions which cumulatively undermined Plaintiff's procedural rights, burdened the Court, and shifted the judicial focus away from the merits of Plaintiff's claims.

Respectfully submitted,
/s/ Graciela Dela Torre
Pro Se Plaintiff
653 Wing Street, Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914

## CERTIFICATE OF SERVICE

I certify that on July 15, 2025, I served a true and correct copy of this Judicial Notice on all registered parties via the Court's CM/ECF system.

/s/ Graciela Dela Torre
Graciela Dela Torre