


**Filed Pursuant to the Judicial Conduct and Disability Act of 1980**
**Complainant:** Graciela Dela Torre
**Address:** 653 Wing St, Elgin, IL 60123
**Email:** gmestiza1@gmail.com
**Phone:** (630) 670-5914
**Date:** July 18, 2025
**Court:** United States District Court, Northern District of Illinois

## I. Subject Judge

**Judge's Name:** Hon. Rebecca R. Pallmeyer
**Court Address:** 219 South Dearborn Street, Chicago, IL 60604

**Involved Court Staff:** Susan Kelly Lenburg (Clerk handling email communications relevant to misconduct allegations)

## II. Statement of Misconduct

This complaint is submitted pursuant to 28 U.S.C. § 351(a) for conduct prejudicial to the effective and impartial administration of justice. I respectfully assert that Judge Rebecca R. Pallmeyer, together with actions involving Clerk Susan Kelly Lenburg, has engaged in a pattern of judicial misconduct that has caused irreversible procedural harm to my civil action (Case No. 1:25-cv-01483) and deprived me, a disabled pro se litigant, of fundamental due process. Notably, Docket 109 remains the only order personally signed by Judge Pallmeyer. In contrast, nearly all other materially damaging entries—Dkts. 65 and 66 (which followed undisclosed email exchanges), and Dkts. 71, 74, and 79—have been unsigned or appear as minute entries entered by court staff shortly after ex parte communications or correspondence directed to Clerk Susan Kelly Lenburg. Dkt. 69 raised the issue of identifying "Susan" and her role, which the Court has never clarified. This raises serious questions about authorship, impartiality, and whether Clerk Lenburg exercised undue influence in issuing judicial orders without proper oversight.

## III. Specific Allegations

1. **Filing of Irrelevant and Prejudicial Documents**
   Docket 109-1, pages 1–2, are clearly unrelated to the above-captioned case. These pages were erroneously entered into the record and appear to pertain to another

    case, as proven by file timestamps dated February 11, 2025, predating the filing of my case (February 12, 2025). Their inclusion led to false conclusions and prejudiced the Court's view of my conduct.

2. **Omission and Mischaracterization of Email Evidence**
   Critical court-related emails sent and received by court staff (Susan Kelly Lenburg) were omitted or selectively filed. Despite court communications being at the heart of my motion (Dkt. 83), key messages were either not included in Dkt. 109-1 or stripped of context. This includes misrepresentations about the timing and substance of emails from opposing counsel.

3. **Pattern of Minute Entries that Distort Facts**
   Several docket entries (e.g., Dkts. 65, 71, 74, 79) contain narrative language suggesting I engaged in inappropriate conduct, while ignoring misconduct by opposing counsel. These entries have irreversibly changed the trajectory of my case and undermined my credibility without hearing or factual findings.

4. **Failure to Rule on Pending Motions While Allowing Defendants' Advantage**
   Despite timely filing motions for extension, clarification, protective order, and pro bono referral (Dkts. 72, 73, 75), these were either ignored or dismissed without explanation, while motions filed by corporate defendants were addressed promptly and favorably.

5. **Refusal to Correct Record Despite Repeated Evidence**
   Despite my filing multiple judicial notices, exhibits, and email logs to clarify errors (see Dkts. 72, 78, and 111), the Court refused to strike irrelevant exhibits or correct harmful mischaracterizations, forcing me to relitigate procedural issues rather than advance my claims.

---

### IV. Pattern of Prejudice Against Pro Se Litigant

I have made every effort to comply with court rules, provide evidence, and correct misunderstandings. Instead of acknowledging errors or providing procedural protection under FRCP 1, 5, 60, and Local Rules, the Court has routinely acted in ways that favored represented defendants and dismissed my rights. As a result, I have experienced:

- Emotional distress and procedural disadvantage.
- Multiple unnecessary filings to clarify the record.
- A chilling effect on my ability to advocate for myself as a disabled litigant.

**V. Requested Relief**

I respectfully request that the Judicial Council:

- Investigate the conduct outlined herein.
- Order removal or correction of misfiled and prejudicial documents.
- Issue appropriate reprimands or directives to preserve judicial integrity.
- Consider reassignment of the case if impartiality is in doubt.

**Under penalty of perjury, I declare the foregoing is true and correct to the best of my knowledge.**

/s/ Graciela Dela Torre
Graciela Dela torre
July 17, 2025

**Unredacted Embedded June 3, 2025 Email Communication:**



Jeffery, Joe                                                Tue, Jun 3, 2025 at 4:20 PM

To: "susan_lenburg@ilnd.uscourts.gov"

Cc: Gracie Dlt , Robert Brunner , Justin Wax Jacobs

"On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

**Dear Judge Pallmeyer:**

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.
Chittenden, Murday & Novotny LLC
303 W. Madison, Suite 2400
Chicago, Illinois  60606
(312) 281-3627 (direct)
(312) 281-3678 (fax)
jjeffery@cmn-law.com
www.cmn-law.com"

**Chronological Table of Events Relevant to Misconduct Allegations:**

| Date | Event | Docket/Reference |
|---|---|---|
| Feb 11, 2025 | Timestamped misused files later embedded in Dkt. 109-1 | Dkt. 109-1 |
| Feb 12, 2025 | Plaintiff filed Case No. 1:25-cv-01483 | Court Record |
| May 20, 2025 | SECOND AMENDED COMPLAINT | Dkt. 53 |
| May 21, 2025 | PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d) | Dkt. 58 |
| June 3, 2025 | Ex parte/misleading email sent by Joseph R. Jeffery to Susan Kelly Lenburg (but saying "Dear Judge Pallmeyer") creating a-false illusion of emailing the Judge directly and with a staged conferral in violation of Court's directive Dok. 29 and local rule | Embedded Email, Dok 69 Page 4 and Dok 109-1 page 3 |
| June 3, 2025 | Minute Entries 65 and 66 entered shortly after without judicial signature ignoring Plaintiff objection and clarification via email reply to all parties in copy. the email went ignored. | Dkts. 65, 66 |
| June 4, 2025 | Plaintiff reactively replied to the misleading email, objecting and clarifying, the email went ignored. | Dok. 70-1 Page 9-10 |
| June 5 2025 | In a reactive defense Plaintiff replied to the June 3rd-misleading email adding the real emails for judge Pallmeyer and Christina Presslak-Court Deputy; Plaintiff was not granted the same leniency and was blocked from all email communications. | Dok. 69 Page 5,6,8, and 70-1 Page 2 |

| Date | Event | Reference |
|---|---|---|
| June 5–10, 2025 | Plaintiff files responses including Dkt. 69 requesting clarification of Susan's role | Dkt. 69 |
| July 15, 2025 | First and only signed Order by Hon. Pallmeyer entered, relying on tainted emails (Dkt. 109) | Dkt. 109 |
| July 15, 2025 | 109-1 **Exhibit E-mail correspondence with EXTRANEOUS MATERIAL PAGES 1–2** | Dkt. 109-1 Page 1-2 |
| July 18, 2025 | This Judicial Misconduct Complaint finalized | This Complaint |

This timeline establishes a clear pattern of judicial inaction, irregular entry practices, misrepresented communications, and lack of procedural parity, all of which are linked to a chain of events triggered or influenced by undisclosed internal communications involving Court Clerk Susan Kelly Lenburg.