BC QR FILED 7/19/2025 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVIES LIFE & HEALTH, INC., formerly ) <br> known as Disability Management Services, Inc., ) <br> NIPPON LIFE INSURANCE COMPANY OF ) <br> AMERICA, and ALLSUP, LLC, ) <br> ) <br> Defendants. ) | Case No. 1:25-cv-01483 <br><br> Honorable Rebecca R. Pallmeyer |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FRCP 11(c) AND 28 U.S.C. § 1927 AGAINST COUNSEL FOR DAVIES LIFE & HEALTH, INC.**

Plaintiff Graciela Dela Torre, acting pro se, respectfully moves this Court to impose monetary and equitable sanctions against defense counsel **Joseph R. Jeffery**, attorney for **Davies Life & Health, Inc.**, pursuant to **Federal Rule of Civil Procedure 11(c)** and **28 U.S.C. § 1927**, and in support states:

---

**I. INTRODUCTION**

This motion arises from Defendant's counsel's deliberate misuse of the conferral process under **Local Rule 37.2**, in direct violation of the Court's warning in **Dkt. 29**, and compounded by misleading omissions to the Court regarding Plaintiff's June 3, 2025, email reply response.

Although Mr. Jeffery was clearly on notice, he staged a conferral trap by emailing Plaintiff shortly before **2:00 PM** with a demand to respond by **4:00 PM**, despite being aware of her ongoing medical care. He made no effort to alert Plaintiff in real time by phone or text and later misrepresented her non-response to the Court, omitting the imposed 2 hour window. This conduct caused significant prejudice including a minute entry see Dkt. 65, following by the unauthorized upload of an "exhibit A" as the operative Complaint see Dkt. 66, and procedural confusion that harmed Plaintiff's rights.

## II. TIMELINE OF EVENTS – STAGED CONFERRAL & PREJUDICE

| Time | Event | Source |
|---|---|---|
| 1:51 PM (6/3/25) | Jeffery emails Plaintiff re: "conferral," demanding reply by 4:00 PM | Dkt. 70-1 |
| 4:00 PM | Plaintiff, under medical obligation, has not yet responded | Dkts. 26, 52, 115 |
| 8:27 PM | Plaintiff sends detailed replies (June 3) | Dkt. 70-1 |
| Morning (6/4/25) | Jeffery emails Court staff (Susan Kelly Lenburg), implying no reply was received | June 3 to Court.pdf; Dkt. 109-1 |
| 6/4/25 | A minute entry was entered based on the June 3rd email | Dkt. 65 |
| 6/4/25 | "Exhibit A" gets uploaded as the operative complaint despite Plaintiffs objections replies | Dkt. 66 |

## III. LEGAL BASIS FOR SANCTIONS

### A. Rule 11(c): Misrepresentation to the Court

Under Rule 11(b), factual contentions must have evidentiary support. Jeffery's filings omitted Plaintiff's timely June 3 reply (8:27 PM), falsely suggesting non-cooperation. His 4:00 PM deadline—imposed just 2 hours after email transmission—ignored Plaintiff's documented medical limitations and flouted the Court's instruction in **Dkt. 29** to engage in meaningful conferral.

Sanctions under **Rule 11(c)(4)** are warranted to compensate Plaintiff for the burden caused. Plaintiff respectfully requests a **modest sanction of no less than $1,500.00** for the prejudice, time lost, and resources expended responding to this procedural trap.

### B. 28 U.S.C. § 1927: Vexatious Multiplication of Proceedings

Attorney **Joseph R. Jeffery**:

- Violated **Dkt. 29** by staging a brief 2-hour window for response, knowing Plaintiffs health status.
- Made no real-time effort to call or text Plaintiff.

- Sent misleading correspondence to the Court implying Plaintiff had not responded.
- Ignored Plaintiff's June 3 reply (included at Dkt. 70-1, pp. 5, 16, 36, 41, 45).
- Promoted "judicial economy" in **Dkt. 24**, but then caused judicial inefficiency by triggering reassignment, confusion, and unnecessary filings.
- Demonstrated a pattern of "throwing the rock and hiding the hand" manipulating procedure to obscure accountability.

This conduct resulted in avoidable filings, confusion, and prejudice precisely the kind of behavior that § 1927 is intended to address.

