BC

FILED
7/22/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)** AGAINST NLI

NOW COMES Plaintiff Graciela Dela Torre, acting pro se, and respectfully moves this Honorable Court to issue an Emergency Temporary Restraining Order (TRO) enjoining Defendant Nippon Life Insurance Company of America ("Nippon Life") and its counsel from continuing arbitration proceedings under AAA/ICDR Case No. 01-25-0000-4189, which was improperly initiated without valid service and remains pending despite the lack of any legal basis. As confirmed in Minute Entry Dkt. 95 of Case No. 1:22-cv-07059, Plaintiff's petition to reopen was formally denied, rendering the prior case closed and the settlement final. These facts are directly relevant to the present case, No. 1:25-cv-01483, because the arbitration demand is based on the false claim that Plaintiff Dela Torre "Re-opened the claim". Nippon Life's continued participation in the arbitration after the federal court's denial reflects bad faith, abuse of process, and intentional misrepresentation to both the ICDR and this Federal Court. The relevance of the arbitration to this present action was formally acknowledged in Dkt. 39 of Case No. 1:25-cv-01483, where the Court granted Plaintiff's Dkt. 37 Judicial Notice of Prior Regulatory Sanctions against NLI & Dkt. 38 Motion to Place Arbitration Misconduct on Record. That ruling explicitly permitted the inclusion of ICDR misconduct into the record of this federal case. The arbitration filing rests on a demonstrably false foundation, in violation of Rule 2 of the ICDR International Arbitration Rules and Administrative Guideline B.3, both of which require valid delivery with confirmed receipt. No signature was requested at the time of service, rendering the delivery noncompliant with governing arbitration protocol. In support thereof, Plaintiff states as follows:

I. INTRODUCTION AND BASIS FOR EMERGENCY RELIEF

1. Nippon Life, through its counsel Justin Wax Jacobs, initiated arbitration under ICDR Case No. 01-25-0000-4189 based on a knowingly false and misleading claim that Plaintiff's ERISA long-term disability claim was being "reopened" a claim that is demonstrably false. As confirmed by the United States District Court for the Northern District of Illinois in Dkt. 95 of Case No. 1:22-cv-07059, filed on February 14, 2025, Plaintiff's petition to reopen was explicitly denied, confirming that the matter remains closed and the settlement final. This denial renders any basis for arbitration invalid. The relevance to the present case, No. 1:25-cv-01483, is direct and substantial: Defendants' initiation and maintenance of the arbitration constitute an attempt to bypass and relitigate settled matters through improper forum shopping and bad faith tactics. Notwithstanding this judicial determination, the ICDR arbitration remains open and active, with no corrective withdrawal by Nippon Life or its counsel, despite their awareness of the denial. Their continued engagement in arbitration on a non-existent basis demonstrates an intentional abuse of process, bad faith litigation conduct, and a disregard for the authority of this Court.

2. However, as shown in Minute Entry Dkt. 95 in Case No. 1:22-cv-07059, dated February 14, 2025, the United States District Court for the Northern District of Illinois denied Plaintiff's motion to reopen the case, confirming that the case remains closed and that the prior settlement is final and enforceable. Consequently, there is no legal basis for Nippon Life or its counsel to pursue any arbitration under the guise of a "reopened" matter, as such claim is contradicted by federal court record.

3. There exists no legal basis for Defendants to relitigate or initiate arbitration concerning a claim that was never reopened, as conclusively reflected in Dkt. 95 of Case No. 1:22-cv-07059, where the Court expressly denied Plaintiff's motion to reopen and confirmed the matter was closed and final. Therefore, Nippon Life's arbitration demand under the guise of "reopening" is factually false, legally baseless, and constitutes a fraudulent abuse of process and bad faith litigation tactic designed to harass and burden a disabled pro se litigant. Such conduct undermines the integrity of both the federal judiciary and arbitral forums and calls for judicial intervention to prevent continued misuse of legal process.

II. IMMINENT AND IRREPARABLE HARM

4. Plaintiff is a disabled litigant, proceeding pro se, who has already suffered ongoing and compounding prejudice from Defendants' improper and unethical conduct, including knowingly false arbitration filings, manipulation of service records, and misrepresentations under oath all of which have caused significant procedural harm and emotional distress, especially in light of her cognitive impairments and limited legal resources.

