

**FILED**
7/24/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVIES LIFE & HEALTH, INC., formerly )<br>known as Disability Management Services, Inc., )<br>NIPPON LIFE INSURANCE COMPANY OF )<br>AMERICA, and ALLSUP, LLC, )<br>)<br>Defendants. ) | Case No. 1:25-cv-01483<br><br>Honorable Rebcca R. Pallmeyer |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT NLI'S DKT 118, UNTIMELY RESPONSE TO DKT. 57 AS PROCEDURALLY DEFECTIVE UNDER LOCAL RULE 78.3(b), FRCP 6(d), AND IN LIGHT OF PRIOR GRANTED MOTIONS DKTS. 37 AND 38**

NOW COMES Plaintiff, Graciela Dela Torre, appearing pro se and in pursuit of justice, and hereby respectfully moves this Honorable Court to STRIKE DKT. 118, the response filed by Defendant Nippon Life Insurance Company of America ("NLI") in relation to Plaintiff's Motion for Rule 11 Sanctions Dkt. 57, on the grounds that any such response was filed after the procedural deadline imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois. Plaintiff further invokes *Local Rule 78.3(b), which sets a 14-day deadline, and Federal Rule of Civil Procedure 6(d), which permits an additional 3 days when service is made electronically*. The combined deadline for Defendant's response was therefore *Monday, June 9, 2025*. No extension was filed/requested or granted, and no timely response was docketed. Plaintiff respectfully demands that the Court enforce the clear deadlines as written to preserve procedural fairness and consistency.

In support thereof, Plaintiff states as follows:

**I. BACKGROUND**

1. On **May 21, 2025**, Plaintiff electronically filed her **Motion for Rule 11 Sanctions** against Nippon Life (Dkt. 57) via the Court's Pro Se Email Filing System. This Motion was supported by prior filings including:

   - **Dkt. 37**, **PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF PRIOR REGULATORY SANCTIONS AGAINST DEFENDANT NIPPON LIFE INSURANCE COMPANY OF AMERICA**, which was **granted** on April 11, 2025;

   - **Dkt. 38**, **PLAINTIFF'S MOTION TO PLACE DEFENDANT'S ARBITRATION MISCONDUCT ON RECORD AND REQUEST JUDICIAL NOTICE AND EQUITABLE RELIEF** Into the Record, which was also **granted** on April 11, 2025.

These filings provide essential context, highlighting both the pattern of misconduct and the prejudicial effect of untimely or improper filings by Wax Jacobs Counsel for Nippon Life Insurance of America, a Japanese Insurance Company authorized to operate in the United States.

2. The Clerk of Court docketed Dkt. 57 on **May 22, 2025**, as reflected in the docket text:

"MOTION by Plaintiff Graciela Dela Torre for rule 11 sanctions for bad faith filings and misrepresentations (Received via pro se email on 5/21/2025) (emc,)"

3. Pursuant to **Local Rule 78.3(b)** and **Federal Rule of Civil Procedure 6(d)**, Defendant Nippon Life was required to respond within **14 days**, plus 3 additional days for electronic service, totaling **17 days** from May 21, 2025, placing the deadline on or before **June 9, 2025**. No response was filed within that timeframe, and no motion for extension was requested or granted. Plaintiff respectfully invokes these rules to establish procedural default and move to strike any subsequent responses as defective.

4. Accordingly, under Local Rule 78.3(b) and FRCP 6(d), the deadline to file any opposition to Plaintiff's Motion for Sanctions (Dkt. 57), which was served electronically on May 21, 2025, expired on June 9, 2025. No timely response was filed or docketed by Defendant Nippon Life prior to that date.

5. As of that deadline, **no response** from Nippon Life was filed on the docket.

6. Despite this, on **July 23, 2025**, the Court issued **Minute Entry 119**, which incorrectly states:

"Nippon has filed a response to Ms. Dela Torre's motion for sanctions... Defendant has explained the circumstances surrounding its demand for arbitration, an account corroborated by documentary evidence and by Ms. Dela Torre's own submissions."

## II. ARGUMENT

7. **Nippon Life waived its right to respond** to Dkt. 57 by failing to file any response within the time allowed by applicable rules and in violation of this Court's Local Rule 78.3(b), which mandates a 14-day response time, plus 3 days for electronic service under FRCP 6(d), totaling 17 days from service on May 21, 2025. No timely opposition was filed by June 9, 2025, and thus any subsequent reference by the Court in Minute Entry 119 lacks procedural foundation and was made absent a duly-filed response on record.

8. **Local Rule 78.3(b)** states:

*"A party opposing a motion shall file a response brief within 14 days after the motion is served."*

9. **Federal Rule of Civil Procedure 6(d)** adds three (3) additional days when service is made electronically.

10. The total response period therefore expired on **June 9, 2025**, and no extension was ever sought or granted.

11. Permitting Nippon Life to evade this deadline creates **procedural prejudice**, undermines due process, and introduces **unfair litigation tactics**.

12. Moreover, the Court's Minute Entry 119 appears to have **credited non-existent or belated opposition** as if it had been timely filed.

13. Plaintiff respectfully invokes her rights under the Due Process Clause and this Court's inherent authority to **enforce procedural regularity and fairness** in all proceedings, particularly when faced with seasoned counsel such as **Aaron Wax Justin Jacobs**, an attorney of significant experience who represents Defendant **Nippon Life Insurance Company of America**, a global insurance company based in Japan. Mr. Jacobs had full knowledge of the rules and deadlines and yet chose to remain silent. His failure to timely respond, object, or seek extension cannot be excused as oversight. It is a willful procedural neglect that warrants no deference and further amplifies the prejudicial harm Plaintiff now suffers.

**III. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Graciela Dela Torre respectfully requests that the Court:

1. **STRIKE** Dkt. 118, the untimely and procedurally defective opposition to Dkt. 57 filed by Nippon Life Insurance Company of America, represented by attorney **Aaron Wax Justin Jacobs**, an experienced litigator, who failed to file a timely response by the June 9, 2025 deadline set under Local Rule 78.3(b) and Federal Rule of Civil Procedure 6(d).

2. **DISREGARD** any factual assertions or evidence referenced in Minute Entry 119 that originated from such untimely or non-existent filings;

3. Confirm that **Plaintiff's Motion for Rule 11 Sanctions (Dkt. 57)** *remains unopposed as a matter of law, pursuant to Local Rule 78.3(b) and FRCP 6(d), which required a response by June 9, 2025,* and no such response or extension request was filed. Plaintiff respectfully objects to the Court's inference in Minute Entry 119 that such a response exists, and demands procedural compliance and clarity in accordance with the Local Rules of the Northern District of Illinois.

4. Grant such other and further relief as the Court deems just, fair, and proper, including referral of this matter to the Executive Committee for independent review under Local Rule 40.3(d), due to procedural irregularities and apparent disregard of mandatory response deadlines by Defendant Nippon Life and failure of the Court to enforce its own rules in Minute Entry 119.

Respectfully submitted on this 24th day of July, 2025.

/s/ Graciela Dela Torre
**Graciela Dela Torre**
Pro Se Plaintiff
653 Wing St, Elgin IL 60123
gmestiza1@gmail.com
(630) 670-5914

---

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all parties of record via the Court's electronic filing system on this 24th day of July, 2025.

/s/ Graciela Dela Torre
Graciela Dela Torre