


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**Graciela Dela Torre**,

Plaintiff,

vs.

**Nippon Life Insurance Company of America, Davies Life & Health, Inc., and Allsup, LLC**,

Defendants.

Case No. 1:25-cv-01483
Judge Rebecca R. Pallmeyer

---

**EMERGENCY MOTION TO STRIKE DEFENDANT ALLSUP, LLC'S MOTION TO DISMISS DKT. 102 FOR NON-SERVICE, PATTERN OF FALSE CERTIFICATION, AND DUE PROCESS VIOLATIONS AGAINST DISABLED LITIGANT**

NOW COMES Plaintiff **Graciela Dela Torre**, pro se, and hereby respectfully moves this Court on an emergency basis pursuant to **FRCP 5(b), 12(f), 11(b)(3), and Local Rule 5.5**, to **STRIKE Defendant Allsup, LLC's Motion to Dismiss (Dkt. 102)** in its entirety due to lack of valid service, knowingly false certification, and ongoing prejudice to a disabled litigant whose access to PACER was already declared to the Court in Dkt. 92. In support thereof, Plaintiff states as follows:

---

### I. IMMEDIATE HARM AND URGENCY

1. Plaintiff suffers from Multiple Debilitating Documented Medical Conditions and is a **Disabled Pro Se Litigant**.

2. On **July 8, 2025**, in **Dkt. 92**, Plaintiff formally notified the Court and opposing counsels that she is **locked out of PACER** due to nonpayment and relies on direct email or postal service.

3. On **July 11, 2025**, Robert W. Brunner representing Defendant Allsup, LLC filed **Dkt. 102**, a dispositive motion. Plaintiff suspects that it contained a false certificate of service claiming that service had been made on Plaintiff via email just like Dkt. 67. Plaintiff did receive an email alerting her of a new filing from the court system. She opened the email but did not click on the link to download Dkt 102, When she later attempted to click on the email link, to download the filed document, she was

4. redirected to the PACER system and a pop up window alerted her that her account was still suspended for nonpayment, Plaintiff was not able to access Dkt 102 and its content despite her **in forma pauperis** status (Dkt. 3).

5. This pattern is identical to Defendant's prior conduct in **Dkt. 67**, where Mr. Robert W. Brunner falsely certified email service. In Dkt. 67, no direct email was sent, and Plaintiff had to retrieve the filing via PACER. Furthermore, Defendant's own filings stated that service was via PACER link—not attached—reinforcing that direct email service did not occur.

6. Plaintiff was **not served** by email, USPS, or any other direct means. This was confirmed in Plaintiff's sworn Judicial Notice (**Dkt. 107**) and supported by **Exhibit A (Gmail metadata)** attached to **Dkt. 108**.

7. Plaintiff was alerted of the existence of Dkt. 102 from a system notification. When she attempted to access it later, the PACER system prompted her for payment, despite her granted **IFP** status. Thus, Defendant's false certification under Rule 5 obstructed her participation and right to be heard by denying her meaningful access to the filing.

8. This misconduct creates **imminent prejudice**. Plaintiff has not had an opportunity to review or respond to the content of Dkt. 102, yet risks waiving defenses or suffering adverse rulings based on a motion she never received.

---

## II. VIOLATIONS OF PROCEDURAL RULES

### A. Local Rule 5.5: Obligation to Serve Pro Se Litigants

- Local Rule 5.5(b) requires service of filings via **email or mail** when a pro se litigant is not registered for ECF. Plaintiff is **not enrolled in ECF**, and no alternative service was made. In this case, Dela Torre, alerted all parties of lack of Pacer access in Dkt. 92

### B. Rule 11(b)(3): False Certificate of Service

- Plaintiff suspects that the certificate accompanying Dkt. 102 falsely claims service on all parties, mirroring Dkt. 67

- Brunner did **not email** Plaintiff, and **no proof of delivery** exists. This is now a **pattern of misconduct**. (See Dkts. 67, 107, 108, and 110.)

### C. Due Process and Prejudice

- Plaintiff has Multiple Documented Disabilities, see Dkt. 85. The denial of access to a dispositive motion without service constitutes **a denial of due process**.

### III. RELEVANT JUDICIAL RECORD

| Date | Event | Docket/Exhibit |
| --- | --- | --- |
| June 5, 2025 | False service claim (prior example) | Dkt. 67, Pg. 3 |
| July 1, 2025 | Last email from Brunner to Plaintiff | Dkt. 108, Ex. A |
| July 8, 2025 | Plaintiff discloses PACER lockout | Dkt. 92 |
| July 11, 2025 | Allsup files Dkt. 102 | Dkt. 102 |
| July 14, 2025 | Judicial Notice of Non-Service | Dkt. 107 |
| July 15, 2025 | Judicial Notice of False Conferral | Dkt. 108 |
| July 15, 2025 | Sanctions Motion filed | Dkt. 110 |

The Court has not yet ruled on **Dkt. 107**, which directly addressed this ongoing procedural misconduct. The **lack of action** compounds the risk of a default ruling being entered on the basis of a document never served.

### IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court to:

1. **STRIKE Dkt. 102 in its entirety** for lack of valid service and false certification;
2. **Order that Allsup, LLC and all defense counsel** serve future dispositive motions by direct email with confirmation or by USPS;
3. **Defer ruling** on Dkt. 102 until the Court rules on Dkts. 107, 108, and 110;
4. **Issue an order** requiring defense counsel to file an amended certificate of service correcting Dkt. 102, or withdraw and refile properly served;
5. **Grant such other and further relief** as the Court deems just.

Respectfully submitted,
/s/ Graciela Dela Torre
Pro Se Plaintiff
653 Wing St, Elgin IL 60123
gmestiza1@gmail.com
630-670-5914
Dated: July 24, 2025

---

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2025, I served the foregoing via CM/ECF on all counsel of record

**/s/ Graciela Dela Torre**