



**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

**Graciela Dela Torre,**
Plaintiff,

v.

**Nippon Life Insurance Company of America, et al.,**
Defendants.

Case No.: 1:25-cv-01483

---

### PLAINTIFF'S JUDICIAL NOTICE OF PRIOR WITHDRAWAL OF ARBITRATION FILINGS, INVALIDITY OF NLI'S DKT. 118 EXHIBITS, AND INVOCATION OF PROTECTION UNDER FRCP 11(b) AND LOCAL RULE 83.51.3(a)

NOW COMES Plaintiff, Graciela Dela Torre, appearing pro se, and respectfully submits this Judicial Notice to inform the Court of material facts that render the exhibits attached to Defendant Nippon Life Insurance Company of America's Dkt. 118 procedurally defective and legally invalid. Defendant's Exhibit 118-4, in particular, includes documents that were formally withdrawn by Plaintiff on March 14, 2025, and thus constitute a **knowing misrepresentation to the Court in violation of FRCP 11(b), Local Rule 83.51.3(a),** and **The Spirit of Local Rule 78.3(b).** The submission of withdrawn materials despite Plaintiff's express and written withdrawal represents a calculated and prejudicial act. Defendant's counsel, Justin Wax Jacobs, who represents Nippon Life Insurance Company of America, a global Japanese insurance company with vast legal resources, acted with actual knowledge of the withdrawal and deliberately introduced misleading materials into this federal proceeding in bad faith and in violation of their ethical obligations.

**I. PRIOR WITHDRAWAL OF ARBITRATION FILINGS**

1. On **March 14, 2025**, Plaintiff formally notified the International Centre for Dispute Resolution (ICDR) and Defendant's counsel, **Justin Wax Jacobs**, that she was **withdrawing all prior filings** in AAA Case No. 01-25-0000-4189, due to improper service and lack of jurisdiction, and that no documents from that arbitration were to be used or relied upon in any forum going forward.

2. This formal notice was transmitted via email to ICDR and attached herein as Exhibit ("3-14-2025.pdf"). The message clearly indicated that Plaintiff withdrew her participation and filings in the arbitration proceedings due to **Due Process**

**violations** and lack of direct notice of service, and expressly instructed ICDR to disregard all previously filed materials as null and void. These instructions were clear and unequivocal, and attorney Justin Wax Jacobs received this notice. Thus, the use of these withdrawn filings in Dkt. 118 constitutes a deliberate and unjustified misrepresentation to this Court.

## II. IMPROPER USE OF WITHDRAWN MATERIALS IN DKT. 118

3. Despite having **actual knowledge** of Plaintiff's withdrawal from arbitration, **Defendant Nippon Life Insurance Company of America**, through attorney **Justin Wax Jacobs, submitted withdrawn arbitration filings** as exhibits to Dkt. 118 in this federal litigation.

4. Specifically, **Exhibit 118-4** includes documents that were withdrawn on March 14, 2025, and thus are no longer valid or proper for use in federal court. Defendant's reliance on these materials constitutes bad faith litigation conduct under FRCP 11(b).

## III. PRIOR GRANTED MOTIONS REGARDING ARBITRATION ABUSE

5. On **April 11, 2025**, this Court **granted** the following:

    - **Dkt. 37**: PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF PRIOR REGULATORY SANCTIONS AGAINST DEFENDANT NIPPON LIFE INSURANCE COMPANY OF AMERICA.

    - **Dkt. 38**: PLAINTIFF'S EMERGENCY MOTION TO PLACE DEFENDANT'S ARBITRATION MISCONDUCT ON RECORD AND REQUEST EQUITABLE RELIEF.

6. These granted motions confirm the **procedural impropriety and retaliatory nature** of Defendant's arbitration conduct. The filings now recycled in Dkt. 118 were part of the same tainted process already discredited and judicially noticed by the Court.

## IV. CONCLUSION AND REQUEST FOR JUDICIAL NOTICE

7. Plaintiff respectfully requests that the Court **take judicial notice** of the following:

    - Plaintiff's formal withdrawal of arbitration participation on March 14, 2025;

    - The improper filing of previously withdrawn arbitration exhibits in Dkt. 118 by Defendant Nippon Life Insurance Company of America;

    - The **prior granted motions (Dkts. 37 and 38)** which documented arbitration-related misconduct;

- The need to **disregard Exhibit 118-4** and any related exhibits as defective and filed in **bad faith**;
- That attorney **Justin Wax Jacobs** acted with actual knowledge of these facts and nonetheless introduced misleading materials into this federal proceeding.

