BC PJJ
FILED
7/26/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE,<br><br>Plaintiff,<br><br>v.<br><br>DAVIES LIFE & HEALTH, INC., formerly known as Disability Management Services, Inc., NIPPON LIFE INSURANCE COMPANY OF AMERICA, and ALLSUP, LLC,<br><br>Defendants. | Case No. 1:25-cv-01483<br><br>Honorable Rebcca R. Pallmeyer |

## JUDICIAL NOTICE OF PROCEDURAL IMPAIRMENT AND MOTION FOR RELIEF

Plaintiff GRACIELA DELA TORRE, a disabled *pro se* litigant, submits this Notice and Motion pursuant to **Fed. R. Civ. P. 1, 17(c)(2); Local Rule 5.3(e)**; and the Due Process Clause of the **Fifth and Fourteenth Amendments**.

### I. NOTICE OF PACER BARRIERS AND DOCKETING DELAYS

Per **Local Rule 5.3(e)** and **ECF Procedures Manual § 2.1**, After the reassignment Dkt 48, Plaintiff notes systemic delays including:

| Dkt. # | Title | Received | PACER Entry | Delay | Violation |
|---|---|---|---|---|---|
| 80 | Third Amended Complaint | 06/13/25 | 06/18/25 | 5 days | ECF § 2.1 |
| 92-94 | PACER Relief Motion | 07/08/25 | 07/10/25 | 2 days | LR 5.3(e) |
| 121 | TRO against NLI | 07/22/25 | 07/24/25 | 2 days | ECF § 2.1 |

This violates the Court's ECF policy:

*"Documents shall be docketed promptly... typically within 24 hours"* (**ECF Manual § 2.1**).

Plaintiff incurred undue burden verifying NLI's non-response to **Dkts. 57 (FRCP 11 Sanctions), 60, 114** a disadvantage not faced by represented parties under **FRCP 1**.

## II. PROCEDURAL IRREGULARITY: JUNE 3 EMAIL

On June 3, 2025, Joseph R. Jeffery (Chittenden, Murday & Novotny LLC) emailed Susan Kelly Lenburg, whose role remains unconfirmed (**Dkt. 69**) as "Dear Judge Pallmeyer" (Dkt. 70-1 p 24-25, **Dkt. 109-1, p. 3**).

**Violations:**

1. **Ex Parte Appearance**: Addressed non-judicial staff as judge (**28 U.S.C. § 455(b)**) Dkt. 70-1, p.13, Dkt 109-1, p.3
2. **Improper Conferral**: Demanded response by 4:00 PM for non-emergency matter (**LR 37.2**);
3. **Misrepresentation**: Claimed conferral attempt at 4:20 PM before Plaintiff's access (**FRCP 11(b)(3)**);
4. **Unequal Access**: Used Susan Kelly Lenburg's non-public email channel (**LR 83.50**).

The Court's reliance on this communication in **Minute Entry 65/Dkt. 66** disregarded Plaintiff's clarifications, violating due process.

## III. DENIAL OF PRO BONO COUNSEL AS PREJUDICE

Denial of **Dkt. 63** (citing **28 U.S.C. § 1915(e)(1)**) ignored:

- Documented disabilities under **ADA, 42 U.S.C. § 12132**;
- Cognitive impairments requiring accommodation (**FRCP 17(c)(2)**);
- Institutional opposition by 3 law firms.

Reconsideration is warranted given compounded procedural harm (**Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989)**).

## IV. REQUESTED RELIEF

Pursuant to **FRCP 60(b)(6)** and **LR 5.3(e)**, Plaintiff seeks:

1. Judicial notice of June 3 email irregularities;
2. Disclosure of Ms. Lenburg's role/contact information (**LR 83.50**);
3. Rulings on pending motions (**Dkts. 57(FRCP 11), 60, 92, 94, 104-108, 110, 113-114, 117**);

4. PACER fee waiver or real-time access (**LR 5.3(e)**) Dkt. 92 & Dkt. 94

5. Reconsideration of pro bono appointment (**LR 83.36; 28 U.S.C. § 1915(e)(1)**). Dkt 63 & Dkt. 73

## V. CONCLUSION

Plaintiff preserves these due process violations (**U.S. Const. Amend. V, XIV**) for appellate review. Relief is necessary to ensure "just, speedy, and inexpensive determination" under **FRCP 1**.

Respectfully submitted,
GRACIELA DELA TORRE
*/s/Graciela Dela Torre*
*Pro Se* Plaintiff
653 Wing St, Elgin IL 60123
630-670-5914