BC KG
FILED
7/30/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVIES LIFE & HEALTH, INC., formerly ) <br> known as Disability Management Services, Inc., ) <br> NIPPON LIFE INSURANCE COMPANY OF ) <br> AMERICA, and ALLSUP, LLC, ) <br> ) <br> Defendants. ) | Case No. 1:25-cv-01483 <br><br> Honorable Rebcca R. Pallmeyer |

**PLAINTIFF'S URGENT MOTION FOR EVIDENTIARY HEARING PURSUANT TO FRCP 43(c) AND THE COURT'S INHERENT AUTHORITY AGAINST DEFENDANT'S ATTORNEY JUSTIN WAX JACOBS & NIPPON LIFE INSURANCE (NLI)**

Plaintiff Graciela Dela Torre, pro se, pursuant to Federal Rule of Civil Procedure 43(c), 28 U.S.C. § 1651 (All Writs Act), and the Court's inherent authority (Chambers v. NASCO, Inc., 501 U.S. 32 (1991)), respectfully moves for an evidentiary hearing based on **Justin Wax Jacobs's**:

1. Forgery/Fabrication of Dkt. 118-2 (Exhibit B);

2. Fraudulent invocation of Rule 11 safe harbor Dkt. 118;

3. Improper use of withdrawn arbitration materials Dkt. 118-4;

4. Prejudicial reliance on sealed filings never served on Plaintiff.

**I. FACTUAL BACKGROUND REQUIRING JUDICIAL INTERVENTION**

Defendant Nippon Life's July 21, 2025 filing Dkt. 118 included:

a) Exhibit 118-2: Purported email from Junko Inaga containing forged elements, see Dkt. 134;

b) Exhibit 118-4: Withdrawn arbitration document (Attached as Exhibit).

Contradictions in Attorney Wax Jacobs' representations:

**Table of Contradictions & Filing Dates – Justin Wax Jacobs (Nippon Life Insurance Co.)**

| Case No. | Dkt. No. | Filing Date | Statement / Action by Wax Jacobs | Contradiction / Procedural Misconduct | Notes / Supporting Docs |
|---|---|---|---|---|---|
| 1:22-cv-07059 | Dkt. 59 | 02/06/2025 | Certified **sealed service** of Dkt. 50 & 51 to **Kevin Probst and other former attorneys** via FedEx Overnight Mail. Plaintiff never served. | Improper service: Probst no longer represented Plaintiff. **Wax failed to serve Plaintiff directly.** | Dkt. **59** (Certificate of Service) |
| 1:22-cv-07059 | Dkt. 61-1 | 02/06/2025 | Declared that on **Feb 5, 2025**, Probst "made it very clear" his **representation had ended** and he wouldn't communicate, unless order by the court. | Confirms Wax **knew** before Dkt. **59** that attorneys he served no longer represented Plaintiff and refused to communicate with her. | Dkt. 61-1 ¶14 (Declaration of Justin Wax Jacobs) |
| 1:25-cv-01483 | Dkt. 44-5 | 04/28/2025 | Junko Inaga declares arbitration packet mailed to Plaintiff on **Jan 29, 2025** via **FedEx 1-day**, delivered Jan 30, **contradicting 59**. | No **signed receipt or direct service proof** to Plaintiff was ever filed. Wax concealed this from prior sealed filings. | Dkt. **44-5** (Declaration of Junko Inaga) |
| 1:25-cv-01483 | Dkt. 118-2 | 07/21/2025 | Wax files a **questionable Outlook email** (Exhibit B) showing FedEx label creation and arbitration mailing to Plaintiff. | Appears **forged**; was never mentioned in earlier service filings. Submitted **in opposition to sanctions, Dkt 117.** | Dkt. 118-2 Filed as a response to **Dkt. 117** sanctions motion |

| Case No. | Dkt. No. | Filing Date | Statement / Action by Wax Jacobs | Contradiction / Procedural Misconduct | Notes / Supporting Docs |
|---|---|---|---|---|---|
| 1:25-cv-01483 | Dkt. 129 | 07/28/2025 | Files motion to **hold Plaintiff in contempt** for refusing arbitration under 18 U.S.C. § 401(3). | Misleads the Court by **pretending arbitration demand was properly served**, which is false. | Dkt. 129 (Relies on defective service and forged document from Dkt. **118-2**) |

