

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebcca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**EMERGENCY MOTION TO**

**(1) STAY ARBITRATION AND CONTEMPT PROCEEDINGS;**
**(2) STRIKE DKTS. 128, 129, 130; AND**
**(3) IMPOSE SANCTIONS UNDER FRCP 11 AGAINST JUSTIN WAX JACOBS/NIPPON LIFE INSURANCE**

**Plaintiff Graciela Dela Torre, Pro Se, respectfully moves this Court for emergency relief based on defense counsel Justin Wax Jacobs' litigation misconduct in both Case No. 1:22-cv-07059 and the instant case (1:25-cv-01483).**

**I. INTRODUCTION**

Defense counsel Justin Wax Jacobs (representing Nippon Life Insurance Company of America) has engaged in a pattern of procedural abuse by:

1. **Knowingly serving critical sealed motions (1:22-cv-07059, Dkts. 50-51) on withdrawn attorneys** despite Plaintiff's pro se status and updated address (Dkt. 44), violating FRCP 5(b)(1).

2. **Using these fraudulently served filings as the basis for Dkts. 128–130** (contempt and arbitration enforcement).

3. **Weaponizing the US Marshal Service** (Dkt. 130) to intimidate an IFP litigant. This misconduct voids all subsequent proceedings and demands immediate judicial intervention.

## II. UNDISPUTED FACTS OF COUNSEL MISCONDUCT

*(Supporting evidence: See attached Statement of Undisputed Facts)*

1. **Jan. 22, 2025**: Plaintiff filed Pro Se Appearance (1:22-cv-07059, Dkt. 36).
2. **Jan. 30, 2025**: Plaintiff's address (653 Wing St., Elgin, IL) entered via Dkt. 44.
3. **Feb. 4, 2025**: Jacobs certified service of sealed Motions to Compel Arbitration (Dkts. 50-51) *only* to withdrawn counsel (1:22-cv-07059, Dkt. 59), despite knowing:
   - Plaintiff was pro se (1:22-cv-07059, Dkt. 36),
   - Attorneys had moved to withdraw (1:22-cv-07059, Dkt. 44),
   - Kevin Probst refused to communicate with Plaintiff (1:22-cv-07059, Dkt. 61-1, ¶14).
4. **Feb. 11, 2025**: Court denied Probst's video appearance due to credibility concerns (1:22-cv-07059, Dkt. 78).
5. **July 28, 2025**: Jacobs filed Dkts. 128–130 relying entirely on the fraudulently served Dkts. 50-51.

## III. LEGAL GROUNDS FOR RELIEF

### A. Dkts. 128–130 Are Procedurally Void

- Service of 1:22-cv-07059, Dkts. 50-51 violated **FRCP 5(b)(1)**: Service must be made to a pro se party's last known address. *Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000).
- Reliance on void filings taints 1:25-cv-01483, Dkts. 128–130. **Strike them under FRCP 12(f)**.

### B. Contempt Motion (Dkt. 129) Lacks Legal Basis

- The Feb. 13, 2025 Order (1:22-cv-07059, Dkt. 95) set **no deadline** for arbitration participation.
- Plaintiff's objections to defective service constitute good-faith compliance efforts.

### C. US Marshal Request (1:25-cv-01483, Dkt. 130) Is Punitive Harassment

- **NDILR 37.1** requires personal service for contempt motions not US Marshals.
- Marshals are reserved for *initial process* under **FRCP 4(c)(3)**, not routine motions. *Sims v. GAIA Corp.*, 2013 WL 2251796 (N.D. Ill. 2013).

### D. Jacobs' Misconduct Warrants FRCP 11 Sanctions

- False certification of service (1:22-cv-07059, Dkt. 59) violates **FRCP 11(b)(3)** (factual misrepresentation).
- Pattern of abusing sealed filings violates **NDILR 83.53** (candor to tribunal).

## IV. RELIEF REQUESTED

1. **STAY** all proceedings, including arbitration and contempt.
2. **STRIKE** Dkts. 128, 129, 130 (1:25-cv-01483) as procedurally void.
3. **IMPOSE SANCTIONS** on Justin Wax Jacobs under FRCP 11(c).
4. **REFER** Jacobs to the Disciplinary Committee under NDILR 83.58.

