# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GRACIELA DELA TORRE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01483 |
| | ) | |
| DAVIES LIFE & HEALTH, INC., formerly | ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., | ) | |
| NIPPON LIFE INSURANCE COMPANY OF | ) | |
| AMERICA, and ALLSUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTIONS FOR SANCTIONS AGAINST
COUNSEL FOR DAVIES LIFE & HEALTH, INC.**

Defendant, Davies Life & Health, Inc., formerly known as Disability Management Services, Inc. ("Davies L&H"), by and through its attorneys, submits its Response to Plaintiff's Motions for Sanctions Against Counsel for Davies Life & Health.

## I.      INTRODUCTION

The court should deny Plaintiff's two motions seeking sanctions against Joseph R. Jeffery, counsel for Defendant Davies L&H, at ECF Nos. 110 and 117. ***First,*** the motions are procedurally deficient as they did not comply with Rule 11's safe-harbor provisions. The requests for Rule 11 sanctions should be denied on those grounds alone. ***Second,*** there is no basis in law or fact for sanctions against Mr. Jeffery under Rule 11, 28 U.S.C. § 1927, or Rule 16(f). The motions erroneously contend that counsel violated Local Rule 37.2 and Judge Edmund Chang's Case Management Procedures by sending a June 3, 2025 email to Court staff, Plaintiff, and counsel for the other defendants concerning a straightforward scheduling issue. Local Rule 37.2 is inapposite as it applies only to discovery motions, and Judge Chang's Case Management Procedures did not apply

at the time the June 3rd email was sent. Plaintiff also contends counsel's email painted her as someone unwilling to confer about the scheduling issue described in the June 3rd email. The email included a routine statement noting only that Plaintiff (and counsel for Nippon Life) had not responded to counsel's inquiry about the scheduling issue before he sent the email. Contrary to Plaintiff's contention, the only representation made in the statement was that counsel did not know whether Plaintiff opposed or agreed with counsel's suggestion about the scheduling issue.

Plaintiff's motions for sanctions are procedurally defective and the factual premises on which they are based are patently erroneous. The Court therefore should deny Plaintiff's motions.

## II.      BACKGROUND

### A.      Relevant Procedural History

#### 1.      This Lawsuit is a Refiling of a Related Case and was Reassigned from Judge Chang to Judge Pallmeyer.

This lawsuit represents Plaintiff's third attempt to litigate the termination of certain long-term disability benefits she contends were owed to her under the terms of her ERISA-governed employee benefit plan. She previously filed suit against Defendant Nippon Life Insurance Company of America ("Nippon Life") in this Court in 2022, which case was assigned to Judge Rebecca Pallmeyer. (*See Graciela Dela Torre v. Nippon Life Ins. Co. of America*, Case No. 1:22-cv-07059, hereafter the "Related Case"). Judge Pallmeyer entered an Order dismissing the Case with prejudice and terminating the lawsuit on January 24, 2024 following the parties' execution of a written Settlement Agreement and Mutual Specific Release. (Related Case, ECF Nos. 34, 35). Plaintiff moved to reopen the Related Case one year later in January 2025, which Judge Pallmeyer denied after an in-person hearing on February 13, 2025. (Related Case, ECF No. 94, PageID #851 and 852). The day before that hearing, Plaintiff filed this lawsuit, which originally was assigned to Judge Edmond Chang. (*See* ECF No. 1). Plaintiff filed an Amended Complaint on March 10, 2025,

2

before any defendant had appeared or been formally served. (ECF No. 8). Defendants Davies L&H, Allsup, LLC, and Nippon Life appeared through counsel on March 12, 2025, April 4, 2025, and April 8, 2025, respectively. (ECF Nos. 11, 18, 27).

Davies L&H moved to reassign this lawsuit to Judge Pallmeyer on the grounds that it was a refiling of the Related Case and/or moved for an order finding that this lawsuit was the refiling of the Related Case. (ECF No. 24). Judge Chang, in an April 9, 2025 Minute Order, set a briefing schedule for Davies L&H's motion and noted that his Case Management Procedures required the parties to confer prior to the filing of a motion. (ECF No. 29). This lawsuit was reassigned to Judge Pallmeyer on April 30, 2025. (ECF Nos. 49; *see also* ECF No. 49-1).

**B.    Plaintiff's Manner of Pleading Created Confusion About Her Operative Pleading.**

Plaintiff filed a Second Amended Complaint ("SAC") on May 20, 2025 without seeking leave of court as required by Fed. R. Civ. P. 15(a)(2).[1] (ECF No. 53). The next day, Plaintiff filed a motion seeking leave to file a "Supplemental Complaint Under Rule 15(d)" ("Supplemental Complaint"). (ECF No. 58). None of the defendants filed an objection to Plaintiff's request for leave to file the Supplemental Complaint.

On Monday, June 2, 2025, the Court ordered the defendants to answer or otherwise plead by the following Monday, June 9, 2025. Because Plaintiff never sought leave to file her SAC and because her Motion for Leave to file the Supplemental Complaint remained pending, Plaintiff's operative pleading was the Amended Complaint she filed on March 10, 2025. (ECF No. 64).

Counsel for Davies L&H emailed Court staff, Plaintiff, and counsel for the other defendants on June 3rd to raise a scheduling question; namely, whether the schedule for responding to Plaintiff's Amended Complaint should be adjusted in light of Plaintiff's pending motion for leave

---

[1] Ironically, Plaintiff could have filed the SAC without leave of court if she had sought and obtained the defendants' consent. Fed. R. Civ. P. 15(a)(2).

to file her Supplemental Complaint. (*See* ECF No. 69, Page ID# 417, a copy of which is attached as Exhibit 1 for the Court's convenience; Declaration of Joseph R. Jeffery, attached here as Exhibit 2, and Ex. A). Counsel's email sought to promote judicial efficiency by avoiding unnecessary filings, i.e., defendants' filings in response to an operative pleading (the Amended Complaint) that soon might be superseded by the pending request to file the Supplemental Complaint. (Exhibit 2, Ex. A). Counsel for Davies L&H suggested that it would be more efficient for the Court and parties if the pending motion was resolved before the defendants filed responses to the Amended Complaint. *Id.* The email advised that Allsup, LLC joined in Davies L&H's suggestion, and it advised that Davies L&H's counsel was not aware of Plaintiff's or Nippon Life's position on the suggestion because he did not hear back from them prior to sending his email. *Id.*

The next day, June 4, 2025, Plaintiff emailed the Court and counsel for the defendants, stating, "I understand the concern regarding the procedural posture of the pleadings." (ECF No. 81, PageID #542; Exhibit 2, Ex. C). She went on to explain that she intended **both** the SAC and the Supplemental Complaint to serve as her operative pleading. (ECF No. 81, PageID #542, citing ECF Nos. 53 and 58; Exhibit 2, Ex. C). Plaintiff's unusual approach to pleading gave rise to understandable confusion about what relief Plaintiff sought in ECF No. 58, the motion seeking leave to file the Supplemental Complaint.

