**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

GRACIELA DELA TORRE,  Case No.: 1:25-cv-01483

                Plaintiff,

        v.  Hon. Rebecca R. Pallmeyer

DAVIES LIFE & HEALTH, INC., et al

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**NIPPON LIFE INSURANCE COMPANY OF AMERICA'S MOTION FOR A TEMPORARY
RESTRAINING ORDER AND INJUNCTIVE RELIEF PROHIBITING COMMUNICATIONS
WITH INDIVIDUALS REPRESENTED BY COUNSEL**

      Defendant, NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "NIPPON"), by and through its undersigned counsel, submits this motion for a temporary restraining order (TRO) and injunctive relief prohibiting the Plaintiff, GRACIELA DELA TORRE (hereinafter referred to as either "DELA TORRE" or the "PLAINTIFF) from communicating with individuals represented by counsel. Specifically, NIPPON seeks equitable relief directing DELA TORRE to cease all further communications with NIPPON employees. In support, and under the penalty of perjury, NIPPON's attorney, Justin Wax Jacobs, states:

    1.    Junko Inaga is NIPPON's Office Assistant. Ms. Inaga is assigned to and works from NIPPON's New York office, located at 666 Third Avenue, New York, NY 10017.

    2.    As a NIPPON employee, Ms. Inaga is represented by counsel for all matters related to her employment which include the mailing and sending of documents, envelopes or packages to the PLAINTIFF.

3. DELA TORRE is the PLAINTIFF in the above titled action. As a *pro se* Plaintiff, DELA TORRE is representing herself in the present lawsuit. As of the time of this motion, no attorney has made an appearance on behalf of DELA TORRE in the present lawsuit.

4. On August 5, 2025 at 2:30 pm EDT – 1:30 pm CDT – DELA TORRE emailed Ms. Inaga. The email is attached as Exhibit A. The email was written in Japanese.

5. The subject line of the email was written as: 荷物番号771746411777に関する重要なお知らせ – 確認のお願い, which translates to: "Important Notice Regarding Package Number 771746411777 - Please Confirm.[1]" Exhibit A. Package Number 771746411777 is in reference to the demand for arbitration NIPPON sent to DELA TORRE on January 29, 2025 with the FedEx tracking number 771746411777. The demand for arbitration, and the actual mailing and delivery of the demand, has been the subject of multiple motions by DELA TORRE throughout this lawsuit.

6. Additionally, DELA TORRE has previously accused Ms. Inaga of making false declarations to this Court pertaining to the mailing of NIPPON's demand for arbitration, even going so far as to include the allegation as the factual basis for one of the causes of action in her Third Amended Complaint. See Dkt. 80.

7. DELA TORRE's email to Ms. Inaga concludes with the statement: ご不便をおかけし大変申し訳ございませんが、何かご不明点がございましたらお気軽にご連絡ください, which translates to: "we apologize for any inconvenience caused, and if you have any questions, please feel free to contact us.[2]" Exhibit A.

---

[1] Translation provided by Google Translate.
[2] Translation provided by Google Translate.

8. I was not aware of DELA TORRE's email at the time she sent it on August 5, 2025. Nor was I told about the email at any time soon thereafter. I only became aware that DELA TORRE had emailed Ms. Inaga on August 11, 2025 following DELA TORRE's statement in ECF docket number 157, declaring that "[o]n Aug 5, 1:32 PM, I contacted Junko Inaga via email, no reply has been received." Dkt. 157 at 3.

9. DELA TORRE did not have my consent to contact Ms. Inaga or any other NIPPON employee on, before or after August 5, 2025.

10. Illinois Rule of Professional Conduct 4.2 states "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

11. Although Rule 4.2 prohibits a "lawyer" from communicating with an individual represented by counsel, the Appellate Courts of Illinois have consistently held that the State's rules of Professional Conduct also apply to non-attorney *pro se* litigants as well. See *Zemater v. Village of Waterman*, 2020 IL App (2d) 190013; *Callico v. Callico*, 2024 IL App (5th) 230198-U, ¶ 37; *Peters v. Winnebago County Sheriff's Department*, 2024 IL App (4th) 1904579 ¶ 11. Consequentially, in *Zemater* the Appellate Court of Illinois, Second District held that a non-attorney party who chooses to represent themselves in litigation is subject to Rule 4.2. *Zemester* at ¶ 19. In so holding, the Court reasoned that "a party represented by counsel does not lose [the] protection [of Rule 4.2] simply because the opposing party has chosen to represent himself."

12. In the present case, DELA TORRE is a self-represented *pro se* Plaintiff who attempted to communicate with an individual who she knew, or reasonably should have known, was represented by legal counsel. As a *pro se* litigant DELA TORRE is bound by the no contact rule articulated by Rule 4.2.

3

There is no dispute that DELA TORRE sent the email as she concedes the point by admitting it in her recent filings with the Court. Dkt. 157 at 3.

13. DELA TORRE did not have permission from NIPPON's attorney to communicate with Ms. Inaga prior to sending the email. Nor did DELA TORRE timely alert NIPPON's attorney that the communication took place. Rather, DELA TORRE only included a statement to that effect buried deep within one of her voluminous motions. Moreover, the communication was sent in Japanese – a language which I am not fluent in. And, the email concludes with a solicitation to contact DELA TORRE directly regarding the matter.

14. DELA TORRE's email also pertained to a matter – the January 29, 2025 mailing and January 30, 2025 delivery of NIPPON's demand for arbitration – which is the subject of the present action between DELA TORRE and NIPPON.

15. Not only does DELA TORRE's conduct represent a violation of Rule 4.2, but it is also self-evident that any such communication between DELA TORRE and Ms. Inaga would lead to irreparable harm to its protected right under Rule 4.2 requiring no contact between a *pro se* litigant and individuals represented by corporate counsel. Additionally, that harm would be amplified if DELA TORRE subsequently attempts to reach out and communicate with other NIPPON employees – who are also represented by Counsel by virtue of their employment with NIPPON – without my knowledge.

16. There is no adequate remedy at law to compensate for the harm caused by communications between DELA TORRE and NIPPON employees without my consent. Since there is no dispute that the communication took place, and DELA TORRE has admitted as much, there is a high likelihood of success for this motion on its merits.

17. Neither a restraining order nor any further injunctive relief would prejudice DELA TORRE, since it any prohibitions on communication would only serve to preserve the requirements set forth in Rule 4.2.

WHEREFORE, DEFENDANT, NIPPON LIFE INSURANCE COMPANY OF AMERICA, respectfully requests that its application for a temporary restraining order (TRO) - prohibiting DELA TORRE from communicating with any NIPPON employee – be granted, and that it's motion for further injunctive relief, both preliminary and permanent, also be granted. NIPPON also respectfully requests any other relief that the Court deems necessary and appropriate.

Dated: August 11, 2025

Respectfully submitted,

/s/ Justin Jacobs

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America
666 Third Avenue, Suite 2201
New York, New York, 10017
Tel:   646-630-4923
Fax:   212-867-3057
J-WaxJacobs@nipponlifebenefits.com

## **CERTIFICATE OF SERVICE**

I, Justin Wax Jacobs, hereby certify on August 11, 2025, I caused a true and correct copy of the foregoing Motion For a Temporary Restraining Order and Injunctive Relief Prohibiting Dela Torre From Communicating With Individuals Represented by Counsel to be filed electronically with the Clerk of Court via the Court's CM/ECF system and thereby served upon all of the named parties or their representatives.

                                                                        Justin Wax Jacobs
                                                                        Attorney *Pro Hac Vice* for the Defendant
                                                                        Nippon Life Insurance Company of America