

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR JUDICIAL NOTICE AND REQUEST FOR CLARIFICATION REGARDING ENFORCEABILITY OF PRIOR ORDER; REQUEST FOR LIMITED STAY TO RETAIN COUNSEL AND ABEYANCE OF PACER TRAINING REQUIREMENT**

NOW COMES Plaintiff, appearing pro se, and respectfully submits this Motion for Judicial Notice and Request for Clarification, together with a request for a limited stay and abeyance of the PACER training requirement. This motion is filed to facilitate compliance with the Court's orders, promote judicial efficiency, and avoid procedural confusion.

I. Judicial Notice and Request for Clarification

In *Dela Torre v. Nippon Life Insurance Company of America*, Case No. 1:22-cv-07059, the Court entered an order, Dkt 94 [Case 1:22-cv-07059 Dkt 94], on February 13, 2025, granting the motion to compel arbitration and denying Plaintiff's motions to reopen. The matter was subsequently terminated on the docket.

The February 13, 2025 order in Case No. 1:22-cv-07059 did not expressly retain jurisdiction to enforce the order after dismissal, as addressed by the Seventh Circuit in cases like *Dupuy v. McEwen*, 495 F. 3d 807, 809 (7th Cir. 2007). In the present matter, Defendant Nippon has sought to hold Plaintiff in contempt based on the aforementioned order. Plaintiff respectfully requests the Court's guidance and clarification on whether enforcement of the February 13, 2025 order would necessitate reopening the prior case or other jurisdictional action. This request is submitted to ensure compliance with the Court's directives, avoid procedural misunderstanding, and preserve the integrity of these proceedings.

The Minute Entry at Dkt. [Case 1:22-cv-07059 Dkt 95], dated February 14, 2025, in the prior case, noted Plaintiff's then-current financial status and the circumstances surrounding her efforts to challenge the settlement and obtain relief from the court. Plaintiff's attempt to secure a HELOC loan, noted in Dkt [Case 1:22-cv-07059 Dkt 96] of the prior case, was unsuccessful. Furthermore, the potential risk of homelessness if the loan was secured was considered a factor. This information is relevant to the context surrounding the prior settlement and potential enforcement efforts, particularly concerning any financial representations made at the time.

II. Relevant Information Regarding Contempt Allegations

A declaration filed at Dkt [Case 1:25-cv-01483 Dkt 44-5], signed by Junko Inaga, states that she received notification from FedEx that the demand for arbitration was delivered on January 30, 2025. However, the FedEx confirmation email at Dkt [Case 1:25-cv-01483 Dkt 44-7] for the same shipment, dated January 30, 2025, indicates that Justin Wax Jacobs received the delivery notification, not Ms. Inaga.

Subsequent to the filing of Dkt [Case 1:25-cv-01483 Dkt 44-7], Plaintiff, as the named recipient, was provided partial screenshots of the shipping label as a one-time courtesy, consistent with FedEx policy allowing only the original shipper to reprint labels. These partial images, obtained around May 20, 2025, filed under Dkt 52 & 53 further suggest that Ms. Inaga did not personally receive the notification in tha period of time as stated in Dkt [Case 1:25-cv-01483 Dkt 44-5]. This discrepancy may be relevant to the accuracy of the statements contained within Dkt [Case 1:25-cv-01483 Dkt 44-5] and, consequently, to the credibility of statements supporting the contempt allegations at Dkt [Case 1:25-cv-01483 Dkt 118-2].

III. REQUEST FOR LIMITED STAY, ABEYANCE OF PACER TRAINING REQUIREMENT, AND LEAVE TO WITHDRAW DUPLICATE FILINGS

Plaintiff has documented cognitive impairments resulting from a prior brain infection and inflammation, as reflected in filings (Dkt [Case 1:25-cv-01483 Dkt 26], Exhibit C, pages 7-8; Dkt [Case 1:25-cv-01483 Dkt 54], Exhibit H; and Dkt [Case 1:25-cv-01483 Dkt 85] redacted medical filing). Due to these impairments, the increasing complexity of the docket, and the challenges of managing filings without legal representation, Plaintiff believes some duplicate or overlapping filings may have occurred. Continuing unrepresented may be prejudicial to the merits of her case and to the Court's judicial economy. A short, limited stay would not prejudice Defendants as it would not affect their ability to respond to filings or impair their access to discovery or evidence; rather, it would promote a more efficient resolution by ensuring clarity and accuracy in the record.

