


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-01483 |
| DAVIES LIFE & HEALTH, INC., formerly known as Disability Management Services, Inc., NIPPON LIFE INSURANCE COMPANY OF AMERICA, and ALLSUP, LLC, | ) Honorable Rebecca R. Pallmeyer |
| Defendants. | ) |

## PLAINTIFF'S NOTICE REGARDING ARBITRATION ADMINISTRATOR AND OBJECTION TO ICDR ADMINISTRATION

Plaintif Graciela Dela Torre, pro se, respectfully files this short notice for the record regarding the proper arbitral administrator specified by the parties' settlement (Dkt. 44-3) and to object to Defendant's attempt to proceed under the ICDR (the international division of the American Arbitration Association).

1) Contract term (Dkt. 44-3) requires AAA–Commercial, not ICDR.

The settlement agreement filed at Dkt. 44-3 states that any dispute is to be "settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules." It does not authorize administration by the International Centre for Dispute Resolution (ICDR) or invoke any international rules. Both parties are domestic; the dispute is domestic; the contract points to AAA Commercial Arbitration Rules.

2) Defendant's out-contract filing.

On or about September 25, 2025, Defendant filed or amended a demand with the ICDR/AAA and designated New York, New York as the hearing locale. The ICDR form also reflects a checked box asserting that a "locale provision [is] included in the contract." The settlement (Dkt. 44-3) contains no locale clause. Plaintif objects to administration under ICDR and to any representation that the contract selects New York.

3) Limited request / preservation.

The Court's September 22, 2025 order (Dkt. 180) directed the parties to arbitrate; it did not select an administrator or locale diferent from the parties' contract. Plaintif therefore gives notice that she has objected with the case administrator and requested that any arbitration proceed, if at all, under the AAA Commercial Arbitration Rules as specified in Dkt. 44-3, with locale to be determined under those rules (Plaintif will request Chicago, Illinois or remote hearings). This filing preserves that contract-conformity issue for the record in this closed docket.

Requested clarification (only if the Court deems it helpful):

If the Court believes clarification is appropriate, Plaintif respectfully asks the Court to state that arbitration shall proceed, consistent with Dkt. 44-3, "administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules," and that nothing in Dkt. 180 authorizes administration under ICDR or predetermines locale.

Dated: October 07, 2025

Respectfully submitted,

/s/ Graciela Dela Torre

Plaintif, pro se

653 Wing St., Elgin, IL 60123

(630) 670-5914 • gmestiza1@gmail.com

Certificate of Service: I certify that I filed the foregoing via CM/ECF

*/s/ Graciela Dela Torre*