IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVIES LIFE & HEALTH, INC., formerly )<br>known as Disability Management Services, Inc., )<br>NIPPON LIFE INSURANCE COMPANY OF )<br>AMERICA, and ALLSUP, LLC, )<br>)<br>Defendants. ) | Case No. 1:25-cv-01483<br><br>Honorable Rebcca R. Pallmeyer |

**EXHIBIT JZP –IMPROPER ARBITRATION FORUM FILING AAA vs ICDR PERSUANT TO THE SETTLEMENT AGREEMENT (JUSTIN AARON WAX JACOBS/NIPPON'S ONGOING BAD FAITH PATTERN)**

This exhibit documents that Nippon Life Insurance Company of America and its counsel Justin Aaron Wax Jacobs, violated the parties' Settlement Agreement by filing an arbitration under the International Centre for Dispute Resolution "ICDR" instead of the contractually mandated American Arbitration Association "AAA".

This document is filed only to preserve the factual record for the AAA and any future appellate review.

Key Facts:

- The Settlement Agreement 44-3 § 3.6 requires arbitration "administered by the American Arbitration Association "AAA" and governed by Illinois law.
- On January 28 2025, attorney Justin Wax Jacobs filed Nippon's Demand for Arbitration with the ICDR New York instead of AAA Chicago/Illinois. This appears to be a retaliatory tactic.
- The ICDR is the *international* division of the AAA, reserved for cross-border disputes; **this matter is entirely domestic** (Illinois Plaintiff – New York Defendant).
- AAA administrative fee cap: approximately $50,000 USD.
- ICDR administrative fee cap: up to $1,000,000 USD, creating an excessive and unintended financial burden for me, the plaintiff. The ICDR applies a completely different fee schedule and procedural framework.
- Filing under ICDR converted a domestic-disability dispute into an "international" case, contradicting both Illinois jurisdiction and the settlement's plain terms, therefore increased the potential costs by up to twenty-fold, contrary to the intent of a domestic AAA proceeding.
- This misfiling constitutes a material breach of the settlement's dispute-resolution provision and evidence of bad-faith forum manipulation designed to deter or punish me the plaintiff.
- The act undermines the integrity and enforceability of the settlement's arbitration clause and should be noted for accuracy in the record.
- By filing in the wrong forum, Nippon and its lawyer materially breached the Settlement Agreement and have forfeited their contractual right to arbitrate under its terms.

Preservation Statement: No relief from the Court is requested. This exhibit is submitted solely to maintain a transparent paper trail showing that Nippon's counsel initiated arbitration in a forum expressly inconsistent with the Settlement Agreement.

Respectfully. /s/ Graciela Dela Torre
653 Elgin, Illinois 60123. 630-670-5914