FILED
1/10/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, <br><br> Plaintiff, <br><br> v. <br><br> DAVIES LIFE & HEALTH, INC., formerly known as Disability Management Services, Inc., NIPPON LIFE INSURANCE COMPANY OF AMERICA, and ALLSUP, LLC, <br><br> Defendants. | Case No. 1:25-cv-01483 <br><br> Honorable Rebecca R. Pallmeyer |

### CEASE AND DESIST DEMAND AND NOTICE OF VIOLATION OF ILLINOIS RULE OF PROFESSIONAL CONDUCT 4.4(a) JUSTIN AARON WAX JACOBS' & NIPPON LIFE INSURANCE COMPANY OF AMERICA SUBMISSION OF PLAINTIFF PHOTOGRAPHS TO U.S. MARSHALS & PRIVATE INVESTIGATOR FOR THE PURPOSE OF HARASSMENT

Plaintiff, Graciela Dela Torre, *pro se*, received limited non legal assistance due to a Fibromyalgia flare, its content has been read aloud to her, she approves and adopts it as her own, she files this Notice pursuant to the Court's inherent authority to manage its proceedings and the parties' obligations under the Federal Rules of Civil Procedure and applicable ethical rules.

I. NOTICE OF IMPROPER CONDUCT BY DEFENSE COUNSEL

1. Background of Previously Alleged Surveillance. On February 13, 2025, this Court denied Plaintiff's motion to cease surveillance, stating Plaintiff had offered "no credible basis for her suspicion that Defendant is engaged in such misconduct." *See* 1:22-cv-07059, Dkt. 94, p. 2.
2. Confirmation of Surveillance via Counsel's Own Filing. Contrary to the Court's prior finding, Defendant's counsel, Justin Aaron Wax Jacobs, has now provided direct evidence of surveillance. In his July 30, 2025 "Process Receipt and Return" (Form USM-285) filed with this Court, Mr. Wax Jacobs included the following instruction to the U.S. Marshals Service:
"Pictures of the Party to be served are enclosed." *See* 1:25-cv-01483, Dkt. 173, p. 1.
This filing confirms:
a. Defendant, through its agents, obtained personal photographs of Plaintiff.
b. These photographs were taken outside of any judicial proceeding.
c. Counsel deemed it appropriate to provide these surveillance-derived photographs to federal law enforcement for use in a civil service of process, an act that is highly irregular and suggestive of an intent to harass or intimidate.

3. Ongoing Harassment. On January 8, 2026, a private investigator appeared at Plaintiff's residence attempting personal service of court documents that had already been effectuated electronically by the CM/ECF system on July 28, 2025 Dkt. 129. This constitutes wasteful, burdensome, and harassing conduct, the private investigator also possessed surveillance style photos of the plaintiff.
4. Plaintiff is not suicidal, has no intent to harm herself or others, and is of sound mind. This statement is made out of an abundance of caution and in light of the highly irregular conduct described above, including the provision of surveillance photographs to federal law enforcement and the deployment of a private investigator after electronic service. Plaintiff has a good-faith concern that Defendants or their agents may seek to misuse such materials or allegations to create a false narrative or to otherwise interfere with her rights, safety, or reputation.

II. DEMAND FOR DISCLOSURE, CEASE AND DESIST, AND RETURN OF PHOTOGRAPHS

Pursuant to the Court's authority and counsel's duties under the Illinois Rules of Professional Conduct, Plaintiff hereby demands that Justin Aaron Wax Jacobs, and through him Nippon Life Insurance Company of America:

A. CEASE AND DESIST all further surveillance, investigation, or tracking of Plaintiff Graciela Dela Torre, her family, her two pitbulls, or her residence. All future communications shall be made solely through formal court or arbitral channels.

B. DISCLOSE, UNDER PENALTY OF PERJURY, in writing filed with this Court within ten (10) calendar days:

1. The source of the photographs provided to the U.S. Marshals (e.g., name of investigator/agency);
2. The date(s) the photographs were taken;
3. The original purpose for which the photographs were obtained;
4. All communications and directives between Mr. Wax Jacobs/Nippon and any investigator regarding Plaintiff since the date of the settlement (January 2024);
5. A complete list of all persons, entities, or agencies to whom the photographs have been provided or disseminated.

C. TURN OVER AND CERTIFY DESTRUCTION of all copies of the surveillance photographs. Plaintiff demands that Defendants file, under penalty of perjury, a sworn statement:

1. Attesting that all copies of the photographs have been returned to Plaintiff or permanently destroyed;
2. Affirming that the photographs have not been used for any obscure purpose other than the attempted service of process referenced in Dkt. 173; and
3. Stating that no further copies exist in any form.

D. PRESERVE all evidence related to the surveillance, photography, and investigation of Plaintiff.

III. LEGAL AND ETHICAL BASES FOR DEMAND

1. The Court's Inherent Authority includes the power to curb abusive litigation tactics, protect the integrity of its proceedings, and remedy invasions of privacy perpetrated through the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *see also* 28 U.S.C. § 1651(a) (All Writs Act).
2. Federal Rule of Civil Procedure 1 mandates the "just, speedy, and inexpensive determination" of every action. Harassing surveillance and duplicative, intimidating service multiply proceedings and increase burden contrary to this rule.
3. 28 U.S.C. § 1927 authorizes sanctions against counsel who "multiplies the proceedings in any case unreasonably and vexatiously."
4. Illinois Rule of Professional Conduct 4.4(a) prohibits a lawyer from using means "that have no substantial purpose other than to embarrass, delay, or burden a third person." The provision of surveillance photographs to federal agents and the deployment of a private investigator after electronic service have no proper litigation purpose and serve only to harass.
5. Federal Rule of Civil Procedure 26(c)(1) empowers the Court to issue protective orders to shield a party from "annoyance, embarrassment, oppression, or undue burden or expense."
6. Such conduct constitutes the tort of intrusion upon seclusion under Illinois law, for which Plaintiff retains all rights to pursue civil relief. *See Lovgren v. Citizens First National Bank*, 126 Ill. 2d 411, 534 N.E.2d 987 (1989); Restatement (Second) of Torts § 652B.

IV. CONSEQUENCES OF NON-COMPLIANCE

Should Mr. Wax Jacobs and Defendant fail to comply fully with this Demand, Plaintiff will be forced to seek relief from this Court, including but not limited to:

1. A formal Motion for Sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.
2. A Renewed Motion for a Protective Order under Fed. R. Civ. P. 26(c), now supported by evidence of surveillance.
3. A Complaint to the Attorney Registration and Disciplinary Commission (ARDC) of Illinois, the New York State Unified Court System Attorney Grievance Committee, and the Office of Attorney Ethics of New Jersey.

V. CONCLUSION

Plaintiff brings this conduct to the Court's attention and formally demands its cessation. The use of surveillance-derived photographs in civil litigation, coupled with duplicative and intimidating service attempts, undermines the dignity of these proceedings and warrants the Court's intervention.

Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com


CERTIFICATE OF SERVICE

I, Graciela Dela Torre, certify that I filed this Notice electronically via the Court's CM/ECF system,

/s/ Graciela Dela Torre