



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-01483 |
| DAVIES LIFE & HEALTH, INC., formerly known as Disability Management Services, Inc., NIPPON LIFE INSURANCE COMPANY OF AMERICA, and ALLSUP, LLC, | ) Honorable Rebcca R. Pallmeyer |
| Defendants. | ) |

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR CONTEMPT,
NOTICE OF PROPER AAA COMMERCIAL ARBITRATION FILING accepted Nov, 2025,
MOTION TO STRIKE FOR LACK OF JURISDICTION

Plaintiff, Graciela Dela Torre, pro se, has received non-legal assistance due to a fibromyalgia flare, its content has been read aloud, she approves and adopts it as her own, she responds to Defendant's "Motion to Enforce" Dkts. 190, 191, as follows. Plaintiff also moves to strike the motion for lack of subject-matter jurisdiction.

I. PRELIMINARY STATEMENT

Defendant's motion is a procedural nullity. It asks this Court to enforce a foreign order from a closed case, Dkt. 94, 1:22-cv-07059. by filing in this also-closed case. This is not a minor error; it is a fundamental misuse of the judicial system that, if tolerated, would allow any party to enforce any order in any docket, destroying the basic structure of federal litigation. The motion must be stricken.

II. ARGUMENT

A. PLAINTIFF IS COMPLYING WITH THE COURT'S ORDER VIA A PROPER AAA COMMERCIAL ARBITRATION FILING.
Pursuant to the foreign Court order dated February 13, 2025 Order Dkt. 94 from closed case 1:22-cv-07059, which compelled arbitration under the settlement agreement, On Nov 01, 2025 Plaintiff initiated the proper arbitration under AAA Commercial Rules. This fulfills the exact mandate of the Court's order and the contractual requirement of §3.6 of the settlement.

1. The Correct Forum Has Been Opened. Plaintiff filed a Demand for Arbitration under AAA Commercial Rules, which has been assigned a Case No.(redacted) A fee waiver is pending. See Email from AAA Commercial Rules, Jan. 8, 2026 (attached as Exhibit A).

2. Contrast with Defendant's Bad Faith. While Defendant filed a fraudulent ICDR "international" proceeding to inflate costs, Plaintiff is proceeding exactly as the Court ordered and the contract requires, under AAA Commercial Rules.
3. No Contempt Can Lie. Plaintiff cannot be held in contempt for refusing to fund Defendant's incorrect, suspended ICDR proceeding when she is actively participating in the correct, live AAA Commercial proceeding that this Court's order actually mandated.

The existence of this proper arbitration filing demonstrates conclusively that Plaintiff is not refusing to arbitrate. She is arbitrating in the forum this Court compelled. Defendant's contempt motion is therefore factually baseless and should be denied.

B. The Arbitration Defendant Seeks to Enforce is Suspended and Fraudulently Initiated.

1. The Proceeding is Suspended. The ICDR arbitration (No. 01-25-0000-4189) is suspended until February 12, 2026, by the arbitrator's order. Dkt. 191-11, 191-12. Contempt cannot lie for non-participation in a suspended forum.
2. The Proceeding is a Fraudulent Breach of Contract. The settlement (§3.6) requires AAA Commercial Rules. Defendant breached this by fraudulently triggering ICDR rules. Defendant's own declaration states Nippon is an Iowa corporation. Dkt. 9-1, ¶4 1:22-cv-07059. Its motion to transfer to New York was denied Dkt. 20. This was not an "international" filing error; it was a bad-faith scheme to impose prohibitive costs. A party in breach cannot seek equitable contempt relief.

C. Defendant's Misconduct Warrants Sanctions, Not Reward.
Defendant's counsel has: 1) fraudulently filed in the wrong arbitral forum; 2) now fraudulently filed an enforcement motion in the wrong court docket; and 3) concealed the arbitration's suspension from this Court in its motion. This pattern of misrepresentation and procedural weaponization has multiplied proceedings unreasonably. Sanctions under 28 U.S.C. § 1927 are warranted, not the extraordinary remedy of civil contempt.

