



FILED
1/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
PJJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACIELA DELA TORRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01483 |
| | ) | |
| DAVIES LIFE & HEALTH, INC., formerly | ) | Honorable Rebcca R. Pallmeyer |
| known as Disability Management Services, Inc., | ) | |
| NIPPON LIFE INSURANCE COMPANY OF | ) | |
| AMERICA, and ALLSUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION FOR CONTEMPT, NOTICE TO THE COURT OF FRAUD, AND JUDICIAL NOTICE OF MISCONDUCT IN CASES:**
**1:22-CV-07059 CLOSED FEB 2025 ARBITRATION ORDERED, NO RETAINED JURISDICTION.**
**1:25-CV-01483 CLOSED SEP 22, 2025 CURRENT CONTEMPT MOTION FILED HERE.**
**BOTH CASES ARE CLOSED, YET DEFENDANT IS USING THE DOCKET OF 1:25-CV-01483 TO ENFORCE AN ORDER FROM 1:22-CV-07059 PROCEDURALLY IMPROPER.**
**Arbitration:**
**01-25-0000-4189 (ICDR)  Suspended until Feb. 12, 2026. Fraudulently triggered.**
**01-25-0005-7312 (AAA Commercial)  On hold until Feb. 13, 2026. Correct, active forum.**

Filed Pro Se by Graciela Dela Torre, a Disabled Person Without Legal Counsel, received limited non legal assistance due to a Fibromyalgia flare up, this has been read aloud to plaintiff, she approves and adopts it as her own.

## INTRODUCTION

1. I am a disabled person that has no choice but to represent myself. I file this to bring the truth to the Court.

2. On February 13, 2025, the Court ordered arbitration in Case No. 1:22-cv-07059. That case was closed soon after. The Court did not keep jurisdiction to enforce the order.

3. Now, in Case No. 1:25-cv-01483 also closed on September 22, 2025, Mr. Wax Jacobs is asking this Court to hold me in contempt for not joining an arbitration that he started by fraud.

4. I have tried for months to fix this. I brought the issue to court and was re-directed to forward them to the arbitrator, which I did. I called Mr. Wax Jacobs many times. He refused to answer. He will not talk to me like a civilized person.

5. Instead of talking, he filed more motions to overwhelm me. He also ignored Judge Pallmeyer's clear guidance about arbitration disputes.

**JUDGE PALLMEYER'S PRIOR GUIDANCE ON ARBITRATION DISPUTES**(next page)

**JUDGE PALLMEYER'S PRIOR GUIDANCE ON ARBITRATION DISPUTES**

During a hearing, Judge Pallmeyer stated that she had no jurisdiction within arbitrations and that any disputes about the arbitration forum or process should be directed to the arbitrator.

Mr. Wax Jacobs is now asking this Court to intervene in an arbitration dispute, exactly what the Judge said should go to the arbitrator. This is inconsistent with the Court's prior guidance.

**THE ARBITRATION MR. WAX JACOBS IS USING WAS STARTED BY FRAUD**

A. Mr. Wax Jacobs Swore to This Court That Nippon Is a U.S. Company.

In a document he signed under penalty of perjury, he stated:

"Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York."

(See Exhibit 1: Dkt. 9-1 from Case No. 1:22-cv-07059, paragraph 4)

B. Then He Lied to the AAA to Get Into the ICDR.

On the AAA form, he answered "Yes" to whether parties were from different countries. This made the AAA send the case to the ICDR. His own sworn statement recorded in Dkt 9-1 of 1:22-cv-07059, proves this was a lie. He cannot have it both ways.

C. The ICDR Case Is Invalid.

Because he lied to start it, the ICDR case No. 01-25-0000-4189 should not exist. The Court should not let him use it against me.

**I AM FOLLOWING THE COURT'S ORDER IN THE RIGHT ARBITRATION FORUM**

A. The Contract Requires AAA Commercial Rules.

Section 3.6 of the settlement agreement says arbitration must be under AAA Commercial Rules.

B. I Opened the Correct AAA Commercial Case.

In November 2025, I filed under AAA Commercial Rules. The AAA gave it Case No. 01-25-0005-7312.

C. That Case Is Still Open and On Hold.

On January 8, 2026, the AAA Commercial team wrote:

"Per the below, you requested to put the case on hold until February 13. Accordingly, the matter has been placed on hold and no determination has been made yet."

*(See Exhibit 2)*

I am doing what the Court ordered. Mr. Wax Jacobs is trying to punish me for not joining his fraudulent ICDR case.

**MR. WAX JACOBS HAS A HABIT OF CHANGING EVIDENCE**

A. Previous altered Email (Dkt. 118-2).

I told the Court before about a fake email he submitted. The Court has this in Dkt. 134.

B. New altered Email in This Case (Exhibit 191-5).

His latest filing includes another altered email. A review shows changed signatures and pasted-together text. (See Exhibit 3: "191-5 Detail Review")

He keeps giving the Court changed evidence. The Court should not trust him.

**MR. WAX JACOBS IS HARASSING ME AND REFUSING TO COMMUNICATE**

1. Surveillance Photos: He gave secret photos of me to U.S. Marshals and sent a private investigator to my home after I was already served electronically. *(See Dkt. 193)*
2. Won't Talk: I called him many times to resolve this without more court filings. He refused to pick up.
3. Using Closed Cases to Harass: He is using closed cases to attack me, which is not how the system should work.

