


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR CONTEMPT AND CROSS-MOTION FOR SANCTIONS <u>DISQUALIFICATION</u> AND PROTECTIVE ORDER**

NOTICE OF LIMITED ASSISTANCE

I, Graciela Dela Torre, am a disabled person representing myself. I am experiencing a fibromyalgia flare-up and extreme winter conditions (approx. -2°F). I received limited, non-legal assistance to organize the facts and format this document. Its contents were read aloud to me. I understand, approve, and adopt this filing as my own.

INTRODUCTION

I oppose Defendant's Motion for Contempt (Dkts. 190, 191) because it is based on fraud, filed in a closed case, and seeks to punish me for complying with this Court's order. I cross-move for sanctions against Defendant's counsel, Justin Wax Jacobs, for a pattern of deceptive and harassing conduct that abuses the judicial process.

SUMMARY OF KEY FACTS

1. Closed Cases, Improper Motion.
    - Case 1:22-cv-07059: Court ordered arbitration on February 13, 2025 (Dkt. 94). Case closed in February 2025. Jurisdiction was not retained.
    - Case 1:25-cv-01483: Case closed on September 22, 2025.
    - Mr. Wax Jacobs improperly filed his Motion for Contempt in the closed docket of 1:25-cv-01483 to enforce an order from the closed case 1:22-cv-07059.
2. The Fraudulent vs. Correct Arbitration.
    - ICDR Case 01-25-0000-4189 (Suspended): Filed by Mr. Wax Jacobs. He triggered it by falsely telling the AAA the dispute was "international," contradicting his sworn declaration that Nippon is an Iowa/NY company (Dkt. 9-1, ¶4, 1:22-cv-07059).
    - AAA Commercial Case 01-25-0005-7312 (Active & On Hold): Filed by me. This is the forum required by the Settlement Agreement §3.6. AAA confirmed on January 8, 2026 it is "on hold until February 13."
3. Harassment and Evidence Tampering.

- Surveillance: Mr. Wax Jacobs provided surveillance-style photos of me to U.S. Marshals (Dkt. 173) and a private investigator.
        - Altered Evidence: He has submitted questionable documents, including a likely altered email chain (Exhibit 191-5).
        - Refusal to Communicate: He will not engage in good-faith discussion to resolve the improper forum issue.
  4. Contradiction of Court Order.
        - On October 17, 2025, this Court directed me to bring forum objections "to the attention of the arbitrator" (Dkt. 188).
        - Instead of respecting that, Mr. Wax Jacobs filed for contempt to punish me for not funding his fraudulent arbitration.

## ARGUMENT AND REQUESTED RELIEF

I. The Contempt Motion Must Be Denied.
The motion is procedurally improper (filed in a closed case) and factually baseless. I am arbitrating in the correct AAA Commercial forum as ordered. The ICDR proceeding he relies on is invalid due to his own fraudulent inducement.

II. Sanctions and Disqualification Are Warranted.
Mr. Wax Jacobs's conduct violates Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927. His pattern includes:

- Fraud on the Tribunal: Lying to the AAA to invoke ICDR jurisdiction.
- Fraud on the Court: Submitting contradictory sworn statements and altered evidence.
- Harassment: Using surveillance and intimidating service tactics.
- Vexatious Multiplication of Proceedings: Filing a contempt motion in a closed case to re-litigate settled issues.

This pattern demonstrates he cannot ethically continue in this matter. I ask the Court to disqualify him from further representation in this case.

III. A Protective Order Is Necessary.
I ask the Court to issue an order:

- Prohibiting further surveillance or investigative contact with me or my residence.
- Requiring all communications to be through formal court or arbitral channels.
- Directing the return or destruction of all surveillance-derived photographs.

IV. Appointment of Pro Bono Counsel.
As a disabled individual facing a represented corporate party and complex, abusive tactics, I ask the Court to appoint counsel to assist me under 28 U.S.C. § 1915(e)(1).

## CONCLUSION

Mr. Wax Jacobs's fraudulent and harassing tactics have subverted the arbitration process and abused this Court's docket. His contempt motion should be denied. His

conduct merits sanctions, disqualification, and a protective order to restore fairness to these proceedings.

Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

Dated: January 20, 2026


CERTIFICATE OF SERVICE

I, Graciela Dela Torre, certify that on January 20, 2026, I filed this motion electronically using the Court's PRO SE system, which takes up to 5 days to be recorded on the docket and serves all lawyers of record.

/s/ Graciela Dela Torre
Graciela Dela Torre

---

EXHIBIT LIST

NOTE TO THE COURT: Plaintiff is a disabled pro se litigant without regular access to a printer or scanner and is facing extreme winter conditions. The list below references key documents for the Court's immediate convenience. Complete, unredacted originals have been previously filed with the Court or are available for in camera review upon request.

1. Exhibit A: Email from AAA Commercial Rules, dated January 8, 2026, confirming AAA Commercial Case 01-25-0005-7312 is "on hold until February 13." (Previously filed as part of Dkt. 194, Exhibit A).
2. Exhibit B: Sworn Declaration of Justin Wax Jacobs (Dkt. 9-1 from 1:22-cv-07059, ¶4), stating: "Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York."
3. Exhibit C: ICDR Demand for Arbitration (filed January 28, 2025), showing Mr. Wax Jacobs represented the dispute as "international."
4. Exhibit D: U.S. Marshals Form USM-285 (Dkt. 173, filed July 30, 2025), with instruction: "Pictures of the Party to be served are enclosed."
5. Exhibit E: This Court's Minute Entry (Dkt. 188, entered October 17, 2025), directing Plaintiff to bring forum objections "to the attention of the arbitrator."

6. Exhibit F: Letter from the New York Attorney Grievance Committee, First Judicial Department, dated January 15, 2026, acknowledging grievance Docket No. 2025.5724 against Justin Wax Jacobs and deferring pending judicial determination.
7. Exhibit G: Analysis of Defendant's Exhibit 191-5, noting inconsistencies suggesting alteration. (Original exhibit filed by Defendant).