IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01483 |
| ) | |
| DAVIES LIFE & HEALTH, INC., formerly ) | Honorable Rebecca R. Pallmeyer |
| known as Disability Management Services, Inc., ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and ALLSUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS UNDER FED. R. EVID. 201 AND SUPPLEMENTAL EVIDENCE OF FRAUDULENT INDUCEMENT**

**IN CASE NO. 1:25-CV-01483:**

DKT. 44-3, §3.6 CONTRACTUAL MANDATE FOR AAA COMMERCIAL ARBITRATION;

DKT. 191-5 EVIDENCE OF DEFENDANT'S "INTERNATIONAL NEXUS" CLAIM CONTRADICTING SWORN TESTIMONY;

DKT. 191-6 AMENDED DEMAND INCORPORATING §3.6, INCREASING CLAIM TO $191,461, AND FAILING TO CORRECT FRAUDULENT ICDR FILING.

**IN CASE NO. 1:22-CV-07059:**

DKT. 9-2 NIPPON LIFE INSURANCE COMPANY OF AMERICA, A STOCK COMPANY REGISTERED IN DES MOINES, IOWA;

DKT. 9-1 ¶4 SWORN DECLARATION THAT DEFENDANT IS INCORPORATED IN IOWA WITH ITS PRINCIPAL PLACE OF BUSINESS IN NEW YORK, NEW YORK;

DKT. 61-1 ¶4 SWORN DECLARATION (RE-AFFIRMED) THAT DEFENDANT IS INCORPORATED IN IOWA WITH ITS PRINCIPAL PLACE OF BUSINESS IN NEW YORK, NEW YORK.

**AAA/ICDR ADMISSION:**

ORIGINAL ICDR DEMAND FORM: COUNSEL JUSTIN WAX JACOBS CHECKED "YES" TO INTERNATIONAL QUESTION, PROVIDING EXPLANATION ABOUT JAPANESE PARENT COMPANY, TRIGGERING ICDR JURISDICTION – CONFIRMING FRAUDULENT INDUCEMENT.

TO THE HONORABLE REBECCA R. PALLMEYER:

Plaintiff Graciela Dela Torre, pro se, pursuant to Federal Rule of Evidence 201, respectfully moves this Court to take judicial notice of the following adjudicative facts, which are not subject to reasonable dispute because they can be accurately and readily determined from this Court's own records and whose accuracy cannot reasonably be questioned.

**I. FACTS REQUESTED FOR JUDICIAL NOTICE**

The Court is requested to take judicial notice of the existence and specific contents of the following documents from its own docket:

1. From *Dela Torre v. Nippon*, Case No. 1:22-cv-07059:
    - Document 9-1 (Declaration of Justin Wax Jacobs), Page 4, Paragraph 4: Which states: "Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York."
    - Document 9-2 (Group Insurance Policy): Which shows the policy was issued by "Nippon Life Insurance Company of America – A Stock Company – Des Moines, Iowa."

2. From *Dela Torre v. Davies Life & Health, Inc.*, et al., Case No. 1:25-cv-01483:
   - Document 44-3 (Settlement Agreement and Mutual Specific Release), Section 3.6: Which mandates that "any controversy or claim... shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules."

## II. LEGAL BASIS

Federal Rule of Evidence 201(b)(2) permits judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of its own records and of public documents filed in other courts. *See* United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991); Ennenga v. Starns, 677 F.3d 766, 773-74 (7th Cir. 2012). The documents cited are official filings in this District. Their existence and the quoted language within them are verifiable facts from the Court's own docketing system and are not subject to reasonable dispute.

## III. RELEVANCE TO PENDING PROCEEDINGS

These facts are directly relevant to the pending Motion for Contempt (Dkt. 190) in Case No. 1:25-cv-01483, and to Plaintiff's pending motions in Case No. 1:22-cv-07059. They establish the foundational contradiction at the heart of this litigation:

- The contractual mandate for AAA Commercial Arbitration (Fact from Dkt. 44-3).
- The sworn, domestic identity of the contracting party (Facts from Dkts. 9-1 & 9-2).
- This sworn identity directly contradicts the "international nexus" representation used to justify the initiation of arbitration in the International Centre for Dispute Resolution (ICDR), the forum Defendant now seeks to enforce via contempt.

