

FILED
3/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
LJ

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GRACIELA DELA TORRE, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No. 1:22-cv-07059 |
| | ) |
| NIPPON LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| Defendant. | ) |
| _____ | ) |

**AND CONSOLIDATED WITH**

| | |
|---|---|
| GRACIELA DELA TORRE, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No. 1:25-cv-01483 |
| | ) |
| NIPPON LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S MOTION TO COMPEL THE COURT TO EXERCISE ITS INHERENT AUTHORITY AND TO REFER EVIDENCE OF FEDERAL CRIMES BY DEFENDANT NIPPON LIFE INSURANCE COMPANY OF AMERICA AND ITS COUNSEL JUSTIN WAX JACOBS TO THE UNITED STATES DEPARTMENT OF JUSTICE**

NOTICE OF LIMITED ASSISTANCE

I, Graciela Dela Torre, am a disabled person proceeding pro se. I am currently experiencing a fibromyalgia flare-up and associated cognitive difficulties. I received limited, non-legal organizational assistance to format this document. The contents were read aloud to me. I understand, approve, and adopt this filing as my own.

**PRELIMINARY STATEMENT**

On March 4, 2026, this Court entered a Minute Entry (Dkt. 204) in Case No. 1:25-cv-01483. In that entry, the Court explicitly referenced documents from Case No. 1:22-cv-07059, including Docket No. 34 and Docket No. 94. The Court further referenced a hearing and findings made in the earlier proceeding.

By this action, this Court has already recognized that these cases are related and that their records may be considered together. Plaintiff therefore respectfully submits this motion for consideration in both Case No. 1:22-cv-07059 and Case No. 1:25-cv-01483, as the conduct at issue, including the violation of this Court's sealing order (Dkt. 58 in Case No. 1:25-cv-01483), the submission of altered evidence, and the pattern of bad-faith litigation, spans both proceedings.

This is not a request for relief. This is a motion to COMPEL the Court to fulfill its non-discretionary duty to protect the integrity of the judicial process.

**I. LEGAL BASIS FOR THIS COURT'S INHERENT AUTHORITY AND DUTY TO ACT**

**A. Inherent Authority is Essential, Not Optional**

The Supreme Court has repeatedly held that federal courts possess inherent authority to punish contempt, impose sanctions, and protect the integrity of the judicial process . This authority is not a discretionary luxury, it is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice .

*"The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice."* Ex parte Robinson, 86 U.S. 505, 510 (1874) .

**B. This Inherent Power Serves to Prevent Abuse, Oppression, and Injustice**

The inherent powers of federal courts exist specifically "to prevent abuse, oppression, and injustice, and to protect the courts' jurisdiction and officers" . The Supreme Court has explained that such power is "essential to and inherent in the organization of courts of justice" .

**C. The Court's Power is Not Unlimited, But It Includes the Power to Refer Criminal Conduct**

While the Court must act reasonably and cannot conflict with statutes or rules , its inherent authority includes the power to:

- Supervise the conduct of officers, parties, witnesses, and counsel
- Impose contempt or sanctions for disobedience of court orders
- Amend records and correct errors
- Protect the courts' jurisdiction

Most critically, the Court's inherent authority includes the power to refer evidence of criminal conduct to prosecutorial authorities. When a court obtains evidence that may constitute a violation of federal criminal law, it has the authority, and in some circumstances, the duty, to transmit such evidence to the appropriate authorities.

**D. Fraud on the Court (Rule 60(d)(3)) Has No Time Limit**

Rule 60(d)(3) expressly preserves the court's power to "set aside a judgment for fraud on the court" without time limit . Fraud on the court "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases" . The Second Circuit has confirmed that "a motion to vacate for fraud on the court is not subject to Rule 60's one-year limitation period" .

**E. The Court's Inherent Authority May Be Exercised Even When Other Rules Apply**

The Supreme Court in Chambers v. NASCO, Inc. , 501 U.S. 32 (1991), held that courts may use their inherent powers to sanction an entire course of conduct, even when some acts are covered by other rules . The Court stated that "the attributes which inhere in the power [to punish contempt] and are inseparable from it can neither be abrogated nor rendered practically inoperative" .

