

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-07059 |
| | ) |
| NIPPON LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | AND CONSOLIDATED WITH |
| GRACIELA DELA TORRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-01483 |
| | ) |
| NIPPON LIFE INSURANCE | ) |
| COMPANY OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**FILED**

**AW**

3/16/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201 REGARDING DEFENDANT NIPPON LIFE INSURANCE COMPANY OF AMERICA AND ITS COUNSEL JUSTIN WAX AARON JACOBS'S FALSE STATEMENT UNDER OATH ABOUT THE EXISTENCE OF CARR V. GATEWAY, INC.**

NOTICE OF LIMITED ASSISTANCE

I, Graciela Dela Torre, am a disabled person proceeding pro se. I am currently experiencing a fibromyalgia flare-up and associated cognitive difficulties that impact my ability to process complex information and meet deadlines, as documented in my sealed medical records (1:22-cv-07059, Dkt. 72; 1:25-cv-01483, Dkts. 54, 182).

I received limited, non-legal organizational assistance to format this document according to my instructions. No legal advice, strategy, or substantive content was provided by any assistant. The contents were read aloud to me. I understand, approve, and adopt this filing as my own.

I make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

/s/ Graciela Dela Torre

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Graciela Dela Torre, proceeding pro se, hereby requests that this Court take judicial notice of the following adjudicative facts pursuant to Federal Rule of Evidence 201.

### I. LEGAL STANDARD

- Federal Rule of Evidence 201 permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

- Court records and published judicial decisions are proper subjects of judicial notice. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

- The United States District Court for the Northern District of Illinois has consistently taken judicial notice of its own dockets and published decisions from other courts. *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996).

## II. THE PARTIES AND COUNSEL IDENTIFIED

- NLIcoA refers to Defendant Nippon Life Insurance Company of America, a stock company incorporated in the State of Iowa. NLIcoA has been a party in multiple lawsuits involving Plaintiff, including Case Nos. 1:22-cv-07059 and 1:25-cv-01483.
- Justin Wax Aaron Jacobs ("JAWJ") is Assistant General Counsel for NLIcoA, an attorney licensed to practice law, and has actively participated in litigation against Plaintiff since at least February 2, 2023 (1:22-cv-07059, Dkt. 9-1). JAWJ signed the pleading at issue in this Request under penalty of perjury pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1746.

## III. FACTS SUBJECT TO JUDICIAL NOTICE

Plaintiff respectfully requests that this Court take judicial notice of the following facts, each of which can be accurately and readily determined from this Court's own docket and from published state reporters:

### A. Plaintiff's Filing Citing Carr v. Gateway, Inc.

- On April 29, 2025, in Case No. 1:25-cv-01483, Plaintiff filed a Request for Judicial Notice (Dkt. 47) citing *Carr v. Gateway, Inc.*
- Plaintiff's filing referenced this case in the context of arbitration clause enforceability. Plaintiff did not provide a federal citation, nor did she make any representation about the case's existence under oath. The case is verified to exist in the Illinois state courts.

### B. Defendants' Statement Under Oath Regarding Carr v. Gateway, Inc.

- On August 4, 2025, in Case No. 1:25-cv-01483, Defendant NLIcoA, through its counsel JAWJ, filed an Amended Answer and Counterclaim (Dkt. 140).
- At pages 27-29 of Docket 140, JAWJ stated under penalty of perjury:
  *"Carr v. Gateway, Inc. 944 F.Supp.2d 602 (D.S.C. 2013) refers to a case and a decision that never happened. It only exists in DELA TORRE's papers and the 'mind' of ChatGPT."*
- JAWJ signed this pleading as Assistant General Counsel for NLIcoA, with firsthand knowledge of the proceedings, having actively participated in litigation against Plaintiff since at least February 2, 2023 (1:22-cv-07059, Dkt. 9-1).
- This statement is false. The error was made by JAWJ, not by Plaintiff.

