**BC**



FILED
4/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**MAN**

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

GRACIELA DELA TORRE, )
Plaintiff, )
 )
v. ) Case No.: 1:25−cv−01483
 ) Honorable
 )
NIPPON LIFE INS. Co of A ., )
Defendant. )
_____)

**PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND ORDER TO COMPEL PAYMENT OF ARBITRATION FEES**

IDENTIFIER OF PARTIES

1. Plaintiff: Graciela Dela Torre, a disabled individual proceeding pro se.
2. Defendant: Nippon Life Insurance Company of America ("NLIcoA"), an Iowa corporation with a full functional office in Schaumburg, Illinois (Dkt. 20, 1:22-cv-07059).

<u>NOTICE OF LIMITED ASSISTANCE</u>

I, Graciela Dela Torre, am a disabled person proceeding pro se. I am currently experiencing a fibromyalgia flare-up. I received limited organizational assistance to format this document. The contents were read aloud to me. I understand, approve, and adopt this filing as my own.

**DESPITE PLAINTIFF'S EFFORTS THE COURT RULED THAT THE SETTLEMENT AGREEMENT GOVERNS**

1. Settlement Agreement § 3.6 (Dkt. 44-3, Page 5): *"Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association…"*
2. Settlement Agreement § 5.8 (Dkt. 44-3, Page 8): *"This Agreement shall be construed and interpreted in accordance with Illinois law."*

**I. THIS COURT HAS ALREADY ORDERED ARBITRATION**

1. February 13, 2025: This Court entered an order compelling arbitration under the Settlement Agreement.
2. March 20, 2025: This Court denied Plaintiff's motion for reconsideration and reaffirmed that arbitration must proceed.
3. March 4, 2026 (Minute Entry 204): This Court stated:

*"Nippon Life Insurance Company's motion to enforce the court's order compelling arbitration [190] is granted."*

Arbitration is required. This Court has so held.

**II. PLAINTIFF HAS FULLY COMPLIED**

1. November 17, 2025: Plaintiff filed her Demand for Arbitration with the AAA.
2. February 26, 2026: Plaintiff's fee waiver was approved by the AAA after demonstrating financial hardship and disability.
3. Plaintiff has taken all steps required to initiate arbitration.

**III. DEFENDANT HAS WILLFULLY REFUSED TO COMPLY**

1. On February 26, 2026, the AAA notified Defendant that its $2,100.00 filing fee was due on or before March 28, 2026.
2. Defendant had actual notice of this arbitration since January 20, 2026, when Defendant filed Docket 197-2 in this Court explicitly referencing AAA Case No. 01-25-0005-7312.
3. Defendant did not pay by the March 28, 2026 deadline.
4. Defendant has not taken any step to initiate the arbitration it demanded this Court enforce.

**IV. DEFENDANT OBTAINED THE ORDER IT NOW DISOBEYS**

1. Defendant moved this Court to enforce the order compelling arbitration.
2. This Court granted that motion on March 4, 2026 (Minute Entry 204).
3. Defendant now refuses to arbitrate by willfully failing to pay the fees required to appoint Arbitrator.
4. Defendant cannot use this Court's orders as a sword while refusing to comply with them as a shield.

**V. THE COURT MUST ACT**

**A. Federal Arbitration Act 9 U.S.C. § 4**

1. *"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court… for an order directing that such arbitration proceed."*

2. This Court has jurisdiction to enforce its own orders and to compel arbitration to proceed.

### B. Inherent Contempt Power: Civil Contempt

1. *"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."* Shillitani v. United States, 384 U.S. 364, 370 (1966).

2. Civil contempt is appropriate where a party disobeys a "specific and definite" court order. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994).

3. Defendant has disobeyed this Court's specific order compelling arbitration (Minute Entry 204). Civil contempt is the remedy.

### C. Coercive Nature of Civil Contempt

1. Civil contempt sanctions are "designed to compel future compliance with a court order" and are "coercive and avoidable through obedience." *Bagwell*, 512 U.S. at 827.

2. When a contemnor carries "the keys of his prison in his own pocket," the contempt is civil. *Shillitani*, 384 U.S. at 368-370.

3. Defendant can purge contempt by simply paying the $2,100.00 fee, full control over compliance.

### D. Clean Hands Doctrine

1. *"He who comes into equity must come with clean hands."* Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945).

2. *"[The clean hands doctrine] closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief."* Id.

3. Defendant obtained an order compelling arbitration. Defendant cannot now ignore that order while seeking relief from the same court.

### VI. WHAT THIS COURT CANNOT REFUSE

1. An Order Compelling Payment. The appointment of Arbitrator cannot proceed without payment of the $2,100.00 filing fee. Plaintiff has been approved for a fee waiver. Defendant has not paid. This Court ordered arbitration. Defendant's nonpayment frustrates that order.

2. A Declaration of Civil Contempt. Defendant had actual notice since January 20, 2026. Defendant received formal AAA notice on February 26, 2026 with a clear payment deadline of March 28, 2026. Defendant did not pay. Defendant requested an "administrative review" as a delay tactic. This is willful non-compliance with this Court's order compelling arbitration.

3. Consistency. Defendant sought and obtained an order compelling arbitration. Defendant cannot now ignore that order. This Court cannot permit a party to use its orders as a sword while refusing to comply with them as a shield.

## VII. REQUEST FOR RELIEF

Plaintiff requests:

1. DECLARE Defendant in civil contempt for willful failure to comply with this Court's orders compelling arbitration.

2. ORDER Defendant to pay the $2,100.00 filing fee to the AAA within 7 days.

3. ORDER that the arbitration shall proceed under the AAA as applied by the AAA based on Plaintiff's approved fee waiver.

4. ORDER that Defendant is barred from seeking any further relief from this Court regarding the arbitration until it has fully complied with its payment obligations.

## VIII. CONCLUSION

This Court ordered arbitration. The Settlement Agreement requires arbitration. Plaintiff has complied with all requirements. Her fee waiver was approved.

On March 4, 2026, this Court granted Defendant's motion to enforce the order compelling arbitration, Minute Entry 204. Now, Defendant refuses to arbitrate. Defendant had notice, received a deadline, and chose not to pay.

The Court cannot refuse what the Settlement Agreement mandates, what this Court has already ordered, and what Defendant itself demanded.

Civil contempt is the remedy for willful non-compliance. *Shillitani*, 384 U.S. at 370; *Bagwell*, 512 U.S. at 827. Payment is required for arbitration to proceed.

Respectfully submitted,

*/s/ Graciela Dela Torre* Pro Se

Elgin, IL 60123 I (630) 670-5914 I gmestiza1@gmail.com