

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

 

FILED
6/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BC

JKS

| | | |
|---|---|---|
| GRACIELA DELA TORRE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-01483 |
| DAVIES LIFE & HEALTH, INC., formerly known as Disability Management Services, Inc., NIPPON LIFE INSURANCE COMPANY OF AMERICA, and ALLSUP, LLC, | ) | Honorable Rebcca R. Pallmeyer |
| Defendants. | ) | |

PLAINTIFF'S RECORD RECONCILIATION IN RESPONSE TO DKT 121 & 122, REGARDING JURISDICTIONAL AND PROCEDURAL INTENT: ESTABLISHING CASE NO. 1:25-CV-01483 FILED ON FEBRUARY 12, 2025 ARISING FROM SSDI APPLICATION MANAGEMENT BY ALLSUP LLC AS AN AGENT OF DAVIES L&H / DMS FOR NLICOA AS AN INDEPENDENT ACTION CONTRASTED AGAINST THE DISTINCT SCOPE OF LTD CASE NO. 1:22-CV-07059, PETITION TO REOPEN FILED ON JANUARY 22, 2025, AND THE REASSIGNMENT ATTEMPT BY OPENAI IN CASE NO. 1:26-cv-02448 DENIED AT DKT 122

## I. PROCEDURAL STANDING IN CLOSED PROCEEDINGS

1. Jurisdiction: Cognizable under 28 United States Code Section 1746 because Defendant pursues post-judgment enforcement via Civil Contempt motions at Dkt 129 and Dkt 190.

2. Reciprocal Right: Plaintiff holds a corresponding procedural right to correct material omissions and establish objective chronological facts while dockets remain open for Arbitration Compliance.

3. OpenAI Assignment Attempt: Prompted by OpenAI moving under Local Rule 40.4 to reassign its separate case, Case No. 26 C 2448, into these closed dockets, which the Court denied at Dkt 122.

## II. CHRONOLOGICAL AND JURISDICTIONAL FACTUAL RECONCILIATION

4. Case No. 1:22-cv-07059: Filed December 14, 2022; settled January 24, 2024, Dkt 35.

5. Motion to Reopen: Filed January 22, 2025, Dkt 37.

6. Inducement: Settlement at Dkt 35 relied on representations that Allsup LLC managed the active SSDI claim, Case No. 1:25-cv-01483 Dkt 1, Dkt 40. Counsel claimed at Dkt 37 Page 6 that trial risked a zero recovery due to expected Social Security offsets, Case No. 1:22-cv-07059 Dkt 37 Page 6, Dkt 49 Page 9. Plaintiff would not settle if disclosed that the SSDI claim was already denied on August 9, 2022, from a blown appeal window, Case No. 1:25-cv-01483 Dkt 40, Dkt 41.

7. **Case No. 1:25-cv-01483:** Opened February 12, 2025, Dkt 1, as an independent action under Cause 42:402 Social Security Benefits. Nippon Life Insurance Company of America was added after discovery of the agency chain.

8. Agency Chain: Allsup LLC managed the SSDI claim as an agent of Davies Life and Health, Inc. / Disability Management Services, DMS, acting for Nippon Life Insurance Company of America.

9. Discovery: 2025 records at Dkt 40 and Dkt 41 prove the SSA closed the claim on August 9, 2022. Allsup LLC sent false updates through April 10, 2025, claiming the matter was pending.

10. Intent: These hidden vendor metrics establish that Case No. 1:25-cv-01483 is an independent matter, not a routine modification of Case No. 1:22-cv-07059.

VERIFICATION PURSUANT TO 28 U.S.C. § 1746 I, Graciela Dela Torre, declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding the dates, entries, exhibits, and procedural history of the public court dkts are true, accurate, and grounded in the official record of this Court.

Graciela Dela Torre, Plaintiff Pro Se
653 Wing Street Elgin, IL 60123
gmestiza1@gmail.com (630) 670-5914

No Second Thoughts: Contrary to the suggestion of a challenged settlement, Case No. 1:25-cv-01483 Dkt 1 was a separate civil action independent of the long-term disability contract terms settled at Dkt 35 in Case No. 1:22-cv-07059.

NOTICE OF ASSISTANCE AND SEALED RECORDS:

Plaintiff Graciela Dela Torre received limited assistance preparing this document, reviewed its contents, and adopts them as her own. To protect her privacy, Plaintiff's medical records are under seal see (Dkt. 45), Case No. 1:22-cv-07059 (Dkt. 72), and Case No. 1:25-cv-01483 (Dkt. 182)