BC

FILED
7/17/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

1:25-CV-1483

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

---------------------------------- X

GRACIELA DELA TORRE,

Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

---------------------------------- X

Case: 1:22-cv-07059 & 1:22-cv-01483

***PLAINTIFF'S NOTICE OF CONCLUDING RECORD AND DECLINATION OF FURTHER REPORTING RECOURSE***

*Plaintiff, Graciela Dela Torre, hereby submits this formal Notice to the Court and the permanent record, and states as follows:*

1. ***Acceptance of Record Closure:*** *In accordance with this Court's Minute Entries at Docket 186, 225 and Docket 227, Plaintiff accepts the operational closure and dismissal of the above-captioned matter.*
   Plaintiff reservation of the right to pursue any and all non-adjudicated claims is recorded in Dkt 186.
2. ***Declination of Further Recourse:*** *Plaintiff formally declines to pursue any further adversarial motions, requests for reconsideration, or appellate remedies within the federal judicial system regarding the administrative actions or orders entered in this case. While the evidentiary facts and Lux Veritas (the Light of Truth) provide clear grounds to formally challenge the procedural actions and career standing of the presiding judicial officer, Plaintiff chooses to decline further adversarial recourse.*
3. ***Plaintiff's Declaration:*** *Plaintiff explicitly declines to initiate any formal administrative or procedural challenges regarding the professional standing, tenure, or retirement security of the presiding judge as a public servant. Plaintiff takes this position notwithstanding having personally sustained the adverse impacts of compromised security resulting from the procedural actions permitted in these proceedings by the presiding judge as a public servant.*
4. ***Reservation of Rights and Final Conclusion:*** *Pursuant to Docket Entry 186, Plaintiff acknowledges that the substantive merits of her post-settlement challenges remain unadjudicated by this Court. Plaintiff refuses to replicate the harsh or unadjudicated administrative measures that were allowed to occur within this case. Consequently, Plaintiff chooses to fully step away from further reporting regarding the Presiding Judge/Public Servant matters, yielding the final outcome and ultimate justice entirely to the higher authority.*

***IN GOD WE TRUST.***

*Dated: July 17, 2026*

*Respectfully submitted,*

*/s/Graciela Dela Torre*
*Elgin, IL 60123*
*gmestiza1@gmail.com |*
*630-670-5914*

Footnote 1: Nothing contained within this operational notice of concluding record shall be interpreted, construed, or mischaracterized as a collateral challenge to any prior order or active minute entry issued by this Court.
This filing serves strictly to place undisputed facts under Federal Rule of Evidence 201.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Graciela Dela Torre

Plaintiff,

v.

Case No.: 1:25−cv−01483
Honorable Rebecca R. Pallmeyer

Nippon Life Insurance Company of America, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 10, 2025:

MINUTE entry before the Honorable Rebecca R. Pallmeyer: After Plaintiff's voluntary dismissal of defendants other than Nippon Life Insurance Company, the court concluded that all remaining claims are subject to arbitration [180]. Ms. Dela Torre sought reconsideration of that determination, but on October 6, 2025, the court denied that motion [183]. The court's order staying this case does not constitute a ruling on the merits of Ms. Dela Torre's challenges to the settlement she reached earlier with Nippon, nor on the merits of her claims that Nippon's post−settlement conduct was improper. Those challenges and claims are subject to the arbitration provision of the settlement agreement. This case remains closed on the court's docket, and the court's order staying this case pending arbitration is final and appealable. Mailed notice. (cp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Graciela Dela Torre

Plaintiff,

v.

Case No.: 1:25−cv−01483
Honorable Rebecca R. Pallmeyer

Nippon Life Insurance Company of America, et al.

Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, June 23, 2026:

MINUTE entry before the Honorable Rebecca R. Pallmeyer: As the court has recognized more than once, in this case Ms. Dela Torre challenges the result of an earlier action (No. 22 C 7059). In the earlier case, Ms. Dela Torre claimed she had been denied disability benefits; the case ended in a settlement that included a requirement that further disputes were subject to arbitration. Defendant Nippon Life Insurance Company invoked that requirement in this case and moved to compel arbitration. The court granted that motion and stayed this case pending arbitration [180]. The court recognizes, however, that Nippon moved for dismissal of the case. This court is required to enter a stay pending arbitration "only when one of the parties has requested such a stay." National Casualty Co. v. Continental Ins. Co., 121 F. 4th 115, 1153 (7th Cir. 2024), citing Smith v. Spizzirri, 601 U.S. 472, 478 (2024). Neither party requested a stay in this case, and the court thus amends its order [180] to confirm that the case is dismissed, not stayed. Ms. Dela Torre is reminded that her objections to the arbitration procedure should be presented to the arbitrator. The court declines to address her continued filings with this court and warns that her continued efforts to communicate with the court may lead to filing restrictions. Mailed notice. (cp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

BC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED MPV
7/11/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| GRACIELA DELA TORRE, Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-01483 |
| DAVIES LIFE & HEALTH, INC., formerly known as Disability Management Services, Inc., NIPPON LIFE INSURANCE COMPANY OF AMERICA, and ALLSUP, LLC, | ) | Honorable Rebcca R. Pallmeyer |
| Defendants. | ) | |

1:25-cv-01483

**PLAINTIFF'S NOTICE OF CONCLUDING RECORD RECONCILIATION AND VERIFICATION OF THE COURT'S SUA SPONTE DISMISSAL (DKT. 225) NOTING THE ABSENCE OF A RECORDED MOTION TO DISMISS**

Plaintiff, Graciela Dela Torre, submits this Concluding Record Reconciliation entered at Docket Entry 226. Plaintiff clarifies that this petition is strictly an administrative request for service of records and shall not be construed as a challenge to any other substantive order or provision in this action.

**1. Verification of Record Entry Point:** *The record establishes a specific variance between the procedural history stated in Minute Entry 225 and the preceding docket logs:*

- ★ **Minute Entry 225 text:** *"The court recognizes, however, that Nippon moved for dismissal of the case."*
- ★ **Docket reality:** *A petition to dismiss could not be located on the record. No request under Federal Rule of Civil Procedure 12(b) is located on the record.*

**2. Scope of Dismissal and Non-Adjudication of Substantive Merits:** The plain language of the court entries sets the legal boundaries of this closure, verifying that no adjudication of the contract's core issues was ever executed:

- ➢ **Minute Entry 186 text:** *"The court's order staying this case does not constitute a ruling on the merits of Ms. Dela Torre's challenges to the settlement she reached earlier with Nippon, nor on the merits of her claims that Nippon's post-settlement conduct was improper."*
- ➢ **Minute Entry 225 text:** *"the court thus amends its order 180 to confirm that the case is dismissed, not stayed... There are no pending proceedings in this court."*
- ➢ **Literal record output:** Federal jurisdiction has terminated. The substantive merits of Plaintiff's underlying claims and post-settlement challenges remain wholly unadjudicated within this forum.

**3. Documentation of Administrative Actions and Settlement Framework:** Pursuant to the Court's directive at Minute Entry 188 instructing Plaintiff to present her forum objections to the arbitrator, the certified records present the following terms:

- **Section 3.6 (Venue Mandate):** *"Any controversy or claim arising out of or relating to this Agreement... shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules".*
- **Section 5.8 (Governing Law):** *"This Agreement shall be construed and interpreted in accordance with Illinois law."*
- **AAA Domestic Track Notice (April 6, 2026):** For the contractually specified track (**Case No. 01-25-0005-7312**), the AAA stated: *"The Respondent has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter."*
- **Literal record output:** The domestic commercial venue provided by the settlement agreement was administratively closed due to a failure to submit the required filing fee. Plaintiff has requested a Cease and Desist of out-of-contract **International** Centre for Dispute Resolution, which uses an international framework, a verified deviation from the settlement release.

**CONCLUSION:** With this concluding submission, the written record speaks for itself, verifies the absolute non-adjudication of the merits, and permanently locks the factual text of Case No. 1:25-cv-01483. Plaintiff clarifies that this petition is strictly an administrative request for service of records and shall not be construed as a challenge to any other substantive order or provision in this action.

Respectfully submitted,
July 11, 2026
*/s/Graciela Dela Torre I am the Grace of God* ♥
Kane County, Elgin, IL 60123
gmestiza1@gmail.com 630-670-5914