### C. Local Rule 37.2: Failure to Confer in Good Faith

Local Rule 37.2 requires reasonable conferral efforts. A two-hour window during known medical treatment does not qualify. Plaintiff's 8:27 PM reply was prompt under the circumstances and in good faith. Defendant's counsel violated the spirit and purpose of this local rule by orchestrating delay to his own advantage.

---

### IV. DAMAGES AND PREJUDICE

Refined Terminology and Clarity:

| Harm Type | Description | Estimated Value |
|---|---|---|
| Procedural loss | Misleading the Court; Dkts. 53/58 stricken; docket confusion | Legal disadvantage |
| Filing burden | Drafting responses to Dkts. 65, 66, 69, 70, 72, 73 (with support from friends/family due to physical impairment) | 80+ hours labor at $300/hr. |
| Health interference | Conferral occurred during a follow-up pelvic exam and recovery (Dkt. 26), compounding stress and pain | Aggravated symptoms |
| Cognitive burden | Documented sequela of brain inflammation and neurological fatigue, causing delays, concentration issues, and memory interruptions during legal drafting | Ongoing |

| Harm Type | Description | Estimated Value |
|---|---|---|
| Shoulder impairment | Right: supraspinatus/infraspinatus tendinosis with partial tear (3/4/25 MRI); Left: rotator cuff impingement with bursitis and effusion (8/5/24 MRI) limiting arm elevation, typing, lifting | Verified, ongoing |
| Right wrist burden | Degenerative and post-surgical changes with ulnar-sided pain (7/3/23 MRI; 3/21/23 ultrasound), affecting fine motor coordination and typing endurance | Verified, ongoing |
| Cervical & back strain | Chronic pain and mobility impairment, compounded by nerve entrapments in elbows and shoulders (See Dkt. 85 and MRI referrals) | Verified, ongoing |
| Emotional distress | Resulting from procedural traps, bad-faith litigation, and misrepresentation | Non-economic damages |
| Out-of-pocket costs | PACER access restricted; printing, postage, scanning burdens due to digital access difficulties and medical setbacks | $100–$500 |

These physical impairments, particularly bilateral shoulder dysfunction and right wrist degradation, significantly limit Plaintiff's ability to type extended documents, manage exhibits, and respond quickly to abrupt court or opposing counsel deadlines. These are not mild discomforts they are verified musculoskeletal and neurovascular impairments confirmed by imaging and diagnoses spanning multiple years, currently requiring ongoing therapy and surgical consideration. Defendant's exploitation of short response windows and omission of these factors multiplies the prejudice.

Plaintiff has expended no fewer than 80 hours addressing procedural fallout and correcting misrepresentations caused by defense counsel's conduct.

**Requested Relief:** Monetary sanction of **no less than $1,500.00**, plus any further relief the Court finds just and equitable.

---

### V. REQUEST FOR RELIEF

Plaintiff respectfully requests the Court to:

1. Sanction **Joseph R. Jeffery**, attorney for **Davies Life & Health, Inc.**, under **28 U.S.C. § 1927**;

2. Impose monetary sanctions under **Rule 11(c)(4)**;

3. Acknowledge that Plaintiff's June 3 replies sent at 8:00 and 8:27 PM and included in Dkt. 70-1 (pp. 5, 16, 36, 41, 45, etc.) and Plaintiff's follow-up on June 4 were both wrongfully omitted and never corrected from defense counsel's narrative to the Court, along with the fact that he only gave an unrealistic 2 hour window to reply, despite being on the record, thereby compounding the misleading representation of events and further supporting the pattern of misrepresentation by defense counsel.

4. **Grant all other relief the Court deems just and proper.**

Respectfully submitted,
/s/ Graciela Dela Torre
**Graciela Dela Torre**
Pro Se Plaintiff
653 Wing St, Elgin IL 60123
gmestiza1@gmail.com
630-670-5914
July 21, 2025

### CERTIFICATE OF SERVICE

I, Graciela Dela Torre, hereby certify that on July 21, 2025, a true and correct copy of this Motion via electronic through the Court's Electronic Document Submission System

/s/ Graciela Dela Torre
**Graciela Dela Torre**
Pro Se Plaintiff