5. Allowing the ICDR arbitration to proceed based on demonstrably false premises will cause irreparable harm by forcing Plaintiff to defend a procedurally defective arbitration she never consented to particularly one that remains open and active on the ICDR docket as of the date of this motion. This continued activity is occurring despite the federal court explicitly denying Plaintiff's motion to reopen in Dkt. 95 of Case No. 1:22-cv-07059 and affirming the finality of the matter. Neither Nippon Life nor its counsel, Justin Wax Jacobs, has made any attempt to withdraw or terminate the arbitration proceedings. Their inaction, coupled with knowledge of the federal denial, further exacerbates the due process violations and inflicts ongoing emotional, procedural, and strategic harm upon Plaintiff.

6. Defendants' reliance on fraudulent declarations (see Dkts. 44-5, 44-6, 44-7), including a declaration dated April 25, 2025, falsely attesting to FedEx service confirmations received by declarant Junko Inaga—when in fact the tracking and metadata confirm that attorney Justin Wax Jacobs received such notifications—constitutes willful procedural fraud before the ICDR tribunal and necessitates immediate judicial intervention to prevent further prejudice.

III. PROCEDURAL FRAUD UNDER ICDR RULES

7. The arbitration was initiated through a demand allegedly served on Plaintiff via FedEx NO SIGNATURE REQUIRED, while Wax Jacobs in violation of ICDR International Arbitration Rule 2 and Administrative Guideline B.3, which require valid service to include delivery methods ensuring confirmation of receipt. The package at issue did not request a signature and was subject to three separate FedEx delivery scan events, rendering the service legally defective. Furthermore, this arbitration remains actively pending on the ICDR docket as of the filing of this motion, despite being predicated on false statements that Plaintiff's ERISA claim was reopened—a fact explicitly contradicted by federal Dkt. 95. Additionally, metadata confirms that attorney Justin Wax Jacobs, not declarant Junko Inaga, received the FedEx delivery notifications, invalidating the authenticity of the service declaration.

- The package did not require a signature, violating ICDR Administrative Guideline B.3;
- FedEx metadata shows attorney Justin Wax Jacobs—not declarant Junko Inaga—received delivery notifications;
- The package generated three delivery scan events, disqualifying it from constituting valid service;
- False declarations were submitted under penalty of perjury misrepresenting service and authorship.

8. Plaintiff was never served with all relevant documents and only received a partial set weeks later after repeated requests.

9. These violations run afoul of ICDR Rule 2, Rule 3(1), AAA Due Process Protocol Principles 1 and 3, and the ICDR Administrative Guidelines.

## IV. LEGAL STANDARD

10. A TRO is warranted where the movant shows: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is not issued; (3) that the balance of harms favors the movant; and (4) that the public interest favors such relief. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008), reh'g denied, 555 U.S. 1104 (2009); see also Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008); Illinois Republican Party v. Pritzker, 973 F.3d 760, 763–64 (7th Cir. 2020); Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386–87 (7th Cir. 1984).

11. Plaintiff meets all four prongs due to the irreparable procedural harm, bad faith conduct, and ongoing abuse of process.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue an emergency TRO enjoining Nippon Life and its counsel from continuing any arbitration proceedings under AAA/ICDR Case No. 01-25-0000-4189;

B. Order Defendants to cease any further actions based on false representations of a reopened claim or settlement dispute;

C. Schedule an evidentiary hearing to assess the procedural fraud and abuse of process before both this Court and the ICDR;

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre
653 Wing St
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

---

Dkt. 95: Minute Entry Dkt. 95 from Case No. 1:22-cv-07059 (Filed Feb. 14, 2025) – Denial of Motion to Reopen. This ruling confirmed that the prior settlement remained final and enforceable, undermining any claim of a "reopened" matter and invalidating the basis of the pending ICDR arbitration.

Dkt. 44-5: Declaration of Junko Inaga (disputed declaration of service)—alleged service via FedEx was unsupported by signature or authentication, and metadata instead shows delivery alerts were sent to attorney Justin Wax Jacobs, not declarant Inaga, thereby establishing material misrepresentations under penalty of perjury.

Dkt. 44-7: FedEx Confirmation showing delivery alerts were sent to attorney Justin Wax Jacobs, not declarant. Dkt. 38: PLAINTIFF'S MOTION TO PLACE DEFENDANT'S ARBITRATION MISCONDUCT ON RECORD AND REQUEST JUDICIAL NOTICE AND EQUITABLE RELIEF; GRANTED (confirming that ICDR arbitration activity and misconduct are subject to judicial review, and acknowledging that the arbitration remains open and pending despite the federal court's denial of Plaintiff's motion to reopen; Wax and Nippon Life have made no effort to withdraw the arbitration in light of Dkt. 95 in Case No. 1:22-cv-07059).