This Judicial Notice is submitted in further support of Plaintiff's **Motion to Strike Dkt. 118** and to preserve the integrity and fairness of these proceedings.

Respectfully submitted on this 24th day of July, 2025.

/s/ Graciela Dela Torre
**Graciela Dela Torre**
Pro Se Plaintiff
653 Wing St, Elgin IL 60123
GMESTIZA1@gmail.com
Phone: (630) 670-5914

---

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties of record via the Court's electronic filing system on this 24th day of July, 2025.

/s/ Graciela Dela Torre
Graciela Dela Torre


Exhibit "3-14-2025.pdf" attached below:

Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-0000-4189

1 message

**Gracie Dlt** <gmestiza1@gmail.com>  Fri, Mar 14, 2025 at 1:16 AM
To: ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>, "Wax Jacobs, Justin (NY)" <J-WaxJacobs@nipponlifebenefits.com> Cc: CaseFiling@adr.org, Gracie Dlt <gmestiza1@gmail.com>

Subject: Urgent Objection to Improper Service & Request to Disregard Previous Filings – Case 01-25-
0000-4189

Dear Ms. Samsudeen,

I am writing to formally notify the ICDR that I have recently discovered that the service of arbitration-related documents in the matter of Nippon Life Insurance Company of America v. Graciela Dela Torre (Case No.01-25-0000-4189) was procedurally defective and violated my Due Process rights.
Request to Disregard Previous Filings

Due to this newly discovered information, I respectfully request that all previous filings related to my response be disregarded, as they were made without full awareness of the procedural violations. Specifically:

1. Service was legally defective. Nippon Life's attorney knowingly served arbitration documents to a third party (my former attorney, Kevin Probst), who was no longer representing me, instead of serving me directly.
2. Due Process Violations occurred. I was deprived of proper notice and the ability to respond appropriately.
3. I did not receive proper service of the arbitration demand, which fundamentally affects the validity of this arbitration proceeding.

Non-Waiver of Rights & Formal Objection to Arbitration

- I do not waive any of my rights, including my right to challenge the validity of arbitration, the improper service, and any procedural misconduct by Nippon Life
- Insurance's Counsel.
- I do not consent to this arbitration proceeding moving forward based on defective service. Any attempt to continue arbitration without properly addressing this issue may result in further legal action.

Attachment: Motion to Dismiss

Attached to this email is my Motion to Dismiss outlining these due process violations in greater detail. Please ensure that this motion is included in the record for review.

I will await formal acknowledgment from the ICDR that my request has been received and that all previous filings will be disregarded accordingly. Please confirm receipt of this email and the attached motion.

Sincerely,
Graciela Dela Torre
Pro Se Respondent
Email: GMESTIZA1@gmail.com
Phone: (630) 670-5914

---

📄 3-14-2025.pdf

Gmail  Gracie Dlt <gmestiza1@gmail.com>

## RE: Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-0000-4189

1 message

**ICDR Sabriyah Samsudeen** <SabriyahSamsudeen@adr.org>  Tue, Mar 18, 2025 at 2:03 PM
To: Gracie Dlt <gmestiza1@gmail.com>, "Wax Jacobs, Justin (NY)" <J-WaxJacobs@nipponlifebenefits.com>

Dear Parties,

The ICDR is requesting Claimant's comments to Respondent's Motion to Dismiss. Please provide your comments at your earliest convenience.

Thanks,



Sabriyah Samsudeen

American Arbitration Association
T: 212 484 4143 E: SabriyahSamsudeen@adr.org 120 Broadway, 21st Floor,
New York, NY 10271 adr.org | icdr.org | aaaicdrfoundation.org

---

**From:** Sabriyah Samsudeen
**Sent:** Monday, March 17, 2025 11:53 AM
**To:** Gracie Dlt <gmestiza1@gmail.com>; Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Subject:** RE: Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-00004189

Dear Parties,

The ICDR is currently reviewing respondent's submissions and will revert back to the parties shortly.

Thanks,

Sabriyah Samsudeen

---

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, March 14, 2025 2:17 AM
**To:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>; Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com> **Cc:** Case Filing <CaseFiling@adr.org>; Gracie Dlt <gmestiza1@gmail.com>
**Subject:** Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-0000-4189