Service Disparity in Dkt. 103:

• Court acknowledged duplicate CM/ECF notices to Wax Jacobs (J-WaxJacobs@nipponlifebenefits.com)

• Failed to remedy Plaintiff's PACER access denial despite IFP status

II. LEGAL BASIS FOR HEARING

A. Fed. R. Civ. P. 43(c): Testimony necessary to resolve evidence tampering allegations

B. Inherent Authority: Court must rectify fraud on judiciary (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944))

C. FRE 1003/1004: Require production of original email files

D. Local Rule 83.15: Mandates hearing for alleged attorney misconduct

III. EVIDENTIARY CONTRADICTIONS

**A. Forged/Fabricated Email Dkt. 118-2**

Request: Subpoena Justin Wax Jacobs and Junko Inaga to:

1. Produce native Outlook .msg files of Exhibit 118-2

2. To be Deposed under oath regarding transmission

3. Submit devices/files for FRE 706 forensic analysis

### B. Rule 11 Safe Harbor Violation

Judicial Notice: Nippon Life responded to Dkts. 30, and others, without service objections. CM/ECF service of Dkt. 57 was docketed and confirmed (Dkt. 57 Email Service.pdf). Wax Jacobs received duplicate notices, see Dkt. 103.

Legal Standard: Local Rule 5.3(b) deems CM/ECF filing valid service. Court cured Allsup's fatal defect on Dkt. 101 & 102, without Allsup's counsel request, and despite false certification of service, in the official record, see Dkt. 135. Equal protection requires equivalent recognition of Plaintiff's service.

### C. Improper Use of Withdrawn Material Dkt. 118-4

FRE 408: Bars use of settlement-related materials for litigation advantage.

### IV. REQUESTED RELIEF

1. Evidentiary hearing within 14 days
2. Forward this petition to the Executive Committee

2. Subpoenas to:

   a. Justin Wax Jacobs (NJ #163332016 Dkt 27-2; NY #00224675 Dkt. 27-1)

   b. Junko Inaga (Nippon Life)

   c. AAA/ICDR Records Custodian

3. Appointment of neutral forensic expert (costs advanced by Defendant)

4. Suppression of Dkts. 118-2 and 118-4

5. Sanctions under 28 U.S.C. § 1927

CERTIFICATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Dated: July 31, 2025

Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street, Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914

CERTIFICATE OF SERVICE

I declare that this file was submitted on July 30, 2025, Upon Clerk's acceptance, it will be placed on the docket and serve via CM/ECF on July 31, 2025 to all counsel of record. (If not delayed)

# Exhibits

Case: 1:22-cv-07059 Document #: 59 Filed: 02/06/25 Page 1 of 1 PageID #:416

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------X

Graciela Dela Torre,

                Plaintiff,

v.

Nippon Life Insurance Company
Of America,

                Defendant.

-------------------------------------------------------X

Case No.: 1:22-cv-07059

## AFFIDAVIT AND CERTFICATE OF SERVICE

I, Justin Wax Jacobs, hereby certify that on February 4, 2025, I caused true and correct unredacted copies of the Notice of Motion to Compel Arbitration, Memorandum of Law in Support, and all exhibits attached thereto, which have been filed under seal as Docket Numbers 50 and 51, to be sent by FedEx overnight mail to Kevin Probst (1600 Ponce De Leon Blvd. Ste 1202, Coral Gables, FL 33134), Edward Dabdoub (1600 Ponce De Leon Blvd. Ste 1202, Coral Gables, FL 33134), and Justin R. Lewicky (10 N. Dearborn Street, Suite 500, Chicago, IL 60602) as attorneys for the Graciela Dela Torre.

_/s/ Justin Jacobs_

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America

February 5, 2025
Date

9. On or about September 19, 2022 Plaintiff filed a complaint against NIPPON in the Southern District of Florida. *Dela Torre v. Nippon Life Insurance Company of America*, Case No. 1:22-cv-22990 (S.D. Fla. 2022). Plaintiff asserted one cause of action alleging entitlement to certain benefits of the LTD policy seeking unpaid LTD benefits, plus interest.

10. Because Dela Torre filed in an improper forum, the Plaintiff refiled in the United States District Court for the Northern District of Illinois on December 14, 2022.