## V. CONCLUSION

Justin Wax Jacobs, Defense counsel's brazen disregard for due process has turned this litigation into a weapon against a pro se IFP plaintiff. Emergency relief is imperative to halt this abuse and preserve judicial integrity.

---

**Dated:** August 2, 2025
Respectfully submitted,
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing Street, Elgin, IL 60123
(630) 670-5914
GMESTIZA1@gmail.com

---

### CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2025, I electronically filed this motion via CM/ECF, serving all parties of record.

/s/ Graciela Dela Torre

## ATTACHMENT: STATEMENT OF UNDISPUTED FACTS

| Docket | Date | Key Fact |
|---|---|---|
| 1:22-cv-07059, Dkt. 36 | 01/22/2025 | Plaintiff filed Pro Se Appearance. |
| 1:22-cv-07059, Dkt. 44 | 01/30/2025 | Plaintiff's address (653 Wing St.) entered; attorneys moved to withdraw. |
| 1:22-cv-07059, Dkt. 59 | 02/06/2025 | Jacobs certified service of Dkts. 50-51 to withdrawn counsel only. |
| 1:22-cv-07059, Dkt. 61-1, ¶14 | 02/06/2025 | Jacobs admits Probst refused contact with Plaintiff. |
| 1:22-cv-07059, Dkt. 78 | 02/11/2025 | Court denied Probst's video appearance due to credibility concerns. |
| See 1:25-cv-01483, Dkts. 128–130 | 07/28/2025 | Motions relying on fraudulently served Dkts. 50-51. |

# Exhibit A

1:25-cv-01483 44-1

| | | |
|---|---|---|
| | | affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/29/2023) |
| 01/23/2024 | 34 | STIPULATION of Dismissal *Joint* (Dabdoub, Edward) (Entered: 01/23/2024) |
| 01/24/2024 | 35 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: On the parties' Joint Stipulation 34 , and pursuant to Federal Rule of Civil Procedure 41(a), this case is dismissed with prejudice with each party to bear its own attorneys' fees, costs, and expenses. Civil case terminated. Mailed notice (cn). (Entered: 01/24/2024) |
| 01/22/2025 | 36 | PRO SE Appearance by Plaintiff Graciela Dela Torre (Received at the Intake Counter on 1/22/2025) (smb, ) (Entered: 01/22/2025) |
| 01/22/2025 | 37 | MOTION by Plaintiff Graciela Dela Torre to Reopen Case (Received at the Intake Counter on 1/22/2025) (Exhibits)<br><br>(smb, ) (Entered: 01/22/2025) |
| 01/22/2025 | 38 | APPLICATION by Plaintiff Graciela Dela Torre for leave to proceed in forma pauperis (Received at the Intake Counter on 1/22/2025)<br><br>(smb, ) (Entered: 01/23/2025) |
| 01/28/2025 | 39 | ATTORNEY Appearance for Defendant Nippon Life Insurance Company of America by Matthew M Morrissey (Morrissey, Matthew) (Entered: 01/28/2025) |
| 01/28/2025 | 40 | MOTION by Attorney Kimberly Jones to withdraw as attorney for Nippon Life Insurance Company of America. No party information provided<br><br>(Jones, Kimberly) (Entered: 01/28/2025) |
| 01/28/2025 | 41 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: On the court's own motion and by agreement of the parties, an in-person hearing is set for 2/13/2025 at 9:00 a.m. for motion to re-open case 37 . Mailed notice. (cp, ) (Entered: 01/28/2025) |
| 01/30/2025 | 42 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion to withdraw as attorney 40 is granted; Attorney Kimberly Ann Jones is terminated as counsel for Defendant Nippon Life Insurance Company of America. Mailed notice. (cp, ) (Entered: 01/30/2025) |
| 01/30/2025 | 43 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: If Plaintiff De la Torre's motion to reopen this case is granted, she will not be required to pay a new filing fee. Her application for leave to proceed in forma pauperis 38 is therefore stricken as moot. Mailed notice. (cp, ) (Entered: 01/30/2025) |
| 01/30/2025 | 44 | MOTION by Attorney Edward Dabdoub and Kevin Probst of Dabdoub Law Firm to withdraw as attorney for Graciela Dela Torre. New address information: Graciela Dela Torre 653 Wing Street, Elgin, IL 60123<br><br>(Attachments: # 1 Exhibit Notification of Party Contact Information)(Probst, Kevin) (Entered: 01/30/2025) |
| 01/31/2025 | 45 | MOTION by Defendant Nippon Life Insurance Company of America to seal<br><br>(Attachments: # 1 Text of Proposed Order)(Wax Jacobs, Justin) (Entered: 01/31/2025) |