About the same time Plaintiff sent her email, the Court entered a Minute Order construing Plaintiff's SAC (ECF No. 53) as a motion for leave to file the SAC, and it construed her Motion for Leave to File Supplemental Complaint under Rule 15(d) (ECF No. 58) as a motion for leave to file a third amended complaint. (ECF No. 65). The Court granted ECF No. 58 and directed the Clerk to docket it as Plaintiff's Third Amended Complaint. (ECF No. 65).

On June 5th, Plaintiff filed a Motion for Clarification or Reconsideration Regarding

4

Operative Pleadings and Leave to Amend One Additional Time ("Motion for Clarification"). (ECF No. 68). Plaintiff restated her position that ECF Nos. 53 (the SAC) and 58 (Supplemental Complaint) were intended to operate jointly as her operative pleading. *Id.* The Court addressed the confusion in an Order entered on June 6th, which advised Plaintiff that "there can be just a single operative complaint that stands on its own," and Plaintiff was given leave to file a Third Amended Complaint. (ECF No. 71). The pleading previously identified as the "Third Amended Complaint" was stricken without prejudice. (ECF No. 71). Plaintiff filed her Third Amended Complaint on June 13, 2025. (ECF No. 80).

## C. Plaintiff Creates Confusion About "Ex Parte" Communications by Including Counsel in the "bcc" Line of an Email to the Court.

Plaintiff complains that an email she sent on June 5th "was dismissed as ex parte." (ECF No. 110, PageID#720, Instance #2). Before filing her Motion for Clarification, Plaintiff sent an email to Judge Pallmeyer and Court staff explaining that she intended the proposed SAC and Supplemental Complaint to work together as her operative pleading. (*See* ECF No. 69, PageID # 421; Exhibit 2, and Ex. D). Plaintiff copied counsel for defendants in the email's "bcc" line. (*See* ECF No. 69, PageID # 421). As a result, Judge Pallmeyer and Court staff could not have known that counsel for the defendants were parties to Plaintiff's communication. The only conclusion Court staff could have drawn was that Plaintiff's email was ex parte and, on that basis, they properly advised Plaintiff that they could not communicate with her further. (See *Id.* at PageID #418).

## III. ARGUMENT

## A. Plaintiff's Rule 11 Motion are Procedurally Deficient and Should be Denied.

Plaintiff's motions do not comply with Rule 11's safe-harbor requirement and should be denied on procedural grounds. "Rule 11(c)(2) requires a party seeking Rule 11 sanctions first to serve a proposed motion on the opposing party and to give that party at least 21 days to withdraw

or correct the offending matter." *Northern Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 881-882 (7th Cir. 2017); *see also* Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amendment ("These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."). A Rule 11 motion may not be filed unless and until the "safe harbor" steps have been taken. *Id.* at 885 ("Before filing a motion for sanctions, a party must first serve the motion on the challenged party, and the motion may not be filed with the court for 21 days.").

By disregarding Rule 11's safe harbor requirement, Plaintiff "simply failed to follow the requirements of Rule 11." *Id.* at 883. Accordingly, her motions for sanctions under Rule 11 should be denied in their entirety.

**B.** **There is no Basis in Law or Fact for Plaintiff's Request for Rule 11 Sanctions.**

An attorney who presents a pleading, written motion, or other paper to the court "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the submission has "an adequate foundation in fact and law and lack[s] an improper purpose." Fed. R. Civ. P. 11(b); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 957 (7th Cir. 2020). Rule 11(b) "is principally designed to prevent baseless filings." *Royce*, 950 F.3d at 957. A baseless argument or claim that is "made without a reasonable and competent inquiry" is frivolous and warrants sanctions. *Royce v. Michael R. Needle, P.C.*, 158 F. Supp. 3d 708, 712, 93 Fed. R. Serv. 3d 1213, 2016 WL 393147 (N.D. Ill. 2016), *opinion amended and supplemented sub nom. Royce v. Needle*, No. 15 C 259, 2016 WL 398182 (N.D. Ill. Feb. 2, 2016). Such a determination is made by "an objective inquiry into whether the party or his counsel should have known

6

that his position is groundless." *Id.* The burden is on Plaintiff to demonstrate that Rule 11 sanctions are warranted. *Osundairo v. Geragos*, 447 F. Supp.3d 727, 745 (N.D. Ill. 2020) ("[T]o justify the imposition of sanctions, the movant must satisfy the high burden of showing that Rule 11 sanctions are warranted.") (cleaned up). Plaintiff cannot satisfy her Rule 11 burden, as the factual bases for her motion lack merit. The Court should deny Plaintiff's request for Rule 11 sanctions.

### 1. Counsel for Davies L&H was not required to confer with Plaintiff before sending his June 3rd email.

Plaintiff argues counsel's June 3rd email violated the conferral requirements in Local Rule 37.2 and Judge Chang's Case Management Procedures. (ECF No. 110, PageID # 719, Section I, PageID # 720-721, Instance #2; ECF No. 117, PageID # 745, Section I, PageID #746-747, Sections III.A and C.). To be clear, counsel for Davies L&H contacted Plaintiff by email to ask her whether she agreed with counsel's suggestion that her motion for leave to file the Supplemental Complaint be addressed before the parties filed their responses to the Amended Complaint. (Exhibit 2, ¶ 4, Exhibit B). Plaintiff argues counsel's email did not provide her adequate time to meaningfully confer about that scheduling issue. (ECF No. 110, PageID # 719, Section I, PageID # 720-721, Instance #2; ECF No. 117, PageID # 745, Section I, PageID #746-747, Sections III.A and C.). Plaintiff also argues Davies L&H's April 2025 motion to reassign this lawsuit violated the conferral requirements in Judge Chang's Case Management Procedures. *Id*.