A limited stay would allow Plaintiff sufficient time to retain counsel, avoid further duplication, and ensure that future filings are accurate, concise, and procedurally appropriate. Plaintiff respectfully requests that any deadlines related to the contempt motion or other substantive motions be stayed for a period of 30 days to allow Plaintiff to retain counsel, or until further order of the Court. Plaintiff commits to providing a report on the status of attorney retention within this 30-day period.

Regarding the Court's directive concerning PACER training (Dkt [Case 1:25-cv-01483 Dkt 155]), Plaintiff respectfully requests that the requirement be held in abeyance during the requested 30-day stay. Plaintiff's cognitive impairments, as previously documented, are currently hindering her ability to seek and complete the training independently. Plaintiff will address this directive with retained counsel to determine the most appropriate course of action, including potentially seeking an alternative method for receiving filings or seeking assistance from counsel to navigate the PACER system.

Following the retention of counsel and a review of the docket, Plaintiff intends to seek leave of court to withdraw any identified duplicate or inadvertently filed documents. The withdrawal of such documents will streamline the record and promote judicial efficiency.

IV. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Take judicial notice of the closure status of Case No. 1:22-cv-07059.

2. Provide clarification regarding the enforceability of the February 13, 2025 order for purposes of contempt in the current action, especially in light of the absence of explicit retention of jurisdiction in the dismissal order in Case No. 1:22-cv-07059.

3. Note the potential inconsistency between the sworn statement in Dkt [Case 1:25-cv-01483 Dkt 44-5], asserting Ms. Inaga received the FedEx delivery notification, and the FedEx confirmation in Dkt [Case 1:25-cv-01483 Dkt 44-7], indicating Mr. Jacobs as the recipient, as this may bear on the credibility of the contempt allegations.

4. Note that after receipt of Dkt. 44-7 with the FedEx tracking number 771746411777, Plaintiff obtained partial screenshots of the FedEx label as a one-time courtesy, consistent with FedEx's policy allowing only the original shipper to reprint labels.

5. Grant a limited stay of deadlines for a period of 30 days to allow Plaintiff to retain counsel, and accept a report on the status of attorney retention within this period.

6. Hold in abeyance the PACER training requirement (Dkt [Case 1:25-cv-01483 Dkt 155]) during the requested 30-day stay.

7. Grant leave for Plaintiff, upon retaining counsel, to withdraw duplicate or inadvertently filed documents identified during a docket review.

8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this August 12, 2025.
/s/ Graciela Dela Torre
Graciela Dela Torre
Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123

EXHIBIT A – Procedural Timeline Relevant to Contempt Motion

| Date | Case No. | Dkt # | Description |
|---|---|---|---|
| 02/04/2025 | 1:22-cv-07059 | 59 | Affidavit/Certificate of Service by Justin Wax Jacobs re: arbitration documents sent via FedEx to former attorneys and not to Plaintiff |
| 02/05/2025 | 1:22-cv-07059 | 61-1 | Statement that attorney Kevin Probst would not communicate with Plaintiff unless ordered by Court. The court never issued such an order. |
| 02/13/2025 | 1:22-cv-07059 | 95 | Minute Entry granting motion to compel arbitration, denying motions to reopen; case closed |
| 04/28/2025 | 1:25-cv-01483 | 44-5 | Declaration of Junko Inaga claiming personal receipt of FedEx delivery notification |

| 04/28/2025 | 1:25-cv-01483 | 44-7 | FedEx confirmation showing Justin Wax Jacobs received notification providing the Tracking number for the first time |
|---|---|---|---|
| 05/20/2025 | 1:25-cv-01483 | 52 | Response to Order to Show Cause; asserts non-duplication and new post-settlement claims, with 2 partial screen shots of the shipping label using the tracking number provided on 44-7 as per FedEx policy only the shipper can reprint the entire label. |
| 07/28/2025 | 1:25-cv-01483 | 128 | Nippon Opposition to TRO; cites contempt based on 1:22-cv-07059 Dkt 95 |
| 07/28/2025 | 1:25-cv-01483 | 129 | Motion to Enforce Arbitration Order and Hold Plaintiff in Contempt |