D. This Court Lacks Jurisdiction to Enforce a Foreign Order from a Closed Case.

1. The Order is a Foreign Order from a Different, Closed Case. The order Defendant attaches and seeks to enforce is Dkt. 191-4, which is a copy of Dkt. 94 from the closed case No. 1:22-cv-07059. That case was dismissed with prejudice and closed. Its final order compelling arbitration did not retain jurisdiction for enforcement. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994).
2. This Case is Also Closed and Cannot Be a Vehicle for Enforcement. This case, 1:25-cv-01483, was filed to address distinct issues (including agent abandonment of SSA pursuit) and was itself closed on September 22, 2025. Its docket cannot be commandeered to enforce foreign orders from other terminated actions. A court's authority is tied to a specific case number and controversy. Defendant's tactic—filing an enforcement motion for a foreign,

closed-case order in another closed docket, would nullify the meaning of a closed docket and violate fundamental principles of federal jurisdiction.

III. CONCLUSION

Defendant's motion is jurisdictionally defective, factually misleading, and seeks to punish Plaintiff for Defendant's own breach of contract and procedural abuse. This Court cannot and should not enforce a closed case's order in another closed case's docket.

IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. GRANT the Motion to Strike and STRIKE Defendant's Motion for Contempt (Dkts. 190, 191) for lack of subject-matter jurisdiction.
2. In the alternative, DENY the Motion for Contempt in its entirety.
3. TAKE JUDICIAL NOTICE of the suspension of ICDR Case No. 01-25-0000-4189 and of Plaintiff's proper AAA Commercial filing (Case No. 01-25-redacted).
4. FIND that the conduct of Defendant's counsel, Justin Wax Jacobs, warrants sanctions under the Court's discretion pursuant to 28 U.S.C. § 1927 for multiplying proceedings unreasonably and vexatiously. While Plaintiff recognizes previous procedural rulings, she RESERVES THE RIGHT to file a separate, formal motion for sanctions should the Court determine it appropriate or should this pattern of misconduct persist.
5. AWARD any further relief the Court deems just.

Respectfully submitted,
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

CERTIFICATE OF SERVICE
I, Graciela Dela Torre, certify that on January [Date], 2026, I filed this Response electronically via the Court's CM/ECF system, serving all counsel of record.
/s/ Graciela Dela Torre

Exhibits attached

## EXHIBIT A

EMAIL FROM AAA Commercial Rules Jan 8, 2026
To: Gracie
From: Commercial Rules
Date: Thursday, January 8, 2026 at 3:10 PM

Subject: Case number [redacted] Re: NEW FILING: Demand for Arbitration & Fee Waiver Request – Commercial Rules

Message Body:

Hello,

Per the below, you requested to put the case on hold until February 13. Accordingly, the matter has been placed on hold and no determination has been made yet.

Sincerely,
American Arbitration Association
Commercial Rules
adr.org | aaafoundation.org

On Mon, Nov 17, 2025 at 2:51 PM Case Filing <CaseFiling@adr.org> wrote:

> Hello,
> The filing has been assigned to Case number (Redacted).
> Thank you,

Sincerely,
American Arbitration Association
Commercial Rules
E: AAAFeeWaivers@adr.org
adr.org | aaafoundation.org

---

## EXHIBIT B (The foreign order from a different the closed case)

Case: 1:22-cv-07059 Document #: 94 Filed: 02/13/25 Page 1 of 2 PageID #:851

Having found the agreement enforceable, the court concludes that any legitimate further disputes arising out the agreement are indeed subject to arbitration.

In this case, filed under Dkt 191-4
Case: 1:25-cv-01483 Document #: 191-4 Filed: 01/06/26 Page 1 of 3 PageID #:1661

## EXHIBIT C

DECLARATION OF JUSTIN WAX JACOBS

Case: 1:22-cv-07059 Document #: 9-1 Filed: 02/02/23 Page 2 of 5 PageID #:27
4. Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York.

## EXHIBIT D

Case: 1:22-cv-07059 Document #: 20 Filed: 04/10/23 Page 1 of 6 PageID #:175

MEMORANDUM OPINION AND ORDER For the reasons discussed below, Defendant Nippon Life Insurance Company of America's 28 U.S.C. § 1404(a) motion to transfer this matter to the Southern District of New York [8] is denied.

## CERTIFICATE OF SERVICE

I, Graciela Dela Torre, certify, I filed this Response electronically via the Court's CM/ECF system, serving all counsel of record.

/s/ Graciela Dela Torre