**Defendant's counsel, Justin Wax Jacobs, has violated Illinois Rule of Professional Conduct 3.1 by filing a motion for contempt that is factually and legally frivolous. He is seeking enforcement in a closed case, relying on an arbitration he fraudulently triggered, submitting altered evidence, and ignoring Plaintiff's compliance in the correct forum. This conduct warrants sanctions and referral to the Attorney Registration and Disciplinary Commission**

## RELIEF REQUESTED

I respectfully ask the Court to:

1. DENY Defendant's Motion for Contempt (Dkt. 197).
2. TAKE JUDICIAL NOTICE that:
   - The arbitration order was issued in Case No. 1:22-cv-07059, which was closed in February 2025 without retained jurisdiction for enforcement.
   - Case No. 1:25-cv-01483 was closed on September 22, 2025 and cannot serve as a vehicle for enforcing orders from another closed case.
   - Plaintiff is actively arbitrating in the contractually mandated forum: AAA Commercial Case No. 01-25-0005-7312.
   - Defendant's counsel, Mr. Wax Jacobs, contradicted his own sworn declaration (Dkt. 9-1, 1:22-cv-07059) to fraudulently trigger ICDR jurisdiction.
   - This Court has previously stated that arbitration disputes belong with the arbitrator, not this Court.
3. STRIKE OR DISREGARD any reliance on the improperly triggered ICDR Case No. 01-25-0000-4189.
4. REFER any remaining arbitration-related disputes to the appointed arbitrator, consistent with this Court's prior guidance.
5. CONSIDER SANCTIONS against Mr. Wax Jacobs under FRCP 11, 28 U.S.C. § 1927, and the Court's inherent authority for:
   - Misrepresentations to the Court and the AAA/ICDR,
   - Submission of altered evidence,
   - Vexatious multiplication of proceedings, and

- ○ Harassment of a pro se disabled litigant.
6. ORDER DEFENDANT to:
   - ○ Withdraw the fraudulently initiated ICDR case, and
   - ○ Proceed exclusively in the AAA Commercial forum as required by the Settlement Agreement §3.6.
1.

Respectfully submitted,

Graciela Dela Torre
Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

**CERTIFICATE OF SERVICE**

I, Graciela Dela Torre, certify that I filed this Sur-Reply electronically via the Court's pro se system which takes up to 5 business days to register in the docket, and serves all counsel of record.

/s/ Graciela Dela Torre
Graciela Dela Torre

NOTE TO THE COURT:

Plaintiff, Graciela Dela Torre, is a pro se disabled litigant without legal assistance and has no access to a printer or scanning equipment. For the Court's convenience, Plaintiff has included redacted versions of key documents already filed with the Court in previous docket entries, along with references to their original docket numbers. Full, unredacted originals are on file with the Clerk of Court and are available for in camera review if needed.

# EXHIBIT 1

EXCERPT FROM DKT. 9-1 CASE NO. 1:22-CV-07059

1. I am the Assistant General Counsel for Nippon Life Insurance Company of America (hereinafter Nippon), the Defendant in this lawsuit, and I have personal knowledge of the facts contained herein.
   …
2. Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York.
   …
   [Signature: Justin Wax Jacobs, January 30, 2023]

NOTE: Original filed with the Court. Available for in camera review if needed.

---

# EXHIBIT 2

Case 1:22-cv-07059 Dkt 9-2 INSURANCE POLICY PAGE – NIPPON LIFE INSURANCE COMPANY OF AMERICA

NIPPON LIFE INSURANCE COMPANY OF AMERICA
A Stock Company
Des Moines, Iowa 50306-0310

This group insurance policy is issued to:
NIPPON EXPRESS USA, INC.

GROUP POLICY NO. GLT Q953
STATE OF ISSUE: New York

NOTE: This document confirms Nippon Life Insurance Company of America is a domestic U.S. entity incorporated in Iowa. Original filed with the Court.

# EXHIBIT 3

EMAIL FROM AAA COMMERCIAL RULES DATED JANUARY 8, 2026

From: AAA Commercial Rules
To: Gracie Dlt
Date: Thursday, January 8, 2026 at 3:10 PM
Subject: Case number 01-25-0005-7312 Re: NEW FILING: Demand for Arbitration & Fee Waiver Request – Commercial Rules

Hello,

Per the below, you requested to put the case on hold until February 13. Accordingly, the matter has been placed on hold and no determination has been made yet.

Sincerely,
American Arbitration Association
Commercial Rules

NOTE: Original email available for in camera review.

---

# EXHIBIT 4

ANALYSIS OF EXHIBIT Dkt 191-5 case 1:25-CV-01483 ("191-5 DETAIL REVIEW")

This document appears to be a composite or altered version of original emails, possibly created for evidentiary purposes but lacking forensic integrity. The anomalies suggest:

- Text was copied and pasted from multiple sources.
- Headers and footers were modified or inserted.
- Signature blocks appear inconsistent with authentic correspondence.

These inconsistencies raise serious questions regarding the authenticity of Exhibit 191-5 and the credibility of the submitter.

NOTE: Original available for in camera review.

---