Judicial notice of these facts is necessary to prevent unnecessary duplication of evidence and to allow the Court to rule on the substantive legal issues presented, including breach of contract, fraudulent inducement of arbitral jurisdiction, and the propriety of contempt sanctions.

## V. CONCLUSION

The evidence before this Court reveals an unambiguous pattern: Defendant's counsel made sworn representations to this Court about the domestic nature of his client, then made the opposite representation to an arbitral body to invoke a non-contractual, more burdensome forum. This fraudulent inducement, followed by a willful failure to correct the breach when amending the demand, constitutes bad faith that strikes at the heart of the parties' agreement and the integrity of the judicial process.

WHEREFORE, Plaintiff Graciela Dela Torre respectfully requests that this Court:

1. GRANT this Motion and enter an order taking judicial notice of the specified facts from Dockets 9-1, 61-1, 9-2, 44-3, 191-5, and 191-6, as detailed above.
2. CONSIDER the attached supplemental evidence confirming that the ICDR proceeding was triggered solely by Counsel Justin Wax Jacobs's affirmative act of checking "YES" on the international demand form.
3. TAKE SUCH OTHER ACTION as the Court deems just and proper, including but not limited to denying Defendant's Motion for Contempt (Dkt. 190) as predicated on a fraudulently induced proceeding.

Respectfully submitted,
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se Plaintiff
CERTIFICATE OF SERVICE



**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

Page 2 mentioned in Dkt. 191-5 of 1:25-cv-01483

Contradicting
22-cv-07059
Dkt 9-1
Dkt 9-2
Dkt 61-1

| | |
|---|---|
| Estimated time needed for hearings overall: | hours or 1    days |
| Type of Business: Claimant: Insurance | Respondent: Private Individual |

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?
Yes, Nippon is an American corporation whose parent company is a Japanese corporation.?

Signature (may be signed by a representative): *[signature]*
Date: January 28, 2025

Name of Claimant: Nippon Life Insurance Company of America
Address (to be used in connection with this case): 666 Third Avenue, Suite 2201

| City: New York | State: New York | Zip Code: 10017 |
|---|---|---|
| Phone No.: 646-630-4923 | Fax No.: 212-867-3057 | |

Email Address: J-WaxJacobs@nipponlifebenefits.com
Name of Representative: Justin Wax Jacobs
Name of Firm (if applicable):
Representative's Address: 666 Third Avenue, Suite 2201

| City: New York | State: New York | Zip Code: 10017 |
|---|---|---|
| Phone No.: 646-630-4923 | Fax No.: 212-867-3057 | |

Email Address: J-WaxJacobs@nipponlifebenefits.com

To begin proceedings, **please file online at www.adr.org/fileonline**. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

---

RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189

From  Sabriyah Samsudeen <SamsudeenS@adr.org>
Date  Tue 2/4/2025 4:53 PM
To    Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>

Dkt. 191-5 of 1:25-cv-01843

📎 1 attachment (86 KB)
International Arbitration Fee Schedule_06_01_23.pdf;

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Wax Jacobs,

This case is administered by the ICDR fee schedule due to the international nexus of claimant's parent company being a Japanese corporation. The AAA's definition of international includes not only parties to the arbitration, but also controlling shareholders or parents companies that are from different countries. This matter was filed with ICDR because after review of page 2 of the demand form, it indicates that parties to the arbitration, or their controlling shareholders or parent company are from different countries than each other. I have reattached the ICDR fee schedule for your review.

Thanks,
Sabriyah Samsudeen



**Sabriyah Samsudeen**
**Case Administrator III**

International Centre for Dispute Resolution
American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271
T: +1 212 484 4143