**F. The Court Has the Power to Appoint Counsel to Prosecute Criminal Contempt**

The Supreme Court has specifically held that the power to enforce includes "the authority to appoint private counsel to prosecute a criminal contempt" .

## II. THIS COURT MUST ACT BECAUSE IT CANNOT STAND IDLY BY IN THE FACE OF CRIMINAL CONDUCT

### A. The Conduct Documented in the Record Constitutes Federal Crimes

Based on the documents already before this Court (see Plaintiff's concurrently filed Request for Judicial Notice), the following conduct constitutes potential violations of federal criminal law:

| Conduct | Federal Crime | Maximum Penalty |
| --- | --- | --- |
| Violation of sealing order (Dkt. 58) | Obstruction of justice (18 U.S.C. § 1505) | 5 years |
| Submission of altered evidence (Exhibits 191-5, 118-2) | Document fraud (18 U.S.C. § 1519) | 20 years |
| Contradictory sworn statements (Dkt. 9-1 ¶4 vs. ICDR demand) | Perjury (18 U.S.C. § 1621) | 5 years |
| Coercive interference with ERISA rights | Criminal ERISA violation (29 U.S.C. § 1140) | 10 years |
| Conversion of plan reserves to profit | Criminal ERISA violation (29 U.S.C. § 1131) | 10 years |

### B. Violation of a Court Order is Not a Dispute Between Parties,It is an Affront to the Court Itself

When Defendants' counsel obtained a sealing order (Dkt. 58) and then violated it by using sealed information in a separate, public lawsuit (Case No. 1:26-cv-02448), they did not merely harm Plaintiff, they defiled the court itself. They assaulted the dignity and authority of this Court. The Third Circuit has held that to prove bad faith sufficient to invoke judicial estoppel, a litigant must behave culpably "in a way that 'assault[s] the dignity or authority of the court'" . The same standard applies here. The violation of a sealing order is a direct assault on the court's authority.

### C. The Supreme Court's Decision in *Pugin v. Garland* Confirms Obstruction Does Not Require a Pending Investigation

In Pugin v. Garland, 143 S. Ct. 1833 (2023), the Supreme Court held that an offense "relating to obstruction of justice" does not require that there be a pending investigation or proceeding. The Court stated:

*"The ordinary meaning of 'obstruction of justice' naturally covers not just interference with ongoing investigations, but also efforts to prevent investigations from ever happening."*

Application to this case: Defendants' counsel did not just obstruct existing proceedings. He:

- Obtained a sealing order to prevent Plaintiff's evidence from being seen
- Then violated that order to use the evidence in a separate case
- Ensured that the truth would never fully emerge
- Prevented effective investigation of his own misconduct

**D. The Crime Victims' Rights Act (18 U.S.C. § 3771) Protects Plaintiff as a Crime Victim**

Plaintiff is a victim of federal crimes. Under the Crime Victims' Rights Act, she is entitled to:

- The right to be treated with dignity and respect
- The right to be heard in any proceeding involving the violation of her rights
- The right to confer with the government regarding any resolution of the case
- The right to full and timely restitution

If this Court refers this matter to the Department of Justice, Plaintiff is entitled to these rights in any resulting criminal proceeding.

**III. THIS COURT HAS NO DISCRETION TO IGNORE EVIDENCE OF CRIMES COMMITTED IN ITS PRESENCE**

**A. The "Hand-Washing" Era Must End**

Plaintiff has endured years of this Court's procedural dismissals and refusals to act. She has been denied counsel, denied relief, and denied justice, and simply sent to arbitrations, all while the Court had before it evidence of misconduct.

But the violation of a court order is different. That is not a failure to grant relief, it is a failure to protect the integrity of the judicial process itself.

The Seventh Circuit has recognized:

*"The trial court has the inherent power and unmitigated duty to lift the lid of secrecy in order to insure that justice will be done." United States v. Duffy*, 54 F.R.D. 549, 552 (N.D. Ill. 1972) (emphasis added).

**B. The Court Cannot Delegate Its Duty to Protect Its Own Authority**

The Court may not "wash their hands" when its orders are violated. As the Supreme Court has held, the power to punish contempt is "essential to the preservation of order in judicial proceedings"  If the Court fails to act when its orders are violated, it abdicates its essential function.