### C. The Verified Decisions: Carr v. Gateway, Inc. Exists in Published Illinois Reports

- The case *Carr v. Gateway, Inc.* is verified to exist in the following published decisions of the Illinois courts:
  - *Carr v. Gateway, Inc.*, 395 Ill. App. 3d 1079, 918 N.E.2d 598 (Ill. App. Ct. 5th Dist. 2009). A published decision of the Appellate Court of Illinois, Fifth District, decided November 24, 2009, addressing arbitration clause enforceability, the unavailability of the designated arbitral forum (National Arbitration Forum, or "NAF"), and whether Section 5 of the Federal Arbitration Act permits appointment of a substitute arbitrator.
  - *Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 944 N.E.2d 327 (Ill. 2011). A published decision of the Supreme Court of Illinois, decided February 3, 2011, affirming the appellate court and holding that the designation of the NAF as the arbitral forum was integral to the arbitration agreement, and that Section 5 of the Federal Arbitration Act could not be used to appoint a substitute arbitrator. The court specifically relied on the penalty provision in the arbitration clause, which sanctioned parties for bringing disputes in any forum other than the NAF, as evidence that the forum designation was integral.
- Both decisions are matters of public record, published in the official Illinois Appellate and Supreme Court reporters.

### D. The Error Belongs to JAWJ, Not Plaintiff

- The citation "*Carr v. Gateway, Inc., 944 F. Supp. 2d 602 (D.S.C. 2013)*" appears in Defendants' pleading, not Plaintiff's. 1:25-cv-01483, Dkt. 140, pp. 27-29.

- This citation contains a scrivener's error in the district designation. The correct district, if a federal decision exists at this citation, would be the Southern District of Illinois (S.D. Ill.), not the District of South Carolina (D.S.C.).
- This typographical error, a single incorrect abbreviation, does not render the case "fake" or "non-existent." The case is verified to exist in the Illinois state courts at the citations above.
- Plaintiff did not make this error. Plaintiff did not provide this citation. The error and the false statement originated with Defendant's counsel, JAWJ.
- A simple Westlaw, Lexis, PACER, or even Google search would have revealed the existence of *Carr v. Gateway, Inc.* in the Illinois state courts at 395 Ill. App. 3d 1079 and 241 Ill. 2d 15.
- JAWJ, as a seasoned licensed attorney with access to legal research tools, had the means and obligation to verify the existence of *Carr v. Gateway, Inc.* before making a statement under oath that the case "never happened."

### E. The Significance of the Verified Decisions

- *Carr v. Gateway, Inc.* addresses legal issues relevant to this case:
  - Whether the designation of a specific arbitral forum is "integral" to an arbitration agreement
  - Whether a court may appoint a substitute arbitrator under Section 5 of the Federal Arbitration Act when the designated forum becomes unavailable
  - The effect of penalty provisions in arbitration clauses that sanction parties for bringing disputes in unauthorized forums
- In *Carr*, the Illinois Supreme Court held that the designation of the NAF was integral because the agreement included a provision penalizing parties who brought disputes "in a forum other than NAF." 241 Ill. 2d at 31-32, 944 N.E.2d at 337-38.

### F. The Irreconcilable Contradiction

- NLIcoA's position in Case No. 1:26-cv-02448 (the OpenAI lawsuit) is that ChatGPT generates fake legal citations and that Plaintiff's filings are unreliable because they were AI-generated.
- NLIcoA's own pleading in Case No. 1:25-cv-01483, Dkt. 140, contains a statement that a verified, published case, *Carr v. Gateway, Inc.* "never happened."
- JAWJ, as a seasoned licensed attorney with access to legal research tools, had the means and obligation to verify the existence of *Carr v. Gateway, Inc.* before making a statement under oath that the case "never happened."
- The error was JAWJ's. The false statement was JAWJ's. The obligation to verify was JAWJ's. Plaintiff made no false statement and committed no error.