Dkt. 39: Minute Entry Granting Dkt. 37 Motion for Judicial Notice of prior Regulatory Sanctions and Dkt. 38 Motion to Place Arbitration miconduct in Case: 1:25-cv-01483 record;

EXHIBIT: ICDR Correspondence Showing Partial and Delayed Service

EXHIBIT: AAA/ICDR Rule Violations Summary (submitted July 22, 2025)

Dkt. 37: Judicial Notice of Prior Regulatory Sanctions Against NLI (Granted)

EXHIBIT: NLI STILL PUSHING FOR ARBITRATIONS ACTING IN BAD FAID



Gracie Dlt &lt;gmestiza1@gmail.com&gt;

Exhibit: 1 of 7

## RE: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

1 message

**ICDR Sabriyah Samsudeen** &lt;SabriyahSamsudeen@adr.org&gt;  
To: Gracie Dlt &lt;gmestiza1@gmail.com&gt;

Wed, Feb 5, 2025 at 10:37 AM

Hello,

Attached are the only documents that I have on file from Claimant.

Thanks,

Sabriyah Samsudeen



**ICDR Sabriyah Samsudeen**
**Senior Case Manager**

American Arbitration Association
T: 212 484 4143  E: SabriyahSamsudeen@adr.org
120 Broadway, 21st Floor, New York, NY 10271
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Gracie Dlt &lt;gmestiza1@gmail.com&gt;
**Sent:** Tuesday, February 4, 2025 7:39 PM
**To:** ICDR Sabriyah Samsudeen &lt;SabriyahSamsudeen@adr.org&gt;
**Subject:** Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

*** External E-Mail – Use Caution ***

Good evening,

can you please assist me sending me a clear copy of the arbitration request filled out by Nippon Life? the one I received via FedEx is terribly blurry and I can't read it

On Fri, 31 Jan 2025, 2:35 pm , &lt;SabriyahSamsudeen@adr.org&gt; wrote:

> Hello,
>
> Please review the attached correspondence regarding the above-referenced case.
>
> Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you!

**2 attachments**

- 2024-01-02 AAA Clause Pg. 5 Section 3.6_36583705.pdf
  2339K
- 2025-01-28 Demand for Arbitration_36583707.pdf
  284K

2 of 2

{ Only 2 Documents

*Exhibit:*

EXHIBIT: **AAA/ICDR FILING VIOLATIONS SUMMARY**

**Arbitration Case:** 01-25-0000-4189
**Respondent:** Graciela Dela Torre
**Claimant:** Nippon Life Insurance Company of America
**Representative:** Justin Wax Jacobs, Esq.

| Rule/Protocol Violated | Violation Summary | Supporting Evidence |
|---|---|---|
| ICDR Rule 2(1)(d) | No valid service of Demand to Graciela; FedEx label shows Wax received delivery email, not Junko Inaga, contradicting Inaga's declaration. | Exhibit 44-5, 44-7, – FedEx Metadata screenshot, 44-7 |
| ICDR Rule 3(1) | Arbitration commenced improperly based on false declaration by Wax filed under Inaga's name. | Exhibit (1:22-cv-07059), Dok. 59, Dok. 61-1 (1:25-cv-01483) Dok. 44-5, Dok. 44-7, Dok. 57 & Dok. 114 |
| AAA Due Process Protocol Principle | No fair notice: ICDR/Sabriyah's Jan 31, 2025 notifying of Case Initiation. | Exhibit: Jan 31, 2025 "AAA NLIretaliation-againts a disabledcustomer-Case 01-25-0000-4189.pdf" |
| AAA Due Process Protocol Principle 1 | No fair notice: only ICDR/Sabriyah's Feb 5, 2025 email delivered Demand + Settlement copy upon my request. | Exhibit: Feb 5, 2025, "AAA 2-docs-only-emailed-bySabriyah-Case 01-25-0000-4189.pdf" |
| AAA Due Process Protocol Principle 3 | False claim of personal service contradicts federal court affidavit (Case No. 1:25-cv-01483) | Exhibit: Gracie's Dkt. 34 Affidavit of Service with Wet Signature (Case: 1:25-cv-01483) |
| ICDR Rule 5(2) | Wax served 2 **former attorneys**, violating representation disclosure requirements | Exhibit Wax's prior declarations Dkt. 61-1 Case No. 1:22-cv-07059 |

**Note:** Respondent reserves the right to supplement this record with certified court filings, Rule 11 sanctions pleadings (Dkt. 57, Dkt. 114), and metadata logs*

# Gmail

Gracie Dlt &lt;gmestiza1@gmail.com&gt;

*Exhibit 1 of 2*

## RE: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

1 message

**Wax Jacobs, Justin (NY)** &lt;J-WaxJacobs@nipponlifebenefits.com&gt;　　　　　　　　　　　Fri, May 9, 2025 at 11:50 AM
To: Sabriyah Samsudeen &lt;SamsudeenS@adr.org&gt;, "gmestiza1@gmail.com" &lt;gmestiza1@gmail.com&gt;

Ms. Samsudeen,

Since the Respondent has provided no evidence or indication that her motion pertains to a filing requirement dispute, I respectfully request that an arbitrator be appointed immediately.