11. Following initiation of the lawsuit in the Northern District of Illinois, the Parties engaged in discovery. A copy of the Plaintiff's entire long term disability claims file was produced and sent to the Plaintiff's attorneys at the Dabdoub Law Firm in late April, 2023.

12. The produced claims file included the surveillance report and all of the surveillance videos pertaining to the Plaintiff. The videos depicted Dela Torre engaging in activities which contradicted her medical records and insurance claim. The surveillance report provided the dates and location of the surveillance and the name of the investigator, as well as the investigator's observations.

13. On January 23, 2024, the Plaintiff and Defendant entered into a joint stipulation to dismiss the lawsuit with prejudice.

14. On February 5, 2025, I attempted to meet and confer with Plaintiff's attorney, Kevin Probst to discuss the Plaintiff's subpoena. Mr. Probst made it very clear that in his view, his representation of Ms. Dela Torre had ended and that he will not communicate with the Plaintiff unless ordered by the Court.

Executed on February 6, 2025 at Jamaica, New York: _____*Justin Jacobs*_____

Case: 1:25-cv-01483 Document #: 103 Filed: 07/11/25 Page 1 of 1 PageID #:679

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Graciela Dela Torre
                Plaintiff,

v.

Davies Life & Health, Inc., et al.
                Defendant.

Case No.: 1:25-cv-01483
Honorable Rebecca R. Pallmeyer

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 11, 2025:

    MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff's petition to "remedy unfair CM/ECF notification disparity" notes that the Clerk has been sending duplicate notices to Nippon's attorney, Justin Wax Jacobs. The petition [93] is granted in that the Clerk is directed to limit notices to Mr. Jacobs to a single notification. Plaintiff's motion to compel verification of counsel's medical hardship [95] is denied. The court does not routinely require submission of medical records in support of a request for a continuance. Plaintiff notes that she did provide medical documentation in support of her own difficulties, but those difficulties did not prevent her from initiating this case, or from preparing three complaints since initiating this lawsuit in February; the court thus granted only a limited extension of the time for her to file yet another amended complaint [77]. Ms. Dela Torre's request for a conference with the Executive Committee [96] is denied without prejudice, and the court will forward that request to the court's Executive Committee for the Committee's consideration. Defendant Davies Life & Health's motion for judgment on the pleadings [99] and Defendant Allsup LLC's motion to dismiss [101, 102] are entered and continued for briefing. Plaintiff's responses are due August 22, 2025; replies are due on September 5, 2025. Mailed notice. (cp, )



## Appellate Division of the Supreme Court of the State of New York
## Second Judicial Department

I, Darrell M. Joseph, Clerk of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, do hereby certify that

### Justin Aaron Wax Jacobs

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **February 1, 2017**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand in the City of Brooklyn on April 8, 2025.

Clerk of the Court

CertID-00224675



**Appellate Division
Supreme Court of the State of New York
Second Judicial Department**
45 Monroe Place
Brooklyn, N.Y. 11201
(718) 875-1300

HECTOR D. LASALLE
PRESIDING JUSTICE

DARRELL M. JOSEPH
CLERK OF THE COURT

KENNETH BAND
MELISSA KRAKOWSKI
DEPUTY CLERKS

WENDY STYNES
LAUREN G. DOME
BRIAN E. KENNEDY
RIAD P. WILLIAMS
ASSOCIATE DEPUTY CLERKS

To Whom It May Concern

    An attorney admitted to practice by this Court may request a certificate of good standing, which is the only official document this Court issues certifying to an attorney's admission and good standing.

    An attorney's registration status, date of admission and disciplinary history may be viewed through the attorney search feature on the website of the Unified Court System.

    New York State does not register attorneys as active or inactive.

    An attorney may request a disciplinary history letter from the Attorney Grievance Committee of the Second Judicial Department.

    Bar examination history is available from the New York State Board of Law Examiners.

    Instructions, forms and links are available on this Court's website.

*[signature]*

Darrell M. Joseph
Clerk of the Court

Revised October 2024

# Supreme Court of New Jersey



# Certificate of Good Standing

This is to certify that **JUSTIN AARON WAX JACOBS** (No. **163332016**) was constituted and appointed an Attorney at Law of New Jersey on **January 06, 2016** and, as such, has been admitted to practice before the Supreme Court and all other courts of this State as an Attorney at Law, according to its laws, rules, and customs.