| 01/31/2025 | 46 | MEMORANDUM by Nippon Life Insurance Company of America in support of motion to seal 45 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Wax Jacobs, Justin) (Entered: 01/31/2025) |
|---|---|---|
| 01/31/2025 | 47 | MOTION by Plaintiff Graciela Dela Torre to File Confidential Information Under Seal (Received at the Intake Counter on 1/31/2025) (Exhibits) (smb, ) (Entered: 01/31/2025) |
| 01/31/2025 | 48 | ATTORNEY Appearance for Defendant Nippon Life Insurance Company of America by Ambria Dominise Mahomes (Mahomes, Ambria) (Entered: 01/31/2025) |
| 01/31/2025 | 49 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: This case was dismissed pursuant to a report of settlement in January 2024 35 . Plaintiff Graciela Dela Torre has now moved to reopen the case 37 . She asserts that she was pressured into signing a settlement agreement, directed to sign the agreement "in blank," and did not even see the language of the settlement agreement until early 2025. Both Ms. Dela Torre and Defendant have moved for leave to file materials under seal [45, 47]. As the terms of a settlement agreement are ordinarily confidential, those motions are granted. Ms. Dela Torre's attorneys have moved for leave to withdraw 44 . They report that Ms. Dela Torre has demanded that they withdraw immediately. The court nevertheless enters and continues the motion for leave to withdraw to February 13, 2025, at 9:00, when the court will hear argument on the motion for leave to reopen the case, and may have questions for Plaintiff's counsel. Mailed notice. (cp, ) (Entered: 01/31/2025) |
| 02/03/2025 | 50 | SEALED MOTION by Defendant Nippon Life Insurance Company of America *to compel arbitration and stay the current action* (Wax Jacobs, Justin) (Entered: 02/03/2025) |
| 02/03/2025 | 51 | SEALED MOTION by Defendant Nippon Life Insurance Company of America to seal document SEALED MOTION by Defendant Nippon Life Insurance Company of America *to compel arbitration and stay the current action* 50 *Memorandum of Law in support* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Wax Jacobs, Justin) Modified on 2/4/2025 (daj, ). (Entered: 02/03/2025) |
| 02/03/2025 | 52 | MOTION by Plaintiff Graciela Dela Torre to compel former Attorney Kevin Probst to turn over e-filing credentials (Exhibits) (Received at the Intake Counter on 2/3/2025) (emc, ) (Entered: 02/04/2025) |
| 02/03/2025 | 53 | MOTION by Plaintiff Graciela Dela Torre to introduce evidence of false advertising and deceptive business practices (Exhibits) (Received at the Intake Counter on 2/3/2025) (emc, ) (Entered: 02/04/2025) |
| 02/03/2025 | 54 | MOTION by Plaintiff Graciela Dela Torre to dispute attorney fees, invalidate settlement agreement, and seek remedy for malpractice (Exhibits) (Received at the Intake Counter on 2/3/2025) (Attachments: # 1 Proposed Order)(emc, ) (Entered: 02/04/2025) |
| 02/03/2025 | 55 | MOTION by Plaintiff Graciela Dela Torre for reconsideration of order granting defendant's motion to seal (Exhibits) (Received at the Intake Counter on 2/3/2025) (emc, ) (Entered: 02/04/2025) |