Local Rule 37.2 has no bearing on counsel's June 3rd email. The Rule was established "[t]o curtail undue delay and expense in the administration of justice" in connection with discovery matters, and its application is limited to discovery motions. L.R. 37.2. Counsel's June 3rd email concerned a scheduling issue, not a discovery issue. Accordingly, L.R. 37.2 is inapposite.

Judge Chang's Case Management Procedures require "movant's counsel … [to] ask opposing counsel … whether there is an objection to [a proposed] motion, and the motion must state

that the conferral occurred, or if not, why not." Case Management Procedures, Motion Practice, Judge Chang. Those procedures are set forth on Judge Chang's webpage of this Court's website. *See* *https://www.ilnd.uscourts.gov/judge_display.php?LastName=Chang*. The webpage plainly states that the Case Management Procedures apply only to cases assigned to Judge Chang. *Id.* ("Procedures to be followed in cases assigned to Judge Edmond E. Chang."). As this case was assigned to Judge Pallmeyer in April 2025, Judge Chang's Case Management Procedures did not apply at the time counsel sent his June 3rd email. Accordingly, the conferral requirement in Judge Chang's Case Management Procedures did not apply to counsel's June 3rd email.

The failure to confer with Plaintiff and counsel for the defendants before filing the April 2025 motion to reassign this lawsuit was a harmless procedural oversight, which Judge Chang addressed in his April 9 Minute Order. (ECF No. 29). The arguments asserted in the motion were not frivolous or made for an improper purpose, as evidenced by findings by Judge Chang and the Executive Committee that this lawsuit was a refiling of the Related Case.[2] (ECF Nos. 48, 49).

Finally, Plaintiff also argues that counsel should have called or texted her in lieu of sending her an email. (ECF No. 117, PageID # 745). In light of Plaintiff's misapprehensions and misunderstandings, which are reflected in the filings in this matter and in the Related Case, counsel for Davies L&H believed it prudent to limit communications to those in writing, and he viewed email as a better medium for a written dialog than text messages. (Exhibit 2, ¶ 5).

There is no basis in fact or law for the imposition of Rule 11 sanctions against counsel for Davies L&H. The facts and relevant filings confirm that counsel had "an adequate foundation in fact and law" for sending his June 3rd email, and they confirm the email "was not presented for

---

[2] Davies L&H notes that if, as Plaintiff contends, there was a conferral was a requirement before filing a motion, Plaintiff would be a repeat offender. She has filed scores of motions in his matter and has never sought to confer with Davies L&H about any of them.

8

any improper purpose." The Court, therefore, should deny Plaintiff's motions seeking Rule 11 sanctions against counsel for Davies L&H in their entirety.

### 2. Counsel's June 3rd email did not suggest Plaintiff refused to confer about the scheduling issue.

Counsel's June 3rd email to Court staff advised that he "contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent." (*See* ECF No. 69, Page ID# 417). The email made a similar representation with respect to Nippon Life. *Id.* Plaintiff misapprehends the significance of such statements. She contends the email casts her as someone unwilling to confer about the email. (ECF No. 110, PageID # 719, Section I; ECF No. 117, PageID # 745, Section I, PageID #s 746-747, Sections II-IV). In fact, the statement's only significance was that counsel did not know whether Plaintiff opposed or agreed with counsel's suggestion. Such statements are routine in filings and scheduling communications with courts.

The assertion that counsel for Davies L&H falsely represented Plaintiff as being unwilling to confer about his June 3rd email lacks merit. The email made no such representation. Because the statements in counsel's email had adequate foundations in fact and law and were not made for an improper purpose, there is no basis for sanctions under Rule 11 and Plaintiff's motions should be denied in their entirety.

## C. There is no Basis in Law or Fact for Plaintiff's Request for § 1927 Sanctions.

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 and Rule 11 are addressed to different conduct: the statute to prolonging the litigation and Rule 11 to particular filings." *Vandeventer v. Wabash National Corp.*, 893 F. Supp. 827, 842 (N.D. Ind.

1995) (quoting *Samuels v. Wilder*, 906 F. 2d 272, 275 (7th Cir. 1990)). Sanctions may be appropriate under Section 1927 for subjective or objective bad faith, depending on the nature of the conduct at issue. *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F. 3d 609, 615 (7th Cir. 2006). The burden of establishing bad faith is on the party seeking sanctions under Section 1927. *Vandeventer*, 893 F. Supp. at 842 (citing *Textor v. Bd. of Regents of N. Illinois Univ.*, 711 F. 2d 1387, 1395 (7th Cir. 1983)).

The subjective bad faith standard applies "if the conduct under consideration had an objectively colorable basis." *Dal Pozzo*, 463 F. 3d at 615. Subjective bad faith is "the more difficult type of bad faith to prove" and requires a demonstration of "malice or ill will" by the attorney whose conduct is at issue. *Id.* The objective bad faith standard applies only where there is no objectively colorable basis for the attorney's conduct. *Id.* Objective bad faith may be established if the attorney acted with "reckless indifference to the law;" e.g., "[i]f a lawyer pursue[d] a path that a reasonably careful attorney would have known, after reasonable inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Id.*

Plaintiff cites seven grounds for her request for sanctions. Four of them are addressed above. As discussed, counsel's email did not violate Fed. R. Civ. P. 37.2 or Judge Chang's Case Management Procedures, it cannot reasonably be construed to represent that Plaintiff refused to confer about the scheduling issue that was the basis for the email, and under the circumstances it was reasonable for counsel to limit his communications with Plaintiff to email. (*See* ECF No. 117, PageID #s 746-747, Section III.B.).