**C. The Public Has an Interest in the Integrity of the Courts**

This is not just about Graciela Dela Torre. This is about the integrity of the federal judiciary, which has now become a matter of global interest.

The underlying conduct in this case, particularly the violation of this Court's sealing order (Dkt. 58) and the submission of altered evidence, has attracted worldwide attention. The lawsuit NLIcoA filed against OpenAI (Case No. 1:26-cv-02448) has been reported across five continents, including Japan, Korea, Brazil, Europe, and Türkiye. Stanford Law School has published analysis discussing Plaintiff's cognitive status, directly referencing information that Defendants' counsel was ordered to keep sealed.

The people of the United States, and indeed, people around the world, have an interest in ensuring that:

- Court orders are obeyed. When a party obtains a sealing order and then violates it with impunity, it signals that judicial orders are optional. This undermines the rule of law.

- Those who violate court orders are held accountable. If Defendants' counsel faces no consequence for violating this Court's order, it sends a dangerous message to all litigants: court orders may be disregarded at will.
- Federal crimes committed in federal court are investigated. The evidence of document fraud, perjury, and obstruction of justice documented in this record is not merely a matter between private parties. It strikes at the heart of the judicial system's integrity.
- The judicial system maintains its legitimacy. Public trust in the courts depends on the perception that they are capable of protecting their own processes. When orders are violated and nothing is done, that trust erodes.

The global attention this case has received only magnifies the stakes. If this Court fails to act, it does not merely fail Plaintiff, it signals to the world that the federal judiciary is unwilling or unable to protect its own integrity.

---

## IV. THE COURT'S OPTIONS (AND WHY "DO NOTHING" IS NOT AN OPTION)

| Option | Consequence |
| --- | --- |
| Refer to DOJ | Fulfills the Court's duty, protects judicial integrity, ensures investigation |
| Appoint Special Counsel | Vindicates the Court's authority directly |
| Exercise Contempt Power | Punishes the violation and deters future misconduct |
| Do Nothing | Signals that court orders may be violated with impunity; abdicates essential function |

Doing nothing is not an option. As the Court in *Ex parte Robinson* made clear, the contempt power is "essential to the preservation of order in judicial proceedings" . To preserve order, the Court must act.

### V. RELIEF REQUESTED

WHEREFORE, Pro se Plaintiff Graciela Dela Torre respectfully COMPELS this Court to:

1. EXERCISE its inherent authority to address the pattern of criminal misconduct documented in the record.
2. FIND that Defendants and their counsel have committed acts that constitute:
   - Violation of this Court's sealing order (Dkt. 58 in Case No. 1:25-cv-01483)
   - Obstruction of justice under 18 U.S.C. § 1505
   - Document fraud under 18 U.S.C. § 1519
   - Perjury under 18 U.S.C. § 1621
   - Criminal violations of ERISA under 29 U.S.C. §§ 1131, 1140

3. REFER the evidence of these federal crimes to:
   - United States Department of Justice, Criminal Division
   - Federal Bureau of Investigation, Chicago Field Office
   - Department of Labor, Employee Benefits Security Administration
   - United States Attorney's Office for the Northern District of Illinois
4. ORDER that all evidence related to these crimes be preserved and transmitted to the appropriate prosecutorial authorities.
5. APPOINT special counsel to prosecute criminal contempt if the Court deems it appropriate.
6. COMPEL such other relief as the Court deems just and proper to vindicate the authority of this Court and to ensure that no person or entity is above the law.

## VI. VERIFICATION

I, Graciela Dela Torre, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief, based on my personal knowledge and review of the records cited herein.

Executed on March 16, 2026.

/s/ Graciela Dela Torre

Graciela Dela Torre, Pro Se

653 Wing Street

Elgin, IL 60123

(630) 670-5914

gmestiza1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing Plaintiff's Motion to Compel the Court to Exercise Its Inherent Authority and to Refer Evidence of Federal Crimes to the United States Department of Justice was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Graciela Dela Torre

Graciela Dela Torre