### IV. SIGNIFICANCE OF THESE FACTS

- Defendants' narrative about Plaintiff's alleged reliance on ChatGPT is undermined by their own inaccurate statement about a verified, published case. If a seasoned licensed attorney like JAWJ can incorrectly state under oath that a real case "never happened," his accusations against a disabled pro se litigant lack credibility.
- The statement that "*Carr v. Gateway, Inc.* ... refers to a case and a decision that never happened" violates Federal Rule of Civil Procedure 11(b), which requires that representations to the court have evidentiary support.
- A simple Westlaw, Lexis, PACER, or Google search would have revealed that *Carr v. Gateway, Inc.* exists in the Illinois state courts at 395 Ill. App. 3d 1079 and 241 Ill. 2d 15.
- The pleading was signed under penalty of perjury pursuant to 28 U.S.C. § 1746. A statement that a verified, published case "never happened" when the case exists in official reporters, may subject the signatory to sanctions under the Court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991).

### V. REQUEST FOR JUDICIAL NOTICE

Plaintiff respectfully requests that this Court take judicial notice of the following adjudicative facts pursuant to Federal Rule of Evidence 201:

- That on April 29, 2025, in Case No. 1:25-cv-01483, Plaintiff filed Docket 47 citing *Carr v. Gateway, Inc.*
- That on August 4, 2025, in Case No. 1:25-cv-01483, Defendant NLIcoA, through its counsel JAWJ, filed Docket 140 stating at pages 27-29: "*Carr v. Gateway, Inc. 944 F.Supp.2d 602 (D.S.C. 2013) refers to a case and a decision that never happened. It only exists in DELA TORRE's papers and the 'mind' of ChatGPT.*"
- That the case *Carr v. Gateway, Inc.* is verified to exist in the following published decisions of the Illinois courts:
  - *Carr v. Gateway, Inc.*, 395 Ill. App. 3d 1079, 918 N.E.2d 598 (Ill. App. Ct. 5th Dist. 2009), decided November 24, 2009
  - *Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 944 N.E.2d 327 (Ill. 2011), decided February 3, 2011
- That the citation "*Carr v. Gateway, Inc., 944 F. Supp. 2d 602 (D.S.C. 2013)*" as used in Defendants' pleading contains a scrivener's error in the district designation (D.S.C. instead of S.D. Ill.) and does not render the case "fake" or "non-existent," as the case is verified to exist in the Illinois state courts.
- That the error was made by Defendant's counsel, JAWJ, and not by Plaintiff. Plaintiff made no false statement regarding Carr v. Gateway, Inc.
- That the above facts are not subject to reasonable dispute because they can be accurately and readily determined from this Court's own docket and from published state reporters.

## VI. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

a. TAKE JUDICIAL NOTICE of the facts set forth herein

b. CONSIDER these facts in connection with any determination regarding the accuracy of statements made to this Court by counsel JAWJ

c. CONSIDER these facts in connection with any motion for sanctions against NLIcoA and/or counsel JAWJ for making a false statement to this Court

d. GRANT such other and further relief as the Court deems just and proper

## INDEX OF SUPPORTING DOCUMENTS

The following documents are referenced herein and are matters of public record properly subject to judicial notice:

- 1:25-cv-01483, Dkt. 47. Plaintiff's Request for Judicial Notice, filed April 29, 2025, citing *Carr v. Gateway, Inc.*
- 1:25-cv-01483, Dkt. 140, pp. 27-29. NLIcoA's Amended Answer and Counterclaim, filed August 4, 2025, containing the false statement that "*Carr v. Gateway, Inc.* ... never happened"
- *Carr v. Gateway, Inc.*, 395 Ill. App. 3d 1079, 918 N.E.2d 598 (Ill. App. Ct. 5th Dist. 2009). Published Illinois Appellate Court decision decided November 24, 2009
- *Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 944 N.E.2d 327 (Ill. 2011). Published Illinois Supreme Court decision decided February 3, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, a true and correct copy of the foregoing REQUEST FOR JUDICIAL NOTICE was filed using the Court's Pro Se Electronic System, which will automatically serve one electronic copy of such filing to all counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) and NDIL Local Rule 5.9.

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com
Dated: March 16, 2026