Best,

Justin Wax Jacobs

ジャスティン　ワックス　ジェイコブス

Assistant General Counsel

Nippon Life Benefits

666 Third Avenue, Suite 2201

New York, NY 10017

Mobile:　646-630-4923

Fax:　　　212-867-3057

E-mail:　j-waxjacobs@nipponlifebenefits.com

◆ Nippon Life Benefits

www.nipponlifebenefits.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby requested not to disseminate, distribute or copy any information inadvertently provided.

IRS CIRCULAR 230 NOTICE. Any tax advice expressed above was not intended or written to be used, and cannot be used, by any taxpayer to avoid U.S. federal tax penalties. If such advice was written or used to support the promotion or marketing of the matter addressed above, then each offeree should seek advice from an independent tax advisor.

**From:** Sabriyah Samsudeen &lt;SamsudeenS@adr.org&gt;
**Sent:** Thursday, April 17, 2025 2:56 PM
**To:** Wax Jacobs, Justin (NY) &lt;J-WaxJacobs@nipponlifebenefits.com&gt;; gmestiza1@gmail.com
**Subject:** Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

**M Gmail** — Gracie Dlt &lt;gmestiza1@gmail.com&gt;

*Exhibit*

## Case 01-25-0000-4189 Nippon Life Insurance Company of America v. Graciela Dela Torre

1 message

Gracie Dlt &lt;gmestiza1@gmail.com&gt; — Tue, Jul 22, 2025 at 8:58
To: ICDR Sabriyah Samsudeen &lt;SabriyahSamsudeen@adr.org&gt;, ICDR-CaseFiling@adr.org, Gracie Dlt &lt;gmestiza1@gmail.com&gt;
Cc: J-WaxJacobs@nipponlifebenefits.com

ICDR-CaseFiling@adr.org: Please file this and the attached into case.

Dear parties,

This communication is provided strictly under a Reservation of Rights (ROR), and nothing herein shall be construed as consent to jurisdiction, process, or forum in AAA/ICDR Case No. 01-25-0000-4189. I formally object to the continuation of these arbitration proceedings and reiterate that I do **not consent to arbitration** in any form, capacity, or derivation related to my ERISA-governed claim.

As established in federal court filings particularly Dkt. 95 in Case No. 1:22-cv-07059 the U.S. District Court for the Northern District of Illinois explicitly denied my motion to reopen the prior LTD case. This ruling affirms the finality of the matter and eliminates any jurisdictional or factual basis upon which an arbitration could be lawfully initiated. Despite this, Nippon Life and its counsel have made **no effort** to withdraw the arbitration demand and continue participating in a proceeding founded on demonstrably false and legally defective claims.

Additionally, there is ongoing forensic review of procedural misconduct in the initiation of this arbitration, including:

- Improper service in violation of ICDR Rule 2 and Admin. Guideline B.3 (no signature requested);
- False declaration by Junko Inaga (see federal Dkt. 44-5), contradicted by metadata showing that attorney Justin Wax Jacobs received FedEx alerts;
- Partial, delayed delivery of documents;
- Continued pursuit of arbitration despite Dkt. 95 denying reopening.

These acts constitute procedural fraud and bad faith under the ICDR Due Process Protocol and AAA's Code of Ethics. They are now the subject of a pending Emergency Motion for TRO in federal court (Case No. 1:25-cv-01483), along with granted motions (Dkts. 37, 38, and 39) confirming the arbitration misconduct is now part of the judicial record.

Accordingly, I request that AAA/ICDR take no further action and halt the progression of this arbitration pending resolution by the U.S. District Court. Any attempts to proceed without addressing these jurisdictional and ethical concerns would violate due process and expose the ICDR to liability for knowingly facilitating abuse of process. Please be advised that this email will be filed in federal court as part of the record in Case No. 1:25-cv-01483 to demonstrate continued unfair litigation tactics, retaliation, and bad faith conduct by the parties insisting on arbitration without valid jurisdiction.