I further certify that as of this date, the above-named is an Attorney at Law in Good Standing. For the purpose of this Certificate, an attorney is in "Good Standing" if the Court's records reflect that the attorney: 1) is current with all assessments imposed as a part of the filing of the annual Attorney Registration Statement, including, but not limited to, all obligations to the New Jersey Lawyers' Fund for Client Protection; 2) is not suspended or disbarred from the practice of law; 3) has not resigned from the Bar of this State; and 4) has not been transferred to Disability Inactive status pursuant to Rule 1:20-12.

Please note that this Certificate does not constitute confirmation of an attorney's satisfaction of the administrative requirements of Rule 1:21-1(a) for eligibility to practice law in this State.



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Supreme Court, at Trenton, this 18th day of March, 2025.*

Clerk of the Supreme Court



# RE: Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-0000-4189

1 message

---

**ICDR Sabriyah Samsudeen** <SabriyahSamsudeen@adr.org>  Thu, 27 Mar 2025 at 1:49 pm
To: Gracie Dlt <gmestiza1@gmail.com>, Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>

Dear Parties,

Claimant, if you wish to submit comments to Respondent's Motion to Dismiss please do so no later than March 31, 2025.

Thanks,

Sabriyah Samsudeen



**ICDR Sabriyah Samsudeen**
**Senior Case Manager**

American Arbitration Association
T: 212 484 4143  E: SabriyahSamsudeen@adr.org
120 Broadway, 21st Floor, New York, NY 10271
adr.org | icdr.org | aaaicdrfoundation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** ICDR Sabriyah Samsudeen
**Sent:** Tuesday, March 18, 2025 3:04 PM
**To:** Gracie Dlt <gmestiza1@gmail.com>; Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Subject:** RE: Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-0000-4189

Dear Parties,

The ICDR is requesting Claimant's comments to Respondent's Motion to Dismiss. Please provide your comments at your earliest convenience.

Thanks,
Sabriyah Samsudeen

**From:** Sabriyah Samsudeen
**Sent:** Monday, March 17, 2025 11:53 AM
**To:** Gracie Dlt <gmestiza1@gmail.com>; Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Subject:** RE: Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-0000-4189

Dear Parties,

The ICDR is currently reviewing respondent's submissions and will revert back to the parties shortly.

Thanks,

Sabriyah Samsudeen

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, March 14, 2025 2:17 AM
**To:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>; Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Cc:** Case Filing <CaseFiling@adr.org>; Gracie Dlt <gmestiza1@gmail.com>
**Subject:** Subject: Urgent Request to Disregard Previous Filings Due to Invalid Service & Due Process Violations – Case 01-25-0000-4189

**\*\*\* External E-Mail – Use Caution \*\*\***

Subject: Urgent Objection to Improper Service & Request to Disregard Previous Filings – Case 01-25-0000-4189

Dear Ms. Samsudeen,

I am writing to formally notify the ICDR that I have recently discovered that the service of arbitration-related documents in the matter of Nippon Life Insurance Company of America v. Graciela Dela Torre (Case No. 01-25-0000-4189) was procedurally defective and violated my Due Process rights.

Request to Disregard Previous Filings

Due to this newly discovered information, I respectfully request that all previous filings related to my response be disregarded, as they were made without full awareness of the procedural violations. Specifically:

1. Service was legally defective. Nippon Life's attorney knowingly served arbitration documents to a third party (my former attorney, Kevin Probst), who was no longer representing me, instead of serving me directly.

2. Due Process Violations occurred. I was deprived of proper notice and the ability to respond appropriately.

3. I did not receive proper service of the arbitration demand, which fundamentally affects the validity of this arbitration proceeding.

Non-Waiver of Rights & Formal Objection to Arbitration

- I do not waive any of my rights, including my right to challenge the validity of arbitration, the improper service, and any procedural misconduct by Nippon Life Insurance's Counsel.

- I do not consent to this arbitration proceeding moving forward based on defective service.

- Any attempt to continue arbitration without properly addressing this issue may result in further legal action.

Attached to this email is my Motion to Dismiss outlining these due process violations in greater detail. Please ensure that this motion is included in the record for review.

I will await formal acknowledgment from the ICDR that my request has been received and that all previous filings will be disregarded accordingly. Please confirm receipt of this email and the attached motion.

Sincerely,
Graciela Dela Torre
Pro Se Respondent
Email: GMESTIZA1@gmail.com
Phone: (630) 670-5914