| 02/03/2025 | 56 | MOTION by Plaintiff Graciela Dela Torre to cease surveillance and harassment (Exhibits) (Received at the Intake Counter on 2/3/2025) (Attachments: # 1 Proposed Order)(emc, ) (Entered: 02/04/2025) |
|---|---|---|
| 02/03/2025 | 57 | SUBPOENA duces tecum for disclosure of surveillance records, private investigator expenses, and internal communications by Graciela Dela Torre (Exhibits) (Received at the Intake Counter on 2/3/2025) (emc, ) (Entered: 02/04/2025) |
| 02/06/2025 | 58 | ORDER: Having considered NIPPON LIFE INSURANCE COMPANY OF AMERICA'S Motion to Seal and all supporting papers, it is HEREBY ORDERED that: 1. Nippon Life Insurance Company of America's Motion to Seal 45 is GRANTED. 2. The Clerk of Court is directed to seal Docket Numbers 37, 45, and 46. Signed by the Honorable Rebecca R. Pallmeyer on 2/6/2025. Mailed notice. (cp, ) (Entered: 02/06/2025) |
| 02/06/2025 | 59 | AFFIDAVIT of Justin Wax Jacobs regarding motion to seal document, 51 , Sealed motion 50 *affidavit of Service* (Wax Jacobs, Justin) (Entered: 02/06/2025) |
| 02/06/2025 | 60 | MOTION by Defendant Nippon Life Insurance Company of America to quash *Plaintiff's subpoena* (Wax Jacobs, Justin) (Entered: 02/06/2025) |
| 02/06/2025 | 61 | MEMORANDUM by Nippon Life Insurance Company of America in support of motion to quash 60 (Attachments: # 1 Declaration)(Wax Jacobs, Justin) (Entered: 02/06/2025) |
| 02/06/2025 | 62 | Entered in Error. (rc, ) Modified on 2/7/2025 (rc, ). (Entered: 02/07/2025) |
| 02/07/2025 | 63 | NOTICE of Correction regarding MDL Member Case, 62 . (rc, ) (Entered: 02/07/2025) |
| 02/07/2025 | 64 | MOTION by Plaintiff Graciela Dela Torre for leave to appear as via Videoconference or Telephonically at the February 13, 2025 hearing (Attachments: # 1 Text of Proposed Order)(Probst, Kevin) (Entered: 02/07/2025) |
| 02/07/2025 | 65 | RESPONSE by Nippon Life Insurance Company of Americain Opposition to MOTION by Plaintiff Graciela Dela Torre for leave to appear as via Videoconference or Telephonically at the February 13, 2025 hearing 64 (Wax Jacobs, Justin) (Entered: 02/07/2025) |
| 02/07/2025 | 66 | MOTION by Plaintiff Graciela Dela Torre for Review of Attorney Fees and Response to Unauthorized Filing (Received via pro se email on 2/7/2025) (Exhibit) (smb, ) (Entered: 02/07/2025) |
| 02/07/2025 | 67 | MOTION by Plaintiff Graciela Dela Torre to Add Chief of Strategy & Operations as a Named Representative (Exhibit) (Received via pro se email on 2/7/2025) (smb, ) (Entered: 02/10/2025) |
| 02/09/2025 | 68 | MOTION by Plaintiff Graciela Dela Torre to Compel Full Communications between Nippon and Disability Management Services (DMS) (Received via pro se email on 2/9/2025) (smb, ) (Entered: 02/10/2025) |
| 02/09/2025 | 69 | MOTION by Plaintiff Graciela Dela Torre to Remove |

Case: 1:25-cv-01483 Document #: 143 Filed: 08/01/25 Page 9 of 12 PageID #:1403
4/28/25, 7:32 AM    Case: 1:25-cv-01483 Document #: 44-1 Filed: 04/28/25 Page 10 of 13 PageID #:238
CM/ECF NextGen-Live (Rev 048.2) U.S. District Court, Northern Illinois