The remaining bases for Plaintiff's motion are unclear. She contends counsel "[i]gnored Plaintiff's June 3 reply" and "[p]romoted judicial efficiency … but then caused judicial inefficiency by triggering reassignment, confusion, and unnecessary filings," but she

never explains how the email (which sought to address a straightforward scheduling issue) purportedly multiplied the proceedings "unreasonably and vexatiously." *Id*. Similarly, Plaintiff does not bother to explain her assertion that counsel "[d]emonstrated a pattern of 'throwing the rock and hiding the hand' manipulating procedure to obscure accountability." *Id*.

Plaintiff cannot establish she is entitled to sanctions under Section 1927 because she cannot show that counsel acted with subjective bad faith in sending the June 3rd email; i.e., she cannot show that sending the email was an act of "malice or ill will." The email raised a scheduling issue—i.e., whether the schedule entered a day earlier directing Defendants to respond to Plaintiff's Amended Complaint within six days should be adjusted to allow the Court an opportunity to first rule on Plaintiff's unopposed motion to file a superseding pleading. It explains the objectively colorable basis for sending it: "Davies Life & Health respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint." (Exhibit 2, Ex. A). And because the subject of the email was a straightforward scheduling issue, an email communication appeared to be an appropriate way to address the matter. (Exhibit 2, ¶ 3). In the event the Court viewed the issue as one that called for a hearing, counsel offered to file a motion requesting a status conference and/or requesting the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's request for leave to file the Supplemental Complaint. (Exhibit 2, Ex. A).

There is no basis in law or fact for imposing Section 1927 sanctions against counsel for Davies L&H. Because counsel did not act in bad faith by sending his June 3rd email, the Court should deny Plaintiff's motion in its entirety.

**D.      There is no factual basis for imposing sanctions under Rule 16(f).**

Plaintiff seeks sanctions for unspecified violations of Federal Rule of Civil Procedure 16(f). The Rule authorizes courts to impose sanctions on an attorney that, *inter alia*, "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Plaintiff's sanctions request presumably is based on her erroneous belief that Local Rule 37.2 and/or Judge Chang's Case Management Procedures required counsel to confer with her before sending his June 3rd email. As discussed above, neither of those authorities imposed such an obligation in connection with counsel's June 3rd email. Accordingly, Plaintiff's motion for sanctions under Rule 16(f) lacks merit and this Court should deny her request in its entirety.

### IV.      CONCLUSION

For the foregoing reasons, the Court should deny in their entirety Plaintiff's two motions (ECF Nos. 110 and 117) seeking sanctions against counsel for Davies L&H.

Respectfully submitted,

**DAVIES LIFE & HEALTH, INC.**

By:      /s/ Joseph R. Jeffery
One of Its Attorneys

Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
T: 312-281-3600
F: 312-281-3678
jjeffery@cmn-law.com

*Attorney for Davies Life & Health, Inc.*

12

Exhibit 1





FILED
6/5/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

QR

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**GRACIELA DELA TORRE**,

Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA, et al.,**

Defendants.

Case No. 1:25-cv-01483

Judge Rebecca R. Pallmeyer

---

**PLAINTIFF'S MOTION FOR CLARIFICATION AND CORRECTION OF RECORD**

**REGARDING EX PARTE MISREPRESENTATIONS AND ROLE OF "SUSAN KELLY LENBURG" IN COURTROOM COMMUNICATIONS**

NOW COMES Plaintiff **Graciela Dela Torre**, appearing *pro se*, and respectfully requests the Court's assistance in clarifying (1) the miscommunication surrounding Dkt. 53 and Dkt. 58 resulting from an email sent by counsel for Defendant **Davies Life & Health, Inc.** ("Davies"), and (2) the authority and identity of "Susan," whom Davies' counsel misrepresented as Judge Pallmeyer's deputy in what Susan Kelly Lenburg called an ex parte communication. In support thereof, Plaintiff states:

---

## I. BACKGROUND

1. On **June 3, 2025**, counsel for Davies Life & Health, **Joseph R. Jeffery**, emailed Susan Kelly Lenburg, claiming she was the Courtroom deputy for Judge Pallmeyer, claiming that Plaintiff's "Motion for Leave to File a Supplemental Complaint (Dkt. 58)" was the operative filing. In that message, he **omitted material context**—specifically, that **Plaintiff had filed a Second Amended Complaint (Dkt. 53)** on May 20, 2025, which included key fiduciary breach and HIPAA claims not addressed in Dkt. 58.

2. Relying on this misrepresentation, the Court issued a **Minute Entry on June 4, 2025 (Dkt. 65)** construing the Supplemental Complaint as a "Third Amended Complaint" and deeming the SAC (Dkt. 53) moot, without Plaintiff's input.

3. In parallel, Plaintiff had followed the informal conduct modeled by Defendants—emailing the same court address on June 4, 2025—but was **instructed not to do so** and advised that all communications must be docketed formally.

4. This inconsistency has created substantial **confusion and prejudice**, particularly because Plaintiff is pro se and disabled, and relied in good faith on the approach initiated by defense counsel.

## II. MISREPRESENTATION REGARDING "SUSAN" AS COURT DEPUTY

5. In the June 3, 2025 email, Mr. Jeffery identified "Susan Kelly Lenburg" as **Judge Pallmeyer's courtroom deputy**. However, Plaintiff is unaware of any such designation and respectfully requests that the Court **clarify Susan's role**.

6. Given the attached Exhibit B  and additional email chain inconsistencies (Exhibits A–C), it appears defense counsel's claim may be **factually incorrect or misleading**.

## III. PLAINTIFF'S INTENT AND PREJUDICE

7. Plaintiff intended for Dkt. 53 (Second Amended Complaint) to remain the primary operative pleading and for Dkt. 58 to function as a **Rule 15(d) supplement**, not as a replacement.

8. By allowing informal ex parte emails to supersede Plaintiff's formal filings and misrepresent her litigation position, **critical claims against Defendant Allsup LLC** were inadvertently bypassed, violating due process and causing procedural confusion.