Sincerely,

/s/ Graciela Dela Torre
Graciela Dela Torre
653 Wing St
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

*Do not print this email unless is necessary*

---

On Tue, Jul 22, 2025 at 12:13 PM ICDR Sabriyah Samsudeen &lt;SabriyahSamsudeen@adr.org&gt; wrote:

Dear Party,

Please find attached my response dated July 15th, addressing your email from July 10th. I am allowing until July 29th for you to submit your answering statement and any administrative comments. If no response is received by that date, we will proceed with the matter accordingly.

Thanks,
Sabriyah Samsudeen




**ICDR Sabriyah Samsudeen**
Senior Case Manager

American Arbitration Association
International Centre for Dispute Resolution
120 Broadway, 21st Floor, New York, NY 10271
**T:** 212 484 4143 **E:** SabriyahSamsudeen@adr.org
adr.org | icdr.org | aaaicdrfoundation.org
**Explore the new ADR.org**

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, July 17, 2025 7:12 PM
**To:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>; J-WaxJacobs@nipponlifebeneflts.com; Gracie Dlt <gmestiza1@gmail.com>
**Subject:** Re: FW: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

*** External E-Mail – Use Caution ***

Dear Ms. Samsudeen,

Thank you for your follow-up.

Before I proceed further, I respectfully request that you please confirm receipt of my July 10, 2025 reply. As of today, I have not received any acknowledgment or response regarding the concerns and procedural irregularities I raised in that correspondence.

Additionally, I kindly request clarification of the applicable deadline for submitting any answering statement and administrative comments. I ask whether the timing is tolled while serious due process objections remain unresolved.

Thank you in advance for your attention to this matter. I reserve all rights and defenses.

Sincerely,

Graciela Dela Torre
653 Wing St, Elgin IL 60123
gmestiza1@gmail.com | (630) 670-5914

On Thu, Jul 17, 2025 at 1:21 PM ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org> wrote:

> Dear Party,
>
> I am following up on the below correspondence. Please advise if you will be submitting an answering statement and administrative comments per the attached letter.
>
> Thanks,
> Sabriyah Samsudeen



**ICDR Sabriyah Samsudeen**

Senior Case Manager



American Arbitration Association

International Centre for Dispute Resolution

120 Broadway, 21st Floor, New York, NY 10271

**T:** 212 484 4143 **E:** SabriyahSamsudeen@adr.org

adr.org | icdr.org | aaaicdrfoundation.org

Explore the new ADR.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** ICDR Sabriyah Samsudeen
**Sent:** Tuesday, July 15, 2025 2:38 PM
**To:** Gracie Dlt <gmestiza1@gmail.com>
**Cc:** J-WaxJacobs@nipponlifebeneflts.com
**Subject:** RE: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

Dear Party,

IARC's determinations are final and not subject to appeal. You can bring your concerns to an Arbitrator once they are appointed. Please advise if you will be submitting an answering statement and administrative comments per the attached letter.

Thanks,

Sabriyah Samsudeen

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, July 10, 2025 10:00 AM
**To:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>; J-WaxJacobs@nipponlifebeneflts.com
**Subject:** Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

Subject: Formal Objection to Proceeding – Due Process Violations and Lack of Proper Service

Case No. 01-25-0000-4189 – Nippon Life Insurance Company of America v. Graciela Dela Torre.

Dear Ms. Samsudeen, and opposing Counsel,

I write to formally object to the Administrative Review Council's July 7, 2025 determination authorizing the arbitration to proceed in the above-referenced matter. I have not been properly served and remain unable to meaningfully respond or participate.

Improper Service and Prejudice to a Pro Se disabled Respondent

The Claimant failed to serve me directly. Instead, it appears that service was directed to two of my former attorneys, who no longer represent me. I have not received the contents of those deliveries and remain blindfolded to what was filed/sent. Please see attached my formal objection with back proof

On Mon, 7 Jul 2025, 10:30 am , <SabriyahSamsudeen@adr.org> wrote:

> Hello,
>
> Please review the attached correspondence regarding the above-referenced case.
>
> Feel free to contact me with any questions, comments or concerns you have related to this matter.
>
> Thank you.

5 attachments



- AAA-July222025AAA.pdf — 1418K
- AAA NLIretaliation-againts a disabledcustomer-Case 01-25-0000-4189.pdf — 104K
- AAA May-09-2025WaxLyingAgain-Case 01-25-0000-4189.pdf — 373K
- AAANLIHasTriedToDestroyme.ItrustTheSystem.pdf — 3472K
- Image_2.11.pdf — 3159K