| | | |
|---|---|---|
| | | MOTION by Plaintiff Graciela Dela Torre to Investigate Unauthorized Attorney Representation<br><br>(Received via pro se email on 2/9/2025) (smb, ) (Entered: 02/10/2025) |
| 02/10/2025 | 70 | REPLY by Nippon Life Insurance Company of America to MOTION by Defendant Nippon Life Insurance Company of America to quash *Plaintiff's subpoena*<br><br>60 *Reply to Plaintiff's emailed Response* (Attachments: # 1 Exhibit)(Wax Jacobs, Justin) (Entered: 02/10/2025) |
| 02/10/2025 | 71 | MOTION to Remove and Investigate Unauthorized Attorney Representation by Plaintiff Graciela Dela Torre<br><br>(Received at the Intake Counter on 2/10/2025.) (vjd, ) (Entered: 02/10/2025) |
| 02/10/2025 | 72 | MOTION by Plaintiff Graciela Dela Torre for leave to file Medical Records under seal.<br><br>(Received at the Intake Counter on 2/10/2025.) (vjd, ) (Entered: 02/10/2025) |
| 02/10/2025 | 73 | AMENDED MOTION by Plaintiff Graciela Dela Torre to Compel Full Settlement Documentation, Attorney Retainer Agreements, Financial Disclosure and Emergency Relief<br><br>(Received at the Intake Counter on 2/10/2025.) (vjd, ) (Entered: 02/10/2025) |
| 02/10/2025 | 74 | MOTION by Plaintiff Graciela Dela Torre to Compel Full Communications Between Nippon and Disability Management Services<br><br>(Received at the Intake Counter on 2/10/2025.) (vjd, ) (Entered: 02/10/2025) |
| 02/10/2025 | 75 | AMENDED MOTION by Plaintiff Graciela Dela Torre to reopen case pursuant to rule 60 (Exhibits)<br><br>(Received at the Intake Counter on 2/10/2025.) (vjd, ) (Entered: 02/10/2025) |
| 02/10/2025 | 76 | RESPONSE by Graciela Dela Torre to MOTION by Defendant Nippon Life Insurance Company of America to quash *Plaintiff's subpoena*<br><br>60 (Received via pro se email on 2/10/2025) (Exhibits) (smb, ) (Entered: 02/11/2025) |
| 02/10/2025 | 77 | NOTICE by Graciela Dela Torre of Issuance of Subpoena Duces Tecum for Security Footage (Received via pro se email on 2/10/2025) (smb, ) (Entered: 02/11/2025) |
| 02/10/2025 | 79 | DEPOSITION of Graciela Dela Torre taken on 5/24/2023 by Graciela Dela Torre (Received via pro se email on 2/10/2025) (smb, ) (Entered: 02/11/2025) |
| 02/11/2025 | 78 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Attorneys Kevin Probst and Edward Dabdoub represented Plaintiff as of December 2023, when the parties reported they had reached a settlement agreement. Plaintiff has asserted that she did not agree to the terms of the agreement and that her lawyers did not obtain her consent before stipulating to dismiss the case. Mr. Probst and Mr. Dabdoub have not responded to that allegation. The court scheduled a hearing for Thursday, February 13, 2025. Mr. Probst seeks leave to attend that hearing by video platform or telephone. If there is a dispute concerning the facts, it will not be possible for the court to effectively assess credibility of any individual who is not in court in person. The motion 64 is denied. Ms. Dela Torre is advised that, should she dispute the binding nature of the settlement agreement involved in this case, she will be expected to demonstrate that she did not receive or did not cash |

Case: 1:25-cv-01483 Document #: 143 Filed: 08/01/25 Page 10 of 12 PageID #:1404
4/28/25, 7:32 AM                CM/ECF NextGen Live 1.8 (rev 04/23/25)- U.S. District Court, Northern Illinois
Case: 1:25-cv-01483 Document #: 44-1 Filed: 04/28/25 Page 11 of 13 PageID #:239