## IV. REQUEST FOR CLARIFICATION AND PROTECTION

Plaintiff respectfully requests the following relief:

1. **Clarify the role and identity of "Susan Kelly Lenburg"** in courtroom communications and confirm whether she is authorized to receive filings or communications from either party.

2. **Instruct all counsel that ex parte emails or informal communications not docketed on CM/ECF shall not influence rulings**, especially where opposing pro se parties are not included.

3. **Leave to file an Amended Complaint one more time.**

4. **Vacate or amend the portion of Dkt. 65** that deems Dkt. 53 moot, and **confirm that both Dkt. 53 (SAC) and Dkt. 58 (Supplemental Complaint)** are active pleadings under Rule 15(d).

5. Allow Plaintiff to file a **corrective brief or amended pleading** to realign the docket if the Court finds it procedurally necessary.

6. Grant **any additional relief** the Court deems just and appropriate to remedy this confusion.

---

**Respectfully submitted,**

**/s/ Graciela Dela Torre**
Graciela Dela Torre, Pro Se
653 Wing Street
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914
Date: [Insert Today's Date]

---

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2025, I served the foregoing via the Court's CM/ECF system on all registered counsel of record.

---

**ATTACHMENTS:**

- **Exhibit A:** June 3–4, 2025 Email Chains (Davies L&H and Allsup)

- **Exhibit B:** "Susan Ex Parte" Screenshot

- **Exhibit C:** Plaintiff's Email to the Court (June 4, 2025) and Response

- **Exhibit D:** June 4, 2025 Minute Entry (Dkt. 65)

- **Exhibit E:** Dkt. 53 – Second Amended Complaint

- **Exhibit F:** Dkt. 58 – Supplemental Complaint with "supplements not replaces" language

# Exhibit A: June 3–4, 2025 Email Chains (Davies L&H and Allsup)



### Dela Torre v. Nippon Life Ins. Co. of America, et al.  Inbox ×



**Jeffery, Joe**                                    Tue, Jun 3, 4:20 PM (2 days ago)

to susan_lenburg@ilnd.uscourts.gov, me, Robert, Justin ▾

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison, Suite 2400
Chicago, Illinois 60606
(312) 281-3627 (direct)

# Exhibit B: "Susan Ex Parte" Screenshot

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

**RE: 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al**
1 message

**Sue Lenburg** <Susan_Lenburg@ilnd.uscourts.gov>                    Thu, Jun 5, 2025 at 1:45 PM
To: Gracie Dlt <gmestiza1@gmail.com>
Cc: Christina Presslak <Christina_Presslak@ilnd.uscourts.gov>

Ms. Del Torre,

We are prohibited from receiving emails from a party to a case.  It is considered an ex parte communication.

Should you wish to communicate with the court, you will need to file your communication in the court docket.

 Susan Kelly Lenburg

# Exhibit C: Plaintiff's Email to the Court (June 4, 2025) and Response



## RE: 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al
1 message

**Christina Presslak** <Christina_Presslak@ilnd.uscourts.gov>  Thu, Jun 5, 2025 at 1:16 PM
To: Gracie Dlt <gmestiza1@gmail.com>, Sue Lenburg <Susan_Lenburg@ilnd.uscourts.gov>

Ms. Dela Torre,

Please do not attempt to send an e-mail to Judge Pallmeyer. All communication should be filed on the docket.

Thank you.

*Christina M. Presslak*
*Courtroom Deputy to the Honorable Judge Rebecca R. Pallmeyer*
*U.S. District Court for the Northern District of Illinois*
**219 South Dearborn, Room 2506A**

---

## RE: 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al
1 message

**Sue Lenburg** <Susan_Lenburg@ilnd.uscourts.gov>  Thu, Jun 5, 2025 at 1:45 PM
To: Gracie Dlt <gmestiza1@gmail.com>
Cc: Christina Presslak <Christina_Presslak@ilnd.uscourts.gov>

Ms. Del Torre,

We are prohibited from receiving emails from a party to a case. It is considered an ex parte communication.

Should you wish to communicate with the court, you will need to file your communication in the court docket.

Susan Kelly Lenburg

Continue **Exhibit C:** Plaintiff's Email to the Court (June 4, 2025) and

Response



**RE: 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al**
1 message

**Christina Presslak** <Christina_Presslak@ilnd.uscourts.gov>                Thu, Jun 5, 2025 at 1:43 PM
To: Gracie Dlt <gmestiza1@gmail.com>
Cc: Sue Lenburg <Susan_Lenburg@ilnd.uscourts.gov>

The opposing counsel is not trying to e-mail the judge.  You can e-mail me and copy the opposing counsel for matters
about the next court date and any questions you have.  For substantive matters, it is best you place it on the docket.


Thank you.


*Christina M. Presslak*

*Courtroom Deputy to the Honorable Judge Rebecca R. Pallmeyer*

**Continue** Exhibit C: Plaintiff's Email to the Court (June 4, 2025) and Response



1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al
1 message

Gracie Dlt <gmestiza1@gmail.com>                                          Thu, Jun 5, 2025 at 10:46 AM
To: Pallmeyer@ilnd.uscourts.gov, "susan_lenburg@ilnd.uscourts.gov" <susan_lenburg@ilnd.uscourts.gov>, Christina Presslak <Christina_Presslak@ilnd.uscourts.gov>
Bcc: "Jeffery, Joe" <jjeffery@cmn-law.com>, Robert Brunner <robert.brunner@bclplaw.com>, J.WaxJacobs@nipponlifebenefits.com, Gracie Dlt <gmestiza1@gmail.com>

## PLAINTIFF'S EXPLANATION REGARDING PLEADING INTENT AND REQUEST FOR LEAVE TO AMEND.

### TO THE HONORABLE COURT:

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this explanation to clarify the intent behind her filings at Docket Entries 53 and 58, and to address the Court's June 4, 2025 Minute Entry (Dkt. 65). Plaintiff seeks to ensure the record accurately reflects that:

1. The **Second Amended Complaint (SAC, Dkt. 53)** and **Supplemental Complaint (Dkt. 58, Ex. A)** were designed to function *together* under Rule 15(d), with the latter *augmenting*—not replacing—the former. Dismissing the SAC would prejudice my claims against Allsup as is not mentioned there.