| | | |
|---|---|---|
| | | any settlement check, or is prepared to return the proceeds of the negotiated settlement. Mailed notice. (cp, ) (Entered: 02/11/2025) |
| 02/11/2025 | 80 | NOTICE by Graciela Dela Torre of Defendants' Obstruction of Subpoenas and Attempt to Block Transparency (Received via pro se email on 2/11/2025) (Exhibits) (smb, ) (Entered: 02/11/2025) |
| 02/11/2025 | 81 | NOTICE by Graciela Dela Torre of Issuance of Subpoena Duces Tecum to Nippon Life's Chief of Strategy & Operations (Received via pro se email on 2/11/2025) (Exhibits) (smb, ) (Entered: 02/11/2025) |
| 02/11/2025 | 82 | NOTICE by Graciela Dela Torre of Issuance of Subpoena Duces Tecum for Phone Records (Received via pro se email on 2/11/2025) (Exhibits) (smb, ) (Entered: 02/11/2025) |
| 02/11/2025 | 83 | EXHIBIT by Plaintiff Graciela Dela Torre (Received via pro se email on 2/11/2025) (smb, ) (Entered: 02/11/2025) |
| 02/11/2025 | 88 | MOTION by Plaintiff Graciela Dela Torre to strike defendant's certificate of service and notice of motion to compel arbitration (Received via PDF Submission link on Box.com on 02/11/25) (lm, ) (Entered: 02/12/2025) |
| 02/12/2025 | 84 | RESPONSE by Graciela Dela Torre to MOTION by Plaintiff Graciela Dela Torre to reopen case 75, MOTION by Plaintiff Graciela Dela Torre for order MOTION by Plaintiff Graciela Dela Torre 69, MOTION by Plaintiff Graciela Dela Torre for order 54, MOTION by Plaintiff Graciela Dela Torre to reopen case 37 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Probst, Kevin) (Entered: 02/12/2025) |
| 02/12/2025 | 85 | EMERGENCY MOTION by Plaintiff Graciela Dela Torre for protective order (Exhibits) (Received at the Intake Counter on 02/12/25) (Attachments: # 1 Proposed Order) (lm, ) (Entered: 02/12/2025) |
| 02/12/2025 | 86 | EXHIBIT by Plaintiff Graciela Dela Torre for 37 (Exhibits) (Received at the Intake Counter on 02/12/25) (lm, ) (Entered: 02/12/2025) |
| 02/12/2025 | 90 | STATEMENT regarding former counsel's selective use of docusign by Graciela Dela Torre. (Attachments). (Received by Box.Com on 2/12/25). (gcy, ) (Entered: 02/13/2025) |
| 02/12/2025 | 91 | STATEMENT regarding unauthorized endorsement and cashing of settlement check by Graciela Dela Torre. (Attachments). (Received by Box.Com on 2/12/25). (gcy, ) (Entered: 02/13/2025) |
| 02/12/2025 | 92 | STATEMENT for the record cover page by Graciela Dela Torre. (Attachments). (Received by Box.Com on 2/12/25). (gcy, ) (Entered: 02/13/2025) |
| 02/13/2025 | 89 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: PLEASE NOTE COURT LOCATION CHANGE: The hearing on 2/13/2025 at 9:00 a.m. will be conducted in courtroom 2201. Mailed notice. (cp, ) (Entered: 02/13/2025) |

Case: 1:25-cv-01483 Document #: 143 Filed: 08/01/25 Page 11 of 12 PageID #:1405
4/28/25, 7:32 AM Case: 1:25-cv-01483 Document #: 44-1 Filed: 04/28/25 Page 12 of 13 PageID #:240
CM/ECF NextGen Live 1.8 dev-U.S. District Court, Northern Illinois