2. The SAC's claims (e.g., fiduciary breaches, HIPAA violations, and wrongful offsets) remain live and distinct from the supplemental allegations (e.g., retaliatory arbitration, new HIPAA violations).

---

## I. BACKGROUND OF CONFUSION

1. **Defendants' Mischaracterization**: Defense counsel's June 3, 2025 email to the Court (Ex. 1) framed Dkt. 58 as a standalone amendment, omitting that it was filed to *supplement* Dkt. 53 under Rule 15(d).

2. **Plaintiff's Immediate Clarification**: Plaintiff responded the same day (Ex. 1, pp. 8–10), explicitly stating that Dkt. 58 was intended to "enhance factual completeness" without superseding the SAC.

3. **Court's June 4 Order**: The Court's construction of Dkt. 58 as a "Third Amended Complaint" (Dkt. 65) inadvertently rendered the SAC moot, contrary to Plaintiff's intent.

# Exhibit D: June 4, 2025 Minute Entry (Dkt. 65)

Case: 1:25-cv-01483 Document #: 65 Filed: 06/04/25 Page 1 of 1 PageID #:390

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Graciela Dela Torre

                            Plaintiff,

v.                                     Case No.: 1:25–cv–01483

                                     Honorable Rebecca R. Pallmeyer

Davies Life & Health, Inc., et al.

                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 4, 2025:

      MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court has directed Defendants to file responsive pleadings. The court notes that Plaintiff has moved for leave to file a second amended complaint [53] and also seeks leave to file a supplemental complaint [58]. The court construes her more recent motion [58] as one seeking leave to file a third amended complaint, and grants that motion. The earlier motion [53] is denied as moot. The Clerk is directed to docket the third amended complaint (58, Exhibit A) as the operative pleading. In directing Defendants to respond, the court expresses no opinion on the merits of Plaintiff's claims or any defenses that may be raised. Mailed notice. (cp, )

# Exhibit E: Dkt. 53 – Second Amended Complaint

**BC**

RECEIVED
5/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**GRACIELA DELA TORRE**,

    Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**
**DAVIES LIFE & HEALTH, INC. (f/k/a Disability Management Services),**
**ALLSUP, LLC,**

    Defendants.

Case No. 1:25-cv-01483

Judge Rebecca R. Pallmeyer

---

**SECOND AMENDED COMPLAINT**

# Exhibit F: Dkt. 58 – Supplemental Complaint with "supplements not replaces" language

**BC**

**FILED**
5/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**TDD**

### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GRACIELA DELA TORRE,
    Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,
DAVIES LIFE & HEALTH, INC. (f/k/a DMS),
ALLSUP, LLC,
    Defendants.

**Case No. 1:25-cv-01483**
**Judge Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)**

NOW COMES Plaintiff Graciela Dela Torre, appearing pro se, pursuant to Federal Rule of Civil Procedure 15(d), and respectfully moves this Honorable Court for leave to file a Supplemental Complaint to incorporate material facts and violations by Defendants that occurred after the filing of her Second Amended Complaint (Dkt. #53). In support, Plaintiff states as follows:

---

I. LEGAL STANDARD

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACIELA DELA TORRE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01483 |
| | ) | |
| DAVIES LIFE & HEALTH, INC., formerly | ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., | ) | |
| NIPPON LIFE INSURANCE COMPANY OF | ) | |
| AMERICA, and ALLSUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF JOSEPH R. JEFFERY

I, Joseph R. Jeffery, declare that the following statements are true and correct to the best of my knowledge, information, and belief:

1.      I am an attorney and I represent Defendant Davies Life & Health, Inc. in the captioned matter.

2.      On June 3, 2025, I emailed Court staff for the Honorable Rebecca Pallmeyer, United States District Court for the Northern District of Illinois, Plaintiff, and counsel for the other defendants to raise a scheduling question; namely, whether the schedule set the day prior for responding to Plaintiff's Amended Complaint should be adjusted in light of Plaintiff's pending motion for leave to file her Supplemental Complaint. *See* Exhibit A.

3.      Because the subject of the email was a straightforward scheduling issue, an email communication with the Court and the parties appeared to be an appropriate way to address the matter.

#3006914v2

4.      Prior to sending that email, I emailed Plaintiff to ask her whether she agreed with the suggestion that her motion for leave to file the Supplemental Complaint be addressed before the parties filed their responses to the Amended Complaint. Exhibit B. Plaintiff responded later the same day. Exhibit B.

5.      Plaintiff now suggests that I could have called or texted her, rather than sending her an email to inquire about the scheduling issue. (ECF No. 117, PageID # 745). In light of Plaintiff's misapprehensions and misunderstandings, which are reflected in the filings in this matter, as well as in the Related Case, I believed it more prudent to limit my communications with Plaintiff to those in writing, and I viewed email as a better medium for a written dialog than text messages.

6.      On June 4, 2025, Plaintiff emailed the Court and counsel for the defendants, stating, "I understand the concern regarding the procedural posture of the pleadings." Exhibit C. She went on to explain that she intended ***both*** the SAC and the Supplemental Complaint to serve as her operative pleading. Exhibit C.

7.      Before filing her Motion for Clarification or Reconsideration Regarding Operative Pleadings and Leave to Amend One Additional Time, Plaintiff sent a June 5th email to Judge Pallmeyer and Court staff explaining that she intended the proposed SAC and Supplemental Complaint to work together as her operative pleading. *See* Exhibit D; and ECF No. 69, PageID # 421.