| 02/13/2025 | 93 | MOTION by Plaintiff Graciela Dela Torre to Return Settlement Funds into Escrow to Set Aside Agreement (Received via pro se email on 2/13/2025) (smb, ) (Entered: 02/13/2025) |
|---|---|---|
| 02/13/2025 | 94 | ORDER: Plaintiff's motions to reopen this case [37, 75] are denied. Her motion for leave to file certain materials under seal 72 is granted; the Clerk is directed to place pages 3 through 112 of that document 72 under seal. As explained below, motion 66 is stricken; motions [44, 50, 51, 60] are granted; motions [52, 54, 55, 56, 67, 68, 69, 71, 73, 74, 85] are denied. This case remains closed on the court's docket. [See attached Order for further details]. Signed by the Honorable Rebecca R. Pallmeyer on 2/13/2025. Mailed notice. (cp, ) (Entered: 02/14/2025) |
| 02/14/2025 | 95 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court has denied Plaintiff's motion to reinstate this case and dismissed her challenges to the settlement she entered into more than a year ago. She again seeks relief from the court, now moving to "return settlement funds into escrow to set aside agreement." The request is puzzling: Plaintiff received substantial funds as a result of the settlement in January 2024. As of January 22, 2025, she sought leave to proceed in forma pauperis (IFP), asserting under penalty of perjury that she has no available funds. Because she was seeking leave to reopen this case rather than initiate new litigation, there was no need for the court to grant IFP status, but is uncertain how she is now able to return the full amount of the money she received in settlement to a proposed escrow. That aside, Plaintiff has not identified any "misrepresentation or undue influence" resulting in the settlement of this case. Her motion 93 is denied. The court's order is final and appealable. Mailed notice. (cp, ) (Entered: 02/14/2025) |
| 02/14/2025 | 96 | NOTICE by Graciela Dela Torre regarding expedited heloc process (Received via PDF Submission link on Box.com on 02/14/25) (lm, ) (Entered: 02/14/2025) |
| 02/19/2025 | 97 | MOTION by Plaintiff Graciela Dela Torre to seal docket number 75 (Received via pro se email on 2/19/2025) (emc, ) (Entered: 02/20/2025) |
| 02/19/2025 | 98 | MOTION by Plaintiff Graciela Dela Torre to seal docket number 73 (Received via pro se email on 2/19/2025) (emc, ) (Entered: 02/20/2025) |
| 02/21/2025 | 99 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff Dela Torre, who filed her amended motion to compel 73 and amended motion to reopen this case 75 on February 10, 2025, now asks the court to place those filings under seal, purportedly because they contain "confidential and legally sensitive material." The motions to seal 97, 98 are entered and continued. Ms. Dela Torre is directed to identify the specific portions of her earlier motions that she believes should be under seal, and submit versions of those motions for inclusion in the public record with sensitive information redacted. Mailed notice. (cp, ) (Entered: 02/21/2025) |
| 02/25/2025 | 100 | MOTION by Defendant Nippon Life Insurance Company of America to seal document other 87 (Wax Jacobs, Justin) (Entered: 02/25/2025) |
| 03/04/2025 | 101 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion to seal document 100 is granted as follows: the entire document in entry 87 is sealed. The clerk of the court may only seal an entire document not a portion of a document, therefore, the plaintiff is |

Case: 1:25-cv-01483 Document #: 143 Filed: 08/01/25 Page 12 of 12 PageID #:1406
4/28/25, 7:32 AM Case: 1:25-cv-01483 Document #: 44-1 Filed: 04/28/25 Page 12 of 12 PageID #:241
CM/ECF NextGen-Live (Rev 0/8.2.3/2.5. District Court, Northern Illinois

| | | |
|---|---|---|
| | | directed to refile docket entry 87, with the elimination of page 6. Mailed notice. (cp, ) (Entered: 03/04/2025) |
| 04/01/2025 | 102 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: On February 21, 2025, this court directed Plaintiff to identify the specific portions of her earlier motions that she believes should be under seal, and submit versions of those motions for inclusion in the public record with sensitive information redacted. She has not responded. Her motions for leave to file under seal [97, 98], are therefore stricken without prejudice. Mailed notice. (cp, ) (Entered: 04/01/2025) |
| 04/07/2025 | 103 | MOTION by Plaintiff Graciela Dela Torre for Leniency<br><br>MOTION by Plaintiff Graciela Dela Torre for Removal of Unauthorized Email Recipients, and Protection of Privacy<br><br>(Received via pro se email on 4/7/2025) (Exhibits) (smb, ) (Entered: 04/08/2025) |
| 04/09/2025 | 104 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff Dela Torre's motion for leniency 103 is granted in that the court recognizes Plaintiff no longer desires representation from the following attorneys, and the Clerk is directed to terminate their names from the service list: Edward Philip Taric Dabdoub, Justin R. Lewicky, Kevin E Probst. This case remains closed. Mailed notice. (cp, ) (Entered: 04/09/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/28/2025 06:31:29 | | | |
| **PACER Login:** | WaxJacobs | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-07059 |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

1:25-cv-01483 44-1