8.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>June 6, 2025</u>        <u>By:/s/ Joseph R. Jeffery</u>
                                                     Joseph R. Jeffery

# Exhibit A

## Jeffery, Joe

| | |
|---|---|
| **From:** | Jeffery, Joe |
| **Sent:** | Tuesday, June 3, 2025 4:21 PM |
| **To:** | susan_lenburg@ilnd.uscourts.gov |
| **Cc:** | Gracie Dlt; Robert Brunner; Justin Wax Jacobs |
| **Subject:** | Dela Torre v. Nippon Life Ins. Co. of America, et al. |

Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison, Suite 2400
Chicago, Illinois  60606
(312) 281-3627 (direct)
(312) 281-3678 (fax)
jjeffery@cmn-law.com
www.cmn-law.com



*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

# Exhibit B

**Jeffery, Joe**

| | |
|---|---|
| **From:** | Gracie Dlt <gmestiza1@gmail.com> |
| **Sent:** | Tuesday, June 3, 2025 8:27 PM |
| **To:** | Jeffery, Joe |
| **Subject:** | Re: Dela Torre v. Davies Life & Health, Inc. |

Hello,
Thanks for the email I just had a chance to fully read it, and I also saw your communication to the judge.


On Tue, 3 Jun 2025, 1:43 pm Jeffery, Joe, <jjeffery@cmn-law.com> wrote:

> Ms. Dela Torre:
>
>
> I am writing in connection with the Minute Entry entered yesterday in this matter directing the defendants to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9. I note, however, that your motion seeking leave to file a Second Amended Complaint ("SAC") remains pending. (ECF No. 58).
>
>
> Because your proposed Second Amended Complaint may replace your Amended Complaint, my client (Davies Life & Health) and I believe it would be more efficient both for the court and the parties if your motion seeking leave to file the SAC is resolved before the defendants respond to the Amended Complaint. I plan to email Judge Pallmeyer and copy you (as well as counsel for the other defendants) to suggest this.
>
>
> Please let me know by 4:00 p.m. today whether you agree or disagree with our view that the most efficient way to proceed would be to address your motion to file the SAC before the parties file responses to the Amended Complaint.
>
>
> Best regards,
>
>
> Joseph R. Jeffery, Esq.
>
> CHITTENDEN, MURDAY & NOVOTNY LLC
>
> 303 W. Madison, Suite 2400

Chicago, Illinois  60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com



*The contents of this message may be privileged and confidential.  If this message has been received in error, please delete it without reading it.  Your receipt of this message is not intended to waive any applicable privilege.  Please do not disseminate this message without the permission of the author.  Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

# Exhibit C

**Jeffery, Joe**

| | |
|---|---|
| **From:** | Gracie Dlt <gmestiza1@gmail.com> |
| **Sent:** | Wednesday, June 4, 2025 4:02 PM |
| **To:** | Jeffery, Joe |
| **Cc:** | susan_lenburg@ilnd.uscourts.gov; Robert Brunner; J-WAXJACOBS@nlpponlifebenefits.com |
| **Subject:** | Re: Dela Torre v. Nippon Life Ins. Co. of America, et al. |

Dear Mr. Jeffery,

Thank you for your message.

I understand the concern regarding the procedural posture of the pleadings. For clarification, the Second Amended Complaint (Dkt. 53) and the Motion for Leave to File Supplemental Complaint (Dkt. 58) serve separate and complementary purposes.

- The Second Amended Complaint was filed to address claims arising post-settlement (January 2024), including fiduciary breaches, HIPAA violations, and wrongful offsets, all of which are independent of the initial long-term disability dispute.
- The Motion to Supplement under Rule 15(d) seeks to include post-filing events not covered by the SAC, such as retaliatory arbitration, additional HIPAA violations, and new representations made by Defendants. It is not intended to supersede the SAC, but rather to enhance factual completeness pursuant to FRCP 15(d).

Given this, I do not object to resolving the SAC motion before responses to prior pleadings are required. However, I wish to ensure that the Court is aware of the distinction between the amended complaint and the supplemental complaint, so they are not conflated. The SAC stands on its own as a distinct and independent pleading, while the supplement adds further context.

I appreciate your communication and your willingness to seek procedural clarity.

Respectfully,
Graciela Dela Torre
Pro Se Plaintiff
gmestiza1@gmail.com
(630) 670-5914


On Tue, Jun 3, 2025 at 4:20 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

  Dear Judge Pallmeyer:

I represent one of the defendants to this matter, Davies Life & Health, Inc., and am writing in connection with yesterday's Minute Entry directing the parties to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9.

My client is prepared to file a dispositive motion in response to the Amended Complaint but notes that Plaintiff filed a motion seeking leave to file a Second Amended Complaint on May 21, 2025, which motion remains pending. (ECF No. 58).

Davies Life & Health, Inc. respectfully suggests it would be more efficient for the court and the parties to resolve the motion seeking leave to file a Second Amended Complaint before the defendants respond to the Amended Complaint.

Plaintiff and counsel for the other defendants are copied here. Counsel for defendant Allsup, Inc. advised that his client joins in Davies Life & Health's suggestion. I contacted counsel for defendant Nippon Life Insurance Company of America about my client's concerns but received a response advising that counsel is out of the office this week and is unable to access emails. I also contacted Plaintiff via email to advise her of Davies Life and Health's plan to send this email but had not heard back from her by the time this email was sent.

If Your Honor prefers, my client is happy to file a motion requesting a status conference so that the parties can address these issues and/or file a motion requesting that the deadline for responding to the Amended Complaint be stayed pending resolution of Plaintiff's motion.

Respectfully,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois 60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com



*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

# Exhibit D

**Jeffery, Joe**

| | |
|---|---|
| **From:** | Gracie Dlt <gmestiza1@gmail.com> |
| **Sent:** | Thursday, June 5, 2025 10:46 AM |
| **To:** | Pallmeyer@ilnd.uscourts.gov; susan_lenburg@ilnd.uscourts.gov; Christina Presslak |
| **Subject:** | 1:25-cv-01483 Dela Torre v. Davies Life & Health, Inc. et al |
| **Attachments:** | ALLSUP EMAIL COM..pdf; Davies L&H Email.part1.pdf; Davies L&H Email.part2.pdf; 6-5-2025 gamescounsels.pdf; 53 2nd Amended Complaint.pdf; 58 MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT UNDER RULE.pdf |

## PLAINTIFF'S EXPLANATION REGARDING PLEADING INTENT AND REQUEST FOR LEAVE TO AMEND.

**TO THE HONORABLE COURT:**

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this explanation to clarify the intent behind her filings at Docket Entries 53 and 58, and to address the Court's June 4, 2025 Minute Entry (Dkt. 65). Plaintiff seeks to ensure the record accurately reflects that:

1. The **Second Amended Complaint (SAC, Dkt. 53)** and **Supplemental Complaint (Dkt. 58, Ex. A)** were designed to function *together* under Rule 15(d), with the latter *augmenting*—not replacing—the former. Dismissing the SAC would prejudice my claims against Allsup as is not mentioned there.
2. The SAC's claims (e.g., fiduciary breaches, HIPAA violations, and wrongful offsets) remain live and distinct from the supplemental allegations (e.g., retaliatory arbitration, new HIPAA violations).

---

## I. BACKGROUND OF CONFUSION

1. **Defendants' Mischaracterization**: Defense counsel's June 3, 2025 email to the Court (Ex. 1) framed Dkt. 58 as a standalone amendment, omitting that it was filed to *supplement* Dkt. 53 under Rule 15(d).
2. **Plaintiff's Immediate Clarification**: Plaintiff responded the same day (Ex. 1, pp. 8–10), explicitly stating that Dkt. 58 was intended to "enhance factual completeness" without superseding the SAC.
3. **Court's June 4 Order**: The Court's construction of Dkt. 58 as a "Third Amended Complaint" (Dkt. 65) inadvertently rendered the SAC moot, contrary to Plaintiff's intent.

---

## II. CLARIFICATION OF PLEADING INTENT

### A. Rule 15(d) Governs the Supplemental Complaint

- The Supplemental Complaint (Dkt. 58) expressly states it "supplements—but does not replace—prior complaints" (Ex. 2, p. 1).
- Rule 15(d) permits allegations of post-pleading events *without* displacing existing claims. *See Int'l Bus. Machs. Corp.*, 66 F.R.D. at 384.

### B. The SAC and Supplemental Complaint Are Complementary

- **SAC (Dkt. 53)**: Alleges post-settlement misconduct (e.g., Allsup's concealment of SSDI denial, Davies' HIPAA violations).
- **Supplement (Dkt. 58)**: Adds post-filing misconduct (e.g., arbitration abuse, new HIPAA disclosures).
- **Critical Distinction**: The SAC names **Allsup** as a defendant for pre-supplement claims; the Supplement does not. Dismissing the SAC would abandon claims against Allsup.

---

## III. REQUEST FOR RELIEF

Plaintiff respectfully requests the Court:

1. **Clarify** that the **SAC (Dkt. 53)** remains operative for pre-supplement claims, and the **Supplement (Dkt. 58, Ex. A)** governs post-filing allegations under Rule 15(d).
2. **Extend Defendants' deadlines** to respond to both pleadings, if necessary.
3. **Alternatively**, grant leave to file a consolidated pleading incorporating all claims. (With a 14 day extension)

---

## IV. CONCLUSION

Plaintiff seeks only to correct the record and if possible to Leave to Amend one additional time to ensure all claims are properly adjudicated. Judicial economy favors resolving the SAC and Supplement together or grant me permission to Leave to Amend, to form a cohesive factual narrative.

**Respectfully submitted,**

/s/ Graciela Dela Torre

Graciela Dela Torre, Pro Se

653 Wing Street, Elgin, IL 60123

gmestiza1@gmail.com | (630) 670-5914

**Date:** June 5, 2025

**Attachments**:

- **Ex. 1**: Email chain with defense counsel (June 3–4, 2025).
- **Ex. 2**: Supplemental Complaint (Dkt. 58, Ex. A) (highlighting supplementation language).

Let me know if you'd like to refine any arguments or add exhibits. This draft balances clarity with deference to the Court's discretion.

On Tue, Jun 3, 2025 at 8:30 PM Jeffery, Joe <jjeffery@cmn-law.com> wrote:

> Thank you for your email, Ms. Dela Torre. I sent the email to the email address of Judge Pallmeyer's courtroom deputy.
>
> Joseph R. Jeffery, Esq.
>
> CHITTENDEN, MURDAY & NOVOTNY LLC
>
> 303 W. Madison, Suite 2400
>
> Chicago, Illinois 60606
>
> (312) 281-3627 (direct)
>
> (312) 281-3678 (fax)
>
> jjeffery@cmn-law.com
>
> www.cmn-law.com

*The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended. The firm provides reliance opinions only in formal opinion letters containing the signature of a member.*

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Tuesday, June 3, 2025 8:30 PM
**To:** Jeffery, Joe <jjeffery@cmn-law.com>
**Subject:** Re: Dela Torre v. Davies Life & Health, Inc.

Double check the judge's email address, unless I am mistaken you send it to a different judge.

On Tue, 3 Jun 2025, 8:26 pm Gracie Dlt, <gmestiza1@gmail.com> wrote:

> Hello,
>
> Thanks for the email I just had a chance to fully read it, and I also saw your communication to the judge.
>
>
>
> On Tue, 3 Jun 2025, 1:43 pm Jeffery, Joe, <jjeffery@cmn-law.com> wrote:
>
>> Ms. Dela Torre:
>>
>> I am writing in connection with the Minute Entry entered yesterday in this matter directing the defendants to respond to Plaintiff's Amended Complaint (ECF No. 8) by Monday, June 9. I note, however, that your motion seeking leave to file a Second Amended Complaint ("SAC") remains pending. (ECF No. 58).
>>
>> Because your proposed Second Amended Complaint may replace your Amended Complaint, my client (Davies Life & Health) and I believe it would be more efficient both for the court and the parties if your motion seeking leave to file the SAC is resolved before the defendants respond to the Amended



Complaint. I plan to email Judge Pallmeyer and copy you (as well as counsel for the other defendants) to suggest this.

Please let me know by 4:00 p.m. today whether you agree or disagree with our view that the most efficient way to proceed would be to address your motion to file the SAC before the parties file responses to the Amended Complaint.

Best regards,

Joseph R. Jeffery, Esq.

CHITTENDEN, MURDAY & NOVOTNY LLC

303 W. Madison, Suite 2400

Chicago, Illinois  60606

(312) 281-3627 (direct)

(312) 281-3678 (fax)

jjeffery@cmn-law.com

www.cmn-law.com